**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM**, <br><br> *Plaintiff*, <br><br> v. <br><br> **MANFRED STERNBERG, ESQUIRE and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS** <br><br> *Defendants*. | **CIVIL ACTION NO.** |

## COMPLAINT

American Environmental Enterprises, Inc., d/b/a TheSAFETYHOUSE.com, plaintiff herein ("SAFETY HOUSE" or "Plaintiff"), through its counsel, Lightman & Manochi, by way of Complaint against Manfred Sternberg, Esquire ("Sternberg") and Manfred Sternberg & Associates, PC ("MSA"), and Charlton Holdings Group, LLC ("CHG"), and Samuel Gross ("Gross") (collectively, "Defendants"), states as follows:

## NATURE OF ACTION

1.    Defendants fraudulently induced SAFETY HOUSE to purchase 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "Covid Test Kits") in exchange for payment of $1,965,600.00 (the "Order").  *See* Exhibit 1.

2.    The Order was supposed to be done through an escrow agreement with defendant Manfred Sternberg, Esquire and his law firm (collectively the "Sternberg Attorney Defendants")

acting as escrowee, but said agreement was merely a ruse to defraud Plaintiff, as Gross and Sternberg formed CHG merely as a front, and the Defendants had no intent or ability to deliver the Covid Test Kits, but instead intended to defraud Plaintiff into transferring them $1,965,600.00 , without delivering the Covid Test Kits.  *See* Exhibit 1.

3.      Defendants fraudulently induced SAFETY HOUSE to wire the $1,965,000.00 into the attorney escrow account of the Sternberg Attorney Defendants, after which the Sternberg defendants wrongfully released that escrow, without delivering to Plaintiff the signed Bill of Sale and Bill of Lading and other shipping documents evidencing the Covid Test Kits were purchased and being shipped to Plaintiff.

4.      Defendants failed to deliver the Covid Test Kits to Plaintiff and also failed to provide a full refund of the $1,965,600.00 escrow to SAFETY HOUSE.  *See* Exhibit 2.

5.      Defendants' behavior is particularly egregious and outrageous, as SAFETY HOUSE needed the Covid Test Kits to sell to its customer, a public school district.

**PARTIES, JURISDICTION AND VENUE**

6.      Plaintiff is a Pennsylvania corporation, and operates as a trusted supplier of reliable personal protection and abatement equipment. SAFETY HOUSE is a Pennsylvania resident for

purposes of diversity jurisdiction, with its principal place of business and headquarters located in Pennsylvania.  SAFETY HOUSE operates from 99 Aldan Avenue, Suite 5, Glen Mills PA 19342.

7.      Defendant Manfred Sternberg is, upon information and belief, is a practicing attorney in good standing under the laws of Texas, and a citizen of the State of Texas, with an address of 1700 Post Oak Boulevard, 2 Boulevard Place, Suite 600, Houston, Texas 77056, and not in the military service of the U.S. or its allies.

2

8.     Defendant Manfred Sternberg & Associates, PC ("MSA") is, upon information and belief, a Texas professional corporation, a citizen of the State of Texas for diversity purposes and has its principal place of business at 1700 Post Oak Boulevard, 2 Boulevard Place, Suite 600, Houston, Texas 77056.

9.     Defendants Sternberg and MSA collectively are referred to as the "Sternberg Attorney Defendants."

10.    Defendant Charlton Holding Group LLC ("CHG"), is, upon information and belief, a New York limited liability company with an address of 78 Buckminster Road, Rockville Centre, NY 11570, whose members are all New York residents for purposes of diversity jurisdiction.

11.    Defendant Samuel Gross is, upon information and belief, an adult individual and a citizen of the State of New York and has an address at 78 Buckminster Road, Rockville Centre, NY 11570, and not in the military service of the U.S. or its allies.

12.    Jurisdiction and venue are proper in this Court in that the actions giving rise to Plaintiff's causes of action occurred in the Eastern District of Pennsylvania, the amount in controversy exceeds $75,000.00 and the citizenship of the parties are from different states (namely, Pennsylvania is a citizen of Plaintiff, and Defendants are citizens of New York and Texas), and the jurisdictional prerequisites of this Court otherwise are satisfied.  *See* 28 U.S.C.S. §1332(a)(1) & § 1391.

## **RELEVANT FACTUAL BACKGROUND**

13.    On or about January 21, 2022, SAFETY HOUSE agreed to purchase 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "Covid Test Kits") from CHG and its managing member, Defendant Gross, (the "Order") for a payment of $1,965,600.00 (the "Purchase

Price"). *See* Exhibit 1, § 3.

14.     Defendants represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid Test Kits because they had access to the Covid Test Kits on the ground, ready to sell, in the United States.

15.     The Order was supposed to be accomplished through a Sale and Purchase Agreement (the "Agreement"), and an escrow arrangement between Plaintiff and the Sternberg Attorney Defendants, but said "Agreement" was merely a ruse to defraud Plaintiff, as Gross, Sternberg and CHG had no intention or ability to deliver the Covid Test Kits, but instead intended to fraudulently induce Plaintiff to pay the Purchase Price for the Order without delivering the Covid Test Kits.

16.     The Agreement required Plaintiff to deposit the $1,965,600.00 Purchase Price into the attorney escrow account of the Sternberg Attorney Defendants.  These funds were not to be released from escrow until after a Bill of Sale was delivered to Plaintiff and the Covid Test Kits were delivered to a common carrier for delivery to Plaintiff, and the Bill of Lading and shipping documents also delivered to Plaintiff.  *See* Exhibit 1, §6 and Exhibit D thereto.

17.     Defendants informed Plaintiff that Plaintiff needed to wire transfer the $1,965,600.00 Purchase Price into the attorney escrow account of the Sternberg Attorney

Defendants immediately in order to hold Plaintiff's place in the queue, and they promised to sign and return the Agreement to Plaintiff as soon as the funds were transferred.

18.     In reliance upon Defendants' representations, on or about January 21, 2022, SAFETY HOUSE wired the $1,965,600.00 Purchase Price into the attorney escrow account of the Sternberg Attorney Defendants.  *See* Exhibit 2.

19.     However, after SAFETY HOUSE wired the $1,965,600.00 into the attorney escrow

account of the Sternberg Attorney Defendants, Defendants failed and refused to sign and deliver the Agreement to Plaintiff.

20.     To date, Plaintiff has not received the signed Agreement from Defendants, as further evidence that Defendants never intended to perform under the Agreement.

21.     Defendants were supposed to deliver the Order so that SAFETY HOUSE received the Covid Test Kits by January 25, 2022.

22.     After SAFETY HOUSE wired the $1,965,600.00 Purchase Price to Defendants, Defendants failed and refused to deliver the Covid Test Kits to Plaintiff.

23.     After demand by Plaintiff, the Defendants also have failed to provide a full refund, or any refund, to Plaintiff.

24.     Defendants had no intention of performing as promised, and misrepresented that the Covid Test Kits were currently available for both purchase and shipment.

25.      In fact, and contrary to Defendants' representations, the Covid Test Kits were not currently available for purchase and shipment.

26.     No Bill of Lading, or other shipping information was provided to SAFETY HOUSE, as required under the Agreement and as a prerequisite to the release of the $1,965,600.00 Purchase Price from the attorney escrow account of the Sternberg Attorney Defendants.

27.     To fraudulently induce Plaintiff to make this large purchase, Defendants represented that the 1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants, and that the $1,965,600.00 Purchase Price would not be released from the attorney escrow account of the Sternberg Attorney Defendants unless and until the Covid Test Kits had been delivered to a common carrier for delivery to SAFETY HOUSE.

28.     SAFETY HOUSE needed the Order so it could supply the Covid Test Kits to its

customer, namely a public school district.

29.     As a result of the aforesaid fraudulent conduct of the Defendants, SAFETY HOUSE has incurred and will incur substantial damages, which Plaintiff believes are in excess of $2 million including the loss of the $1,965,600.00 Purchase Price, as well as significant lost profits due to the Defendants' fraud.

30.     SAFETY HOUSE, through counsel, has given Defendants multiple opportunities to confirm that they have not fraudulently taken the $1,965,600.00 Purchase Price, and that Defendants have in fact shipped the Covid Test Kits.

31.     However, Defendants have continued to make lies and misrepresentations to Plaintiff concerning the status of the delivery of the Covid Test Kits.

32.     For example, on or about February 8, 2022, the Sternberg Attorney Defendants misrepresented to Plaintiff the Covid Test Kits were en route and would be delivered by no later than February 17, 2022, when in fact they were not with a common carrier or otherwise being shipped to Plaintiff; as of February 17, 2022 (and as of the filing of this Complaint), no delivery had been made.  *See* Exhibit 3.

33.     Plaintiff on numerous occasions has requested that Defendants provide Plaintiff with a Bill of Lading and other shipping documents to show Seller had delivered the Covid Test Kits to a common carrier for delivery to Plaintiff.  *See* Exhibit 4.

34.      To date, however, Defendants have failed and refused to deliver this shipping documentation to Plaintiff.

35.     For example, on or about February 16, 2022, a man named "Shraga" contacted Plaintiff and advised Plaintiff the Covid Test Kits were on a truck and that delivery would be made to Plaintiff by 4:00 pm on February 16, 2022.  When the shipment did not arrive at 4:00 p.m.,

Plaintiff contacted Shraga who advised Plaintiff the truck had "broken down" and that the Kits would be delivered in the morning of February 17, 2022.

36.     As of this writing, the Covid Test Kits still have not been delivered to Plaintiff.

37.     Plaintiff believes and therefore avers Defendants had no ability to provide Plaintiff with the Covid Test Kits and intended, instead, to abscond with Plaintiff's $1,965,600.00.

38.     Plaintiff and Plaintiff's counsel each demanded the immediate return of the $1,965,600.00 Purchase Price. *See* Exhibit 5.

39.     To date, however, the $1,965,600.00 Purchase Price has not been refunded to Plaintiff, and the Covid Test Kits have not been delivered.

40.     As a result of Defendants' wrongful conduct, Plaintiff is being forced to locate and purchase Covid test kits from other sources to fulfill its contractual obligations to Plaintiff's customers and has incurred damages in doing so.

41.     The conduct of Defendants was intentional and knowing and deliberate, and so outrageous and extreme, so as to entitle Plaintiff to an award of punitive damages.


## COUNT I

### Fraud in the Inducement

42.     The above paragraphs are incorporated herein by reference as if set forth in full.

43.     Defendants represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid Test Kits because they had the Covid Test Kits in stock.

44.     CHG was formed on or about December 8, 2020, and appears to have been formed solely in order to defraud SAFETY HOUSE and/or other potential victims.

45.     To fraudulently induce plaintiff to make this large purchase, Defendants

represented that the $1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants, and that the $1,965,600.00 Purchase Price would not be released from escrow, until after the Covid Test Kits had been delivered to a common carrier for delivery to SAFETY HOUSE.

46.     Instead, the Sternberg Attorney Defendants wrongfully and improperly and prematurely released Plaintiff's $1,965,600.00 Purchase Price from escrow, without confirming that CHG purchased the Covid Test Kits and without confirming that CHG delivered the Covid Test Kits to a common carrier for delivery to Plaintiff.

47.     These representations and promises were false when made by Defendants to SAFETY HOUSE.

48.     Defendants knowingly made these false representations and promises to SAFETY HOUSE in order to induce it to wire the $1,965,600.00 Purchase Price, to Defendants, despite Defendants' actual knowledge that they did not intend to and could not o honor their representations and lacked the capacity to perform as promised.

49.     SAFETY HOUSE reasonably relied upon the representations of Defendants and changed its position to its detriment, and sustained damages as a direct and proximate result of the fraud perpetrated by Defendants as set forth in detail in this Complaint.

50.     SAFTEY HOUSE sustained damages, including the loss of the $1,965,600.00 Purchase Price it wired into the attorney escrow account of the Sternberg Attorney Defendants.

51.     SAFETY HOUSE has suffered additional damages including lost profits, resulting from its inability to re-sell the Covid Test Kits to its customers.

52.     SAFETY HOUSE also has incurred damages including the increased costs it will be forced to spend to in locating Covid test kits in the marketplace so that it can cover and fulfill its contractual obligations to its customers

53.     The conduct of Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court to enter judgment against defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Samuel Gross, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT II

## Fraud

54.     The above paragraphs are incorporated herein by reference as if set forth in full.

55.     Defendants represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid Test Kits because they already had the Covid Test Kits in stock.

56.     CHG was formed on or about December 8, 2020, and appears to have been formed solely in order to defraud SAFETY HOUSE and/or other potential victims.

57.     To fraudulently induce plaintiff to make this large purchase, Defendants represented that the $1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants, and that the funds would not be released from escrow until after the Covid Test Kits had been delivered to a common carrier for delivery to SAFETY HOUSE.

58.     Instead, Defendants improperly took the money from escrow, and failed to deliver the Covid Test Kits, which were supposed to be resold by Plaintiff to a public school district.

59.     These representations and promises were false when made by Defendants to SAFETY HOUSE.

60.     Defendants knowingly made these false representations and promises to SAFETY HOUSE in order to induce it to wire the entire $1,965,600.00 Purchase Price to Defendants, despite Defendants' actual knowledge that they did not intend to honor their representations and lacked the capacity to perform as promised.

61.     SAFETY HOUSE reasonably relied upon the representations of Defendants and changed its position to its detriment.

62.     SAFTEY HOUSE has lost the $1,965,600.00 Purchase Price it paid to Sternberg and MSA.

63.     SAFETY HOUSE also has suffered lost profits as it has been unable to re-sell the Covid Test Kits to the customers with whom SAFETY HOUSE had purchasing contracts, such as public school districts.

64.      SAFETY HOUSE has also incurred damages in locating Covid test kits in the marketplace so that it can fulfill its contractual obligations to its customers.

65.     The conduct of Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court to enter judgment against defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Samuel Gross, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages,

consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT III

## CIVIL CONSPIRACY

66.     The above paragraphs are incorporated herein by reference, as if set forth in full.

67.     Defendants each wrongfully conspired with each other to fraudulently induce SAFETY HOUSE to send them almost two million dollars, as alleged above, without any intent or capacity to perform the alleged Agreement.

68.     Defendants each took active steps to further the conspiracy, from negotiating the terms of the alleged Agreement, to representing that the Purchase Price would be held in an attorney escrow account, to promising, and failing, to provide a Bill of Lading and a signed copy of the Agreement.

69.     Defendants' conspiracy aimed to obtain, and then keep, SAFETY HOUSE's funds, without delivering the Covid Test Kits needed by public schools.

70.     Each of the Defendants are liable for the actions of the other Defendants in furtherance of this conspiracy.

71.     SAFETY HOUSE has lost the $1,965,600.00 Purchase Price it paid to Defendants.

72.     SAFETY HOUSE has suffered lost profits as it has been unable to sell the Covid Test Kits to the customers with whom SAFETY HOUSE had purchasing contracts, such as a public school district.

73.     SAFETY HOUSE has also incurred damages in locating Covid test kits in the marketplace so that it can fulfill its contractual obligations to its customers.

74.     The conduct of Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court to enter judgment against defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Samuel Gross, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT IV

## PIERCING THE CORPORATE VEIL

75.     The above paragraphs are incorporated herein by reference, as if set forth in full.

76.     Defendant CHG purports to be limited liability company and, on information and belief, CHG is owned entirely by its managing member, Samuel Gross.

77.     On information and belief, CHG was inadequately capitalized, failed to properly observe the required corporate formalities, and was otherwise used by Samuel Gross and the Sternberg Attorney Defendants to perpetuate a fraud against SAFETY HOUSE.

78.     Due to the fraudulent and/or deceptive conduct of the Defendants, and the failure of one or more Defendants to properly capitalize the LLC, and/or their failure to observe corporate formalities, the corporate veil of CHG should be disregarded, and its managing member, Samuel Gross, should be held individually liable for the wrongful acts of CHG.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court to enter judgment against defendants Manfred Sternberg, Esquire and Manfred Sternberg &

Associates, PC, and Charlton Holding Group LLC, and Samuel Gross, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

**COUNT V**

**PARTICIPATION THEORY**

79.     The above paragraphs are incorporated herein by reference as if set forth in full.

80.     Gross and Sternberg each represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid Test Kits because they had access to the Covid Test Kits on the ground, ready to sell, in the United States.

81.     To fraudulently induce plaintiff to make this large purchase, Gross and Sternberg each represented that the $1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants

82.     These funds were not to be released from escrow until after a Bill of Sale was delivered to Plaintiff and the Covid Test Kits were delivered to a common carrier for delivery to Plaintiff, and the Bill of Lading and shipping documents also delivered to Plaintiff. *See* Exhibit 1, §6 and Exhibit D thereto.

83.     The Sternberg Attorney Defendants misrepresented to Plaintiff the Covid Test Kits were en route and would be delivered by no later than February 17, 2022, when in fact they were not placed with a common carrier or otherwise being shipped to Plaintiff; as of February 17, 2022 (and as of the filing of this Complaint), no delivery has been made. *See* Exhibit 3.

84.     Plaintiff on numerous occasions has requested that Gross and Sternberg provide Plaintiff with a Bill of Lading and other shipping documents to show they had delivered the Covid

Test Kits to a common carrier for delivery to Plaintiff.  *See* Exhibit 4.

85.    However, each of Gross and Sternberg, however, have failed and refused to deliver this shipping documentation to Plaintiff.

86.    Furthermore, Gross and Sternberg caused further deception and delay when, on or about February 16, 2022, a man named "Shraga" contacted Plaintiff and advised Plaintiff the Covid Test Kits were on a truck and that delivery would be made to Plaintiff by 4:00 pm on February 16, 2022.

87.    When the shipment did not arrive at 4:00 p.m., Plaintiff contacted Shraga who advised Plaintiff the truck had "broken down" and that the Kits would be delivered in the morning of February 17, 2022.

88.    The goods have not been placed with a common carrier or delivered to Plaintiff, wither as promised, or to date.

89.    Gross and Sternberg have each furthered the fraud and made material misrepresentations to Plaintiff, not only to obtain he funds, but to prevent and delay detection of the fraud.

90.    Each of Gross and Sternberg should be held liable for their individual participation in this fraudulent scheme pursuant to Participation Theory.

91.    Each of Gross and Sternberg made these representations with knowledge that they were false.

92.    Each of Gross and Sternberg personally participated in making these misrepresentations to SAFETY HOUSE.

14

93.     SAFETY HOUSE has lost the $1,965,600.00 Purchase Price it paid to Defendants, and has sustained and continues to sustain damages, as a result of Defendants' fraudulent and wrongful conduct.

94.     SAFETY HOUSE has suffered lost profits as it has been unable to sell the Covid Test Kits to the customers with whom SAFETY HOUSE had purchasing contracts, such as public school districts.

95.      SAFETY HOUSE has also incurred damages in locating Covid test kits in the marketplace so that it can fulfill its contractual obligations to its customers.

96.     The conduct of each of the Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court to enter judgment against defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Samuel Gross, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as  punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT VI

## Breach of Contract (Alternative Count)

97.     The above paragraphs are incorporated herein by reference as if set forth in full.

98.     This Count is pleaded in the alternative to the above Counts.

99.     SAFETY HOUSE agreed to purchase 151,200 Covid Test Kits from CHG and its managing member, Gross, for the $1,965,600.00 Purchase Price. *See* Exhibit 1, § 3.

100.    The Agreement required Plaintiff to deposit the $1,965,600.00 Purchase Price into the attorney escrow account of the Sternberg Attorney Defendants, which funds were not to be released from escrow until after the delivery to Plaintiff of a Bill of Sale and the Covid Test Kits were delivered to a common carrier for delivery to Plaintiff, and the Bill of Lading and other shipping documents delivered to Plaintiff.  *See* Exhibit 1, §6 and Exhibit D thereto.

101.    On January 21, 2022, SAFETY HOUSE wired the $1,965,600.00 Purchase Price into the attorney escrow account of the Sternberg Attorney Defendants.  *See* Exhibit 2.

102.    Defendants were supposed to deliver the Order by January 25, 2022.

103.    After SAFETY HOUSE paid the $1,965,600.00 Purchase Price to Defendants, Defendants failed to deliver the Covid Test Kits and also failed to provide a full refund to SAFETY HOUSE.

104.    SAFTEY HOUSE has lost the $1,965,600.00 Purchase Price it paid to Defendants.

105.    SAFETY HOUSE has suffered damages including the loss of the $1,965,600.00 Purchase Price, as well as lost profits as it has been unable to sell the Covid Test Kits to the customers with whom SAFETY HOUSE had purchasing contracts, such as public school districts.

106.    SAFETY HOUSE has also incurred damages in locating Covid test kits in the marketplace so that it can fulfill its contractual obligations to its customers.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court to enter judgment against defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Samuel Gross, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as  punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper,

to the maximum extent allowed by applicable law.

## COUNT VII

## Unjust Enrichment/Quantum Meruit

107.    The above paragraphs are incorporated herein by reference as if set forth in full.

108.    In the alternative, SAFETY HOUSE alleges that defendants have unjustly enriched themselves at the expense of SAFETY HOUSE.

109.    Defendants requested SAFETY HOUSE to, *inter alia*, furnish funds to purchase the Covid Test Kits, in exchange for the $1,965,600.00 Purchase Price. *See* Exhibit 1.

110.    Defendants represented that the entire $1,965,600.00 Purchase Price was required to be deposited into the attorney escrow account of the Sternberg Attorney Defendants.

111.    Defendants represented that the entire $1,965,600.00 Purchase Price would not be released from the attorney escrow account of the Sternberg Attorney Defendants unless the Covid Test Kits were delivered to a common carrier for delivery to Plaintiff, and Plaintiff was supplied with a Bill of Sale and the Bill of Lading and other shipping documents.

112.    In reliance upon the aforesaid representations of Defendants, on January 21, 2022, SAFETY HOUSE wired $1,965,600.00 into the attorney escrow account of the Sternberg Attorney Defendants. *See* Exhibit 2.

113.    Defendants received and accepted and used the $1,965,600.00 Purchase Price described above.

114.    SAFETY HOUSE conferred a benefit upon Defendants by delivering the $1,965,600.00 Purchase Price without receiving anything in return.

115.    Defendants appreciated, accepted, and retained the benefit of the $1,965,600.00 Purchase Price.

116.   It would be unjust and inequitable to allow Defendants to retain the benefit of the $1,965,600.00 Purchase Price they received from SAFETY HOUSE, without providing full compensation to SAFETY HOUSE.

117.   The fair value of the moneys supplied by SAFETY HOUSE to Defendants and retained and used by Defendants is the amount of $ 1.965,600.00.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court to enter judgment against defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Samuel Gross, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY:/s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
W. LYLE STAMPS, ESQUIRE
PA Identification Nos. 28529, 64423, & 94909
156 Inverness Drive
Blue Bell, PA 19422
Telephone: 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com
wlstamps@lightmanlaw.com

Date:  February 23, 2022          Attorneys for Plaintiff

## EXHIBITS TO COMPLAINT

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| "1" | [Unsigned] Purchase and Sale Agreement documents |
| "2" | 1/21/22 Wire Transfer Documents for Wire of $1,965,600.00 Purchase Price Into Attorney Escrow Account of the Sternberg Attorney Defendants |
| "3" | 2/8/22 email between Plaintiff and Sternberg Attorney Defendants |
| "4" | Emails to Sternberg Attorney Defendants requesting shipping information |
| "5" | 2/19/22 email to Sternberg Attorney Defendants demanding return of the $1,965,600.00 Purchase Price, and 2/16/22 email from Plaintiff demanding return of the $1,965,600.00 Purchase Price |