UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL, ENTERPRISES, INC. d/b/a THESAFETY HOUSE.COM,<br><br>Plaintiff,<br><br>v.<br><br>MANFRED STERNBERG, ESQUIRE and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC and SAMUEL GROSS,<br><br>Defendants. | CIVIL ACTION NUMBER:<br>2:22-cv-00688 (JMY)<br><br>(YOUNGE, U.S.D.J.)<br><br>ECF Case<br><br>**NOTICE OF MOTION**<br><br>**ORAL ARGUMENT REQUESTED** |

### DEFENDANTS' MEMORANDUM OF LAW SUBMITTED IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**PECKAR & ABRAMSON, P.C.**
Attorneys for Defendants
70 Grand Avenue
River Edge, New Jersey 07661
(201) 343-3434

On the Brief:
*Aaron C. Schlesinger, Esq.*

## TABLE OF CONTENTS

                                                                                                                         Page

TABLE OF AUTHORITIES ................................................................................................... iii

STATEMENT OF FACTS ........................................................................................................1

LEGAL ARGUMENT ................................................................................................................2

      POINT I – STANDARD OF REVIEW ..........................................................................2

      POINT II – PLAINTIFF'S COMPLAINT MUST BE DISMISSED
      PURSUANT TO THE PARTIES' FORUM SELECTION CLAUSE ................................3

CONCLUSION ...........................................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aamco Transmissions, Inc. v. Romano*,
  42 F. Supp. 3d 700 (E.D.Pa. 2014)..................................................................................4

*Banc Auto, Inc. v. Dealer Servs. Corp.*,
  No. 08-3017, 2008 WL 4055830 (E.D.Pa. Aug. 28, 2008)..........................................2, 4, 6

*Foster v. Chesapeake, Ins. Co.*,
  933 F.2d 1207 (3d Cir. 1991).........................................................................................3

*Jordan Acquisitions Group, LLC v. Adam Technologies, Inc.*,
  No. 09-542, 2009 WL 2473987 (E.D.Pa. Aug. 12, 2009)..............................................2

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995).............................................................................................3

*Moneygram Payment Sys. v. Consorcio Oriental, SA*,
  65 F. App'x 844 (3d Cir. 2003).......................................................................................4

*M/S Bremen v. Zapata Off-Shore Co.*,
  407 U.S. 1 (1972)............................................................................................................3

*PNC Bank v. Kanaan*,
  No. 11-7770, 2012 WL 185613 (E.D.Pa. May 21 2012)................................................4

*Polytek Development Corp v. 'Doc' Johnson Enterprises*,
  32 F. Supp. 3d 243 (E.D.Pa. 2021).........................................................................3, 4, 5

*Provident Mut. Life Ins. Co. v. Bickerstaff*,
  818 F. Supp. 116 (E.D.Pa. 1993)....................................................................................4

*Pryor v. National Collegiate Athletic Assoc.*,
  288 F.3d 548 (3d Cir. 2002)...........................................................................................3

*Umland v. PLANCO Financial Service, Inc.*,
  542 F.3d 59 (3d Cir. 2008).............................................................................................2

**Statutes**

Fed. R. Civ. P. 12(b)(3)..................................................................................................1, 2, 7

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 2, 7

Defendants, Manfred Sternberg, Esquire, Manfred Sternberg & Associates, PC, Charlton Holdings Group, LLC and Samuel Gross (collectively "Defendants"), by and through their undersigned Counsel, respectfully move this Court for an Order pursuant to Rules 12(b)(3) and (6) of the Federal Rules of Civil Procedure dismissing the Complaint of Plaintiff American Environmental, Enterprises, Inc. d/b/a TheSAFETYHOUSE.com ("Plaintiff") for improper venue and/or Forum *Non Conveniens*.[1]

## STATEMENT OF FACTS

Plaintiff filed its Complaint herein on February 23, 2022. (See Exhibit "A"). The Complaint alleges the following seven causes of actions based on events that took place pursuant to a Sale and Purchase Agreement ("SPA"), dated January 21, 2022, entered into and executed by and between Defendant Sam Gross on behalf of Defendant Charlton Holdings Group, LLC as Seller and Daniel J. Scully on behalf of Plaintiff as Buyer:

1. Fraud in the Inducement (Count I);
2. Fraud (Count II);
3. Civil Conspiracy (Count III);
4. Piercing the Corporate Veil (Count IV);
5. Participation Theory (Count V);
6. Breach of Contract (Count VI); and
7. Unjust Enrichment/Quantum Meruit (Count VII).

(See Exhibit "A"). Paragraph 13 of the SPA contains a choice of law/forum selection clause which expressly states:

> This Agreement shall be governed by the laws of the State of Texas and the Parties agree on the Texas State District Courts of Harris County, Texas, or other Seller designated venue which shall have exclusive jurisdiction of any dispute arising out of or related to this Agreement.

(See Exhibit "B" at pg. 2 paragraph 13).

---

[1] All Exhibits cited herein refer to the exhibits annexed to the Declaration of Aaron C. Schlesinger, Esq. submitted in support of the instant motion.

1

Defendant Manfred Sternberg and his law firm Defendant Manfred Sternberg & Associates, PC were retained by Seller to act as Seller's escrow agent for the holding and payment of funds for the purchase price required by the SPA, and pursuant to such retention, held the applicable funds in an Interest on Lawyer Trust Account ("IOLTA") Trust account until such funds were ready for payment. (See Exhibit "B" SPA at its Exhibit "B"). The sole office location for Defendant Manfred Sternberg and his law firm Defendant Manfred Sternberg & Associates, PC is Harris County Texas. (See Exhibit "B" at its "B").

As discussed more fully below, the parties' choice of law/forum selection clause is valid thereby warranting the dismissal of Plaintiff's Complaint pursuant to Rules 12(b)(3) and (6) of the Federal Rules of Civil Procedure for improper venue and/or Forum *Non Conveniens*.

## ARGUMENT

### POINT I

### STANDARD OF REVIEW

Traditionally, when deciding a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) ("Rule 12(b)(3)"), a court must accept as true the allegation in the complaint, although the parties may submit affidavits to support their positions. *Jordan Acquisitions Group, LLC v. Adam Technologies, Inc.*, No. 09-542, 2009 WL 2473987, at * 2 (E.D.Pa. Aug. 12, 2009). In a motion to dismiss for improper venue, the defendant, as the moving party, bears the burden of showing that venue is improper. *Id.* (citing *Banc Auto, Inc. v. Dealer Services Corp.*, No 08-3017, 2008 WL 4055830, at *2 (E.D.Pa. Aug. 28, 2008)).

When presented with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the Court must accept the allegations in the complaint as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable

reading of the allegations indicates that relief may be warranted. *Umland v. PLANCO Financial Service, Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). When ruling on a Rule (12)(b)(6) motion, the Court may consider: (1) documents attached to or submitted with the complaint; (2) documents whose contents are alleged in the complaint and whose authenticity no party questions but which are not physically attached to the pleading; and (3) documents that defendant attaches to the motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claims. *Pryor v. National Collegiate Athletic Assoc.*, 288 F.3d 548, 559-60 (3d Cir. 2002).

This motion is appropriately before the Court pursuant to the foregoing Federal Rules of Civil Procedure because it seeks enforcement of the forum selection clause of the parties' SPA which is not only referenced in Plaintiff's Complaint at paragraph 15 but is also identified as Exhibit 1 as an attachment to its Complaint.[2] Thus, Defendants' within motion is properly before this Court.

## POINT II

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED
### PURSUANT TO THE PARTIES' FORUM SELECTION CLAUSE

As Your Honor has held, in order to enforce a forum selection clause, it must first be determined that the clause is valid and that the litigation at issue falls within the scope of the clause. *Polytek Development Corp v. 'Doc' Johnson Enterprises*, 32 F. Supp. 3d 243, 248 (E.D.Pa. 2021) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877-78 (3d Cir. 1995)). Forum selection clauses are *prima facie* valid and should be enforced unless enforcement is

---

[2] It is of import to note that Plaintiff's Complaint at page 19 is entitled "Exhibits to Complaint". The page identifies 5 Exhibits of which none are attached to the Complaint filed on the Court's Docket or served upon Defendants. (Dkt #1). Moreover, Exhibit "1" is identified as "[Unsigned] Purchase and Sale Agreement documents." It is confusing to Defendants as to why Plaintiff would reference an unsigned SPA when it was in fact executed by both parties. (See the last page of Exhibit "B"). We look forward to Plaintiff's explanation on this issue.

3

shown to be unreasonable under the circumstances. *Id.* (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 16-17 (1972)); *Foster v. Chesapeake, Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991). In order to overcome a presumptively valid forum selection clause, the party objecting to it must make a "strong showing" that the clause is unreasonable by demonstrating: "(1) that it is the result of fraud or overreaching; (2) that enforcement would violate strong public policy of the forum; or (3) that enforcement would . . . result in jurisdiction so seriously inconvenient as to be unreasonable." *Polytek*, 32 F. Supp. 3d at 248 (quoting *Moneygram Payment Sys. v. Consorcio Oriental, SA*, 65 F. App'x 844, 846 (3d Cir. 2003)). "To rise to the level of unreasonableness, the objecting party must show more than 'mere inconvenience or additional expense.'" *Id.* (quoting *Banc Auto, Inc. v. Dealer Servs. Corp.*, No. 08-3017, 2008 WL 4055830, at *3 (E.D.Pa. Aug. 28, 2008)). The party must show that it would be deprived of its day in court or completely be unable to litigate the matter at hand if permitted to go forward in the selected forum. *Id.* (citing *Banc Auto*, 2008 WL 4055830, at *3) (holding that a forum selection clause will be deemed unreasonable where the selected forum is so gravely difficult that the party challenging the forum selection clause would be deprived of their day in court if the clause were enforced).

Importantly, a party will waive the ability to argue that venue is improper based on the existence of a valid forum selection clause. *Id.* at 251. More specifically, venue is proper regardless of the above factors, "if consented to by the parties in a forum selection clause." *Id.* (quoting *Aamco Transmissions, Inc. v. Romano*, 42 F. Supp. 3d 700, 706 (E.D.Pa. 2014)) (finding venue proper when the parties entered into an agreement with a valid forum selection clause placing venue in the Eastern District of Pennsylvania); *PNC Bank v. Kanaan*, No. 11-7770, 2012 WL 185613, at *1 (E.D.Pa. May 21 2012) (determining that venue was proper in the Eastern District of Pennsylvania based on the existence of a valid forum selection clause because

a party may consent to personal jurisdiction and venue by virtue of a forum selection clause); *Provident Mut. Life Ins. Co. v. Bickerstaff*, 818 F. Supp. 116, 119 (E.D.Pa. 1993) (explaining that where forum selection clause exists, its effect on the issue of the appropriateness of venue is essentially identical to its effect on the question of jurisdiction).

In the instant case, the forum selection clause at issue states:

> This Agreement shall be governed by the laws of the State of Texas and the Parties agree on the Texas State District Courts of Harris County, Texas, or other Seller designated venue which shall have exclusive jurisdiction of any dispute arising out of or related to this Agreement.

(See Exhibit "B" at pg. 2 paragraph 13). When applying the above precedent to the language of the parties' agreed upon forum selection clause, the dismissal of Plaintiff's case is warranted.

First, the clause is valid because it was fairly agreed upon by all parties and based on such agreement this plain and unambiguous language was placed in the SPA. Plaintiff cannot overcome this crucial fact.

Second, the clause is valid because it is clear in its meaning and interpretation. It specifically states that the SPA shall be governed by the laws of the state of Texas and that the Texas District Courts of Harris County, Texas or other Seller designated venue shall have exclusive jurisdiction of any dispute arising out of or related to the SPA. Thus, there is no question that the parties did not intend for a lawsuit to be filed in this venue thereby further warranting the dismissal of Plaintiff's Complaint.

Third, pursuant to the above cited case law, it is Defendants' position that Plaintiff waived its ability to argue that venue is improper as a result of the existence of the parties' valid forum selection clause. *See Polytek*, 32 F. Supp. 3d at 248, 251. However, *assuming arguendo* that Plaintiff has not made such a waiver, and the parties' forum selection clause is not valid,

which it obviously is for the reasons stated above, Plaintiff cannot meet its burden of overcoming the forum selection clause by making a strong showing that the clause is unreasonable. In this regard, the clause was not added to the agreement as the result of fraud or is overreaching. Consistent with the foregoing, Plaintiff's Complaint does not make such an allegation. Plaintiff instead alleges that the SPA was in fact a valid agreement by virtue of its Breach of Contract cause of action (Count VI). Simply put, by alleging in the Complaint that the parties had a valid contract between them, Plaintiff has conceded to the fact that the clause is valid as part of their valid contract. (See Exhibit "A" at pgs. 15-17, pars. 97-106).

Moreover, enforcement of the clause would not violate the strong public policy of this forum. The fact that the parties' forum selection clause mandates that the issues alleged in Plaintiff's Complaint shall be governed by the laws of the state of Texas supports the dismissal of Plaintiff's Complaint so that it can be heard in an appropriate forum that is familiar and well versed in Texas law such as a Harris County, Texas District Court. Conversely, if this case were to proceed forward in this forum, it is respectfully submitted that the strong public policy of this forum would be violated by permitting the Court and local attorneys for both parties, none of whom are admitted to practice law in the state of Texas, to attempt to interpret Texas law when litigating this case.

Finally, dismissing Plaintiff's Complaint pursuant to the parties' forum selection clause would not result in jurisdiction so seriously inconvenient as to be unreasonable. It cannot be stressed enough that in order rise to the level of unreasonableness, the objecting party must show more than "mere inconvenience or additional expense." *Id.* at 248 (quoting *Banc Auto*, 2008 WL 4055830, at *3). Notwithstanding this high burden placed on Plaintiff, there currently exists an indisputable lack of unreasonableness to seek to enforce the forum selection clause as a result of

technological advancements that were developed in response to the COVID-19 pandemic because no matter what jurisdiction the case is filed in, parties, witnesses, experts, etc., can all appear for deposition and/or court proceedings virtually. Consistent with the foregoing, virtual proceedings in court cases have become common practice. Thus, Plaintiff can in fact have its day in Court and consequently has no legitimate basis to claim jurisdictional inconvenience.

## CONCLUSION

Based upon the foregoing facts and authorities, Defendants respectfully request that Plaintiff's Complaint be dismissed pursuant to Rules 12(b)(3) and (6) of the Federal Rules of Civil Procedure for improper venue and/or Forum *Non Conveniens*, together with attorneys' fees, costs and disbursements of this proceeding and for such other and further relief as this Court deems just and proper.

Date: April 1, 2022

Respectfully submitted,

**/s/Aaron C. Schlesinger**
AARON C. SCHLESINGER, ESQ.
**PECKAR & ABRAMSON, P.C.**
Attorneys for Defendants
70 Grand Avenue
River Edge, New Jersey 07661
(201) 343-3434