IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES INC. d/b/a THESAFTYHOUSE.COM** | : | |
| | : | 22-cv-00688-JMY |
| vs. | : | |
| | : | |
| **MANFRED STERNBERG, et al**. | : | |

## ORDER

**AND NOW**, this 2nd day of August, 2022, after considering Defendants' Motion to Dismiss for Improper Venue and/or Forum Non Conveniens (ECF No. 13), and all papers in support thereof and in opposition thereto, it is hereby **ORDERED** that the Motion is **DENIED**.[i]

By the Court:

   /s/ John Milton Younge
Judge John Milton Younge

---

[i]    Presently before the Court is Defendants' Motion to Dismiss for Improper Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and/or Forum Non Conveniens. The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7.1(f). For the reasons that follow, Defendants' Motion is denied.

When considering a motion to dismiss, all well-pleaded allegations in the complaint are accepted as true and viewed in the light most favorable to the plaintiff. *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). The proper venue for a civil action founded on diversity jurisdiction is determined as follows: (1) where all defendants reside in the same state, the district where any defendant resides; (2) the district where a substantial part of the events or omissions giving rise to the claim occurred; and (3) in the case where there is no other district in which the action can be brought, the district where a defendant is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(a). If a district court finds venue to be improper, the court should dismiss the case or, if justice requires, transfer the case to a district where venue is proper. 28 U.S.C. § 1406 (a). In general, it is preferable to transfer a case to an appropriate federal forum

rather than dismiss it. *Salovaara v. Jackson Nat'l Life Ins. Co.,* 246 F.3d 289, 299 (3rd Cir. 2001).

In its Motion, Defendants argue that a contract containing a forum selection clause designating Texas State District Courts of Harris County, Texas as the appropriate forum warrants dismissal of this action, even though Plaintiff alleges that this clause is contained within an unsigned, fraudulent contract. Specifically, Plaintiff alleges that an unsigned contract was sent to Plaintiff, to fraudulently induce Plaintiff to pay Defendants $1,965,000 million for Covid-19 tests they would never receive as part of an elaborate ruse. As a result of this alleged fraudulent and invalid contract, Plaintiff claims that the forum selection clause is unenforceable, and that also, venue is proper in the Eastern District of Pennsylvania because the conduct giving rise to this suit occurred in this District.

Although a forum selection clause is generally presumed valid and given controlling weight as to venue, this presumption can be overcome by a strong showing of fraud or where the very existence of the contract, alleged to be fraudulent, is in dispute. *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991); *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 12-15 (1972). Defendants seek dismissal of this case based on its reading of this Court's decision in *Polytek Dev. Corp. v. 'Doc' Johnson Enters*, 532 F. Supp. 3d 243, 248 (E.D. Pa. 2021). In that case, this Court held that venue was proper in the Eastern District of Pennsylvania because the plaintiff's website contained a forum selection clause that was incorporated by reference into 115 invoices issued to the defendant. *Id.* at 248-49. This Court reasoned that each time the defendant issued purchase orders after receiving invoices that incorporated the terms and conditions on plaintiff's website, the defendant assented to those terms including to the forum selection clause. *Polytek,* 532 F. Supp. 3d at 250. The defendant's failure to read these terms was not a valid justification to render the clause unenforceable. *Id.* That is not the case here. Plaintiff is not alleging that the forum selection is unenforceable because the terms were too obscure, as the defendant claimed in *Polytek,* but rather that the whole contract is invalid.

Defendants further argue that because Plaintiff has alleged generally that the contract is fraudulent, that Plaintiff, therefore, has failed to allege whether the forum selection clause specifically is the result of fraudulent inducement as required. In support of this proposition, Defendants cite to case law holding that a forum selection clause was valid because the fraud occurred after the agreement was entered into. *See Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, 65 Fed. App'x 844, 847 (3d Cir. 2003) (alleged fraud that occurred after contract did not render forum selection clause invalid). This case, however, is distinguishable from the facts alleged here, as Plaintiff is claiming there never was a valid and signed contract, and that Defendants took Plaintiff's money as part of a fraudulent scheme. Defendants' argument also misses the mark: if a contract was never signed, wholly lacking in consideration due zero performance by Defendants, and a part of a fraudulent scheme, then the corollary is that *every* provision in the contract is invalid.

Next, Defendants claim that Plaintiff has failed to meet the heightened pleading requirement for allegations of fraud as set forth in Federal Rule of Civil Procedure 9(b) in order to set aside the forum selection clause. Though Rule 9(b) requires Plaintiff to "state with particularity the circumstances constituting fraud or mistake" it does not require that Plaintiff

prove their contentions. Fed. R. Civ. P. 9(b). Turning to the Plaintiff's Complaint, the Court finds that Plaintiff has sufficiently plead, with particularity, facts of fraud such that the entire contract, including the forum selection clause's validity, is called into question. Defendants state that Plaintiff's allegations run counter to the evidence, alleging that Defendant Samuel Gross did, indeed, sign the contract as managing partner of Defendant Charlton Holdings Group, LLC ("CHG"). They attempt to show this by attaching an exhibit to their Motion of what appears to be a screenshot of a separate signature page with Defendant Gross's purported signature. (ECF No. 13-4 at 5.) This signature page is not clearly attached to the contract at issue and is not attached to the Complaint. That Defendants now claim that the contract was signed by one of the individual Defendants, is a fact better addressed on a motion for summary judgment, then at the motion to dismiss stage where Plaintiff's allegations are accepted as true.

Though Defendants style their Motion as a "motion to dismiss" and do not explicitly seek a venue transfer, they state in their Reply to Plaintiff's Opposition that "they do not object to a Court Order transferring this case to the United States District Court for the Southern District of Texas, Houston Division." (ECF No. 16 at 12.) This Court is not required to determine the "best" forum, or "forum with the most substantial events" as venue may be proper in more than one location. *Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 294 (3d Cir. 1994); *Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 444 (E.D. Pa. 1991). Instead, under 28 U.S.C. § 1404 (a),"[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any other district or division to which all parties have consented."

Plaintiff has alleged that the Defendants' actions giving rise to Plaintiff's claims occurred in the Eastern District of Pennsylvania and that Defendants conduct business in this District. These facts are sufficient to make venue proper under 18 U.S.C. § 1391. A court considering a request to transfer generally conducts a balancing test, that weighs various private and public interests, which may include (1) plaintiff's choice of forum as evidenced by the original filing; (2) defendant's preferred forum; (3) where the claim arose; (4) convenience of the parties and witnesses; (5) the location of the evidence; and (6) the public's interest in enforcing the judgment, holding expeditious and inexpensive trials, and deciding local controversies at home. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

Beyond the contract in dispute, the only factor Defendants cite in support of venue in Texas is a "strong public policy. . .[that] would be violated by permitting the Court and local attorneys for both parties, none of whom are admitted to practice law in the state of Texas, to attempt to interpret Texas law." (ECF No. 13-1 at 9). This Court is routinely called upon to consider the law of other jurisdictions, and the fact that under conflicts of law principles, Texas law, may or may not apply, does not counsel against venue in the Eastern District of Pennsylvania. Ultimately, Defendants bear the burden of showing venue is improper or that a venue transfer is appropriate. *Myers v. American Dental Association*, 695 F.2d 716, 724 (3d Cir. 1982). Defendants have not sustained that burden. The Eastern District of Pennsylvania has jurisdiction over the parties and the events giving rise to this action occurred in this District. Accordingly, the Court finds that venue is appropriate in the Eastern District of Pennsylvania.