LIGHTMAN & MANOCHI
BY:    GARY P. LIGHTMAN, ESQUIRE
        GLENN A. MANOCHI, ESQUIRE
        W. LYLE STAMPS, ESQUIRE
PA Identification Nos. 28529, 64423, & 94909
600 West Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Telephone: 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com
wlstamps@lightmanlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM,<br><br>*Plaintiff*,<br><br>v.<br><br>MANFRED STERNBERG, ESQUIRE and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS<br><br>*Defendants*. | CIVIL ACTION<br><br>NO. 2:22-cv-00688-JMY |

## JOINT REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on August 30, 2022, and submit the following report of their meeting for the court's consideration:

    **1.**     **Discussion of Claims, Defenses and Relevant Issues**

**FACTUAL BACKGROUND IN SUPPORT OF PLAINTIFF'S CLAIMS**

Plaintiff American Environmental Enterprises, LLC, d/b/a TheSafetyHouse.com, ("SAFETY

1

HOUSE" or "Plaintiff") brings this lawsuit for fraud against defendants Manfred Sternberg, Esquire ("Sternberg") and Manfred Sternberg & Associates, PC ("MSA") and Samuel Gross ("Gross"), and Charlton Holding Group LLC ("CHG") whose managing member, is Gross. Plaintiff alleges that Defendants fraudulently induced it to wire-transfer $1,965,600 to Sternberg's attorney escrow account, for the purchase of 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "Covid Test Kits"). Plaintiff was told that the $1.966 million would not be released from escrow, unless and until the Covid Test Kits were placed in transit to Plaintiff with a recognized common carrier. However, Plaintiff did not receive any Bill of Lading before Defendants wrongfully released the escrow funds.

Plaintiff compounded their wrongful conduct, by making additional misrepresentations to plaintiff and its counsel. Sternberg spoke with plaintiff and plaintiff's counsel and also wrote an email to plaintiff's counsel dated February 15, 2022, in which Sternberg (falsely) represented that the goods were in transit and "will be arriving tomorrow at the location provided by your client." However, that never happened. Sternberg also told plaintiff and plaintiff's counsel on March 1, 2022, that he still had a substantial amount of plaintiff's funds in escrow. Plaintiff's counsel then wrote an email to Sternberg on March 1, 2022, that same day, instructing Sternberg not to release any further funds from escrow, except to return same to plaintiff. That also never happened. Plaintiff had contracted to re-sell the Covid Test Kits to a public school district in Maryland, but was unable to fulfill that contract with defendants' goods, because of defendants' fraudulent and wrongful conduct.

The facts to support plaintiff's claims are set forth in detail in plaintiff's Complaint.

## ISSUES ON WHICH DISCOVERY IS NEEDED BY PLAINTIFF

Plaintiff anticipates needing discovery from defendants, as well as from third-parties (the manufacturer(s)/supplier(s) from whom defendants ordered the goods; the common carriers who allegedly had the goods for shipment to plaintiff; and the brokers to whom commission payments were made or are owed). At a minimum, plaintiff will need to depose: (a) Sternberg, both individually and as

the authorized representative of MSA; and (b) Gross, both individually and as the authorized representative of CHG; and (c) one or more of the manufacturers/suppliers from whom defendants allegedly purchased the goods; and (d) one or more of the common carriers to whom defendants allegedly delivered the goods for shipment to plaintiff.

Plaintiff also will need to conduct discovery from Gary Weiss, and his entity (ASOLAR). On August 15, 2022, all of the defendants, as third-party plaintiffs, filed a Third Party Complaint against Gary Weiss, as a third party defendant, for indemnity and contribution [ECF 19]. The facts to support such third party claims were not set forth in the Third Party Complaint.

The discovery needed by plaintiff also is set forth in items 2 and 3, below

**FACTUAL BACKGROUND IN SUPPORT OF DEFENDANTS' DEFENSES**

Defendants Manfred Sternberg, Esquire ("Sternberg"), Manfred Sternberg & Associates, PC ("MSA")(collectively "Sternberg Defendants"), Charlton Holdings Group, LLC ("CHG" or "Seller) and Samuel Gross ("Gross")(collectively CHG Defendants (all Defendants collectively "Defendants") contend that the facts set forth herein will be proven through discovery.

CHG entered into a Sale and Purchase Agreement ("SPA") dated January 21, 2022. Pursuant to the SPA, it was agreed that Seller would deliver to Plaintiff 151,200 boxes of 2 count iHealth COVID 19 home test kits ("Covid Kits") for a purchase price of $1,965,600.00 ("Purchase Price"). Defendant Samuel Gross owns CHG. Seller engaged the Sternberg Defendants in connection with the receipt and wiring of the Purchase Price. The Sternberg Defendants owed no duty to Plaintiff. Plaintiff wired Defendants the Purchase Price and in return as required by the SPA, Seller made attempts to deliver the Covid Kits to Plaintiff. However, Plaintiff in bad faith, and with no legitimate reason not to accept delivery of the Covid Kits as required by the SPA, rejected the delivery of the Covid Kits and demanded a refund of the Purchase Price in breach of the SPA thereby causing Defendants damages including but not limited to the attorneys' fees and costs associated with Plaintiff's breach of the SPA and the instant

3

action. It is believed that Plaintiff refused acceptance of the Covid Kits because after executing the SPA, it was able to obtain better pricing on such kits from an alternative source. As a result of the foregoing, Defendants deny wrongdoing and have filed Counterclaims against Plaintiff for breach of contract and liquidated damages and indemnification pursuant to paragraphs 11 and 15 of the SPA. In this regard, paragraph 11 of the SPA provides that if Buyer in any way attempts to circumvent Seller, Seller will be entitled to liquidated damages of $50,000 from Buyer or if Buyer terminates this contract without cause, Seller will be entitled to liquidated damages of $25,000 from Buyer. Moreover, paragraph 15 of the SPA provides, Buyer agrees to indemnify, defend, and hold harmless Seller, its agents, servants, employees, contractors, and affiliates (the "Indemnified Parties"), from and against all damages, losses, costs, and expenses (including reasonable attorneys' fees) which they may incur by reason of any breach of the representations and warranties made by Buyer in this Agreement, or any false or misleading representation or warranty in this Agreement or other document provided by Buyer to Seller. Defendants further seek specific performance of Plaintiff's obligation to accept delivery of the Covid Kits as required by the SPA. Finally, Defendants filed a Third-Party Complaint against Gary Weiss for Contribution and Indemnification.

## ISSUES ON WHICH DISCOVERY IS NEEDED BY DEFENDANTS

Defendants at this time seek discovery covering all documents, communications, electronic mails, pricing and sales documents, monetary wiring documents, payment documents, agreements, memoranda, bills, orders, financial documents, letters and correspondence, including but not limited to all amendments, riders, additions, extensions and supplements, exchanged between Plaintiff and all parties and all non-parties relating to this action. Defendants seek similar information from Plaintiff with regard to any non-party source that it sought to purchase or purchased Covid Test Kits to replace the kits it was required to purchase from Defendants. Defendants anticipate serving subpoenas for documents and

testimony on such non-parties identified. Finally, Defendants seek discovery from Plaintiff regarding its claims for damages and which support all causes of actions alleged in its Complaint.

Defendants at this time anticipate taking the deposition of a representative of Plaintiff including but not limited to Dan Scully, representatives of any non-parties from whom Plaintiff either sought to purchase or purchased Covid Kits to replace the kits ordered by Plaintiff from Defendants, the purported FBI agent Russell Stoner who contacted Sternberg by telephone and Gary Weiss.

### 2. Informal Disclosures

Plaintiff has requested that defendants supply (a) the contact information for each manufacturer or supplier of the Covid test kits that plaintiff desired to purchase, from whom defendants ordered the goods, and (b) from whom defendants actually obtained the goods; and (c) the contact information for "Shraga" as well as the any other common carriers with whom defendants made arrangements for the shipment of the product to plaintiff; and (d) the common carrier that allegedly had the goods in shipment when Manfred Sternberg wrote in his email to plaintiff's counsel that they goods were in shipment to plaintiff; and (e) contact information for each broker involved in the transaction between the parties, and payments made to any such broker(s); and (f) full and complete escrow records from the attorney defendants as respects the $1.965 million that plaintiff wire-transferred into their attorney escrow account. However, all defendants, through their respective defense counsel, refused to supply plaintiff's counsel with the requested information.

Plaintiff anticipates needing to serve third-party discovery on those manufacturers/suppliers, and carriers, and brokers.

In an email dated August 12, 2022, Plaintiff requested that such informal information be produced at Defendants' earliest convenience. On August 18, 2022, Plaintiff served a Request for Documents and Interrogatories requesting the same information. On August 24, 2022, in response, Defendants advised Plaintiff that they refused to supply the requested informal information, but instead, would provide

5

responses in accordance with the discovery vehicles and response time frames identified and required by the Federal Rules of Civil Procedure which in this case would be Plaintiff's formal request for documents and interrogatories. Defendants submit that Plaintiff is obviously seeking to avoid its obligations and impede Defendants' rights to respond as guaranteed by the FRCP via its purported informal discovery request, and submit that such conduct should not be countenanced by this Court. Plaintiff refutes the allegations of defense counsel in that regard, and contends that plaintiff requested the informal discovery as authorized by the Rules of Court and Judge Younge's protocols.

### 3. **Formal Discovery**

Plaintiff:

Plaintiff has served its Rule 26(a) disclosures on defendants, through their counsel.

Plaintiff has served a Request for Production of Documents ("RFPOD") upon defendants, and a set of Interrogatories on defendants.

Plaintiff anticipates taking the oral depositions of each of the defendants, after they have produced the requested discovery in response to the RFPOD and Interrogatories propounded upon them.

Plaintiff believes that discovery can be completed within 120 days from the date of the Rule 16 pretrial conference.

Plaintiff previously served a litigation hold directive on defendants.

Plaintiff anticipates being able to reach agreement on how to conduct e-discovery.

Defendants have served their Rule 26(a) disclosures on Plaintiff, through their counsel.

Defendants:

Since the service of their Rule (26)(a) disclosure, the Sternberg Defendants retained separate counsel and a stipulation of substitution of counsel was filed with the Court on August 23, 2022.

The CHG Defendants served a Request for Production of Documents and Interrogatories upon

Plaintiff. The Sternberg defendants also served a Request for Production of Documents and Interrogatories upon Plaintiff.

As stated above, Defendants at this time, anticipate taking the deposition of a representative of Plaintiff including but not limited to Dan Scully, representatives of any non-parties from whom Plaintiff either sought to purchase or purchased Covid Kits to replace the kits ordered by Plaintiff from Defendants, the purported FBI agent Russell Stoner who contacted Sternberg by telephone and Gary Weiss. Such depositions would be taken after receipt of responses to the Defendants' discovery demands.

Defendants agree that discovery can be completed within 120 days from the date of the Rule 16 pretrial conference.

Defendants also anticipate being able to reach agreement on how to conduct e-discovery.

### 4. Expert Witness Disclosures

Plaintiff does not anticipate needing an expert at this time, but reserves the right to retain an expert in the future, should the need arise.

Defendants also do not anticipate needing an expert at this time, but reserve their right to retain an expert in the future, should the need arise.

### 5. Early Settlement or Resolution

Plaintiff is familiar with Local Rule 53.3, and is amenable to a mediation or settlement conference with a U.S. Magistrate or other mutually agreeable settlement master or Mediator, as the Judge may designate.

Defendants are also amenable to mediation.

## 6. Magistrate Jurisdiction

There have not been any discussions about having the entire matter transferred to the jurisdiction of a U.S. Magistrate Judge pursuant to 28 U.S.C. § 636© and Fed.R.Civ.P. 73.

## 7. Trial date

Plaintiff anticipates completing discovery by January 7, 2023 (120 days after the PTC). Plaintiff is agreeable to this case being assigned to a trial pool or given a trial date certain, after January 7, 2023.

Defendants are in agreement with Plaintiff.

## 8. Other Matters

Discussion and any agreement on matters not addressed above – not applicable.

/s/ Gary Lightman

Gary Lightman, Esquire
LIGHTMAN & MANOCHI
Attorneys for plaintiff


/s/ Aaron Schlesinger

Aaron C. Schlesinger, Esquire
PECKAR & ABRAMSON, P.C.
Attorneys for the CHG defendants

/s/ Seth Laver

Seth L. Laver, Esquire
GOLDBERG SEGALLA
Attorneys for the Sternberg defendants

DATED: August 30, 2022

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of the Joint Report of Rule 26(f) Meeting via ECF, U.S. first class mail and/or email upon the following:

| | |
|---|---|
| Aaron Schlesinger Esquire | Seth Laver, Esquire |
| Peckbar & Abramson, P.C. | Jason Kaner, Esquire |
| 70 Grand Avenue | Goldberg Segall |
| River Edge, NJ 07661 | 1700 Market Street, Suite 1418 |
| aschlesinger@pecklaw.com | Philadelphia, PA 19103-3907 |
| | slaver@goldbergsegalla.com |
| | jkaner@goldbergsegalla.com |

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
W. LYLE STAMPS, ESQUIRE
PA Identification Nos. 28529, 64423, & 94909
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Telephone: 215-545-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com
wlstamps@lightmanlaw.com

Date: August 31, 2022           Attorneys for Plaintiff