**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL, ENTERPRISES, INC. d/b/a THESAFETY HOUSE.COM**<br><br>**Plaintiff,**<br>**v.**<br><br>**MANFRED STERNBERG, ESQUIRE and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC and SAMUEL GROSS,**<br>**Defendants,**<br>**Third-Party Plaintiffs,**<br><br>**v.**<br><br>**GARY WEISS and A.SOLAR, LLC**<br><br>**Third-Party Defendant.** | **CIVIL ACTION NUMBER: 2:22-cv-00688 (JMY)**<br><br>**(YOUNGE, U.S.D.J.)**<br><br>**ECF Case**<br><br>**DECLARATION OF AARON C. SCHLESINGER, ESQ. SUBMITTED IN SUPPORT OF THIRD-PARTY DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR THIRD-PARTY COMPLAINT AND ANSWER AND FOR ALTERNATE SERVICE UPON THIRD-PARTY DEFENDANTS** |

AARON C. SCHLESINGER, ESQ., an attorney admitted to practice law before the United States District Court for the Eastern District of Pennsylvania declares, pursuant to 28 U.S.C. § 1746, the following:

1. I am a member of the law firm Peckar & Abramson, P.C., counsel to Charlton Holdings Group, LLC and Samuel Gross (the "CHG Defendants") and former counsel to Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, (the "Sternberg Defendants," and collectively with the CHG Defendants," "Defendants"), in the above-captioned matter, and as such, I am fully familiar with the facts relevant hereto.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

2. It should be noted that the Sternberg Defendants are currently represented by Seth Laver, Esq. of Goldberg Segalla LLP. All Defendants join in this motion.

3. This Declaration is respectfully submitted in support of Defendants' within motion for an Order granting the following relief:

a. Leave for the CHG Defendants to amend their Third-Party complaint to add A.Solar, LLC as a Third-Party Defendant, in the manner and form as attached as Exhibit "A" and for the Sternberg Defendants to amend their Answer in the manner and form attached as Exhibit "B," with the consent of Plaintiff, pursuant to F.R.C.P. 15(a)(2); and

b. Leave to serve Third-Party Defendants Gary Weiss and A.Solar, LLC via alternative service pursuant to F.R.C.P. 4(e)(1) and Rule Pa. R. Civ. P. 430.

**A. Nature of the Case/Procedural History**

4. Plaintiff and Defendants entered into a Sale and Purchase Agreement ("SPA") dated January 21, 2022. Pursuant to the SPA, it was agreed that Seller would deliver to Plaintiff 151,200 boxes of 2 count iHealth COVID 19 home test kits ("Covid Kits") for a purchase price of $1,965,600.00 ("Purchase Price").

5. Plaintiff paid certain Defendants the Purchase Price, and in return as required by the SPA, Seller made attempts to deliver the Covid Kits through Gary Weiss ("Weiss") via his company A.Solar, LLC ("A.Solar"), to Plaintiff. As part of the transaction, the Purchase Price was transferred to Weiss of A.Solar.

6. The current dispute between the parties arises as to whether Defendants failed to take proper steps to deliver the Covid Kits thereby constituting their breach of the SPA or whether Plaintiff in bad faith, and with no legitimate reason not to accept delivery of the Covid Kits as required by the SPA, rejected the

LAW OFFICES
Peckar & Abramson
A Professional Corporation

delivery of the Covid Kits and demanded a refund of the Purchase Price constituting their breach of the SPA.

7. Moreover, there exists the issue of whether Weiss and A.Solar possess liability based on their actions taken with regard to the Purchase Price and delivery of the Covid Kits.

8. Plaintiff filed its Complaint herein on February 23, 2022. (See Exhibit "C"). The Complaint alleges the following seven causes of actions against Defendants based on events that took place between the parties pursuant to the SPA:

1. Fraud in the Inducement (Count I);
2. Fraud (Count II);
3. Civil Conspiracy (Count III);
4. Piercing the Corporate Veil (Count IV);
5. Participation Theory (Count V);
6. Breach of Contract (Count VI); and
7. Unjust Enrichment/Quantum Meruit (Count VII).

(See Exhibit "C").

9. Defendants filed their Answer with Affirmative Defenses herein on August 15, 2022. (See Exhibit "D").

10. Defendants' Answer contained the following four counterclaims against Plaintiff for its alleged breach of the SPA as discussed above:

1. Breach of Contract (Count I);
2. Liquidated Damages (Count II);
3. Defense/Indemnification (Count III); and
4. Specific Performance (Count IV).

See Exhibit "D").

11. Defendants further filed Third-Party Claims against Weiss for Contribution and Indemnification on the basis that the $1,965,600.00 paid to

Defendants was ultimately paid to Weiss who in turn was supposed to deliver the Covid Kits to Plaintiff. (See Exhibit "D").

**B. Defendants' Good Faith and Practical Attempts to Serve Weiss**

12. Defendants took the following five good faith and practical steps to serve Weiss based on information it possessed from documents produced throughout the course of the transaction of events pursuant to the SPA and public information published on the internet.

13. The first attempt was made on or about September 16, 2022, via process server Guaranteed Subpoena, to serve Weiss at 437 1st Avenue, Elizabeth, New Jersey 07206 which is the address contained on his invoice on behalf of A.Solar. (See Exhibit "E"). Guaranteed Subpoena could not locate Weiss or an appropriate representative for service.

14. The second attempt was made on or about October 5, 2022, via process server Guaranteed Subpoena, to serve Weiss at 1280 Wall Street West, Suite 307, Lyndenhurst, New Jersey 07071. (See Exhibit "F"). Guaranteed Subpoena could not locate Weiss or an appropriate representative for service.

15. The third attempt was made on or about October 11, 2022, via process server Guaranteed Subpoena, to serve Weiss at 680 Evergreen Parkway, Union , New Jersey 07083. (See Exhibit "G"). Guaranteed Subpoena could not locate Weiss or an appropriate representative for service.

16. The fourth attempt was made on or about November 15, 2022, via process server Guaranteed Subpoena, to serve Weiss at 739 Vine Street, Elizabeth

LAW OFFICES
Peckar & Abramson
A Professional Corporation

New Jersey 07207. (See Exhibit "H"). Guaranteed Subpoena could not locate Weiss or an appropriate representative for service.

17. The fifth attempt was made on or about November 16, 2022, via process server Guaranteed Subpoena, to serve Weiss at Weiss, Inc., 578 Fifth Avenue, New York 10036. (See Exhibit "I"). Guaranteed Subpoena could not locate Weiss or an appropriate representative for service.

18. Guaranteed Subpoena implemented skip traces on Weiss and could not locate any other addresses listed on his behalf. (See Exhibit "J").

**C. The A.Solar, LLC Invoice**

19. Throughout the discovery process of this case, it was discovered that Weiss entered into an agreement via his company A.Solar, LLC to produce COVID Kits for Plaintiff in return for payment. (See Exhibit "K"). Moreover, A.Solar's address is 437 1st Avenue, Elizabeth, New Jersey 07206 and Weiss's email address is WGARY4109@GMAIL.COM. (See Exhibit "K").

20. In light of the foregoing, since A.Solar was part of the transaction at issue, Defendants with the consent of Plaintiff would like to add it as a Third-Party Defendant.

**D. Daphna Zekaria, Esq. Acted as Counsel to Weiss and A.Solar during the SPA Transaction**

21. It was further discovered that Daphna Zekaria, Esq. of Sokolski & Zekaria, P.C., 305 Broadway Suite 201, New York, New York 10007 acted as counsel to both Weiss and A.Solar during the transfer of funds pursuant to the SPA. (See Exhibit "L"). Moreover, Ms. Zekaria's electronic mail address is sokolski.zekaria@mindspring.com. (See Exhibit "L").

LAW OFFICES
Peckar & Abramson
A Professional Corporation

22. In light of the foregoing, Defendants would like to add Daphna Zekaria, Esq. as a source for service upon Weiss and A.Solar based on her counsel status.

23. Plaintiff consents to the relief requested in this motion. Thus, it is unopposed.

## CONCLUSION

24. In light of the foregoing, it is respectfully requested that an Order be entered: (1) Granting leave for the CHG Defendants to amend their Third-Party complaint to add A.Solar, LLC as a Third-Party Defendant, in the manner and form as attached as Exhibit "A" and for the Sternberg Defendants to amend their Answer in the manner and form attached as Exhibit "B;" and (2) granting Defendants leave to serve their Amended Third-Party Complaint upon Third-Party Defendants A.Solar, LLC and Gary Weiss via electronic mail, regular mail, overnight mail and certified mail r.r.r. at A.Solar LLC's business address located at 437 1st Avenue, Elizabeth, New Jersey 07206 and upon Gary Weiss's email address at WGARY4109@gnmail.com, as well as his attorney Daphna Zekaria, Esq., via overnight mail at Sokolski & Zekaria, P.C. 305 Broadway Suite 201, New York, New York 10007 and electronic mail at sokolski.zekaria@mindspring.com.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

**DECLARATION**

I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 28, 2022

**/s/Aaron C. Schlesinger**
PA Identification Number 90734
**PECKAR & ABRAMSON, P.C.**
Attorneys for Defendants,
70 Grand Avenue
River Edge, New Jersey 07661
(201) 343-3434