# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL, ENTERPRISES, INC. d/b/a THESAFETY HOUSE.COM<br><br>Plaintiff,<br><br>v.<br><br>MANFRED STERNBERG, ESQUIRE and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC and SAMUEL GROSS,<br><br>Defendants,<br>Third-Party Plaintiffs,<br><br>v.<br><br>GARY WEISS and A.SOLAR, LLC<br><br>Third-Party Defendant. | CIVIL ACTION NUMBER: 2:22-cv-00688 (JMY)<br><br>(YOUNGE, U.S.D.J.)<br><br>ECF Case<br><br>ANSWER WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND AMENDED THIRD-PARTY COMPLAINT |

Defendants Charlton Holdings Group, LLC and Samuel Gross (collectively "Defendants"), by their attorneys, Peckar & Abramson, P.C., hereby answer the Complaint of Plaintiff American Environmental Enterprises, Inc. d/b/a Thesafetyhouse.com ("Plaintiff"), as follows:

## NATURE OF THE ACTION

1. Defendants deny the allegations contained in Paragraph "1" of the Complaint.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

2. Defendants deny the allegations contained in Paragraph "2" of the Complaint and further aver that there is no Exhibit 1 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

3. Defendants deny the allegations contained in Paragraph "3" of the Complaint.

4. Defendants deny the allegations contained in Paragraph "4" of the Complaint and further aver that there is no Exhibit 2 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

5. Defendants deny the allegations contained in Paragraph "5" of the Complaint.

**PARTIES, JURISDICTION AND VENUE**

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

7. Defendants admit the allegations contained in Paragraph "7" of the Complaint.

8. Defendants admit the allegations contained in Paragraph "8" of the Complaint.

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10. Defendants admit the allegations contained in Paragraph "10" of the Complaint.

11. Defendants admit the allegations contained in Paragraph "11" of the Complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint, except admits that jurisdiction is purportedly invoked pursuant to the cited statutes. Defendants further deny that they violated any federal, state law or local law or that it engaged in any unlawful conduct with regard to Plaintiffs that could give rise to a claim.

## RELEVANT FACTUAL BACKGROUND

13. Defendants neither admit nor deny the allegations regarding the Order and purchase price documents identified in Paragraph "13" of the Complaint because they are part of written documents which speak for themselves and begs leave to refer to the terms and conditions of those documents at a trial of this action.

14. Defendants admit the allegations contained in Paragraph "14" of the Complaint except deny that they represented that they could make a quick delivery, the documents speak for themselves.

15. Defendants deny the allegations contained in Paragraph "15" of the Complaint.

16. Defendants deny the allegations contained in Paragraph "16" of the Complaint except neither admit nor deny the allegations regarding the meaning and purpose of the Order and Sale and Purchase Agreement ("SPA") identified in Paragraph "16" of the Complaint because they are both written documents which speak for themselves and begs leave to refer to the terms and conditions of those documents at a trial of this action. Defendants further aver that there is no Exhibit 1 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

17. Defendants deny the allegations contained in Paragraph "17" of the Complaint.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint, except admit that $1,965,600 was wired into an attorney escrow account of Manfred Sternberg & Associates, PC and further aver that there is no Exhibit 2 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

19. Defendants deny the allegations contained in Paragraph "19" of the Complaint.

20. Defendants deny the allegations contained in Paragraph "20" of the Complaint.

21. Defendants deny the allegations contained in Paragraph "21" of the Complaint.

22. Defendants deny the allegations contained in Paragraph "22" of the Complaint.

23. Defendants admit the allegations contained in Paragraph "23" of the Complaint and further aver that Plaintiff is not entitled to a refund because Defendants on more than one occasion delivered the Covid Test Kits to Plaintiff which Plaintiff in breach of the SPA refused to accept.

24. Defendants deny the allegations contained in Paragraph "24" of the Complaint.

25. Defendants deny the allegations contained in Paragraph "25" of the Complaint.

26. Defendants deny the allegations contained in Paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in Paragraph "27" of the Complaint.

28. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "28" of the Complaint

29. Defendants deny the allegations contained in Paragraph "29" of the Complaint.

30. Defendants deny the allegations contained in Paragraph "30" of the Complaint.

31. Defendants deny the allegations contained in Paragraph "31" of the Complaint.

32. Defendants deny the allegations contained in Paragraph "32" of the Complaint and further aver that there is no Exhibit 3 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

33. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "33" of the Complaint and further aver that there is no Exhibit 4 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

34. Defendants deny the allegations contained in Paragraph "34" of the Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "35" of the Complaint.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

36. Defendants deny the allegations contained in Paragraph "36" of the Complaint.

37. Defendants deny the allegations contained in Paragraph "37" of the Complaint.

38. Defendants admit the allegations contained in Paragraph "38" of the Complaint and further aver that there is no Exhibit 5 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

39. Defendants deny the allegations contained in Paragraph "39" of the Complaint.

40. Defendants deny the allegations contained in Paragraph "40" of the Complaint.

41. Defendants deny the allegations contained in Paragraph "41" of the Complaint.

## COUNT I

### Fraud in the Inducement

42. In response to Paragraph "42" of the Complaint, Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs "1" through "41" of this Answer with the same force and effect as if fully set forth herein.

43. In response to paragraph "43" of the Complaint Defendants solely admit that Seller, (as defined by the SPA), agreed to deliver Covid Kits to Plaintiff and further aver that Seller did in fact make good faith attempts to deliver such kits to which Plaintiff in bad faith refused to accept as promised and agreed by Plaintiff in breach of the SPA.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

44. Defendants deny the allegations contained in Paragraph "44" of the Complaint.

45. Defendants deny the allegations contained in Paragraph "45" of the Complaint.

46. Defendants deny the allegations contained in Paragraph "46" of the Complaint.

47. Defendants deny the allegations contained in Paragraph "47" of the Complaint.

48. Defendants deny the allegations contained in Paragraph "48" of the Complaint.

49. Defendants deny the allegations contained in Paragraph "49" of the Complaint.

50. Defendants deny the allegations contained in Paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in Paragraph "51" of the Complaint.

52. Defendants deny the allegations contained in Paragraph "52" of the Complaint.

53. Defendants deny the allegations contained in Paragraph "53" of the Complaint.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

**COUNT II**

**Fraud**

54. In response to Paragraph "54" of the Complaint, Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs "1" through "53" of this Answer with the same force and effect as if fully set forth herein.

55. In response to paragraph "55" of the Complaint Defendants solely admit that Seller agreed to deliver Covid Kits to Plaintiff and further aver that Seller did in fact make good faith attempts to deliver such kits to which Plaintiff in bad faith refused to accept as promised and agreed by Plaintiff in breach of the SPA.

56. Defendants deny the allegations contained in Paragraph "56" of the Complaint.

57. Defendants deny the allegations contained in Paragraph "57" of the Complaint.

58. Defendants deny the allegations contained in Paragraph "58" of the Complaint.

59. Defendants deny the allegations contained in Paragraph "59" of the Complaint.

60. Defendants deny the allegations contained in Paragraph "60" of the Complaint.

61. Defendants deny the allegations contained in Paragraph "61" of the Complaint.

62. Defendants deny the allegations contained in Paragraph "62" of the Complaint.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

63. Defendants deny the allegations contained in Paragraph "63" of the Complaint.

64. Defendants deny the allegations contained in Paragraph "64" of the Complaint.

65. Defendants deny the allegations contained in Paragraph "65" of the Complaint.

**COUNT III**

**CIVIL CONSPIRACY**

66. In response to Paragraph "66" of the Complaint, Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs "1" through "65" of this Answer with the same force and effect as if fully set forth herein.

67. Defendants deny the allegations contained in Paragraph "67" of the Complaint.

68. Defendants deny the allegations contained in Paragraph "68" of the Complaint.

69. Defendants deny the allegations contained in Paragraph "69" of the Complaint.

70. Defendants deny the allegations contained in Paragraph "70" of the Complaint.

71. Defendants deny the allegations contained in Paragraph "71" of the Complaint.

72. Defendants deny the allegations contained in Paragraph "72" of the Complaint.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

73. Defendants deny the allegations contained in Paragraph "73" of the Complaint.

74. Defendants deny the allegations contained in Paragraph "74" of the Complaint.

**COUNT IV**

**PIERCING THE CORPORATE VEIL**

75. In response to Paragraph "75" of the Complaint, Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs "1" through "74" of this Answer with the same force and effect as if fully set forth herein.

76. Defendants admit the allegations contained in Paragraph "76" of the Complaint insofar as corporate structure but deny alleged ownership of said company.

77. Defendants deny the allegations contained in Paragraph "77" of the Complaint.

78. Defendants deny the allegations contained in Paragraph "78" of the Complaint.

**COUNT V**

**PARTICIPATION THEORY**

79. In response to Paragraph "79" of the Complaint, Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs "1" through "78" of this Answer with the same force and effect as if fully set forth herein.

80. In response to paragraph "80" of the Complaint Gross and Sternberg solely admit that Seller agreed to deliver Covid Kits to Plaintiff and further aver that

LAW OFFICES
Peckar & Abramson
A Professional Corporation

Seller did in fact make good faith attempts to deliver such kits to which Plaintiff in bad faith refused to accept as promised and agreed by Plaintiff in breach of the SPA.

81. Defendants deny the allegations contained in Paragraph "81" of the Complaint.

82. Defendants neither admit nor deny the allegations regarding the meaning and purpose of the SPA identified in Paragraph "82" of the Complaint because it is a written documents which speaks for itself and begs leave to refer to the terms and conditions of the SPA at a trial of this action. Defendants further aver that there is no Exhibit 1 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

83. Defendants deny the allegations contained in Paragraph "83" of the Complaint.

84. In response to Paragraph "84" of the Complaint Defendants solely admit that Plaintiff requested a Bill of Lading and shipping documents and Defendants produced same to Plaintiff. Moreover, Seller did in fact make good faith attempts to deliver the Covid Test kits to which Plaintiff in bad faith refused to accept as promised and agreed by Plaintiff in breach of the SPA.

85. Defendants deny the allegations contained in Paragraph "85" of the Complaint.

86. Defendants deny the allegations contained in Paragraph "86" of the Complaint.

87. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "87" of the Complaint.

88. Defendants deny the allegations contained in Paragraph "88" of the Complaint.

89. Defendants deny the allegations contained in Paragraph "89" of the Complaint.

90. Defendants deny the allegations contained in Paragraph "90" of the Complaint.

91. Defendants deny the allegations contained in Paragraph "91" of the Complaint.

92. Defendants deny the allegations contained in Paragraph "92" of the Complaint.

93. Defendants deny the allegations contained in Paragraph "93" of the Complaint.

94. Defendants deny the allegations contained in Paragraph "94" of the Complaint.

95. Defendants deny the allegations contained in Paragraph "95" of the Complaint.

96. Defendants deny the allegations contained in Paragraph "96" of the Complaint.

## COUNT VI

## Breach of Contract (Alternative Count)

97. In response to Paragraph "97" of the Complaint, Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs "1" through "96" of this Answer with the same force and effect as if fully set forth herein.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

98. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "98" of the Complaint.

99. Defendants neither admit nor deny the allegations regarding the meaning and purpose of the SPA identified in Paragraph "99" of the Complaint because it is a written documents which speaks for itself and begs leave to refer to the terms and conditions of the SPA at a trial of this action. Defendants further aver that there is no Exhibit 1 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

100. Defendants neither admit nor deny the allegations regarding the meaning and purpose of the SPA identified in Paragraph "100" of the Complaint because it is a written documents which speaks for itself and begs leave to refer to the terms and conditions of the SPA at a trial of this action. Defendants further aver that there is no Exhibit 1 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

101. Defendants admit the allegations contained in Paragraph "101" of the Complaint. Defendants further aver that there is no Exhibit 2 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

102. Defendants neither admit nor deny the allegations regarding the meaning and purpose of the SPA identified in Paragraph "102" of the Complaint because it is a written documents which speaks for itself and begs leave to refer to the terms and conditions of the SPA at a trial of this action.

103. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "103" of the Complaint.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

104. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "104" of the Complaint.

105. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "105" of the Complaint.

106. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "106" of the Complaint.

## COUNT VII

## Unjust Enrichment/Quantum Meruit

107. In response to Paragraph "107" of the Complaint, Defendants repeat, reiterate and reallege each and every answer contained in Paragraphs "1" through "106" of this Answer with the same force and effect as if fully set forth herein.

108. Defendants neither admit nor deny the allegations regarding the meaning and purpose of the SPA identified in Paragraph "108" of the Complaint because it is a written documents which speaks for itself and begs leave to refer to the terms and conditions of the SPA at a trial of this action. Defendants further aver that there is no Exhibit 1 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

109. Defendants neither admit nor deny the allegations regarding the meaning and purpose of the SPA identified in Paragraph "109" of the Complaint because it is a written documents which speaks for itself and begs leave to refer to the terms and conditions of the SPA at a trial of this action. Defendants further aver that there is no Exhibit 1 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

110. Defendants neither admit nor deny the allegations regarding the meaning and purpose of the SPA identified in Paragraph "110" of the Complaint because it is a written documents which speaks for itself and begs leave to refer to the terms and conditions of the SPA at a trial of this action.

111. Defendants deny the allegations contained in Paragraph "111" of the Complaint.

112. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "112" of the Complaint except admit that $1,965,600 was wired into the attorney escrow account. Defendants further aver that there is no Exhibit 2 attached to the Complaint served upon Defendants and filed with the Court's ECF system.

113. Defendants admit the allegations contained in Paragraph "113" of the Complaint and further aver that Seller did in fact make good faith attempts to deliver the Covid Test kits to which Plaintiff in bad faith refused to accept as promised and agreed by Plaintiff in breach of the SPA.

114. Defendants deny the allegations contained in Paragraph "114" of the Complaint and further aver that Seller did in fact make good faith attempts to deliver the Covid Test kits to which Plaintiff in bad faith refused to accept as promised and agreed by Plaintiff in breach of the SPA.

115. Paragraph "115" of the Complaint sets forth a legal conclusion which Defendants are not obligated to answer; to the extent that it may be read as setting forth any allegations of fact, Respondents deny the allegations contained in Paragraph "115" of the Complaint. Defendants further aver that Seller did in fact make good faith

attempts to deliver the Covid Test kits to which Plaintiff in bad faith refused to accept as promised and agreed by Plaintiff in breach of the SPA.

116. Defendants deny the allegations contained in Paragraph "116" of the Complaint.

117. Defendants deny the allegations contained in Paragraph "117" of the Complaint.

## AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

118. The Court lacks subject matter jurisdiction and/or venue over the claims asserted in Plaintiff's Complaint.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

119. The Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

120. Plaintiffs' claims are barred by the statute of frauds.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

121. Plaintiffs' claims are barred by the doctrine of waiver.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

122. Plaintiffs' claims are barred by the doctrine of unclean hands.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

123. Plaintiffs' claims are barred by the doctrine of estoppel.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

124. Defendants performed as required by the SPA.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

125. Defendants through Seller did in fact make good faith attempts to deliver the Covid Test kits to which Plaintiff in bad faith refused to accept as promised and agreed by Plaintiff in breach of the SPA.

**COUNTERCLAIMS**

Defendants Charlton Holdings Group, LLC and Samuel Gross (collectively "Defendants"), by their attorneys, Peckar & Abramson, P.C., hereby bring the below Counterclaims against Plaintiff American Environmental Enterprises, Inc. d/b/a Thesafetyhouse.com ("Plaintiff"), as follows:

**NATURE OF ACTION**

1. Plaintiff and Defendants entered into a Sale and Purchase Agreement ("SPA") dated January 21, 2022. Pursuant to the SPA it was agreed that Seller would deliver to Plaintiff 151,200 boxes of 2 count iHealth COVID 19 home test kits ("Covid Kits") for a purchase price of $1,965,600.00 ("Purchase Price"). Plaintiff paid Defendants the Purchase Price and in return as required by the SPA, Seller made attempts to deliver the Covid Kits to Plaintiff. However, Plaintiff in bad faith, and with no legitimate reason not to accept delivery of the Covid Kits as required by the SPA, rejected the delivery of the Covid Kits and demanded a refund of the Purchase Price in breach of the SPA thereby causing Defendants damages including but not limited to the attorneys' fees and costs associated with Plaintiff's breach of the SPA and the instant action. Defendants now bring these Counterclaims for breach of contract and liquidated damages and indemnification pursuant to paragraphs 11 and 15 of the SPA. In this regard, paragraph 11 of the SPA provides that if Buyer in any way attempts to circumvent Seller, Seller will be entitled to liquidated damages of $50,000

from Buyer or if Buyer terminates this contract without cause, Seller will be entitled to liquidated damages of $25,000 from Buyer. Moreover, paragraph 15 of the SPA provides, Buyer agrees to indemnify, defend, and hold harmless Seller, its agents, servants, employees, contractors, and affiliates (the "Indemnified Parties"), from and against all damages, losses, costs, and expenses (including reasonable attorneys' fees) which they may incur by reason of any breach of the representations and warranties made by Buyer in this Agreement, or any false or misleading representation or warranty in this Agreement or other document provided by Buyer to Seller. Finally, Defendants seek specific performance of Plaintiff's obligation to accept delivery of the Covid Kits as required by the SPA.

**JURISDICTION**

2. This Court possesses jurisdiction over this dispute pursuant to Section 28 U.S.C. §§ 1332(a)(1) and 1391.

**THE PARTIES**

3. Plaintiff is a Pennsylvania corporation and operates as a supplier of personal protection equipment.

4. Plaintiff's principal place of business is located at 99 Aldan Avenue, Suite 5, Glen Mills, Pennsylvania 19432.

5. Defendant Charlton Holding Group LLC is a New York state limited liability corporation located at 78 Buckminster Road, Rockville Center, New York 11570.

6. Defendant Samuel Gross has an address located at 78 Buckminster Road, Rockville Center, New York 11570.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

## STATEMENT OF FACTS

**A. The SPA**

7. Plaintiff and Defendants entered into an SPA dated January 21, 2022.

8. Pursuant to the SPA it was agreed that Seller would deliver to Plaintiff 151,200 boxes of Covid Kits for a purchase price of $1,965,600.00.

10. Pursuant to paragraphs 2 and 3 of the SPA it was agreed between the parties that once payment is made, the Covid Kits would be provided to Plaintiff by Seller when they became available for delivery.

11. There exists no term in the SPA stating that delivery of the Covid Kits would be performed in an immediate basis or any other time frame.

12. Pursuant to paragraph 4 of the SPA, it was agreed and understood between the parties that the Covid Kit product lots may be located in more than one (1) location or warehouse in various locales in the United States and consequently, the total amount of Covid Kits could be provided via more than one single delivery.

13. Plaintiff paid Defendants the Purchase Price.

14. Defendants provided Plaintiff with a Bill of Sale.

**B. Plaintiff's Breach of the SPA**

15. Pursuant to the SPA, Seller made attempts to deliver the Covid Kits to Plaintiff.

16. Upon each attempt, Plaintiff in bad faith, and with no legitimate reason not to accept delivery of the Covid Kits as required by the SPA, rejected the delivery of the Covid Kits and demanded a refund of the Purchase Price in breach of the SPA thereby seeking to unlawfully terminate the SPA.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

17. For example, on one occasion, Plaintiff refused to accept delivery of Covid Kits on the basis that they were expired, even though proof had been submitted to Plaintiff to show that the expiration of the Covid Kits had been extended an additional nine months.

18. Defendants have continuously offered to provide the total amount of Covid Kits to Plaintiff as required by the SPA.

19. To date, Plaintiff in bad faith, and with no legitimate reason not to accept delivery of the Covid Kits as required by the SPA, maintains its refusal to accept delivery of the Covid Kits as required by the SPA thereby causing damages to Defendants including but not limited to the attorneys' fees and costs associated with Plaintiff's breach of the SPA and the instant action.

**AS AND FOR A FIRST COUNTERCLAIM**

**(Breach of Contract)**

20. Defendants repeat the allegations of paragraphs "1" through "19" of these Counterclaims as if set forth at length herein.

21. Plaintiff in bad faith, and with no legitimate reason not to accept delivery of the Covid Kits as required by the SPA, rejected the delivery of the Covid Kits and demanded a refund of the Purchase Price in breach of the SPA.

22. Plaintiff's breach of the SPA has caused damages to Defendants including but not limited to the attorneys' fees and costs associated with the instant action.

**AS AND FOR A SECOND COUNTERCLAIM**

**(Liquidated Damages)**

23. Defendants repeat the allegations of paragraphs "1" through "22" of these Counterclaims as if set forth at length herein.

24. Paragraph 11 of the SPA provides as follows:

> Neither Buyer nor Seller shall be liable to the other for any consequential damages, lost profits, cover costs, or punitive or exemplary damages arising out of or related to this Agreement; however if Buyer in any way attempts to circumvent Seller, Seller will be entitled to liquidated damages of $50,000 from Buyer or if Buyer terminates this contract without cause, Seller will be entitled to liquidated damages of $25,000 from Buyer.

25. Plaintiff in bad faith, and with no legitimate reason not to accept delivery of the Covid Kits as required by the SPA, rejected the delivery of the Covid Kits and demanded a refund of the Purchase Price in breach of paragraph 11 of the SPA.

26. As a result of the foregoing, Defendants are entitled to liquidated damages pursuant to paragraph 11 of the SPA.

**AS AND FOR A THIRD COUNTERCLAIM**

**(Defense/Indemnification)**

27. Defendants repeat the allegations of paragraphs "1" through "26" of these Counterclaims as if set forth at length herein.

28. Paragraph 15 of the SPA provides as follows:

> Buyer agrees to indemnify, defend, and hold harmless the Seller, its agents, servants, employees, contractors, and affiliates (the "Indemnified Parties"), from and against all damages, losses, costs, and expenses (including reasonable attorneys' fees) which they may incur by reason of any breach of the representations and warranties made by Buyer in this Agreement, or any false or misleading representation or warranty in this Agreement or other document provided by Buyer to Seller.

29. Plaintiff in bad faith, and with no legitimate reason not to accept delivery of the Covid Kits as required by the SPA, rejected the delivery of the Covid Kits and demanded a refund of the Purchase Price in breach of paragraph 15 of the SPA.

30. As a result of the foregoing, Defendants are entitled to damages pursuant to paragraph 15 of the SPA including but not limited to the attorneys' fees and costs associated with Plaintiff's breach of the SPA and the instant action.

**AS AND FOR A FOURTH COUNTERCLAIM**

**(Specific Performance)**

31. Defendants repeat the allegations of paragraphs "1" through "30" of these Counterclaims as if set forth at length herein.

32. It is respectfully requested that this Court Order Plaintiff to specific performance of the SPA and accept delivery of the Covid Kits as well as payment of all damages incurred upon Defendants resulting from Plaintiff's non-performance of the SPA including but not limited to the attorneys' fees and costs associated with Plaintiff's breach of the SPA and the instant action.

**AMENDED THIRD-PARTY COMPLAINT**

Defendants, Third-Party Plaintiffs Charlton Holdings Group, LLC and Samuel Gross by their attorneys, Peckar & Abramson, P.C (collectively all "Defendants, Third-Party Plaintiffs"), hereby bring the below Amended Third-Party Complaint against Third-Party Defendants Gary Weiss ("Weiss") and A.Solar, LLC ("A.Solar"), as follows:

1. Defendants repeat, reiterate and reallege each and every answer and affirmative defense contained in Paragraphs "1" through "125" of this Answer with Affirmative Defenses and Paragraphs "1" through "32" of their Counterclaims with the same force and effect as if fully set forth herein.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

**JURISDICTION**

2. This Court possesses jurisdiction over this dispute pursuant to Section 28 U.S.C. §§ 1332(a)(1) and 1391.

**THE PARTIES**

3. Defendant, Third-Party Plaintiff Charlton Holding Group LLC is a New York state limited liability corporation located at 78 Buckminster Road, Rockville Center, New York 11570.

4. Defendant, Third-Party Plaintiff Samuel Gross has an address located at 78 Buckminster Road, Rockville Center, New York 11570.

5. Third-Party Defendant Weiss has an address located at 437 1st Avenue, Elizabeth, New Jersey 07206.

6. Third Party-Defendant A.Solar is a New Jersey corporation with an address of 437 1st Avenue, Elizabeth New Jersey 07206.

7. Weiss is a shareholder of A.Solar.

8. Weiss is an officer of A.Solar.

9. Weiss is an owner of A.Solar.

**COUNT I**

**CONTRIBUTION**

10. The answering Defendants, Third-Party Plaintiffs, while denying any liability on their part, state that Third-Party Defendants Weiss and A.Solar are jointly and severally liable as a joint tortfeasor, and Defendants, Third-Party Plaintiffs, therefore, seek and demand contribution from Third-Party Defendant Gary Weiss and A.Solar for any judgment that may be entered in the cause on behalf of Plaintiff.

LAW OFFICES
Peckar & Abramson
A Professional Corporation

## COUNT II

## INDEMNIFICATION

11. Defendants, Third-Party Plaintiffs repeat and reallege paragraphs "1" through "10" of their Third-Party Complaint as if fully set forth herein.

12. Defendants, Third-Party Plaintiffs, while denying negligence or any violation of any duty or contract owed to Plaintiff or any other party, contends that, in the event Plaintiff secures a judgment against them, Defendants, Third-Party Plaintiffs are entitled to be indemnified and saved harmless by Third-Party Defendants Weiss and A.Solar on the ground that the basis for liability, if any, of Defendants, Third-Party Plaintiffs would be secondary, constructive, technical, imputed and/or vicarious, and that the basis for liability of Third-Party Defendants Weiss and A.Solar would be primary, direct, and active.

**WHEREFORE**, Defendants Charlton Holdings Group, LLC and Samuel Gross demand the following:

a. Judgment dismissing the Complaint in its entirety with prejudice;

b. Judgment granting all of their Counterclaims;

c. Judgment granting all claims in their Third-Party Complaint;

d. Judgment granting their costs and reasonable attorneys' fees incurred in this action;

e. together with such other and further relief as the Court deems just and proper.

Dated:

PECKAR & ABRAMSON, P.C.

By: **/s/ Aaron C. Schlesinger**
AARON C. SCHLESINGER
PA Identification No. 90734
*Attorneys for Defendants,*
*Third-Party Plaintiffs*
70 Grand Avenue
River Edge, New Jersey 07661
(201) 343-3434
aschlesinger@pecklaw.com

Dated:

To: Gary P. Lightman Esq.
Lightman & Manochi
*Attorneys for Plaintiff*
156 Inverness Drive
Blue Bell, Pennsylvania 19422
(215) 760-3000
garylightman@lightmanlaw.com

LAW OFFICES
Peckar & Abramson
A Professional Corporation

## CERTIFICATION OF SERVICE

I certify that, on this date, a copy of this Answer with Affirmative Defenses, Counterclaims and Amended Third- Party Complaint was electronically served upon counsel for Plaintiff as follows:

Gary P. Lightman Esq.
Lightman & Manochi
*Attorneys for Plaintiff*
156 Inverness Drive
Blue Bell, Pennsylvania 19422
(215) 760-3000
garylightman@lightmanlaw.com

Dated:

**/s/ Aaron C. Schlesinger**
AARON C. SCHLESINGER

LAW OFFICES
Peckar & Abramson
A Professional Corporation