Norris McLaughlin, P.A.
Rebecca J. Price
Attorney I.D.
515 W. Hamilton St, Ste 502
Allentown, PA 18101
P: 610-391-1800; F: 610-391-1805
rprice@norris-law.com
*Attorneys for Third Party Defendants*
*Gary Weiss and A. Solar, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)**

| | | |
|---|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES INC. doing business as THESAFETYHOUSE.COM | : : : | NO. 2:22-cv-00688-JMY |
| *Plaintiff*, | : : | |
| v. | : : | |
| MANFRED STERNBERG, ESQUIRE, MANFRED STERNBERG & ASSOCIATES, PC, CHARLTON HOLDINGS GROUP, LLC, SAMUEL GROSS, | : : : : | |
| *Defendants*. | : | |
| v. | : : | |
| GARY WEISS, A.SOLAR LLC, | : : | |
| *Third Party Defendants* | : | |
| And | : | |
| AMERICAN ENVIRONMENTAL ENTERPRISES INC. | : : | |
| *Counter Defendant* | : | |

**MEMORANDUM IN SUPPORT OF MOTION OF THIRD PARTY DEFENDANTS
GARY WEISS AND A. SOLAR, LLC TO DISMISS THIRD PARTY COMPLAINT**

I.      INTRODUCTION AND STATEMENT OF RELEVANT FACTS

Although this action was commenced on February 23, 2022 by Plaintiff American Environmental Enterprises, Inc. d/b/a TheSafetyHouse.com ("Plaintiff"), Third Party Defendants, Gary Weiss and A. Solar, LLC ("Third Party Defendants") only learned of this action when they were served with the Third Party Complaint in December 2022.  The Third Party Complaint was filed by the Defendants/Third Party Plaintiffs, Manfred Sternberg, Esquire, Manfred Sternberg & Associates, PC, Charlton Holdings Group, LLC and Samuel Gross ("Defendants" or "Third Party Plaintiffs") along with an Answer to the Complaint filed by Plaintiffs and Counterclaims asserted against Plaintiffs.

This action relates to transaction whereby Plaintiff alleges to have ordered goods from Defendants and delivered payment to Defendants for said goods.  Plaintiff also alleges that the goods were not delivered to Plaintiff, nor has Plaintiff received a refund for the payment made to Defendants.  Defendants deny the allegations asserted against them and allege counterclaims for Breach of Contract, Liquidated Damages, Defense / Indemnification and Specific Performance against Plaintiff, essentially alleging that Plaintiff wrongfully denied delivery of the goods.

The Third Party Complaint asserts five (5) facts not previously contained within the aforesaid proceedings: 1. The name and address of Gary Weiss, 2. The name and registered address of A. Solar, 3. That Weiss is a shareholder of A. Solar, 4. That Weiss is an officer of A. Solar; and 5. That Weis is an owner of A. Solar.  Those five facts are the only facts related to Third Party Defendants as their names do not appear at any other place in the Defendants/Third Party Plaintiffs' Answer, Counterclaim or Third Party Complaint (the former of which were incorporated into the Third Party Complaint at Paragraph 1).  Thereafter, the Third Party Complaint asserts two counts, one for Contribution and one for Indemnity.

There are no allegations supporting the Third Party Plaintiffs' claims for contribution or indemnification. There are no allegations of any action, inaction, or wrongdoing by Third Party Defendants.  There are no allegations that Third Party Defendants were involved, in any way, in the transactions and occurrences alleged by either Plaintiffs or Defendants/Third Party Plaintiffs. There are no allegations, whatsoever, that form the basis of any cause of action against Third Party Defendants. Accordingly, the Third Party Complaint is woefully deficient and must be dismissed failure to state a claim upon which relief can be granted.

## II.     STANDARD OF REVIEW

A complaint must contain sufficient factual matter that if accepted as true "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662 (2009) (internal citations omitted).  The facts alleged must allege that a defendant has acted unlawfully.  Id. at 678.  Where a complaint fails to plead facts that are consistent with a defendant's liability, it is insufficient and cannot survive a motion to dismiss.  Id. (quoting Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).  A district court must review the following when deciding on a motion to dismiss: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A complaint is required to allege sufficient facts to support a cognizable legal claim.  See Ashcroft v. Iqbal, 556 U.S. 662, 677, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Although a complaint is not required to set out detailed facts upon which the plaintiff bases his or her claim. Nevertheless, a short and plain statement must give the defendant notice of the plaintiff's claim and the grounds upon which it rests.  Id. The Third Party Complaint does not neither and, as a

result, fails to meet the pleadings standards to maintain any claims against the Third Party Defendants.

### III.    ARGUMENT

#### A. DEFENDANTS/THIRD PARTY PLAINTIFFS HAVE NOT PLEAD ANY FACTS AGAINST THIRD PARTY DEFENDANTS THAT SUPPORT ANY CLAIM AGAINST THIRD PARTY DEFENDANTS.

The Third Party Complaint asserts two claims against Third Party Defendants, one for contribution and one for indemnification. However, the Complaint does not assert any facts to support the Third Party Plaintiffs' right to such claims.

Under Pennsylvania law, contribution and indemnity are each separate and distinct causes of action. Agere Sys., Inc. v. Advanced Envtl. Tech. Corp., 552 F.Supp.2d 515, 519 (E.D. Pa. 2008). Simply put, the right of contribution arises as between joint tort-feasors where a party has paid more than its fair share of liability to a third party. Id. (Citing Swartz v. Sunderland, 403 Pa. 222, 169 A.2d 289, 291 (1961)). Indemnity, on the other hand, can arise from express contract, implied contract, or by operation of law. Id. (Citing Boswell v. Aetna Life Ins. Co., 31 Pa. D. & C.3d 94, 98 (Pa.Commw.Ct.1984)).

Accordingly, to maintain a cause of action of contribution, the Third Party Plaintiffs must, at the very least, allege that Third Party Defendants engaged in some tortious conduct with Third Party Plaintiffs. To maintain a cause of action of indemnification, Third Party Plaintiffs must, at the very least, allege that they had some contractual agreement with Third Party Defendants whereby the claim for indemnification arose.

Third Party Defendants are at a grave disadvantage given that the Third Party Complaint, even with its incorporation of 157 allegations, does not assert a single fact to support any claim

against Third Party Defendants or identify any wrongful conduct for which the Third Party Defendants could be liable. As a result, the Third Party Complaint fails to state a claim upon which relief can be granted and must be dismissed.

B. **CONCLUSION**

For the reasons set forth herein, the Third Party Complaint fails to state a claim upon which relief can be granted and must be dismissed.

                                        NORRIS McLAUGHLIN, P.A.

Date: 2.3.23                        By: /s/ *Rebecca J. Price*
                                        Rebecca J. Price, Esquire
                                        Attorney I.D. #206182
                                        515 W. Hamilton St., Suite 502
                                        Allentown, PA  18101
                                        Telephone: (610) 391-1800
                                        Fax:  (610) 391-1805
                                        *Attorneys for Third Party Defendants*
                                        *Gary Weiss and A. Solar, LLC*