**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMERICAN ENVIRONMENTAL | : | |
| ENTERPRISES INC., d/b/a | : | No. 22-cv-0688-JMY |
| THE SAFETYHOUSE.COM | : | |
| | : | |
| vs. | : | |
| | : | |
| MANFRED STERNBERG, *et al*. | : | |

**ORDER**

AND NOW this 25th day of May 2023, upon consideration of the *Motion to Dismiss the Third-Party Amended Complaint for Failure to State a Claim* (ECF No. 44) under Federal Rule of Civil Procedure 12(b)(6)[1] filed by Third-Party Defendants Gary Weiss and A. Solar, LLC, and all papers submitted in support thereof and in opposition thereto, it is hereby ORDERED that said Motion shall be DENIED.[2]

BY THE COURT:

  /s/ John Milton Younge
Judge John Milton Younge

---

[1] In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. *Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[2] This litigation arises from a dispute over the purchase and delivery of Covid-19 home test kits. Plaintiff alleges that Defendants failed to take proper steps to deliver the Covid-19 home test kits while Defendants allege that Plaintiff in bad faith and with no legitimate reason refused to accept delivery of the Covid-19 test kits. The transaction between the Plaintiff and Defendants was governed by a Sale Purchase Agreement. (Sale Purchase Agreement, Complaint, Exhibit A, ECF No. 4-2.) Defendants allege that they arranged for the delivery of the test kits but Plaintiff rejected the delivery and demanded a refund.

Defendants/Third-Party Plaintiffs Charlton Holdings, LLC, and Samuel Gross filed an Amended Third-Party Complaint that alleges claims for indemnification and contribution against the Third-Party Defendants Gary Weiss and A. Solar, LLC. (Amened Third-Party Complaint

against Gary Weiss and A. Solar, LLC, ECF No. 34.)  Prior to filing their Third-Party Amended Complaint, Defendants filed a Motion for Leave to Amend their Third-Party Complaint and Answer and for Alternative Service Upon the Third-Party Defendants.  (ECF No. 32.)  The Court granted Defendants' motion for leave to file a third-party amended complaint and permitted alternative service.  (Order, ECF No. 33.)

      Defendants' motion for leave to file a third-party complaint included a declaration by Aaron C. Schlesinger, Esq.  (Schlesinger Declaration, ECF No. 32-1.)  Attorney Schlesinger avers to be a lawyer who represented Defendants in this transaction.  (*Id.* ¶ 1.)  He further avers that Third-Party Defendants, Gary Weiss and A. Solar, LLC, were parties to the transaction.  (*Id.* ¶ 5.)  Attorney Schlesinger avers that money paid to Defendants was ultimately transferred to Third-Party Defendant Gary Weiss who in turn was supposed to deliver the Covid-19 home test kits to Plaintiff via his company A. Solar, LLC.  (*Id.* ¶ 11, 19.)

      The Third-Party Amended Complaint read in conjunction with the Schlesinger Declaration, and exhibits attached thereto, sets forth sufficient factual allegations to assert a claim against the Third-Party Defendants.  The Third-Party Amended Complaint was filed pursuant to court order that granted Defendants/Third-Party Plaintiffs' motion for leave to amend their third-party complaint – which included the Schlesinger Declaration and attached exhibits. Therefore, the Court considers these filings together in reaching its decision to deny the motion to dismiss.