## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM**, | **CIVIL ACTION** |
| *Plaintiff*, | **No. 2:22-CV-0688 (JMY)** |
| v. | |
| **MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SHLOMO GROSS a/k/a SAMUEL GROSS, and GARY WEISS, and A.SOLAR, LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.** | |
| *Defendants*. | |

## FIRST AMENDED COMPLAINT

American Environmental Enterprises, Inc., d/b/a TheSAFETYHOUSE.com, plaintiff herein ("SAFETY HOUSE" or "Plaintiff"), through its counsel, Lightman & Manochi, by way of its Amended Complaint against Manfred Sternberg, Esquire ("Sternberg") and Manfred Sternberg & Associates, PC ("MSA"), and Charlton Holdings Group, LLC ("CHG"), and Shlomo Gross a/k/a Samuel Gross ("Gross"), and Gary Weiss ("Weiss"), and A.Solar, LLC, and Daphna Zekaria, Esquire ("Zekaria"), and Sokolski & Zekaria, P.C. ("S&Z") (collectively, "Defendants"), states as follows:

## NATURE OF ACTION

1.    Defendants Sternberg and MSA (collectively, the "Sternberg Attorney

Defendants") and Defendants Gross and CHG (the "Gross Defendants") fraudulently induced SAFETY HOUSE to order and make a payment to them of $1,965,600.00 in order to purchase 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "Covid Test Kits") (the "Order"). *See* Exhibit 1.

2. The Order was supposed to be conducted through an escrow agreement with defendant with the Sternberg Attorney Defendants acting as escrowee, but said agreement was merely a ruse to defraud Plaintiff, as Gross and Sternberg formed CHG merely as a front, and the Defendants had no intent or ability to deliver the Covid Test Kits, but instead intended to defraud Plaintiff into transferring them $1,965,600.00, without delivering the Covid Test Kits.  *See* Exhibit 1.

3. The Sternberg Attorney Defendants and the Gross Defendants fraudulently induced SAFETY HOUSE to wire the $1,965,000.00 into the attorney escrow account of the Sternberg Attorney Defendants, after which the Sternberg Attorney Defendants wrongfully released that escrow, without delivering to Plaintiff the required signed Bill of Sale and the required Bill of Lading and other shipping documents evidencing the Covid Test Kits were purchased and being shipped to Plaintiff.

4. Plaintiff believes and thus avers that the Sternberg Attorney Defendants and the Gross Defendants, acted in their wrongful civil conspiracy together with defendants Gary Weiss and his entity, A Solar LLC (collectively the "Weiss Defendants") and with Daphna Zekaria, Esquire and her law firm of Sokolski & Zekaria, P.C. (collectively the "Zekaria Defendants") to defraud Plaintiff out of the $1,965,600.00 that it was induced to wire to the Sternberg Attorney Defendants and the Gross Defendants, for the purchase of the 151,200 Covid Test Kits.

5. Defendants failed to deliver the Covid Test Kits to Plaintiff and also failed to

provide any refund of the $1,965,600.00 escrow to SAFETY HOUSE.  *See* Exhibit 2.

6.      Defendants' behavior is particularly egregious and outrageous, as SAFETY HOUSE needed the Covid Test Kits to sell to its customer, a public school district.

**PARTIES, JURISDICTION AND VENUE**

7.      Plaintiff is a Pennsylvania corporation, and operates as a trusted supplier of reliable personal protection and abatement equipment. SAFETY HOUSE is a Pennsylvania resident for purposes of diversity jurisdiction, with its principal place of business and headquarters located in Pennsylvania.  SAFETY HOUSE operates from 99 Aldan Avenue, Suite 5, Glen Mills PA 19342.

8.      Defendant Manfred Sternberg is, upon information and belief, is a practicing attorney in good standing under the laws of Texas, and a citizen of the State of Texas, with an address of 1700 Post Oak Boulevard, 2 Boulevard Place, Suite 600, Houston, Texas 77056, and not in the military service of the U.S. or its allies.

9.      Defendant Manfred Sternberg & Associates, PC ("MSA") is, upon information and belief, a Texas professional corporation, a citizen of the State of Texas for diversity purposes and has its principal place of business at 1700 Post Oak Boulevard, 2 Boulevard Place, Suite 600, Houston, Texas 77056.

10.     Plaintiff believes and thus avers that defendant Sternberg practices law from and is the controlling principal of defendant MSA.

11.     Defendants Sternberg and MSA collectively are referred to as the "Sternberg Attorney Defendants."

12.     Defendant Charlton Holding Group LLC ("CHG"), is, upon information and belief, a New York limited liability company with an address of 78 Buckminster Road, Rockville Centre, NY 11570, whose members are all New York residents for purposes of diversity

jurisdiction.

13.     Plaintiff believes and thus avers that CHG is an entity with no assets, that is owned and/or controlled by defendant Samuel Gross.

14.     Defendant Shlomo Gross a/k/a Samuel Gross is, upon information and belief, an adult individual and a citizen of the State of New York for purposes of diversity, and has an address at 78 Buckminster Road, Rockville Centre, NY 11570, and not in the military service of the U.S. or its allies.

15.     Unbeknownst to Plaintiff during all times relevant herein, Gross, starting in 2014, served at least 18 months in a New York State prison based on convictions of Grand Larceny and Scheme to Defraud.

16.     Defendant Gary Weiss is an adult individual and a citizen of the State of New Jersey for purposes of diversity, with an address of 437 1st Avenue, Elizabeth, New Jersey 07206.

17.     Defendant A.Solar, LLC ("A.Solar") is a New Jersey limited liability company and a citizen of the State of New Jersey for purposes of diversity, with a principal place of business of 437 1st Avenue, Elizabeth, New Jersey.  Upon information and belief, Weiss is the sole member of A.Solar.

18.     Plaintiff believes and thus avers that A. Solar is an entity with no assets, that is owned and/or controlled by defendant Gary Weiss.

19.     Defendant Daphna Zekaria, Esquire ("Zekaria"), is, upon information and belief, an adult individual who is admitted to practice law before the Courts of the State of New York and is a citizen of the State of New York for purposes of diversity, with a principal place of business located at 1133 Broadway, Suite 1001, New York, New York 10010.

20.    Defendant Sokolski & Zekaria, P.C. ("S &Z") is, upon information and belief, a New York professional corporation and is a citizen of the State of New York for purposes of diversity, with a principal place of business located at 1133 Broadway, Suite 1001, New York, New York 10010.

21.    Plaintiff believes and thus avers that Zekaria is one of the two attorneys that control S&Z.

22.    Jurisdiction and venue are proper in this Court in that the actions giving rise to Plaintiff's causes of action occurred in the Eastern District of Pennsylvania, the amount in controversy exceeds $75,000.00 and the citizenship of the parties are from different states (namely, Pennsylvania is a citizen of Plaintiff, and Defendants are citizens of New York Texas and New Jersey and Texas), and the jurisdictional prerequisites of this Court otherwise are satisfied.  *See* 28 U.S.C.S. §1332(a)(1) & § 1391.

## RELEVANT FACTUAL BACKGROUND

23.    On or about January 21, 2022, SAFETY HOUSE agreed to purchase 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "Covid Test Kits") from CHG and its managing member, Defendant Gross, (the "Order") for a payment of $1,965,600.00 (the "Purchase Price").  *See* Exhibit 1, § 3.

24.    The Gross Defendants and the Sternberg Attorney Defendants represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid Test Kits because they had access to the Covid Test Kits on the ground, ready to sell, in the United States.

25.    The Order was supposed to be accomplished through a Sale and Purchase Agreement (the "Agreement"), and an escrow arrangement between Plaintiff and the Sternberg Attorney Defendants, but said "Agreement" was merely a ruse to defraud Plaintiff, as the Gross Defendants and the Sternberg Attorney Defendants had no intention or ability to deliver the Covid

Test Kits, but instead intended to fraudulently induce Plaintiff to pay the Purchase Price for the Order without delivering the Covid Test Kits.

26. The Agreement required Plaintiff to issue a Purchase Order to CHG for the Covid Test Kits and thereafter to deposit the $1,965,600.00 Purchase Price into the attorney escrow account of the Sternberg Attorney Defendants; these funds were not to be released from escrow until (a) after a Bill of Sale was delivered to Plaintiff and (b) after the Covid Test Kits were delivered to a recognized common carrier for delivery to Plaintiff, and the Bill of Lading and shipping documents also delivered to Plaintiff. *See* Exhibit 1, §§ 4 & 6 and Exhibit D thereto.

27. Defendants informed Plaintiff that Plaintiff needed to wire transfer the $1,965,600.00 Purchase Price into the attorney escrow account of the Sternberg Attorney Defendants immediately, in order to hold Plaintiff's place in the queue, and so the goods could be shipped immediately, and they promised to sign and return the Agreement to Plaintiff as soon as the funds were transferred.

28. In reliance upon the representations of the Gross Defendants and the Sternberg Attorney Defendants, on or about January 21, 2022, SAFETY HOUSE issued its Purchase Order No. 18315.

29. In Plaintiff's Purchase Order No. 19315, Plaintiff clearly stated that January 25, 2022 was the delivery date for all of the Covid Test Kits. because the Gross Defendants and the Sternberg Attorney Defendants represented to Plaintiff they could immediately deliver the 151,200 Covid Test Kits, *See* Exhibit 1, Purchase Order.

30. In further reliance on upon the representations of the Gross Defendants and the Sternberg Attorney Defendants, Plaintiff wired the $1,965,600.00 Purchase Price into the attorney escrow account of the Sternberg Attorney Defendants. *See* Exhibit 2.

31.     However, after SAFETY HOUSE wired the $1,965,600.00 into the attorney escrow account of the Sternberg Attorney Defendants, the Gross Defendants and the Sternberg Attorney Defendants failed and refused to sign and deliver the Agreement to Plaintiff.

32.     To date, Plaintiff has not received the signed Agreement from the Gross and Sternberg Attorney Defendants, which further evidences that these Defendants never intended to perform under the Agreement.

33.     Pursuant to Plaintiff's Purchase Order, the Gross and Sternberg Attorney Defendants were supposed to deliver the Order so that SAFETY HOUSE received the Covid Test Kits by January 25, 2022.

34.     After SAFETY HOUSE wired the $1,965,600.00 Purchase Price to the Sternberg Attorney Defendants, the Gross and Sternberg Attorney Defendants failed and refused to deliver the Covid Test Kits to Plaintiff.

35.     After demands by Plaintiff, they also have failed to provide a full refund, or any refund, to Plaintiff.

36.     The Gross and Sternberg Attorney Defendants had no intention of performing as promised, and misrepresented that the Covid Test Kits were currently available for both purchase and shipment.

37.     In fact, and contrary to these Defendants' representations, the Covid Test Kits were not currently available for purchase and shipment.

38.     The Gross and Sternberg Attorney Defendants never provided a Bill of Lading, from a recognized common carrier, and failed to provide other shipping information to SAFETY HOUSE, as required under the Agreement and as a prerequisite to the release of the $1,965,600.00 Purchase Price from the attorney escrow account of the Sternberg Attorney Defendants.

39.    To fraudulently induce Plaintiff to make the wire transfer to them, the Gross and Sternberg Attorney Defendants represented that the $1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants, and that the $1,965,600.00 Purchase Price would not be released from the attorney escrow account of the Sternberg Attorney Defendants unless and until the Covid Test Kits had been delivered to a common carrier for delivery to SAFETY HOUSE, and Plaintiff was supplied with the required Bill of Lading from a recognized common carrier evidencing that the Covid Test Kits were in transit to Plaintiff..

40.    SAFETY HOUSE needed the Order so it could supply the Covid Test Kits to its customer, namely a public school district.

41.    As a result of the aforesaid fraudulent conduct of the Defendants, SAFETY HOUSE has incurred and continues to incur substantial damages, which Plaintiff believes are in excess of $2 million including the loss of the $1,965,600.00 Purchase Price, as well as significant lost profits due to the Defendants' fraud.

42.    SAFETY HOUSE, through counsel, has given Defendants multiple opportunities to confirm that they have not fraudulently taken the $1,965,600.00 Purchase Price, and that Defendants have in fact shipped the Covid Test Kits.

43.    However, Defendants have continued to make lies and misrepresentations to Plaintiff concerning the status of the delivery of the Covid Test Kits.

44.    For example, on or about February 8, 2022, the Sternberg Attorney Defendants misrepresented to Plaintiff the Covid Test Kits were en route and would be delivered by no later than February 17, 2022, when in fact they were not with a common carrier or otherwise being shipped to Plaintiff; as of February 17, 2022 (and as of the filing of this Complaint), no delivery had been made. *See* Exhibit 3.

45. Plaintiff on numerous occasions has requested that Defendants provide Plaintiff with a Bill of Lading and other shipping documents to show Seller had delivered the Covid Test Kits to a common carrier for delivery to Plaintiff. *See* Exhibit 4.

46. To date, however, Defendants have failed and refused to deliver this shipping documentation to Plaintiff.

47. For example, on or about February 16, 2022, a man named "Shraga" contacted Plaintiff and advised Plaintiff the Covid Test Kits were on a truck and that delivery would be made to Plaintiff by 4:00 pm on February 16, 2022.

48. When the alleged shipment did not arrive at 4:00 p.m., Plaintiff contacted Shraga who advised Plaintiff the truck had "broken down" and that the Kits would be delivered in the morning of February 17, 2022.

49. Plaintiff believes and this avers that defendant Gary Weiss was the person who contacted Plaintiff using the name "Shraga."

50. As of this writing, the Covid Test Kits still have not been delivered to Plaintiff.

51. Plaintiff believes and therefore avers Defendants had no ability to provide Plaintiff with the Covid Test Kits and intended, instead, to abscond with Plaintiff's $1,965,600.00.

52. Plaintiff and Plaintiff's counsel demanded the immediate return of the $1,965,600.00 Purchase Price. *See* Exhibit 5.

53. To date, however, the $1,965,600.00 Purchase Price has not been refunded to Plaintiff, and the Covid Test Kits have not been delivered.

54. During the course of this dispute, Plaintiff has learned that other parties, namely defendants Weiss and his entity, defendant A,Solar, and defendants Zekaria and S & Z, either acting in concert with the Gross and Sternberg Attorney Defendants or acting amongst themselves,

9

have schemed and/or participated in the fraudulent scheme to deprive Plaintiff of its $1,965,600.00.

55.     In discovery Plaintiff has obtained so far, the Sternberg Attorney Defendants have claimed that they wire transferred a sum greater than $1,965,600 to Defendants Weiss and Zekaria.

56.     The Gross Defendants and the Sternberg Attorney Defendants have alleged that the Zekaria Defendants at all times relevant herein were the attorneys for Weiss and A.Solar [*see*, ECF 32-1 & 32-13].

57.     Documents obtained in discovery have showed on or about January 26, 2022, the Gross Defendants entered into an alleged agreement with the Weiss Defendants and paid A.Solar over $3,000,000.00 to purchase in excess of 501,400 Covid Test Kits from A.Solar [*see*, ECF 32-12]

58.     The Gross and Sternberg Attorney Defendants have asserted third party indemnification and contribution claims against Weiss and A.Solar  [*see* ECF 34]., and they claim Weiss and A.Solar are liable to the Gross Defendants and the Sternberg Attorney Defendants for any judgment amounts Plaintiff obtains from the Gross and Sternberg Attorney Defendants.  *Id*.

59.     Weiss and A.Solar have answered the third party claims by alleging that although the Gross Defendants had paid Weiss and A.Solar for the Covid Test Kits, Weiss and A.Solar were agreeable to providing a full refund [*see* ECF 66, and Exhibit "A" thereto]

60.     Weiss and A.Solar further allege that the Gross Defendants refused to accept the refund and, instead, on the advice of Sternberg, requested that Weiss and A. Solar provide collateral to them "as security for the future delivery of the [Covid Test Kits]" [*see* ECF 66, ¶ 17].

61.     Weiss and A.Solar have further alleged that they gave the Gross Defendants collateral consisting of diamonds and gems which had a value in excess of $3,000,000.00.  *Id*., ¶¶ 18-20 &

10

Exhibit "B," thereto.

62.    Plaintiff believes and therefore alleges that either defendants Weiss and A.Solar are holding Plaintiff's $1,965,600.00, or all Defendants are engaged in an elaborate "shell game" to hide the location of and/or wrongfully retain Plaintiff's $1,965,600,

63.    As a result of the wrongful conduct of all Defendants, Plaintiff was forced to locate and purchase Covid test kits from other sources to fulfill its contractual obligations to Plaintiff's customers and has incurred damages in doing so.

64.    The conduct of the Defendants was intentional and knowing and deliberate, and so outrageous and extreme, so as to entitle Plaintiff to an award of punitive damages.

## COUNT I

### Fraud in the Inducement
### (Against the Gross Defendants and Sternberg Attorney Defendants)

65.    The above paragraphs are incorporated herein by reference as if set forth in full.

66.    The Gross Defendants and Sternberg Attorney Defendants represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid Test Kits because they had the Covid Test Kits in stock.

67.    CHG was formed on or about December 8, 2020, and appears to have been formed solely in order to defraud SAFETY HOUSE and/or other potential victims.

68.    To fraudulently induce Plaintiff to make this large purchase, the Gross and Sternberg Attorney Defendants represented that the $1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants, and that the $1,965,600.00 Purchase Price would not be released from escrow, until after Plaintiff was supplied with a Bill of Sale as well as a Bill of Lading from a recognized common carrier , evidencing that the Covid Test Kits had been delivered to a common carrier and were en route for delivery to SAFETY HOUSE.

11

69.    Instead, the Sternberg Attorney Defendants wrongfully and improperly and prematurely released Plaintiff's $1,965,600.00 Purchase Price from escrow, without confirming that the Covid Test Kits were purchased, and without confirming that the Covid Test Kits were delivered to a recognized common carrier for delivery to Plaintiff.

70.    These representations and promises were false when made by Gross and Sternberg Attorney Defendants to SAFETY HOUSE.

71.    Said Defendants knowingly made these false representations and promises to SAFETY HOUSE to induce it to wire the $1,965,600.00 Purchase Price to said Defendants, despite the Gross and Sternberg Attorney Defendants' actual knowledge that they did not intend to and could not honor their representations and lacked the capacity to perform as promised.

72.    SAFETY HOUSE reasonably relied upon the representations of these Defendants and changed its position to its detriment, and sustained damages as a direct and proximate result of the fraud perpetrated by said Defendants as set forth in detail above.

73.    SAFTEY HOUSE sustained damages, including the loss of the $1,965,600.00 Purchase Price it wired into the attorney escrow account of the Sternberg Attorney Defendants.

74.    SAFETY HOUSE has suffered additional damages including lost profits, resulting from its inability to re-sell the Covid Test Kits to its customers.

75.    SAFETY HOUSE also has incurred damages including the increased costs it was forced to spend to in locating Covid test kits in the marketplace so that it could cover and fulfill its contractual obligations to its customers.

76.    The conduct of the Gross and Sternberg Attorney Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

12

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT II

### Fraud
### (Against the Gross and Sternberg Attorney Defendants)

77.     The above paragraphs are incorporated herein by reference as if set forth in full.

78.     The Gross and Sternberg Attorney Defendants represented and promised to SAFETY HOUSE that they could sell Plaintiff and quickly deliver the Covid Test Kits because they already had the Covid Test Kits in stock.

79.     CHG was formed on or about December 8, 2020, and appears to have been formed solely in order to defraud SAFETY HOUSE and/or other potential victims.

80.     To fraudulently induce Plaintiff to make this large purchase, the Gross and Sternberg Attorney Defendants represented that the $1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants, and that the $1,965,600.00 Purchase Price would not be released from escrow, until after Plaintiff was supplied with a Bill of Sale as well as a Bill of Lading from a recognized common carrier , evidencing that the Covid Test Kits had been delivered to a common carrier and were en route for delivery to SAFETY HOUSE.

13

81.     Instead, these Defendants improperly released and took the Plaintiff's money from escrow, and failed to deliver the Covid Test Kits, which were supposed to be delivered by Plaintiff to a public school district.

82.     These representations and promises were false when made by the Gross and Sternberg Attorney Defendants to SAFETY HOUSE.

83.     These Defendants knowingly made these false representations and promises to SAFETY HOUSE to induce it to wire the entire $1,965,600.00 Purchase Price to them, despite their actual knowledge that they did not intend to honor their representations and lacked the capacity to perform as promised.

84.     SAFETY HOUSE reasonably relied upon the representations of the Gross and Sternberg Attorney Defendants and changed its position to its detriment.

85.     SAFTEY HOUSE has lost the $1,965,600.00 Purchase Price it paid to these Defendants.

86.     SAFETY HOUSE also has suffered lost profits as it has been unable to re-sell the Covid Test Kits to the customers with whom SAFETY HOUSE had purchasing contracts, such as public school districts.

87.     The conduct of the Gross and Sternberg Attorney Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus

14

additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT III

### Fraud
### (Against the Weiss and Zekaria Defendants)

88.     The above paragraphs are incorporated herein by reference as if set forth in full.

89.     Based upon the representations and filings of the Sternberg Attorney Defendants and the Gross Defendants, and of the Weiss Defendants, Plaintiff believes and thus avers that the Weiss Defendants and the Zekaria Defendants aided and abetted ,if not directly participated in, the aforesaid wrongful fraud perpetrated upon Plaintiff.

90.     The Gross Defendants and the Sternberg Attorney Defendants represented that Plaintiff's funds in turn were wire-transferred to the Weiss Defendants and the Zekaria Defendants for the purchase of the Covid Test Kits, but that the Weiss Defendants and the Zekaria Defendants kept Plaintiff's funds and also failed to deliver the Covid Test Kits to Plaintiff.

91.     The Weiss Defendants represented in their Answer to the Third Party Complaint that the Covid Test Kits were being shipped to Plaintiff, but then had to be diverted to a warehouse,  where they then mysteriously just disappeared, and that said Defendants then gave diamonds and gems with a value in excess of $3 million to the Gross Defendants and/or the Sternberg Attorney Defendants "as collateral." *See* ECF 66, and Exhibit "A." thereto.

92.     To date, neither the Sternberg Attorney Defendants, not the Gross Defendants, nor the Weiss Defendants, nor the Zekaria Defendants, have returned Plaintiff's $1,965,600.00 to Plaintiff, and said Defendants also have not delivered the 151,200 Covid Test Kits to Plaintiff, and said Defendants also have not turned over or delivered the gemstones that the Weiss Defendants

15

claimed they delivered to the Gross Defendants and/or the Sternberg Attorney Defendants "as collateral."

93.    The aforesaid representations and promises were false when made by the Defendants, and said Defendants knowingly made these false representations and promises to SAFETY HOUSE to induce it to wire the entire $1,965,600.00 Purchase Price, despite their actual knowledge that they did not intend to honor their representations and lacked the capacity to perform as promised.

94.    Plaintiff reasonably relied upon the representations of the Gross and Sternberg Attorney Defendants and changed its position to its detriment., and as a result, Plaintiff has lost the $1,965,600.00 Purchase Price it paid to these Defendants.

95.    The aforesaid conduct of the Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Gary Weiss, and A. Solar LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as  punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT IV

### WRONGFUL CIVIL CONSPIRACY
### (Against All Defendants)

96.    The above paragraphs are incorporated herein by reference, as if set forth in full.

97.    Each of the Defendants wrongfully conspired with each other to fraudulently induce

16

SAFETY HOUSE to send them almost two million dollars, as alleged above, without any intent or capacity to perform the alleged Agreement.

98.    These Defendants each took active steps to further the conspiracy, from negotiating the terms of the alleged Agreement, to representing that the Purchase Price would be held in an attorney escrow account, and to promising (but failing) to deliver the Covid Test Kits immediately, and to promising (but failing) to provide Plaintiff with a Bill of Lading from a recognized common carrier, and to promising (but failing) to deliver to Plaintiff a signed copy of the Agreement, and to promising (but failing) to deliver the Covid Test Kits, and by failing to return Plaintiff's purchase price.

99.    Defendants Weiss, A.Solar, Zekaria and S & Z wrongfully conspired with each and with the other Defendants other to fraudulently obtain payment of Plaintiff's $1,965,600.00 from the Gross and the Sternberg Attorney Defendants, and thereafter failing and refusing to return the funds, or to deliver the Covid Test Kits

100.    Upon information and belief, Defendants Zekaria and S & Z accepted the wire transfer from the Sternberg Attorney Defendants and thereafter retained a portion of and/or transferred those funds to defendants Weiss and/or A.Solar.

101.    Defendants Weiss and A.Solar accepted the payment of Plaintiff's $1,965,600 from defendants Zekaria and S & Z when they knew or should have known they could not obtain Covid Test Kits in the quantity required to fill Plaintiff's order.

102.    Thereafter, defendants Weiss and A.Solar refused to return the Plaintiff's funds.

103.    The conspiracy of Weiss, A.Solar, Zekaria and S & Z aimed to obtain, and then keep, SAFETY HOUSE's funds, without delivering the Covid Test Kits purchased and needed by Plaintiff.

17

104.    Each of these Defendants is liable for the actions of the other Defendants in furtherance of this conspiracy.

105.    All Defendants have engaged in a conspiracy to obtain and keep Plaintiff's $1,965,600.00 purchase price without delivering to Plaintiff the Covid Test Kits.

106.    SAFETY HOUSE has lost the $1,965,600.00 Purchase Price it paid to these Defendants.

107.    SAFETY HOUSE has suffered lost profits as it has been unable to sell the Covid Test Kits to its customers.

108.    The conduct of Defendants was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A. Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT V

### PIERCING THE CORPORATE VEIL
### (Against Gross and CHG)

109.    The above paragraphs are incorporated herein by reference, as if set forth in full.

110.    Defendant CHG purports to be limited liability company and, on information and belief, CHG is owned entirely by its managing member, Samuel Gross.

18

111.    On information and belief, CHG was inadequately capitalized, failed to properly observe the required corporate formalities, and was otherwise used by Defendants to perpetuate their fraud against SAFETY HOUSE.

112.    Due to the fraudulent and/or deceptive conduct of the Defendants, and the failure of one or more Defendants to properly capitalize CHG, and/or their failure to observe corporate formalities, the corporate veil of CHG should be disregarded, and its managing member, Samuel Gross, should be held individually liable for the wrongful acts of CHG.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A. Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT VI

### PIERCING THE CORPORATE VEIL
### (Against Weiss  and A Solar)

113.    The above paragraphs are incorporated herein by reference, as if set forth in full.

114.    Defendant A. Solar purports to be limited liability company and, on information and belief, A. Solar is owned entirely by its managing member, Gary Weiss.

115.    On information and belief, A. Solar was inadequately capitalized, failed to properly observe the required corporate formalities, and was otherwise used by Defendants to perpetuate their fraud against SAFETY HOUSE.

19

116.    Due to the fraudulent and/or deceptive conduct of the Defendants, and the failure of one or more Defendants to properly capitalize A. Solar, and/or their failure to observe corporate formalities, the corporate veil of A. Solar should be disregarded, and its managing member, Gary Weiss, should be held individually liable for the wrongful acts of A. Solar.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A. Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT VII

### PARTICIPATION THEORY
### (Against Shlomo Gross and Sternberg)

117.    The above paragraphs are incorporated herein by reference as if set forth in full.

118.    Gross and Sternberg each represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid Test Kits because they had access to the Covid Test Kits on the ground, ready to sell, in the United States.

119.    To fraudulently induce plaintiff to make this large purchase, Gross and Sternberg each represented that the $1,965,600.00 Purchase Price would remain in the attorney escrow account of the Sternberg Attorney Defendants.

120.    These funds were not to be released from escrow until after a Bill of Sale was

delivered to Plaintiff and the Covid Test Kits were delivered to a common carrier for delivery to Plaintiff, and the Bill of Lading and shipping documents also delivered to Plaintiff.  *See* Exhibit 1, §6 and Exhibit D thereto.

121.    The Sternberg Attorney Defendants misrepresented to Plaintiff the Covid Test Kits were en route and would be delivered by no later than February 25, 2022, when in fact they were not placed with a common carrier or otherwise being shipped to Plaintiff, either as of the promised January 25 delivery date, or as of February 17, 2022 (the filing of this Complaint), or to date -- no delivery has been made.  *See* Exhibit 3.

122.    Plaintiff on numerous occasions has requested that Gross and Sternberg provide Plaintiff with a Bill of Lading and other shipping documents to show they had delivered the Covid Test Kits to a common carrier for delivery to Plaintiff.  *See* Exhibit 4.

123.    However, each of Gross and Sternberg, however, have failed and refused to deliver this shipping documentation to Plaintiff.

124.    Furthermore, Gross and Sternberg caused further deception and delay when, on or about February 16, 2022, a man named "Shraga" contacted Plaintiff and advised Plaintiff the Covid Test Kits were on a truck and that delivery would be made to Plaintiff by 4:00 pm on February 16, 2022.

125.    When the shipment did not arrive at 4:00 p.m., Plaintiff contacted Shraga who advised Plaintiff the truck had "broken down" and that the Kits would be delivered in the morning of February 17, 2022.

126.    The goods have not been placed with a common carrier or delivered to Plaintiff, wither as promised, or to date.

127.    Gross  and  Sternberg  have  each  furthered  the  fraud  and  made  material

misrepresentations to Plaintiff, not only to obtain he funds, but to prevent and delay detection of the fraud.

128.    Each of Gross and Sternberg should be held liable for their individual participation in this fraudulent scheme pursuant to Participation Theory.

129.    Each of Gross and Sternberg made these representations with knowledge that they were false.

130.    Each of Gross and Sternberg personally participated in making these misrepresentations to SAFETY HOUSE.

131.    SAFETY HOUSE has lost the $1,965,600.00 Purchase Price it paid to Defendants, and has sustained and continues to sustain damages, as a result of Defendants' fraudulent and wrongful conduct.

132.    SAFETY HOUSE has suffered lost profits as it has been unable to sell the Covid Test Kits to the customers with whom SAFETY HOUSE had purchasing contracts, such as public school districts.

133.    SAFETY HOUSE has also incurred damages in locating Covid test kits in the marketplace so that it can fulfill its contractual obligations to its customers.

134.    The conduct of each of Gross and Sternberg was deliberate, intentional and willful, and so outrageous and extreme as to warrant an award of punitive damages against them.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A. Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus

additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT VIII

### Unjust Enrichment/Quantum Meruit
### (Against the Gross and Sternberg Attorney Defendants)

135.    The above paragraphs are incorporated herein by reference as if set forth in full.

136.    In the alternative, SAFETY HOUSE alleges that the Gross and Sternberg Attorney Defendants have unjustly enriched themselves at the expense of SAFETY HOUSE.

137.    These Defendants requested SAFETY HOUSE to, *inter alia*, provide funds to purchase the Covid Test Kits, in exchange for the $1,965,600.00 Purchase Price. *See* Exhibit 1.

138.    These Defendants represented that the entire $1,965,600.00 Purchase Price was required to be deposited into the attorney escrow account of the Sternberg Attorney Defendants.

139.    The Gross and Sternberg Attorney Defendants represented that the entire $1,965,600.00 Purchase Price would not be released from the attorney escrow account of the Sternberg Attorney Defendants unless the Covid Test Kits were delivered to a common carrier for delivery to Plaintiff, and Plaintiff was supplied with a Bill of Sale and the Bill of Lading and other shipping documents.

140.    In reliance upon the aforesaid representations of these Defendants, on January 21, 2022, SAFETY HOUSE wired $1,965,600.00 into the attorney escrow account of the Sternberg Attorney Defendants.  *See* Exhibit 2.

141.    The Gross and Sternberg Attorney Defendants received and accepted and used the $1,965,600.00 Purchase Price described above.

142.    SAFETY HOUSE conferred a benefit upon these Defendants by delivering the

$1,965,600.00 Purchase Price without receiving anything in return.

143. These Defendants appreciated, accepted, and retained the benefit of the $1,965,600.00 Purchase Price.

144. It would be unjust and inequitable to allow Defendants to retain the benefit of the $1,965,600.00 Purchase Price they received from SAFETY HOUSE, without providing full compensation to SAFETY HOUSE.

145. The fair value of the moneys supplied by SAFETY HOUSE to Defendants and retained and used by Defendants is the amount of $ 1.965,600.00.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A. Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT IX

### Intentional Interference with Existing Contractual Relations
### (Against All Defendants)

146. The above paragraphs are incorporated herein by reference as if set forth in full.

147. A contractual relationship existed between Plaintiff and the Gross and the Attorney Sternberg Defendants.

148. A contractual relationship existed between Plaintiff and the customers to whom Plaintiff intended to ship the Covid Test Kits.

24

149.    Each of the Defendants took actions with the specific intent to harm the existing aforesaid contractual relationships.

150.    This harm consisted of, among other things: (a) taking Plaintiff's $1,965,600.00 payment as part of the over $3,00,000.00 payment made from the Gross and Sternberg Attorney Defendants made to the Weiss and/or Zekaria Defendants to purchase in excess of 500,000 Covid Test Kits, when Defendants knew or should have known that Covid Test Kits in that volume were not available in the market at the time they induced Plaintiff to wire the $1.965,600 purchase price, and (b) thereafter failing to return the money to Plaintiff, and (c) failing to deliver the promised Covid Test Kits.

151.    Defendants had no privilege or justification for their actions.

152.    SAFTEY HOUSE has lost the $1,965,600.00 Purchase Price it paid to the Gross and Sternberg Attorney Defendants.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A.Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT X

### Intentional Interference with Prospective Economic Advantage
### (Against All Defendants)

153.    The above paragraphs are incorporated herein by reference as if set forth in full.

25

154. A contractual relationship existed between Plaintiff and the Gross Defendants and the Sternberg Attorney Defendants.

155. A contractual relationship and prospective economic advantage existed between Plaintiff said Defendants, as well as the customers to whom Plaintiff intended to ship the Covid Test Kits.

156. Each of the Defendants took actions with the specific intent to harm Plaintiff's prospective economic advantage and the aforesaid contractual relationships.

157. This harm consisted of, among other things: (a) taking Plaintiff's $1,965,600.00 payment as part of the over $3,00,000.00 payment made from the Gross and Sternberg Attorney Defendants to the Weiss and/or Zekaria Defendants to purchase in excess of 500,000 Covid Test Kits, when Defendants knew or should have known that Covid Test Kits in that volume were not available in the market at the time they induced Plaintiff to wire the $1.965,600 purchase price, and (b) thereafter failing to return the money to Plaintiff, and (c) failing to deliver the promised Covid Test Kits..

158. Defendants had no privilege or justification for their actions.

159. SAFTEY HOUSE has lost the $1,965,600.00 Purchase Price it paid to the Gross and Sternberg Attorney Defendants.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holding Group LLC, and Shlomo Gross a/k/a Samuel Gross, and Gary Weiss, and A.Solar, LLC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional compensatory damages, consequential damages, and special damages, as well as

punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

## COUNT XI

### Unjust Enrichment/Quantum Meruit
### (Against Weiss and A.Solar)

160.    The above paragraphs are incorporated herein by reference as if set forth in full.

161.    In the alternative, SAFETY HOUSE alleges that Weiss and A.Solar have unjustly enriched themselves at the expense of SAFETY HOUSE.

162.    These Defendants received from the Sternberg Defendants the Plaintiff's $1,965,600.00 amount that was intended to purchase the 151,200 Covid Test Kits that were the subject of the Agreement.

163.    Weiss and A.Solar received and accepted the Plaintiff's $1,965,600.00 amount from the Sternberg Attorney Defendants.

164.    SAFETY HOUSE conferred a benefit upon Weiss and A.Solar without receiving anything in return.

165.    These Defendants appreciated, accepted, and retained the benefit of the $1,965,600.00 paid by Plaintiff.

166.    It would be unjust and inequitable to allow Weiss and A.Solar to retain the benefit of the $1,965,600.00 without providing full compensation to SAFETY HOUSE.

167.    The fair value of the moneys supplied by SAFETY HOUSE to Weiss and A.Solar and retained by them is $ 1.965,600.00.

WHEREFORE, Plaintiff, American Environmental Enterprises, Inc., requests that the Court enter judgment in favor of Plaintiff against defendants Gary Weiss, and A.Solar, LLC, individually, jointly and severally, for an amount in excess of $2,000,000.00, plus additional

27

compensatory damages, consequential damages, and special damages, as well as punitive damages, attorney fees and costs and interest on all amounts and for such other and further relief as the Court deems just and proper, to the maximum extent allowed by applicable law.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64423
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Telephone: 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  July 31, 2023                Attorneys for Plaintiff

## EXHIBITS TO COMPLAINT

| EXHIBIT | DESCRIPTION |
|---|---|
| "1" | [Unsigned] Purchase and Sale Agreement documents |
| "2" | 1/21/22 Wire Transfer Documents for Wire of $1,965,600.00 Purchase Price Into Attorney Escrow Account of the Sternberg Attorney Defendants |
| "3" | 2/8/22 email between Plaintiff and Sternberg Attorney Defendants |
| "4" | Emails to Sternberg Attorney Defendants requesting shipping information |
| "5" | 2/19/22 email to Sternberg Attorney Defendants demanding return of the $1,965,600.00 Purchase Price, and 2/16/22 email from Plaintiff demanding return of the $1,965,600.00 Purchase Price |

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of Plaintiff's First Amended Complaint via ECF, U.S. first class mail and/or email upon the following:

Seth Laver, Esquire
Jason Kaner, Esquire
Goldberg Segall
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
slaver@goldbergsegalla.com
jkaner@goldbergsegalla.com

William R. Murphy III, Esquire
Rebecca J. Price, Esquire
Norris McLaughlin
515 Hamilton Street, Suite 502
Allentown, PA 18101
wmurphy@norris-law.com
rprice@norris-law.com

Samuel Gross
78 Buckminster Road
Rockville Centre, NY 11570
charltonholdinggroupllc@aol.com

Gary Weiss (pro se)
wgary4109@gmail.com

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64423
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Telephone: 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date: July 31, 2023

Attorneys for Plaintiff

29