| | |
|---|---|
| GOLDBERG SEGALLA LLP<br>BY: SETH L. LAVER<br>ATTORNEY ID NO: 94518<br>1700 MARKET STREET, SUITE 1418<br>PHILADELPHIA, PA 19103-3907<br>T: 267-519-6800<br>F: 267-519-6801<br>Email: slaver@goldbergsegalla.com | *Attorneys for Defendants*<br>*Manfred Sternberg, Esquire and*<br>*Manfred Sternberg & Associates PC* |

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| American Environmental Enterprises, Inc. d/b/a THESAFETYHOUSE.COM<br>*Plaintiff*,<br>v.<br>Manfred Sternberg, Esquire; Manfred Sternberg & Associates, PC; Charlton Holdings Group, LLC; Samuel Gross; Gary Weiss; A. Solar, LLC; Daphna Zekaria, Esq.; and, Sokolski & Zekaria, PC,<br>*Defendants*, | CIVIL ACTION<br>No. 2022-CV-00688(JMY) |

**ANSWER OF DEFENDANTS MANFRED STERNBERG, ESQ. AND MANFRED STERNBERG & ASSOCIATES, PC TO PLAINTIFF'S AMENDED COMPLAINT AND CROSSCLAIMS AGAINST ALL CO-DEFENDANTS**

Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC (collectively, the "Sternberg Defendants" or "Answering Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, hereby respond to the Amended Complaint of Plaintiff American Environmental Enterprises, Inc. d/b/a THESAFETYHOUSE.com ("Plaintiff"), as follows:

**"NATURE OF THE ACTION"**

1. Denied. Answering Defendants deny the allegations contained in this paragraph.

2. Denied. Answering Defendants deny the allegations contained in this paragraph.

3. Denied. Answering Defendants deny the allegations contained in this paragraph.

4. Denied. Answering Defendants deny the allegations contained in this paragraph.

5. Denied. Answering Defendants deny the allegations contained in this paragraph.

6. Denied. Answering Defendants deny the allegations contained in this paragraph.

## **"PARTIES, JURISDICTION AND VENUE"**

7. Denied as stated. Admitted, upon information and belief, that Plaintiff is a Pennsylvania corporation. The remaining allegations in this paragraph are denied.

8. Admitted.

9. Admitted.

10. Denied. Answering Defendants are in no position to admit or deny allegations pertaining to Plaintiff's "beliefs."

11. This paragraph does not require a substantive response.

12. Admitted, upon information and belief.

13. Denied. Answering Defendants are in no position to admit or deny allegations pertaining to Plaintiff's "beliefs."

14. Admitted, upon information and belief.

15. Denied. Answering Defendants lack knowledge or information sufficient to admit or deny this allegation. To the extent a response is required, denied.

16. Denied. Answering Defendants lack knowledge or information sufficient to admit or deny this allegation. To the extent a response is required, denied.

17. Denied. Answering Defendants lack knowledge or information sufficient to admit or deny this allegation. To the extent a response is required, denied.

18. Denied. Answering Defendants are in no position to admit or deny allegations pertaining to Plaintiff's "beliefs."

19. Denied. Answering Defendants lack knowledge or information sufficient to admit or deny this allegation. To the extent a response is required, denied.

20. Denied. Answering Defendants lack knowledge or information sufficient to admit or deny this allegation. To the extent a response is required, denied.

21. Denied. Answering Defendants lack knowledge or information sufficient to admit or deny this allegation. To the extent a response is required, denied.

22. This paragraph consists entirely of conclusions of law to which no substantive response is required.

## "RELEVANT FACTUAL BACKGROUND"

23. This paragraph refers to writings that speak for themselves. Any characterization thereof is denied.

24. Denied. Answering Defendants made no "promises" to Plaintiff upon which it reasonably relied to its detriment.

25. This paragraph refers to writings that speak for themselves. Any characterization thereof is denied.

26. This paragraph refers to writings that speak for themselves. Any characterization thereof is denied.

27. Denied.

28. Denied.

29. Denied. Answering Defendants had no responsibility to deliver anything to Plaintiff.

30. Admitted that Plaintiff wired certain funds into Answering Defendants' IOLTA account.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Answering Defendants cannot meaningfully respond to allegations concerning Plaintiff's "beliefs."

50. Denied.

51. Answering Defendants cannot meaningfully respond to allegations concerning Plaintiff's "beliefs."

52. This paragraph refers to a writing that speaks for itself. Any characterization thereof is denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied. This paragraph refers to a writing that speaks for itself.

59. Denied. This paragraph refers to a writing that speaks for itself.

60. Denied. This paragraph refers to a writing that speaks for itself.

61. Denied. This paragraph refers to a writing that speaks for itself.

62. Answering Defendants cannot meaningfully respond to allegations concerning Plaintiff's "beliefs."

63. Denied.

64. Denied.

## COUNT I – Fraud in the Inducement

65. Answering Defendants incorporate the foregoing responses by reference as if set forth in full herein.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

75. Denied.

76. Denied.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

### **COUNT II - Fraud**

77. Answering Defendants incorporate the foregoing responses by reference as if set forth in full herein.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT III – Fraud

88. Answering Defendants incorporate the foregoing responses by reference as if set forth in full herein.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT IV – Wrongful Civil Conspiracy

96. Answering Defendants incorporate the foregoing responses by reference as if set forth in full herein.

97. Denied.

98. Denied.

99. Denied.

100. Denied

101. Denied.

102. Denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## **COUNT V – Piercing Corporate Veil**

109. Answering Defendants incorporate the foregoing responses by reference as if set forth in full herein.

110. Denied. This paragraph concerns other parties and therefore no substantive response is required.

111. Denied. This paragraph concerns other parties and therefore no substantive response is required.

112. Denied. This paragraph concerns other parties and therefore no substantive response is required.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT VI – Piercing the Corporate Veil

113. Answering Defendants incorporate the foregoing responses by reference as if set forth in full herein.

114. Denied. This paragraph concerns other parties and therefore no substantive response is required.

115. Denied. This paragraph concerns other parties and therefore no substantive response is required.

116. Denied. This paragraph concerns other parties and therefore no substantive response is required.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT VII – Participation Theory

117. Answering Defendants incorporate the foregoing responses by reference as if set forth in full herein.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. Denied.

134. Denied.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT VIII – Quantum Meruit

135. Answering Defendants incorporate the foregoing responses by reference as if set forth in full herein.

136. Denied.

137. Denied.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Denied.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

### COUNT IX – Intentional Interference with Existing Contractual Relations

146. Answering Defendants incorporate the foregoing responses by reference as if set forth in full herein.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

### COUNT X – Interference with Prospective Economic Advantage

153. Answering Defendants incorporate the foregoing responses by reference as if set forth in full herein.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Denied.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## COUNT XI – Unjust Enrichment

160. Answering Defendants incorporate the foregoing responses by reference as if set forth in full herein.

161. Denied. This paragraph does not pertain to Answering Defendants and therefore no substantive response is required.

162. Denied. This paragraph does not pertain to Answering Defendants and therefore no substantive response is required.

163. Denied. This paragraph does not pertain to Answering Defendants and therefore no substantive response is required.

164. Denied. This paragraph does not pertain to Answering Defendants and therefore no substantive response is required.

165. Denied. This paragraph does not pertain to Answering Defendants and therefore no substantive response is required.

166. Denied. This paragraph does not pertain to Answering Defendants and therefore no substantive response is required.

167. Denied. This paragraph does not pertain to Answering Defendants and therefore no substantive response is required.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff fails to state causes of action and facts in support thereof upon which relief can be granted.

2. Plaintiff's claims may be barred by the applicable statutes of limitation.

3. Answering Defendants did not breach any duties owed to any party.

4. Plaintiff has sustained no cognizable legal damages as a result of Answering Defendants' conduct.

5. Answering Defendants deny any and all claims for damages.

6. Any damages allegedly sustained by Plaintiff were caused by and the result of actions of other parties over whom Answering Defendants had no control and for whom they had no responsibility.

7. Plaintiff's claims for damages are barred by the superseding, intervening acts and/or negligence of other parties over whom Answering Defendants had no control and for whom they had no responsibility.

8. If Plaintiff's allegations with respect to injury, loss or damage are true, said allegations being specifically denied, then Answering Defendants aver that any injury, loss or damage was not the result of any liability producing conduct on their part, but rather the result of liability producing conduct of other entities and/or individuals who may or may not be parties to this lawsuit and over whom they had no control or right or duty to control.

9. Plaintiff's claims are barred and/or limited because of its comparative negligence.

10. Plaintiff's claims are barred in whole or in part by the doctrine of contributory negligence.

11. Plaintiff's claims may be barred by the doctrine of payment and release, settlement, waiver and/or laches.

12. Plaintiff has failed to mitigate damages.

13. Plaintiff's claims are barred and/or limited by the doctrine of assumption of the risk.

14. Answering Defendants were not engaged to represent Plaintiff.

15. Answering Defendants owed Plaintiff a limited duty.

16. Answering Defendants breached no duty owed to Plaintiff.

17. Plaintiff failed to complete its due diligence.

18. Plaintiff fails to comprehend the limited role of Answering Defendants.

19. Answering Defendants are not responsible for Plaintiff's business decisions.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demand judgment in their favor and against Plaintiff, dismissing the Complaint, with prejudice, awarding costs and expenses, including attorney's fees and for such other relief as this Court deems just, equitable and proper.

**CROSSCLAIM PURSUANT TO F.R.C.P. 13(g) AGAINST ALL CO-DEFENDANTS FOR <u>CONTRIBUTION AND COMMON LAW INDEMNITY</u>**

Answering Defendants assert the following crossclaim against all co-defendants, and in support thereof, assert as follows:

1. Answering Defendants hereby incorporate by reference the above paragraphs as though the same were fully set forth at length herein.

2. Answering Defendants deny liability for the allegations pled.

3. If it is judicially determined that the allegations in Plaintiff's Complaint allow Plaintiff to recover, such allegations being specifically denied, Co-Defendants Charlton Holdings Group, LLC, Samuel Gross, Gary Weiss, A. Solar LLC, Daphna Zekaria, Esq., and Sokolski & Zekaria PC are jointly and/or severally liable to Plaintiff upon the causes of action pled.

4. Co-Defendants Charlton Holdings Group, LLC, Samuel Gross, Gary Weiss, A. Solar LLC, Daphna Zekaria, Esq., and Sokolski & Zekaria PC are solely liable or, to the extent that Answering Defendant is held liable, which is strictly denied, Co-Defendants Charlton Holdings Group, LLC, Samuel Gross, Gary Weiss, A. Solar LLC, Daphna Zekaria, Esq., and Sokolski & Zekaria PC are liable.

5. Accordingly, Co-Defendants Charlton Holdings Group, LLC, Samuel Gross, Gary Weiss, A. Solar LLC, Daphna Zekaria, Esq., and Sokolski & Zekaria PC are liable to Answering Defendant for contribution and/or for common law indemnity.

WHEREFORE, Answering Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC demands that Plaintiff's First Amended Complaint be dismissed and that judgment be entered in their favor or, in the event it is found liable, seeks a judgment that Co-Defendants Charlton Holdings Group, LLC, Samuel Gross, Gary Weiss, A. Solar LLC, Daphna Zekaria, Esq., and Sokolski & Zekaria PC and/or any other defendants named or joined hereafter, are jointly and severally liable with Answering Defendants and/or liable over to it for contribution and/or common

law indemnity, together with costs, reasonable attorneys' fees, and such other relief as the Court may deem appropriate.

                              **GOLDBERG SEGALLA LLP**

BY: */s/ Seth L. Laver*
      SETH L. LAVER, ESQ.
      Attorneys for Defendants
      Manfred Sternberg, Esquire and
      Manfred Sternberg & Associates

Dated: August 23, 2023

## CERTIFICATION OF SERVICE

I certify that, on this date, a copy of the foregoing was served upon all counsel of record.

                              **GOLDBERG SEGALLA LLP**

                              BY: *&#47;s&#47;Seth L. Laver*
                                      SETH L. LAVER, ESQ.
                                       Attorneys for Defendants
                                       Manfred Sternberg, Esquire and
                                       Manfred Sternberg & Associates

Dated: August 23, 2022