**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM | : <br> : <br> : |
| | :     **CIVIL ACTION** |
| **Plaintiff,** | : |
| | :     **No. 2022-cv-00688 (JMY)** |
| v. | : |
| | : |
| MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| | : |
| **Defendants.** | : |

**NOTICE OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM**
**DEFENDANTS DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI &**
**ZEKARIA, P.C. AND FOR SANCTIONS**

**TO:**     Daphna Zekaria, Esquire
          Sokolski & Zekaria, P.C.
          c/o Patrick Healey, Esquire
          Cathleen Kelly Rebar, Esquire
          VIA EMAIL: phealey@rebarkelly.com
          and crebar@rebarkelly.com

      **PLEASE TAKE NOTICE** that plaintiff American Environmental Enterprises, Inc. d/b/a

THE SAFETY HOUSE.COM, hereby files this Motion to Compel Discovery (the "Motion") from

defendants Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C., G (the "Zekaria Defendants"),

and for Sanctions, by reason of the Zekaria Defendants' refusal and failure to respond to plaintiff's

discovery requests, and comply with the Rules of Court governing discovery, pursuant to Rules

33 and 34 and 37 of the Federal Rules of Civil Procedure, and plaintiff seeks the entry of an Order in the proposed form of Order accompanying this Motion; compelling discovery from and imposing sanctions against the Zekaria Defendants, and in support of its Motion, plaintiff will rely upon the accompanying Motion (with exhibits) and Memorandum of Law.

**TAKE FURTHER NOTICE** that if you desire to oppose the relief sought in this Motion, you must file your written response with the Court and serve a copy of same upon undersigned counsel.   In the absence of such timely filed and served response, the Court may, upon consideration of the Motion, grant the relief requested by plaintiff in the Motion.

ORAL ARGUMENT IS REQUESTED BY PLAINTIFF IF THIS MOTION IS OPPOSED.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Tel. No. 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  March 22, 2024                Attorneys for plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM | : | |
| | : | |
| | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| | : | **No. 2022-cv-00688 (JMY)** |
| **v.** | : | |
| | : | |
| MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C. | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM DEFENDANTS DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI & ZEKARIA, P.C. AND FOR SANCTIONS

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Motion to Compel Discovery (the "Motion") from defendants Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C., (the "Zekaria Defendants"), and for Sanctions, by reason of the Zekaria Defendants' refusal and failure to respond to plaintiff's discovery requests propounded upon the Zekaria Defendants, and their failure and refusal to comply with the Rules of Court governing discovery, pursuant to Rules 33 and 34 and 37 of the Federal Rules of Civil Procedure, and in support of its Motion, plaintiff states as follows:

### I.    BACKGROUND FACTS

1.    Plaintiff instituted this action on February 23, 2022.

2.      This case involves a significant financial fraud perpetrated upon plaintiff by and between the Defendants, wherein plaintiff was induced to purchase 151,200 boxes of iCovid Kits (the "COVID Test Kits") for $1,965,600.00 – plaintiff paid the $1,965,600.00 purchase price to defendants, but did not receive the COVID Test Kits, and has not gotten back the purchase price it paid for those COVID Test Kits.

3.      Plaintiff was induced to pay the $1,965,600.00 purchase price into the attorney escrow account of the Sternberg Defendants, based upon the representations of the Gross and Sternberg Defendants that the COVID Test Kits would be shipped to plaintiff forthwith, and that the $1,965,600.00 purchase price would not be released from escrow unless and until Defendants supplied plaintiff with a Bill of Sale, as well as a Bill of Lading from a recognized common carrier evidencing that the goods were owned by and in transit to plaintiff.

4.      On January 21, 2022, in reliance upon Defendants' aforesaid representations, plaintiff wired the $1,965,600.00 purchase price into the attorney escrow account of the Sternberg Defendants, and also emailed plaintiff's Purchase Order #18315 to Defendants for the COVID Test Kits – plaintiff's Purchase Order expressly stated, "deliver by 1/25/22." *See*, ECF 80, Amended Complaint, at ¶¶ 23-29, and Exhibit "1" to the Complaint (plaintiff's Purchase Order #18315).

5.      Not only did the Purchase Order signed by plaintiff require delivery by January 25, 2022, but the Sale and Purchase Agreement signed by plaintiff clearly and unequivocally provides in paragraph 6 that "Title transfer shall happen contemporaneously with funds being released [from the Sternberg attorney escrow account] to Seller. *See*, Exhibit "1" to Amended Complaint [ECF 80].

6.    When the Defendants failed to timely deliver the iCovid test kits ordered by plaintiff, on February 16, 2022, plaintiff notified Defendants in writing that it canceled the purchase and demanded the immediate return of the $2 million purchase price paid to the Sternberg Defendants in escrow.

7.    To date, over two years later, Defendants have failed to return the $1,965,600.00 purchase price to plaintiff, and they also failed to deliver the COVID Test Kits as promised.

8.    The Defendants now have had possession of plaintiff's monies -- almost Two Million Dollars -- for over two years.

9.    The discovery deadline in this case currently is July 19, 2024 [ECF 154].

10.    On October 4, 2023, plaintiff served Interrogatories, as well as a Request for Production of Documents, upon the Zekaria Defendants.

11.    A true and correct copy of the Interrogatories served on the Zekaria Defendants on October 4, 2023, is attached to this Motion as Exhibit "A" and made a part hereof.

12.    A true and correct copy of the Request for Production of Documents served on the Zekaria Defendants on October 4, 2023, is attached to this Motion as Exhibit "B" and made a part hereof.

13.    To date, the Zekaria Defendants have failed without legal justification or excuse to provide full and complete verified answers to the Interrogatories served on them on October 4, 2023, in violation of their discovery obligations pursuant to the Rules of Court.

14.    To date, the Zekaria Defendants have failed without legal justification or excuse to provide full and complete responses to the Document Requests served on them on October 4, 2023, in violation of their discovery obligations pursuant to the Rules of Court.

15.     Counsel for plaintiff has made numerous attempts, without success, to amicably resolve this discovery dispute with Patrick Healey, Esquire, attorneys for the Zekaria Defendants. *See* Exhibits "C" and "D" attached hereto, two of the many emails sent by plaintiff's counsel to counsel for the Zekaria Defendants.

16.     The failure and refusal of Zekaria Defendants to provide full and complete verified answers to the plaintiff's Interrogatories, and the failure and refusal of Zekaria Defendants to provide complete written responses to the plaintiff's the Document Requests and to produce and provide to plaintiff, all of the responsive documents, is without legal justification or excuse, and in violation of said Third Party Defendants' discovery obligations under the Rules of Court.

17.     Said failure is especially egregious in light of the fact that defendant Daphna Zekaria, Esquire, is a practicing attorney in New York, and is or should be well aware of a defendant's obligation to comply with the Rules of Court as respects discovery.

18.     Plaintiff requires full and complete verified answers to its Interrogatories and Document Requests directed to the Zekaria Defendants, and the production form them of all responsive documents, to properly prosecute its claims against all Defendants, and will be prejudiced and hampered in its ability to pursue its claims without the Zekaria Defendants producing the requested discovery.

19.     The discovery requested by plaintiff from the Zekaria Defendants through the Interrogatories and Document Requests served upon them is relevant and material to the issues involved in this lawsuit, and is permitted by the Rules of Court pertaining to discovery, including Rule 33 (as respects the Interrogatories) and Rule 34 (as respects the Document Requests) of the Federal Rules of Civil Procedure.

20.     The oral depositions of the Zekaria Defendants, originally scheduled for March 8, 2024, was rescheduled at the request of the Zekaria Defendants and currently are scheduled for April 2, 2024.  To the extent that the Zekaria Defendants fail to provide all of the requested discovery to plaintiff reasonably in advance of the 4/2 depositions, it may be necessary to depose the Zekaria Defendants a second time.

## II.     GOOD FAITH CERTIFICATION OF COUNSEL

21.     The undersigned counsel for plaintiff certifies that movant conferred in good faith with counsel for the Third Party Defendants, to obtain the discovery requested in this Motion, without success.  *See, e.g,.* Exhibit "C" attached to this Motion.

## III.     RELIEF REQUESTED

22.     Plaintiff respectfully submits that the Court should enter the proposed Order accompanying this Motion, compelling discovery from the Third Party Defendants, as set forth in this Motion.

23.     Rule 37(a)(5) of the Federal Rules of Civil Procedure provides in relevant part that if a Motion to compel discovery "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must [not may], after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Rule 35(a)(5), Fed.R.Civ.P.

24.     Counsel for plaintiff has incurred attorney fees of approximately $2,000.00, in connection with attempting to amicably resolve this dispute, including in communicating with counsel for the Zekaria Defendants to try to obtain the discovery from the Zekaria Defendants, and

in researching and drafting the instant Motion, and seeks an award of $2,000.00 against the Zekaria Defendants in connection with this Motion, pursuant to Rule 35(a)(5).

WHEREFORE, plaintiff respectfully requests that the Court enter an Order which: (a) compels each of the Zekaria Defendants, within ten (10) days, to provide full and complete answers without objection to all of plaintiff's Interrogatories addressed to them; (b) compels each of the Zekaria Defendants, within ten (10) days, to provide written responses to each of the Document Requests, and to produce all of the documents responsive to plaintiff's Document Requests addressed to them; and  (c) sanctions the Zekaria Defendants and their counsel for their willful failure to comply with plaintiff's discovery requests, in the amount of $2,000.00; and (d) grants to plaintiff with such other and further relief as the Court deems just and proper.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  March 22, 2024                    Attorneys for plaintiff

**EXHIBITS TO MOTION TO COMPEL DISCOVERY**
**FROM THE ZEKARIA DEFENDANTS**

**EXHIBIT**       **DESCRIPTION**


"A"         10/4/23 Interrogatories served on the Zekaria Defendants

"B"         10/4/23 Document Requests served on the Zekaria Defendants

"C"         Email to Patrick Healey, Esquire, counsel for the Zekaria Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMERICAN ENVIRONMENTAL | : | |
| ENTERPRISES, INC., d/b/a | : | |
| THESAFETYHOUSE.COM | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 2022-cv-00688 (JMY)** |
| **v.** | : | |
| | : | |
| MANFRED STERNBERG, ESQUIRE, | : | |
| and MANFRED STERNBERG & | : | |
| ASSOCIATES, PC, and CHARLTON | : | |
| HOLDINGS GROUP, LLC, and | : | |
| SAMUEL GROSS a/k/a SHLOMO | : | |
| GROSS, and GARY WEISS, | : | |
| and ASOLARDIAMOND, LLC a/k/a, | : | |
| ASOLAR. LLC, and DAPHNA | : | |
| ZEKARIA, ESQUIRE, and SOKOLSKI | : | |
| & ZEKARIA, P.C. | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO COMPEL DISCOVERY FROM DEFENDANTS**
**DAPHNA ZEKARIA, ESQUIRE AND SOLOSKI & ZEKARIA, P.C.,**
**AND FOR SANCTIONS**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Memorandum of Law in support of its Motion to Compel Discovery (the "Motion") from defendants Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C. (the "Zekaria Defendants"), and for Sanctions, by reason of the Zekaria Defendants' refusal and failure to supply plaintiff with answers and documents responsive to the Interrogatories and Document Requests served on them, and their failure and refusal to comply with the Rules of Court governing discovery (the "Motion"), pursuant to Rules 33 and 34 and 37 of the Federal Rules of Civil Procedure.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff incorporates by reference herein, the facts and procedural background set forth in its accompanying Motion, as if fully set forth at length herein.  In sum: (a) the Zekaria Defendants have failed to supply any answers, let alone full and complete verified answers without objection, to the Interrogatories served on them on October 4, 2023 (*see* Exhibit "A" attached to the Motion); and (b) the Zekaria Defendants have failed to supply any written responses, let alone full and complete responses, and also failed to produce all of the responsive documents, to the Document Requests served on them on October 4, 2023 (*see* Exhibit "B" attached to the Motion);

## LEGAL ARGUMENT IN SUPPORT OF MOTION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Rule 26(b)(1), Fed.R.Civ.P. Hassel v. Centric Bank, 2022 U.S. Dist. LEXIS 92580 *5-6 (M.D. PA. 2022).

Relevance is generally "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id*, *citing* Oppenheimer Funds, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Rule 33 of the Federal Rules of Civil Procedure authorizes a party to serve Interrogatories upon another party in a federal court lawsuit, such as plaintiff served on Defendants in the instant case.  Rule 33, Fed.R.Civ.P.  The number of Interrogatories served may exceed 25 in number

where, as in the instant case, the parties stipulated to that (and defendants also served Interrogatories in excess of 25 upon plaintiff in this case). *Id*.

Rule 34 of the Federal Rules of Civil Procedure authorizes a party to serve Document Requests upon another party in a federal court lawsuit, such as plaintiff served on Defendants in the instant case. Rule 34, Fed.R.Civ.P.

Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document requests or interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii-iv).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides in relevant part that a party may move for an Order compelling discovery if the party upon whom a discovery request is served fails to comply and produce the requested discovery.  Rule 35(a)(1), Fed.R.Civ.P.

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides in relevant part that if a Motion to compel discovery "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must [not may], after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Rule 35(a)(5), Fed.R.Civ.P.

The undersigned counsel for movant conferred in good faith with counsel for the Third Party Defendants, to obtain the discovery requested in this Motion, without success.

In the instant case, both of the Zekaria Defendants failed and refused to comply with their discovery obligations under the Rules of Court – each of the Zekaria Defendants failed and refused to provide any answers, let alone full and complete verified answers without objection, to plaintiff's Interrogatories served upon them on October 4, 2023 – and each of the Zekaria

Defendants failed and refused to provide any written responses, let alone full and complete responses, and to produce all of the documents responsive to the Document Requests served upon them served upon them on October 4, 2023.

## RELIEF REQUESTED

WHEREFORE, plaintiff respectfully requests that the Court enter an Order which: (a) compels each of the Zekaria Defendants, within ten (10) days, to provide full and complete verified answers without objection to all of plaintiff's Interrogatories addressed to them; (b) compels each of the Zekaria Defendants, within ten (10) days, to provide written responses to each of the Document Requests, and to provide all of the documents responsive to plaintiff's Document Requests, addressed to them; and (c) sanctions the Zekaria Defendants and their counsel for their willful failure to comply with plaintiff's discovery requests, in the amount of $2,000.00; and (d) grants to plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date: March 22, 2024                    Attorneys for plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy Plaintiff's Motion to Compel Discovery From the Zekaria Defendants and for Sanctions via ECF, and/or email upon the following:

Seth Laver, Esquire
Joseph Ross Esquire
Goldberg Segall
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
slaver@goldbergsegalla.com
jross@goldbergsegalla.com

Samuel Gross
a/k/a Shlomo Gross
78 Buckminster Road
Rockville Centre, NY 11570
charltonholdinggroupllc@aol.com
publicdiamonds@gmail.com
Scg1212@gmail.com
Samrosinc@icloud.com

Gary Weiss
437 1st Avenue
Elizabeth, NJ 07206
wgary4109@gmail.com
monipair@aol.com

Patrick Healey, Esquire
Cathleen Kelly Rebar, Esquire
Rebar Kelly
Blue Bell Executive Campus
470 Norristown Road, Suite 201
Blue Bell, PA  19422
phealey@rebarkelly.com
crebar@rebarkelly.com

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE

Date :  March 22, 2024          Attorneys for Plaintiff