IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM**, <br><br>*Plaintiff*, <br><br>v. <br><br>**MANFRED STERNBERG, ESQUIRE and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SHLOMO GROSS a/k/a SAMUEL GROSS and GARY WEISS and ASOLARDIAMOND, LLC d/b/a ASOLAR, LLC and DAPHNA ZEKARIA, ESQUIRE and SOKOLSKI & ZEKARIA, P.C.** <br><br>*Defendants*. | **CIVIL ACTION** <br><br>**No. 2:22-CV-0688 (JMY)** |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
DOCUMENTS ADDRESSED TO THE ZEKARIA DEFENDANTS**

TO:   (1)    Daphna Zekaria, Esquire
        (2)    SOKOLSKI & ZEKARIA, P.C.

            VIA EMAIL: Sokolski.Zekaria@mindspring.com

       Plaintiff American Environmental Enterprises, Inc. d/b/a TheSafetyHouse.Com, through their counsel, pursuant to Rule 33 et seq of the Federal Rules of Civil Procedure, requests and demands that each of the Defendants Daphna Zekaria, Esquire, and SOKOLSKI & ZEKARIA, P.C. (collectively the "Zekaria Defendants") serve full and complete written answers, under oath, to each of the following Interrogatories, within the time prescribed by the Rules.  Said verified written answers to these Interrogatories (together with any documents produced in response to any

Interrogatory response) shall be produced on or before November 2, 2023 at 10:00 a.m., in the offices of Lightman & Manochi, 600 W. Germantown Pike, Suite 400, Plymouth Meeting, PA 19462, or at such other date, time and place as agreed upon by counsel for plaintiffs.

## I.     DEFINITIONS

As used herein:

1.     "Document" or "documents" or "record" or "records" shall mean the following: any medium by which information is recorded, stored, communicated or utilized, including papers (of any kind, type or character) and any method or medium by which information may be communicated, recorded or retrieved by people or by computers.  The term includes, without limitation, drafts and final versions of the following: letters, memoranda, email, text messages, spreadsheets, "white papers," reports, monographs, notes, charts, tables, indexes, blueprints, flow charts, organizational charts, rosters, directories, phone or mailing lists, time slips, personal calendar entries, bills, invoices, photographs, photostats, x-rays, testing instrument or device output if in tangible or electronically recorded form, motion pictures, audiotape, videotape recordings, computer generated material (including, but not limited to, email, whether internet, LAN or intranet), information electronically stored on, for example, computer disks, removable computer storage devices (tapes, Zip drives, Jaz drives, Bernoulli drives, SyQuest, etc.), CD-ROMs, computer tapes, flash drive, SD card and any other form or type of computer storage or retrievable computer data, microfilm and microfiche or any other process by which information is reduced for storage or use.  The term "document" or "documents" is intended to be construed as broadly as possible under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

If the document or information is in a computer or other electronic device readable form, please specify the device or software (including the exact version and release) used to create the information and any encryption program used.  Also, specify any other software, hardware or information such as passwords or user-supplied files that are required or desirable in order to examine and use the information contained on the disks or other storage medium.  Specify the exact configuration of the hardware on which the information was created, including the memory size (and graphics control board in the event the information contains or requires graphics).  Please give the exact name, release and version of the operating system used on the hardware or device.

2.     "Communication(s)" means any manner of transmitting or receiving information, opinions or thoughts, whether orally, in writing or otherwise, including, but not being limited to, conversations (whether face-to-face, by telephone or otherwise), correspondence, memoranda, telexes, telecopies, telegrams, releases, emails or text messages.

3.     "Meeting" shall mean any encounter between two or more persons during which a Communication of any kind occurred and shall include, but not be limited to, formal gatherings, conversations and telephone calls.

4. "Identify" or "identity" used in reference to an individual person means to state his, her or their full name and present or last known address, and email address(es), and phone numbers, and his, her or their present or last known position and business affiliation and his, her or their position.

5. "Identify" or "identity" when used in reference to a document means to state the date and author, type of document (e.g., letter, memorandum, telegram, chart, etc.), or some other means of identifying it, identify its present location or custodian, identify every author whether such person signed the document or not, and identify every other person to whom such document was addressed as well as every other person to whom such document or any copy thereof was given or sent. If any such document was, but is no longer, in your possession, or subject to your control, state what disposition was made of it. Documents prepared prior to or subsequent to the period covered by these Interrogatories but which relate to or refer thereto, are to be included. In addition, whenever your answer refers to a document, please not only identify the document(s), but also produce the document(s) pursuant to the Document Requests being served on you contemporaneously herewith.

6. "Identify" when used with respect to a meeting means to state the nature of the meeting (formal gathering, telephone call, etc.), identify all persons participating, the date, duration, location(s) and state the substance of the discussion.

7. "Or" includes "and," and vice versa.

8. "Plaintiff" or "TSH" refers to the Plaintiff, American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, and its owners, agents, officers, directors, employees, predecessors-in-interest, successors-in-interest representatives, servants, and all other persons acting or purporting to act on its behalf.

9. "Defendants" or "Defendant" shall mean Defendants Manfred Sternberg, Esquire ("Sternberg"), and Manfred Sternberg & Associates, P.C. ("MSA"), and Charlton Holdings Group, LLC ("Charlton" or "CHG"), and Samuel Gross ("Gross"), and Gary Weiss (:Weiss"(, and ASOLARDIAMOND, LLC, d/b/a ASOLAR, LLC ("ASOLAR"), and Daphna Zelaria, Esquire (?Daphna"), and Sokolski & Zekaria, PC ("S&K), or any of them, and each of their respective owners, agents, officers, directors, employees, predecessors-in-interest, successors-in-interest, representatives, servants, heirs, assigns, and all other persons and entities acting or purporting to act on each of their behalf.

10. The "Sternberg Defendants" shall mean Sternberg and MSA, or any of them.

11. The "Gross Defendants" shall mean Gross and Charlton, or any of them.

12. The "Weiss Defendants" shall mean Weiss and ASOLAR, or any of them

13. The "Zekaria Defendants" or "you" or "your" shall mean Daphna, and S&K, or any of them, and each of their respective owners, agents, officers, directors, employees, predecessors-in-interest, successors-in-interest, representatives, servants, heirs, assigns, and all other persons

and entities acting or purporting to act on each of their behalf.

14. "Complaint" shall mean the Complaint filed in this action on or about February 24, 2022 and/or any amendment to the Complaint.

15. "Third-Party Complaint" shall mean the Third-Party Complaint filed by the Gross Defendants against the Third-Party Defendants and any and all amendments thereto

16. "Answer" shall mean the answer filed by each of the Defendants to the Complaint.

17. "Third-Party Answer" shall mean the Third-Party Answer to the Third-Party Complaint filed by the Third-Party Defendants and any and all amendments thereto.

18. "Sale Agreement" shall mean the January 21, 2022 document entitled "Sale and Purchase Agreement" with all Exhibits a copy of which is Exhibit "1" to the Complaint.

19. "Sternberg Escrow Account" shall mean the Sternberg IOLTA-Trust Account further identified in Exhibit "B" of the Sale Agreement.

20. "Escrow Account" or "Your Escrow Account" shall mean the S&K attorney escrow or your other escrow account(s), into which Sternberg made several wire transfers in February of 2022

21. "Test Kits" shall mean iHealth Covid-19 Antigen two-pack test kits which were to be supplied pursuant to the Sale Agreement or the Order or which were to be supplied pursuant to the request of any Defendant.

22. "Order" shall mean TSH's purchase of 151,200 Test Kits in exchange for the payment of $1,965,600.

23. "Escrow Funds" shall mean the $1,965,600.00 amount TSH wire transferred to the Sternberg Defendants' Escrow Account in January 2022.

24. "Counterclaim" shall mean each and every counterclaim asserted by any Defendant in any pleading filed with the Court.

25. "Affirmative Defenses" shall mean each any every affirmative defense asserted by any Defendant in any pleading filed with the Court.

26. "Contact Information" shall mean the complete name of the entity or person to whom the request relates, as well as that person or entity's complete street mailing address and all email addresses, cell phone numbers and other telephone numbers associated with or which relate to either to the person, entity or to any person connected in any way to the entity.

27. "Document Requests" shall mean plaintiff's First Request for Production of Documents to the Zekaria Defendants, served upon you contemporaneously with this discovery

request.

## II.     INSTRUCTIONS

1. You shall answer each Interrogatory separately and fully, unless it is objected to, in which event the reason for the objection shall be stated.

2. To the extent, if at all, that you object to any of the Interrogatories herein, whether in whole or in part, you are to respond to as much of the Interrogatories concerned as to which no objection is asserted.

3. In answering these Interrogatories, you shall furnish all information available to you at the time of answering, and shall supplement your answers upon receipt of any information not previously available, in accordance with the Rules of Court.

4. Except as otherwise specified herein, each of these Interrogatories applies to the time period from December 1, 2021, until the present.

5. Where precise or exact information, data or dates are not available or known, state approximate information, data or dates with an indication that such information, data or dates are approximate rather than exact.

6. When a natural person is required to be identified, state his or her full name, present or last known address (and if last known address, the last known date thereof), present or last known employer, title of job designation and employer and title or job designation at the time of the events referred to in the Interrogatory or answer thereto. In addition to the foregoing, state the person whom he or she was representing or acting for, if any.

7. Where a business organization or governmental entity is required to be identified, state its name, its address, the name and address of each of its agents that acted for it with respect to matters which are relevant to the Interrogatory involved, and its relationship, if any, with you.

8. Where a meeting is required to be identified, with respect to such meeting:

    (a) State the date or dates thereof;

    (b) State the location thereof;

    (c) Identify all individuals who attended or participated in such meeting and all individuals who were asked, invited, or expected to attend such meeting and did not in fact attend;

    (d) State the person on whose behalf each such individual acted or purported to act or was believed to be acting;

    (e) Identify any written or verbal agenda;

   (f) Describe the subject and all matters discussed or mentioned at the meeting; and

   (g) Identify all documents memorializing, referring or relating to such meeting.

 9. In each instance where Interrogatories are answered or information and/or belief, state the basis for such information and/or belief.

 10. In each instance where you deny knowledge or information sufficient to answer an Interrogatory or any part thereof, state the name and address of each person, if any, known or believed to have such knowledge.

 11. Where a communication, statement, discussion, conversation or conference (the use herein of anyone of which shall be deemed to include all others) is required to be identified, with respect to each such communication:

   (a) State by whom and to whom such communication was made;

   (b) State the date and time such communication was made;

   (c) State the location at which such communication was made and, if received at a location other than that at which it was made, state the location or locations at which such communication was received;

   (d) State the manner in which such communication was made (e.g. face-to-face conversation, telephone call, email, text message, etc.);

   (e) State all individuals by whom the communication was heard or overheard;

   (f) State the subject matter and the substance of such communication; and

   (g) Identify all documents memorializing, referring, or relating to such communication.

 12. Where a document is required to be identified, with respect to each such document:

   (a) State the type of document (e.g. letter, financial record, memorandum, report, contract, chart, email, text message, etc.), or some other means of identifying it;

   (b) State the date of the document; if the exact date is unknown, state insofar as possible the approximate date (e.g. "January 1, 2020"; "Second Quarter 2020"); if the date or dates on which the document was prepared, or is believed to have been prepared, state the correct dates of preparation thereof;

   (c) State the author or authors of the document, including all persons who prepared any drafts thereof;

  (d)  State all persons who were sent copies of the document;

  (e)  State the present location of the document and each copy thereof;

  (f)  State the custodian of the document and each copy thereof;

  (g)  If any document is no longer in your possession, custody or control, state whether the document:

    (i)  is missing, lost, or been stolen;

    (ii)  has been destroyed;

    (iii)  has been transferred, voluntarily or involuntarily, to others;

    (iv)  has been otherwise disposed of; and in each such instance, state the date of such disposition, and the manner of and circumstances surrounding such disposition.

  13.  For documents which you have access to, but which were and are not in your possession, custody or control, set forth, in addition to the information indicated above, the circumstances under which you had access to such documents.

  In lieu of identification of a document, you may furnish simultaneously with the filing of your answers to these Interrogatories, such document for inspection and copying by the party propounding these Interrogatories at the offices of Lightman & Manochi, provided that each such document is segregated and identified with respect to each particular Interrogatory requesting identification thereof.

### III.  INTERROGATORIES

  1.  Set forth the date and amount of each sum of money you received from or on behalf of or in escrow for any of the Stenberg Defendants or any of the Weiss Defendants or any of the Gross Defendants or anyone else, during the time period of December 1, 2021, through June 30, 2022 and, for each sum, set forth the date and amount of the sum, how you received such sum (wire, ach, check, etc.) and the reason for your receipt of the sum, identify and produce all documents evidencing each such transfer, pursuant to the Document Requests.

  ANSWER:

2. For each sum of money you received as set forth in your response to Interrogatory 1, set forth the amount of any sum that is still in your possession or control and the bank name, bank branch, street address and account number where the sum is currently being held.

ANSWER:

3. For each sum of money you received as set forth in your response to Interrogatory 1 that is no longer in your possession or control, set forth the date and the person or entity to whom the money was sent, the amount sent, the name of the bank and account number from which the sum was sent, the name of the bank and account number to which the sum was sent, the purpose or reason the money was sent, who authorized you to make such disbursement, and for each person or entity to whom money was sent, provide Contact Information (including without limitation, any funds sent to Aaron Schlesinger, Esquire or his law firm; and/or Ron Kuby, Esquire, or his law firm), and identify and produce all documents evidencing each such transfer, pursuant to the Document Requests.

ANSWER:

4. Identify any and all escrow agreements or retainer agreements or fee agreements between you or your law firm, and any of the Weiss Defendants, and/or any of the Gross Defendants, and/or any of the Sternberg Defendants, and identify and produce all documents evidencing each such agreement, pursuant to the Document Requests.

ANSWER:

5. Describe the full nature and extent of your relationship with each of the Weiss Defendants, and/or each of the Gross Defendants, and/or each of the Sternberg Defendants, and identify and produce all documents evidencing each such relationship, pursuant to the Document Requests.

ANSWER:

6. Identify the dates and amounts of any fees or commissions or other revenue you received or retained from each of the Weiss Defendants, and/or each of the Gross Defendants, and/or each of the Sternberg Defendants, and identify and produce all documents evidencing each such fee or commission or revenue.

ANSWER:

7. Identify any emails or other communications you received from , or that you had with, any of the Sternberg Defendants and/or the Weiss Defendants, and/or the Gross Defendants, authorizing each disbursement you made from your attorney escrow account, including date, and author of each such email or communication (and including the email you told counsel for plaintiff in the phone conversation of October 2, 2023, that Sternberg sent to you in which he stated that you

could release escrow funds because the goods purchased by plaintiff had been delivered to plaintiff or were in transit to plaintiff), and identify and produce all documents evidencing each such communication.

      ANSWER:

8.     Identify all communications and documents that you represented to counsel for plaintiff (in the phone conversation of October 2, 2023) that you had tin your possession or control, that you represented would establish the liability of the Sternberg Defendants, and produce all such documents, pursuant to the Document Requests.

      ANSWER:

9.     Identify all communications and documents that you represented to counsel for plaintiff (in the phone conversation of October 2, 2023) that you had tin your possession or control, that you represented would establish that Sternberg was the "mastermind" of the transactions that are the subject of plaintiff's Complaint, and describe in detail how Sternberg was the "mastermind," and produce all such documents, pursuant to the Document Requests.

      ANSWER:

10. Identify any and all communications including, but not limited to, letters, emails and texts, which reflect, refer or relate to any your receipt of any diamonds and/or gemstones or any other collateral from any Weiss Defendant, including the date and time and where and what you received, and from whom, and for what purpose, and produce all such documents, pursuant to the Document Requests.

    ANSWER:

11. Identify any and all communications including, but not limited to, letters, emails and texts, which reflect, refer or relate to any your subsequent disposition of any diamonds and/or gemstones or any other collateral you received from any Weiss Defendant, including the date and time and where and what you transferred, and to whom, and for what purpose, and produce all such documents, pursuant to the Document Requests.

    ANSWER:

12. Identify each broker or sales agent to whom a commission or other fee was paid or supposed to be paid in connection with the Test Kits purchased by plaintiff, for each such person set forth the amount that was supposed to be paid, and the date paid if payment was made, and provide

11

the Contact Information for each such broker or sales agent, and identify and produce all such documents, pursuant to the Document Requests.

      ANSWER:

13. Identify and describe in detail the nature and extent and disposition of each prior transaction or matter in which you represented or rendered legal advice to any of the Gross Defendants, including dates of such representation or advice, the subject matter of such representation or advice, and how much you were paid for such representation or advice.

      ANSWER:

14. Identify and describe in detail the nature and extent and disposition of each prior transaction or matter in which you represented or rendered legal advice to any of the Weiss Defendants, including dates of such representation or advice, the subject matter of such representation or advice, and how much you were paid for such representation or advice.

      ANSWER:

(You are required to attach a verification to your responses, in compliance with 28 U.S.C. § 1746,

https://www.law.cornell.edu/uscode/text/28/1746 )

|  |  |
|---|---|
|  | LIGHTMAN & MANOCHI |
| Dated: October 3, 2023 | BY:  /s/ Gary Lightman<br>GARY P. LIGHTMAN, ESQUIRE<br>garylightman@lightmanlaw.com<br>GLENN A. MANOCHI, ESQUIRE<br>gmanochi@lightmanlaw.com<br>600 W. Germantown Pike, Suite 400<br>Plymouth Meeting, PA  19462<br>Tel. No.: (215) 545-3000<br><br>Attorneys for Plaintiff |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM**, <br><br> *Plaintiff*, <br><br> v. <br><br> **MANFRED STERNBERG, ESQUIRE and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SHLOMO GROSS a/k/a SAMUEL GROSS and GARY WEISS and ASOLARDIAMOND, LLC d/b/a ASOLAR, LLC and DAPHNA ZEKARIA, ESQUIRE and SOKOLSKI & ZEKARIA, P.C.** <br><br> *Defendants*. | CIVIL ACTION <br><br> No. 2:22-CV-0688 (JMY) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of the foregoing plaintiff's Reply, via ECF and/or via email, as indicated, upon counsel of record for the parties or on pro se parties, on the following persons at the following addresses:

Samuel Gross
Charlton Holdings Group, LLC
78 Buckminster Rd.
Rockville Center, NY 11570
charltonholdinggroupllc@aol.com

Pro Se Defendant
Via email

Seth Laver, Esquire
Jason Kaner, Esquire
Goldberg Segalla
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
slaver@goldbergsegalla.com
jkaner@goldbergsegalla.com
Via ECF and email
Attorneys for the Sternberg Defendants

| | |
|---|---|
| Rebecca J. Price, Esq.<br>Norris McLaughlin P.A.<br>515 Hamilton Street, Suite 502<br>Allentown, PA 18101<br>rprice@norris-law.com<br>wmurphy@norris-law.com<br>Via ECF and email<br><br>Attorneys for Defendants Gary Weiss<br>  and ADIAMONDSOLAR, LLC | Daphna Zekaria, Esquire<br>Sokolski & Zekaria, P.C.<br>267 Main St., 2nd Floor<br>Huntington, NY 11742<br>sokolski.zekaria@mindspring.com<br>Via ECF and email<br><br>Attorney for Defendant Daphna Zekaria<br><br><br>LIGHTMAN & MANOCHI<br><br>BY: /s/ Gary Lightman<br>GARY P. LIGHTMAN, ESQUIRE<br>GLENN A. MANOCHI, ESQUIRE |
| Date: October 4, 2023 | Attorneys for Plaintiff |