IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM**,<br><br>*Plaintiff*,<br><br>v.<br><br>**MANFRED STERNBERG, ESQUIRE and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SHLOMO GROSS a/k/a SAMUEL GROSS and GARY WEISS and ASOLARDIAMOND, LLC d/b/a ASOLAR, LLC and DAPHNA ZEKARIA, ESQUIRE and SOKOLSKI & ZEKARIA, P.C.**<br><br>*Defendants*. | **CIVIL ACTION**<br><br>No. 2:22-CV-0688 (JMY) |

.

**PLAINTIFF'S FIRST REQUEST FOR PRODUCITON OF DOCUMENTS**
**ADDRESSED TO THE ZEKARIA DEFENDANTS**

TO: (1)  Daphna Zekaria, Esquire
    (2)  SOKOLSKI & ZEKARIA, P.C.

VIA EMAIL: Sokolski.Zekaria@mindspring.com

Plaintiff American Environmental Enterprises, Inc. d/b/a TheSafetyHouse.Com, through their counsel, pursuant to Rules 26 et seq and 34 of the Federal Rules of Civil Procedure, requests and demands that each of the Defendants Daphna Zekaria, Esquire ("Daphna"), and SOKOLSKI & ZEKARIA, P.C. ("S&K") (collectively Daphna and S&K are referred to as the "Zekaria

Defendants"), produce each of the documents requested below, within the time prescribed by the Rules of Court. Said documents and the Zekaria Defendants' written answers to these Document Requests, shall be produced on or before November 3, 2023, at 10:00 a.m., in the offices of Lightman & Manochi, 600 W. Germantown Pike, Suite 400, Plymouth Meeting, PA 19462, or at such other date, time and place as agreed upon by counsel for plaintiffs.

## DEFINITIONS

As used herein:

1. "Document" or "documents" or "record" or "records" shall mean the following: any medium by which information is recorded, stored, communicated or utilized, including papers (of any kind, type or character) and any method or medium by which information may be communicated, recorded or retrieved by people or by computers. The term includes, without limitation, drafts and final versions of the following: letters, memoranda, email, text messages, spreadsheets, "white papers," reports, monographs, notes, charts, tables, indexes, blueprints, flow charts, organizational charts, rosters, directories, phone or mailing lists, time slips, personal calendar entries, bills, invoices, photographs, photostats, x-rays, testing instrument or device output if in tangible or electronically recorded form, motion pictures, audiotape, videotape recordings, computer generated material (including, but not limited to, email, whether internet, LAN or intranet), information electronically stored on, for example, computer disks, removable computer storage devices (tapes, Zip drives, Jaz drives, Bernoulli drives, SyQuest, etc.), CD-ROMs, computer tapes, flash drive, SD card and any other form or type of computer storage or retrievable computer data, microfilm and microfiche or any other process by which information is reduced for storage or use. The term "document" or "documents" is intended to be construed as broadly as possible under the Federal Rules of Civil Procedure and Federal Rules of Evidence.

If the document or information is in a computer or other electronic device readable form, please specify the device or software (including the exact version and release) used to create the information and any encryption program used. Also, specify any other software, hardware or information such as passwords or user-supplied files that are required or desirable in order to examine and use the information contained on the disks or other storage medium. Specify the exact configuration of the hardware on which the information was created, including the memory size (and graphics control board in the event the information contains or requires graphics). Please give the exact name, release and version of the operating system used on the hardware or device.

2. "Communication(s)" means any manner of transmitting or receiving information, opinions or thoughts, whether orally, in writing or otherwise, including, but not being limited to, conversations (whether face-to-face, by telephone or otherwise), correspondence, memoranda, telexes, telecopies, telegrams, releases, emails or text messages.

3. "Meeting" shall mean any encounter between two or more persons during which a Communication of any kind occurred and shall include, but not be limited to, formal gatherings, conversations and telephone calls.

4. "Identify" or "identity" used in reference to an individual person means to state his, her or their full name and present or last known address, and email address(es), and phone numbers, and his, her or their present or last known position and business affiliation and his, her or their position.

5. "Identify" or "identity" when used in reference to a document means to state the date and author, type of document (e.g., letter, memorandum, telegram, chart, etc.), or some other means of identifying it, identify its present location or custodian, identify every author whether such person signed the document or not, and identify every other person to whom such document was addressed as well as every other person to whom such document or any copy thereof was given or sent. If any such document was, but is no longer, in your possession, or subject to your control, state what disposition was made of it. Documents prepared prior to or subsequent to the period covered by these Interrogatories but which relate to or refer thereto, are to be included. In addition, whenever your answer refers to a document, please not only identify the document(s), but also produce the document(s) pursuant to the Document Requests being served on you contemporaneously herewith.

6. "Identify" when used with respect to a meeting means to state the nature of the meeting (formal gathering, telephone call, etc.), identify all persons participating, the date, duration, location(s) and state the substance of the discussion.

7. "Or" includes "and," and vice versa.

8. "Plaintiff" or "TSH" refers to the Plaintiff, American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, and its owners, agents, officers, directors, employees, predecessors-in-interest, successors-in-interest representatives, servants, and all other persons acting or purporting to act on its behalf.

9. "Defendants" or "Defendant" shall mean Defendants Manfred Sternberg, Esquire ("Sternberg"), and Manfred Sternberg & Associates, P.C. ("MSA"), and Charlton Holdings Group, LLC ("Charlton" or "CHG"), and Samuel Gross ("Gross"), and Gary Weiss (:Weiss"(, and ASOLARDIAMOND, LLC, d/b/a ASOLAR, LLC ("ASOLAR"), and Daphna Zelaria< Esquire (?Daphna"), and Sokolski & Zekaria, PC ("S&K), or any of them, and each of their respective owners, agents, officers, directors, employees, predecessors-in-interest, successors-in-interest, representatives, servants, heirs, assigns, and all other persons and entities acting or purporting to act on each of their behalf.

10. The "Sternberg Defendants" shall mean Sternberg and MSA, or any of them.

11. The "Gross Defendants" shall mean Gross and Charlton, or any of them.

12. The "Weiss Defendants" shall mean Weiss and ASOLAR, or any of them

13. The "Zekaria Defendants" or "you" or "your" shall mean Daphna, and S&K, or any of them, and each of their respective owners, agents, officers, directors, employees, predecessors-in-interest, successors-in-interest, representatives, servants, heirs, assigns, and all other persons and entities acting or purporting to act on each of their behalf.

14. "Complaint" shall mean the Complaint filed in this action on or about February 24, 2022 and/or any amendment to the Complaint.

15. "Third-Party Complaint" shall mean the Third-Party Complaint filed by the Gross Defendants against the Third-Party Defendants and any and all amendments thereto

16. "Answer" shall mean the answer filed by each of the Defendants to the Complaint.

17. "Third-Party Answer" shall mean the Third-Party Answer to the Third-Party Complaint filed by the Third-Party Defendants and any and all amendments thereto.

18. "Sale Agreement" shall mean the January 21, 2022 document entitled "Sale and Purchase Agreement" with all Exhibits a copy of which is Exhibit "1" to the Complaint.

19. "Sternberg Escrow Account" shall mean the Sternberg IOLTA-Trust Account further identified in Exhibit "B" of the Sale Agreement.

20. "Escrow Account" or "Your Escrow Account" shall mean the S&K attorney escrow or your other escrow account(s), into which Sternberg made several wire transfers in February of 2022.

21. "Test Kits" shall mean iHealth Covid-19 Antigen two-pack test kits which were to be supplied pursuant to the Sale Agreement or the Order or which were to be supplied pursuant to the request of any Defendant.

22. "Order" shall mean TSH's purchase of 151,200 Test Kits in exchange for the payment of $1,965,600.

23. "Escrow Funds" shall mean the $1,965,600.00 amount TSH wire transferred to the Sternberg Defendants' Escrow Account in January 2022.

24. "Counterclaim" shall mean each and every counterclaim asserted by any Defendant in any pleading filed with the Court.

25. "Affirmative Defenses" shall mean each any every affirmative defense asserted by any Defendant in any pleading filed with the Court.

26. "Contact Information" shall mean the complete name of the entity or person to whom the request relates, as well as that person or entity's complete street mailing address and all email addresses, cell phone numbers and other telephone numbers associated with or which relate to

4

either to the person, entity or to any person connected in any way to the entity.

27. "Interrogatories" shall mean plaintiff's First Set of Interrogatories to the Zekaria Defendants, served upon you contemporaneously with this discovery request.

## **INSTRUCTIONS**

1. All information requested is for the period from December 1, 2021, to the present, unless otherwise indicated, or unless necessary to completely answer the Interrogatory or respond to the request for production of documents.

2. To the extent any Document Request is objected to, set forth all reasons therefor. If you claim privilege as a ground for not producing a document in whole or in part, produce a privilege log which among other things, describes the factual basis for your claim or privilege in sufficient detail, so as to permit defendants and the Court to understand and adjudicate the validity of the privilege claim.

3. The following rules of construction apply to all discovery requests, definitions and instructions:

(a) The terms "any," "all," and "each," shall each be construed as encompassing any and all.

(b) The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be outside of its scope.

(c) The use of the singular form of any word includes the plural and vice versa.

4. In addition to answering the Document Requests and to producing the documents and things requested, you are required to serve upon plaintiff, in accordance with the Rules of Civil Procedure, each item or category of each Document Request stating that such documents and things (a) exist and are being produced, (b) do not exist, or (c) exist but are not being produced because of an objection. Each Document Request is to be responded to independently and each numbered response is to be set forth separately. All documents being produced shall be consecutively Bates-stamped or otherwise numbered, and your answer to each Document Request identifying documents, also shall contain specific references to the Bates-stamp or other document number of each document responsive to that particular Document Request. In the event of any objection, the reason for each such objection must be stated, in accordance with instruction no. 3, above, and nos. 4-5, below.

5. If you claim that any information or document or thing responsive to this Document Request is subject to the attorney-client privilege or any other privilege, produce a privilege log in which inter alia you identify the nature of the privilege (including work product), which is being claimed, as to each item of information or document as to which a privilege is being asserted, and if the privilege is governed by state law, indicate the state's privilege rule being invoked; and you

also must provide the following information in your privilege log as to each such document or information and for each such objection: (i) the type of document or information (e.g., letter, memorandum, etc.); and (ii) the general subject matter of the document or alleged privileged information; and (iii) the date of the document or information; and (iv) the author of the document or information, all of the addressees or recipients of the document or information, and any other recipients, and where not apparent, the relationship of the author, address(es), and recipient(s) to each other.

6. Notwithstanding the assertion of any objection, any document or information claimed to be privileged or otherwise protected from discovery that contains non-privileged material should be disclosed, with the purportedly privileged section redacted. The redacted portion should be listed on the privilege log provided by plaintiff under paragraph 5 above, and should be clearly marked "Redacted" on each such document.

7. The original or a duplicate of every document claimed to be privileged or otherwise protected from discovery (in whole or in part) shall be segregated and maintained for inspection by the Court or for production to plaintiff if so ordered.

8. You are required to produce all requested information and/or documents that are in your possession, custody or control. Your search should include, but not be limited to, all desk files, personal files, chronological ("chron") files, personal notes, business diaries and calendars, records of meetings and telephone calls, and e-mail and documents stored in any computer memory (or retrievable by a computer).

9. As used herein, a document is deemed to be in your "possession" or "control" if you have the right to secure the document or a copy thereof from any person or public or private entity having actual possession thereof. Those documents not within your custody or control should be identified as to author, subject matter and location.

10. Electronically stored information as that term is used in the Rules of Civil Procedure and Rules of Evidence should be produced as follows:

(a) TIFFs. All images shall be delivered as single page Group IV TIFF image files. Image file names should not contain spaces.

(b) Unique IDs. Each image should have a unique file name and should be named with the Bates number assigned to it.

(c) Text Files. Extracted full text in the format of multipage text files shall be provided. The total number of text files delivered should match the total number of TIFF files delivered. Each text file should match the respective TIFF filename. Text from redacted pages will be produced in OCR format rather than extracted text.

(d) Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent record) should be preserved.

   (e) Database Load Files/Cross-Reference Files. Records should be provided in a format compatible with Concordance 8x and Opticon 3x.

   (f) Metadata. For records that were originally created using common, off-the-shelf software (e.g., Microsoft Word, Microsoft Excel, Microsoft PowerPoint, Adobe PDF), provide all metadata fields set forth in section (g) below. To the extent e-mail attachments were originally created using common, off-the-shelf software, produce the metadata for those attached electronic records in accordance with section G below.

   (g) Metadata Fields: Custodian, Beginning Bates Number, Ending Bates Number, Beginning Attachment Number, Ending Attachment Number, Record Type, Master_Date, SentOn_Date and Time, Received_Date and TimeCreate Date and Time, Last_Modified Date and Time, Parent Folder, Author, To, From, CC, BCC, Subject/Title, Original Source, Native Path, File Extension, File Name, File Size, and Full Text.

   (h) Spreadsheets. For spreadsheets that were originally created using common, off-the-shelf software (e.g., Microsoft Excel), produce the spreadsheets in native format and, in addition, in TIFF format.

  12. Hard copy documents shall be produced as follows:

   (a) TIFFs. All images shall be delivered as single page Group IV TIFF image files. Image file names should not contain spaces.

   (b) Unique IDs. Each image should have a unique file name and should be named with the Bates number assigned to it.

   (c) OCR. High-quality multi page OCR text should be provided. Each text file should match the respective TIFF filename.

   (d) Database Load File/Cross-Reference Files. Records should be provided in a format compatible with Concordance 8x and Opticon 3x.

   (e) Unitizing of Records. In scanning hard copy records, distinct records should not be merged into a single record, and single records should not be split into multiple records (i.e., hard copy records should be logically unitized).

   (f) Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent record) should be preserved.

   (g) Objective Coding Fields. The following objective coding fields should be provided: Beginning Bates Number, Ending Bates Number, Beginning Attachment Number, Ending Attachment Number, Source/Custodian.

  13. You must comply with the Federal Rules of Civil Procedure by producing the requested documents as they are kept in the usual course of business or by organizing and labeling

them to correspond with the categories in the Document Requests. If any document responsive to any Discovery Request was maintained or kept in a file folder, binder or other storage device that was labeled (or otherwise bore any information), produce the original or a copy of such label (and such information), in a way that defendant can determine the content of the label (or other information) on the file folder, binder or other storage device in which each such responsive document was maintained or kept.

14.     If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by any reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.

15.     If a requested document was, or is no longer in your possession or subject to your control, or is no longer in existence, state whether any such document is: (a) missing or lost; (b) destroyed; (c) transferred to others; or (d) otherwise disposed of.  And in the case of any such instances, also set forth the surrounding circumstances and any authorization for the latter three dispositions; state the date or best approximate date of any such disposition and, if known, the author, subject matter, location and custodian of any such document.

16.     If you do not have in your possession or control any documents which are responsible to a document request, state that no such documents exist.

17.     This Document Request shall be deemed to be continuing in nature in accordance with the Rules of Civil Procedure so as to require supplemental responses and production if you obtain information or documents or discover information or documents covered by any of the Discovery Requests subsequent to your service of a response.

18.     Time Period.   Unless otherwise stated in a discovery request (e.g., by use of the phrase "ever", "without date limitation", or "at any time"), all documents and information requested are for the period commencing December 1, 2021 to the present (the "Time Period"), and include (1) all documents dated, prepared or received during the Time Period; and (2) all documents that relate to, refer to, or contain any information concerning all or any portion of the Time Period, or to any event or circumstance during the Time Period, whether dated, prepared or received before, after or during the Time Period.

19.     You shall number each document being produced, and also shall serve a written response to these Document Requests, identifying, for each Document Request, which document(s) you are producing, and the number of each document responsive to that particular Request.

**DOCUMENTS REQUESTED**

1.     All documents evidencing any wires or other receipts of funds from any of the Sternberg Defendants, or the Gross Defendants, or the Weiss Defendants, or anyone else, pertaining to the purchase of iCovid test kits (whether for plaintiff or another purchaser).

8

2. All documents evidencing any wires or other transfers of funds you made to any of the Sternberg Defendants, or the Gross Defendants, or the Weiss Defendants, or anyone else, pertaining to the purchase of iCovid test kits (whether for plaintiff or another purchaser).

3. All documents requested or identified in the Interrogatories propounded upon you.

4. Your full and complete electronic files and paper file documents for or concerning the Weiss Defendants.

5. Your full and complete electronic files and paper file documents for or concerning the Gross Defendants.

6. Your full and complete electronic files and paper file documents for or concerning or pertaining to the Sternberg Defendants.

7. Any documents for or concerning or pertaining to TSH Invoice No. 18315 attached as the first page of Exhibit "1" to the Complaint.

8. Any documents for or concerning or pertaining to the Sale Agreement.

9. Any documents for or concerning or pertaining to the Order.

10. Any documents for or concerning or pertaining to plaintiff's purchase of or the provision of any Test Kits to plaintiff.

11. Any documents for or concerning or pertaining to the purchase or acquisition of any Test Kits by any Defendant.

12. All Documents and Communications pertaining to your receipt of any money from any Defendant during the time period of December 1, 2021, through June 30, 2022, for the purchase of Test Kits or otherwise, including without limitation: (a) each of the monthly bank statements for each applicable bank account; and (b) all Documents showing each deposit made into such bank account; and (c) all Documents showing each wire-transfer or other withdrawal from such bank account for the purchase of Test Kits or otherwise; and all Documents identifying to whom each such outgoing wire-transfer or withdrawal was sent, and why.

13. All Documents and Communications you had with any manufacturer or vendor or shipper or any other person or entity in connection with any of the 151,200 Test Kits which are the subject of the instant lawsuit.

14. Any and all Documents which reflect, refer or relate to the shipping of any Covid test kits purchased by plaintiff from December 1, 2022 through June 30, 2022, including, but not limited to, any warehouse or storage facility, and bills of lading, and Contact Information for any such warehouse or storage facility.

15. Any and all Documents which reflect, refer or relate to the sale of any Covid test kits by any Defendant to any person or entity during the time period of December 1, 2021 through June 30, 2022, including but not limited to, purchase orders, sale agreements and bills of lading.

16. All documents evidencing any Communications including, but not limited to, emails and text messages, between any you and any Sternberg Defendant, which in any way reflect, refer or relate to the purchase or sale of any Test Kit, between December 1, 2021 and June 30, 2022.

17. All documents evidencing any Communications including, but not limited to, emails and text messages, between any you and any Weiss Defendant, which in any way reflect, refer or relate to the purchase or sale of any Test Kit, between December 1, 2021 and June 30, 2022.

18. All documents evidencing any Communications including, but not limited to, emails and text messages, between any you and any Gross Defendant, which in any way reflect, refer or relate to the purchase or sale of any Test Kit, between December 1, 2021 and June 30, 2022.

19. All documents and Communications including, but not limited to, emails and text messages, between you and any Weiss Defendant and/or any common carrier which in any way reflect, refer or relate to the issuance of any and all bills of lading for any Test Kits between December 1, 2021 and June 30, 2022.

20. All Communications including, but not limited to, emails and text messages, between ASOALR and any common carrier which in any way reflect, refer or relate to the issuance of any and all bills of lading for any Test Kits purchased by plaintiff, between December 1, 2021, and June 30, 2022.

21. A true and correct complete copy of each and every actual bill of lading issued for any Test Kits purchased by plaintiff, between December 1, 2021, and June 30, 2022, and all Documents showing when each bill of lading was issued and from whom.

22. Any and all bills of sale issued by or to any Weiss Defendant or any Gross Defendant for Test Kits between December 1, 2021, and June 30, 2022, including all Documents showing when each bill of sale was issued, by whom, and the manner in which each such bill of sale was sent to the Defendant.

23. All Communications including, but not limited to, emails and text messages, which in any way reflect, refer or relate to Sternberg's February 8, 2022 email (attached as Exhibit "3" to the Complaint) that the Test Kits were "in route for delivery as previously directed," including without limitation: the identity of the manufacturer or supplier of those Test Kits; and the number of Test Kits that were "in route for delivery;" and who supplied that information to Sternberg; and the Bill of Lading issued for that shipment.

24. All Communications including, but not limited to, emails and text messages, between you and/or any Defendant and the individual known as "Shraga" which in any way reflect, refer or relate to the delivery of any Test Kits to TSH.

25. All Documents which in any way set forth, refer or relate to the Contact Information for "Shraga."

26. All documents and Communications including, but not limited to, emails and text messages, between you and/or any of the Defendants which in any way reflect, refer, or relate to the delivery of any Test Kits to Plaintiff on or about February 17, 2022.

27. All documents and Communications including, but not limited to, emails and text messages, between any of the Third-Party Defendants and any of the Defendants which in any way reflect, refer, or relate to the delivery of the Test Kits to Plaintiff at any time.

28. Any and all documents and Communications including, but not limited to, letters, emails and texts, which reflect, refer or relate to any request made by any Defendant for diamonds and/or gemstones or any other collateral from any Weiss Defendant.

29. Any and all documents and Communications including, but not limited to, letters, emails and texts, which reflect, refer or relate to any your receipt of any diamonds and/or gemstones or any other collateral from any Weiss Defendant.

30. Any and all documents and Communications including, but not limited to, letters, emails and texts, which reflect, refer or relate to any your subsequent disposition of any diamonds and/or gemstones or any other collateral from any Weiss Defendant.

31. Third-Party Defendant for payments made by any Defendant or attorney Daphna Zekaria to any Third-Party Defendant for Test Kits.

32. Any and all Documents and Communications including, but not limited to, letters, emails and texts, which reflect, refer or relate to any collateral provided by any Third-Party Defendant, or entity related to any Third-Party Defendant, for payments made by any Defendant or attorney Daphna Zekaria to any Third-Party Defendant for Test Kits.

33. Any and all Documents and Communications including, but not limited to, letters, emails and texts, which reflect, refer or relate to the type and/or nature of any collateral provided by any Third-Party Defendant, or entity related to any Third-Party Defendant, for payments made by any Defendant or attorney Daphna Zekaria to any Third-Party Defendant for Test Kits

34. Any and all Documents and Communications including, but not limited to, letters, emails and texts, which reflect, refer or relate to any receipts provided by any Defendant for any collateral obtained from any Third-Party Defendant, or entity related to any Third-Party

Defendant, for payments made by any Defendant or attorney Daphna Zekaria to any Third-Party Defendant for Test Kits.

35. All Documents which in any way reflect, refer or relate to the expiration dates of the Test Kits shipped or proposed to be shipped to Plaintiff.

36. Any and all Documents which in any way reflect, refer or relate to the names, addresses and current location of any person that has knowledge of any claim asserted by any party in this action.

37. Complete copies of all expert reports and drafts of expert reports.

38. Any and all statements or drafts of statements obtained from any person that is in any way related to any claim or defense asserted by any party in this action.

39. Any and all Documents which any Third-Party Defendant provided to any expert witness or potential expert witness in this action.

40. Any and all Documents used or to be used by any expert in this action.

41. The curriculum vitae or resume of all expert witnesses.

42. All Documents which refer, reflect or relate to any claim of damages you allegedly suffered.

43. All Documents which support the allegations in any Answer filed, or to be filed, by any Third-Party Defendant to Defendants' Third-Party Complaint.

44. All Documents which support the allegations of any Affirmative Defense filed, or to be filed, by any Third-Party Defendant to Defendants' Third-Party Complaint

45. All Documents which support the allegations of any Counterclaim filed, or to be filed, by any Third-Party Defendant to Defendants' Third-Party Complaint

46. All Documents upon which any Third-Party Defendant will rely or will introduce as evidence or as an exhibit at trial.

47. All Documents upon which any Third-Party Defendant will rely or will introduce as evidence or as an exhibit at trial, in support of each of Defendant's Affirmative Defenses.

48. All Documents which reflect, refer or relate to any Communications by or between you and any of the Defendants regarding Plaintiff.

49. All Documents which reflect, refer or relate to any Communication between you and any other person or entity concerning Plaintiff.

50. Any and all Documents provided by you to any other party in this action.

51. Any and all Documents provided to you by any other party in this action.

52. Full and complete copies of each and every Third-Party Defendant insurance policy (including all declaration pages and amendments thereto) which covers or may cover any claims that Defendants have asserted against the Third-Party Defendants in this action or which Plaintiff has asserted against the Defendants.

53. For the time period of February 24, 2012 through the present, all Documents in the possession or control of any Third-Party Defendant pertaining to any fraud or breach of contract claims made by any other person or entity or their attorney, against any of the Third-Party Defendants, and Documents pertaining to any Communications and/or settlement negotiations involving any such person or entity, including without limitation: VRC Medical Supplies; and Hand Safety, LLC; and David Wright and/or DKW Consulting LLC.

54. For the time period of February 24, 2012 through the present, all Documents in the possession or control of any Third-Party Defendant identifying or pertaining to any criminal charges asserted against Weiss, including Documents pertaining to any charges of or conviction for embezzlement or larceny or any other crime, and/or probation in connection therewith.

55. For the time period of February 24, 2012 through the present, all Documents in the possession or control of any Third-Party identifying or pertaining to any criminal charges asserted against ASOLAR, including documents pertaining to any charges of or conviction for embezzlement or larceny or any other crime, and/or probation in connection therewith.

56. Regardless of time period, all Documents in the possession or control of any Third-Party Defendant identifying or pertaining to any disciplinary inquiry, complaint or proceeding brought against any Sternberg Defendant in any jurisdiction which in any way relates to any license to practice law of any Sternberg Defendant.

57. All Documents requested in or responsive to, any of the Interrogatories dated of even date herewith and accompanying these Document Requests.

                            LIGHTMAN & MANOCHI

Dated: October 3, 2023         BY: _____
                                                       GARY P. LIGHTMAN, ESQUIRE
                                          garylightman@lightmanlaw.comm
                                          GLENN A. MANOCHI, ESQUIRE
                                          gmanochi@lightmanlaw.com
                                          W. LYLE STAMPS, ESQUIRE
                                          wlstamps@lightmanlaw.com
                                          600 W. Germantown Pike, Suite 400

                                                          Plymouth Meeting, PA 19462
                                                          Tel. No.: (215) 545-3000

                                                          Attorneys for Plaintiff

E:\SCULLY\STERNBERG\DOCS\P DOC RQTS TO TPD-23-3-7