IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM :<br><br>Plaintiff, :<br><br>v. :<br><br>MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.<br><br>Defendants. : | CIVIL ACTION<br><br>No. 2022-cv-00688 (JMY) |

**NOTICE OF PLAINTIFF'S MOTION TO COMPEL ORAL DEPOSITIONS FROM DEFENDANTS DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI & ZEKARIA, P.C. TO BE CONDUCTED IN THE COURTROOM, AND FOR SANCTIONS**

**TO:** Daphna Zekaria, Esquire, defendant
Sokolski & Zekaria, P.C., defendant
c/o Patrick Healey, Esquire
Cathleen Kelly Rebar, Esquire
VIA EMAIL: phealey@rebarkelly.com
and crebar@rebarkelly.com
Attorneys for the Zekaria Defendants

**PLEASE TAKE NOTICE** that plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Motion to Compel Oral Depositions from defendants Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C., (the "Zekaria Defendants"), to be conducted in the Courtroom, and for Sanctions (the "Motion"), by reason of the Zekaria Defendants' wrongful conduct during their depositions started on April 2, 2024, and the continuing

refusal and failure of said deponents to answer proper questions, and because the Court Reporter stopped transcribing the deposition after two hours because she stated could not certify the record being made, pursuant to Rules 33 and 37 of the Federal Rules of Civil Procedure, and plaintiff seeks the entry of an Order in the proposed form of Order accompanying this Motion; compelling the oral depositions of the Zekaria Defendants to be continued in the Courtroom where this action is pending, and imposing sanctions against the Zekaria Defendants, and in support of its Motion, plaintiff will rely upon the accompanying Motion (with exhibit) and Memorandum of Law.

**TAKE FURTHER NOTICE** that if you desire to oppose the relief sought in this Motion, you must file your written response with the Court and serve a copy of same upon undersigned counsel. In the absence of such timely filed and served response, the Court may, upon consideration of the Motion, grant the relief requested by plaintiff in the Motion.

ORAL ARGUMENT IS REQUESTED BY PLAINTIFF IF THIS MOTION IS OPPOSED.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Telephone: 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date: April 3, 2024                    Attorneys for plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM** : : : : **CIVIL ACTION** **Plaintiff,** : : **No. 2022-cv-00688 (JMY)** v. : **MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.** : : : : : : : : : : : : **Defendants.** : | |

**MOTION TO COMPEL ORAL DEPOSITIONS FROM DEFENDANTS DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI &
ZEKARIA, P.C. TO BE CONDUCTED IN THE COURTROOM,
AND FOR SANCTIONS**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Motion to Compel Oral Depositions from defendants Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C., (the "Zekaria Defendants"), to be conducted in the Courtroom, and for Sanctions (the "Motion"), by reason of the Zekaria Defendants' wrongful conduct during their depositions started on April 2, 2024, and the continuing refusal and failure of the Zekaria Defendants to answer proper questions, and because the Court Reporter stopped transcribing the Zekaria deposition after two hours because she stated could not certify the record being made,

3

pursuant to Rules 33 and 37 of the Federal Rules of Civil Procedure, and in support of its Motion, plaintiff states as follows:

## I. BACKGROUND FACTS

1. Plaintiff instituted this action on February 23, 2022.

2. This case involves a significant financial fraud perpetrated upon plaintiff by and between the Defendants, wherein plaintiff was induced to purchase 151,200 boxes of iCovid Kits (the "COVID Test Kits") for $1,965,600.00 – plaintiff paid the $1,965,600.00 purchase price to defendants, but did not receive the COVID Test Kits, and has not gotten back the purchase price it paid for those COVID Test Kits.

3. Plaintiff was induced to pay the $1,965,600.00 purchase price into the attorney escrow account of the Sternberg Defendants, based upon the representations of the Gross and Sternberg Defendants that the COVID Test Kits would be shipped to plaintiff forthwith, and that the $1,965,600.00 purchase price would not be released from escrow unless and until Defendants supplied plaintiff with a Bill of Sale, as well as a Bill of Lading from a recognized common carrier evidencing that the goods were owned by and in transit to plaintiff.

4. On January 21, 2022, in reliance upon Defendants' aforesaid representations, plaintiff wired the $1,965,600.00 purchase price into the attorney escrow account of the Sternberg Defendants, and also emailed plaintiff's Purchase Order #18315 to Defendants for the COVID Test Kits – plaintiff's Purchase Order expressly stated, "deliver by 1/25/22." *See*, ECF 80, Amended Complaint, at ¶¶ 23-29, and Exhibit "1" to the Complaint (plaintiff's Purchase Order #18315).

5. Not only did the Purchase Order signed by plaintiff require delivery by January 25, 2022, but the Sale and Purchase Agreement signed by plaintiff clearly and unequivocally provides

in paragraph 6 that "Title transfer shall happen contemporaneously with funds being released [from the Sternberg attorney escrow account] to Seller. *See*, Exhibit "1" to Amended Complaint [ECF 80].

6. When the Defendants failed to timely deliver the iCovid test kits ordered by plaintiff, on February 16, 2022, plaintiff notified Defendants in writing that it canceled the purchase, and demanded the immediate return of the $2 million purchase price paid to the Sternberg Defendants in escrow.

7. To date, over two years later, Defendants have failed to return the $1,965,600.00 purchase price to plaintiff, and they also failed to deliver the COVID Test Kits as promised.

8. The Defendants now have had possession of plaintiff's monies -- almost Two Million Dollars -- for over two years.

9. The discovery deadline in this case currently is July 19, 2024 [ECF 154].

**FACTS RELEVANT TO MOTION TO
COMPEL DEPOSITIONS IN THE COURTHOUSE**

10. On February 17, 2024, plaintiff served counsel for the Zekaria Defendants with plaintiff's Notice of Oral Depositions, With Request for Production of documents, scheduling the in-person oral depositions of the Zekaria Defendants for March 8, 2024.

11. On March 6, 2024, counsel for the Zekaria Defendants contacted undersigned counsel and requested that the depositions scheduled for March 8, 2024, be re-scheduled.

12. By agreement of the parties, the depositions of the Zekaria Defendants were re-scheduled to commence on April 2, 2024, at 10:00 a.m.

13. On March 8, 2024, plaintiff served counsel for the Zekaria Defendants with plaintiff's Amended Notice of Oral Depositions of the Zekaria Defendants, With Request for

Production of Documents (the "3/8/24 Deposition Notice"), re-scheduling the in-person oral depositions of the Zekaria Defendants for April 2, 2024.

14. A true and correct copy of the 3/8/24 Deposition Notice served on the Zekaria Defendants, through their counsel, on March 8. 2024, is attached to this Motion as Exhibit "A" and made a part hereof.

15. The 3/8/24 Deposition Notice set forth the numerous topics that would be covered at the 4/2/24 deposition of the corporate Zekaria Defendant.  *See* Exhibit "A" attached to this Motion.

16. At no time did counsel for the Zekaria Defendants serve any objection or otherwise object to any of the topics set forth in the 3/8/24 Deposition Notice.

17. On April 2, 2024, the morning of the scheduled deposition, at approximately 7:30 a.m., undersigned counsel received a phone call from Patrick Healey, Esquire, counsel for the Zekaria Defendants, who informed undersigned counsel that the depositions of the Zekaria Defendants scheduled for that morning needed to be cancelled because "Daphna Zekaria missed her train."

18. Undersigned counsel objected to said counsel's attempt to unilaterally cancel the depositions scheduled that morning – undersigned counsel stated that he had spent most of the previous day preparing for the Zekaria deposition, and that a Court Reporter had been arranged, and that defendant Gary Weiss had informed undersigned counsel that he was planning to travel from his home in Elizabeth, New Jersey, to be present for the deposition of the Zekaria Defendants that morning.

19. Undersigned counsel requested that counsel for the Zekaria Defendants immediately contact Daphna Zekaria, and tell her to take the next train, or arrange for an Uber to bring her to the depositions, even if it meant delaying the start time of the deposition.

20. Counsel for the Zekaria Defendants called undersigned counsel back a few minutes later, and informed the undersigned that he had spoken to Daphna Zekaria, and that she was en route, and that the start time for the deposition would be delayed until 12 noon.

21. Undersigned counsel then contacted other counsel, and the Court Reporter, and defendant Gary Weiss, to inform them about the delayed start time (Gary Weiss already was en route to the deposition location).

22. Daphna Zekaria arrived shortly after noon, and her deposition started at 12:07 p.m.

23. Almost from the outset of the deposition, Ms. Zekaria, who is a practicing attorney for 27 years, failed to conduct herself in accordance with the Rules of Court:

(a) Ms. Zekaria gave a rambling speech, even before any questioning started, stating that she was not going to answer questions beyond the limited areas she identified in her speech, and that stated that she thought were the only proper areas for questions.

(b) Ms. Zekaria continually interrupted undersigned counsel, giving rambling answers even before undersigned counsel could finish the questions, and many of which answers were not even responsive to the questions asked.

(c) Even after undersigned counsel repeatedly (and nicely) asked Ms. Zekaria to stop interrupting and wait until the question was asked before responding, Ms. Zekaria continued to interrupt undersigned counsel, and give her answer to many, many questions, even before undersigned counsel could finish the questions.

(d) Ms. Zekaria on many occasions stated "objection" and refused to answer many questions, *sua sponte* and without being informed to do so by her attorney, who attended the deposition on her behalf – Ms. Zekaria simply stated "objection" and refused to answer even basic questions like: (1) where do you reside? and (2) does your husband live with you? and (3) do you represent defendant Gary Weiss in any other matters?

24. The Court Reporter had to take several breaks, and complained that because people continually were talking at one time, she would not be able to certify the record of the deposition being made.

25. At 1:50 p.m., Tate & Tate Court Reporters sent me the following text message:

> "Gary. The court reporter is not handling this deposition well. She is not going to certify it if there isn't some structure. Everyone is talking over one another and she can not produce a record. There has to be more control because she has called me several times. Please understand that in order to produce a record that there has to order and the court reporter needs everyone to speak one at a time."

26. Shortly after that, at approximately 2 p.m., the Court Reporter gave up, and stated that she could not continue to transcribe the deposition, and would not be able to certify the record, and the deposition ended at that point and was continued.[1]

27. Plaintiff believes and thus respectfully submits that the aforesaid conduct of the deponent, Daphna Zekaria, Esquire, was obdurate and obstreperous and wrongful, and not in compliance with her discovery obligations, especially inasmuch as Ms. Zekaria is a practicing attorney and should know better.

---

[1] Plaintiff intends to supplement this Motion by submitting the transcription of the 4/2/24 deposition, in whatever form, when produced by the Court Reporter.

28. Plaintiff respectfully submits that the aforesaid conduct of the Zekaria Defendants is wrongful, and without legal justification or excuse, and in violation of the Zekaria Defendants' discovery obligations under the Rules of Court.

29. Immediately after the deposition was ended, undersigned counsel spoke with counsel for the Zekaria Defendants, and requested that the continued deposition be re-convened in the Judge's Courtroom, so that the Judge could control the conduct of the deponent, *i.e.*, by instantly ruling when the deponent *sua sponte* stated "objection" and simply refused to answer proper questions, and by preventing the deponent from continually interrupting the questions and giving responses before the questions were completed.

30. Counsel for the Zekaria Defendants agreed to produce Zekaria for her continued deposition, but objected to having the deposition occur in the Judge's Courtroom.

31. When asked how counsel would be able to prevent a recurrence of what occurred at the 4/2 deposition, counsel had no answer other than his hope that Ms. Zekaria would not refuse to answer proper questions, and would not interrupt the questioning, the next time around.

32. Counsel believes and fears that unless the continued deposition is re-convened in the Judge's Courtroom, Ms. Zekaria will continue her wrongful conduct when the deposition is reconvened.

33. Rule 37(a)(5) of the Federal Rules of Civil Procedure provides in relevant part that if a Motion to compel discovery "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must [not may], after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 35(a)(5), Fed.R.Civ.P.

34. Counsel for plaintiff has incurred attorney fees of approximately $2,000.00, in connection with the failed 4/2/24 deposition, including in communicating with counsel for the Zekaria Defendants to try to amicably resolve this dispute, and in researching and drafting the instant Motion, and in wasting two hours of attorney time taking a deposition that cannot be certified by the Court Reporter, and for the expected transcript costs of that record, and plaintiff seeks an award of $2,000.00 against the Zekaria Defendants in connection with this Motion, pursuant to Rule 35(a)(5).

### RELIEF REQUESTED

35. Plaintiff respectfully submits that the Court should enter the proposed Order accompanying this Motion, compelling the Zekaria Defendants to appear for their continued oral deposition in the Judge's Courtroom, so that the Court can control the conduct of the deponent, *i.e.*, by instantly ruling when the deponent *sua sponte* states "objection" and simply refuses to answer proper questions, and by preventing the deponent from continually interrupting the questions and giving responses before the questions are completed.

WHEREFORE, plaintiff respectfully requests that the Court enter an Order which: (a) compels each of the Zekaria Defendants, on a date at the Court's convenience, to appear for their continued oral depositions in the Judge's Courtroom; and (b) sanctions the Zekaria Defendants for their wrongful conduct as set forth above in this Motion, in the amount of $2,000.00; and (c) grants

to plaintiff with such other and further relief as the Court deems just and proper.

                                                   Respectfully submitted,

                                                   LIGHTMAN & MANOCHI

                                                 BY: /s/ Gary P. Lightman
                                                 GARY P. LIGHTMAN, ESQUIRE
                                                 GLENN A. MANOCHI, ESQUIRE
                                                 Identification Nos. 28529 & 64223
                                                 600 W. Germantown Pike, Suite 400
                                                 Plymouth Meeting, PA 19462
                                                 Telephone: 215-760-3000
                                                 garylightman@lightmanlaw.com
                                                 gmanochi@lightmanlaw.com

Date:  April 3, 2024                                 Attorneys for plaintiff


## EXHIBITS TO MOTION TO COMPEL DEPOSITIONS IN THE COURTHOUSE

| EXHIBIT | DESCRIPTION |
|---|---|
| "A" | 3/8/24 Amended Notice of Oral Depositions of the Zekaria Defendants, With Request for Production of Documents |

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM** : : : : **Plaintiff,** : : v. : : **MANFRED STERNBERG, ESQUIRE,** : **and MANFRED STERNBERG &** : **ASSOCIATES, PC, and CHARLTON** : **HOLDINGS GROUP, LLC, and** : **SAMUEL GROSS a/k/a SHLOMO** : **GROSS, and GARY WEISS,** : **and ASOLARDIAMOND, LLC a/k/a,** : **ASOLAR. LLC, and DAPHNA** : **ZEKARIA, ESQUIRE, and SOKOLSKI** : **& ZEKARIA, P.C.** : : **Defendants.** : | **CIVIL ACTION** **No. 2022-cv-00688 (JMY)** |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO COMPEL ORAL DEPOSITIONS FROM DEFENDANTS DAPHNA
ZEKARIA, ESQUIRE AND SOKOLSKI &
ZEKARIA, P.C. TO BE CONDUCTED IN THE COURTROOM
AND FOR SANCTIONS**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Memorandum of Law in support of its Motion to Compel Oral Depositions from defendants Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C., (the "Zekaria Defendants"), to be conducted in the Courtroom, and for Sanctions (the "Motion"), by reason of the Zekaria Defendants' wrongful conduct during the depositions that started on April 2, 2024, and the continuing refusal and failure of said deponent to answer proper questions, and because the Court Reporter stopped transcribing the Zekaria deposition after two hours because she stated could not certify the record being made, pursuant to Rules 33 and 37 of the Federal Rules of Civil Procedure.

12

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff incorporates by reference herein, the facts and procedural background set forth in its accompanying Motion, as if fully set forth at length herein.

## LEGAL ARGUMENT IN SUPPORT OF MOTION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Rule 26(b)(1), Fed.R.Civ.P. Hassel v. Centric Bank, 2022 U.S. Dist. LEXIS 92580 *5-6 (M.D. PA. 2022).

Relevance is generally "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id*, citing Oppenheimer Funds, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Rule 33 of the Federal Rules of Civil Procedure authorizes a party to serve Interrogatories upon another party in a federal court lawsuit, such as plaintiff served on Defendants in the instant case. Rule 33, Fed.R.Civ.P. The number of Interrogatories served may exceed 25 in number where, as in the instant case, the parties stipulated to that (and defendants also served Interrogatories in excess of 25 upon plaintiff in this case). *Id*.

Rule 34 of the Federal Rules of Civil Procedure authorizes a party to serve Document Requests upon another party in a federal court lawsuit, such as plaintiff served on Defendants in the instant case. Rule 34, Fed.R.Civ.P.

Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document requests or interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii-iv).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides in relevant part that a party may move for an Order compelling discovery if the party upon whom a discovery request is served fails to comply and produce the requested discovery. Rule 35(a)(1), Fed.R.Civ.P.

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides in relevant part that if a Motion to compel discovery "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must [not may], after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 35(a)(5), Fed.R.Civ.P.

The undersigned counsel for movant conferred in good faith with counsel for the Third Party Defendants, to obtain the discovery requested in this Motion, without success.

In the instant case, Daphna Zekaria, Esquire acted wrongfully at her deposition which started on April 2, 2024. Almost from the outset of the deposition, Ms. Zekaria, who is a practicing attorney for 27 years, failed to conduct herself in accordance with the Rules of Court:

  (e) Ms. Zekaria gave a rambling speech, even before any questioning started, stating that she was not going to answer questions beyond the limited areas she identified in her speech and that she stated that she thought were the only proper areas for questions.

  (f) Ms. Zekaria continually interrupted undersigned counsel, giving rambling answers even before undersigned counsel could finish the questions, and many of which answers were not even responsive to the questions asked.

14

      (g)      Even after undersigned counsel repeatedly (and nicely) asked Ms. Zekaria to stop interrupting and wait until the question was asked before responding, Ms. Zekaria continued to interrupt undersigned counsel, and give her answer to many, many questions, even before undersigned counsel could finish the questions.

      (h)      Ms. Zekaria on many occasions stated "objection" and refused to answer many questions, *sua sponte* and without being instructed to do so by her attorney, who attended the deposition on her behalf – Ms. Zekaria simply stated "objection" and refused to answer even basic questions like: (1) where do you reside? and (2) does your husband live with you? and (3) do you represent defendant Gary Weiss in any other matters?

The Court Reporter had to take several breaks, and complained that because people continually were talking at one time, she would not be able to certify the record of the deposition being made. At 2 pm, the Court Reporter ended the deposition, stating that she would be unable to certify the transcript. Plaintiff believes and thus respectfully submits that the aforesaid conduct of the deponent, Daphna Zekaria, Esquire, was dilatory and obdurate and obstreperous and wrongful, and not in compliance with her discovery obligations, especially inasmuch as Ms. Zekaria is a practicing attorney and should know better.

Plaintiff respectfully submits that the aforesaid conduct of the Zekaria Defendants is wrongful, and without legal justification or excuse, and in violation of the Zekaria Defendants' discovery obligations under the Rules of Court.

Immediately after the deposition was ended, undersigned counsel spoke with counsel for the Zekaria Defendants, and requested that the continued deposition be re-convened in the Judge's Courtroom, so that the Judge could control the conduct of the deponent, *i.e.*, by instantly ruling when the deponent *sua sponte* stated "objection" and simply refused to answer proper questions,

15

and by preventing the deponent from continually interrupting the questions and giving responses before the questions were completed.

Counsel for the Zekaria Defendants agreed to produced Zekaria for her continued deposition, but objected to having the deposition occur in the Judge's Courtroom. When asked how counsel would be able to prevent a recurrence of what occurred at the 4/2 deposition, counsel had no answer other than his hope that Ms. Zekaria would not refuse to answer proper questions, and would not interrupt the questioning, the next time around.

Counsel believes and fears that unless the continued deposition is re-convened in the Judge's Courtroom, that the deponent will continue her wrongful conduct at the continued deposition.

### **RELIEF REQUESTED**

Plaintiff respectfully submits that the Court should enter the proposed Order accompanying this Motion, compelling the Zekaria Defendants to appear for their continued oral deposition in the Judge's Courtroom, so that the Court can control the conduct of the deponent, *i.e.*, by instantly ruling when the deponent *sua sponte* states "objection" and simply refuses to answer proper questions, and by preventing the deponent from continually interrupting the questions and giving responses before the questions are completed.

WHEREFORE, plaintiff respectfully requests that the Court enter an Order which: (a) compels each of the Zekaria Defendants, on a date at the Court's convenience, to appear for their continued oral depositions in the Judge's Courtroom; and (b) sanctions the Zekaria Defendants for their wrongful conduct as set forth above in this Motion, in the amount of $2,000.00; and (c) grants

to plaintiff with such other and further relief as the Court deems just and proper.

                                    Respectfully submitted,

                                    LIGHTMAN & MANOCHI

                                    BY: /s/ Gary P. Lightman  
                                    GARY P. LIGHTMAN, ESQUIRE  
                                    GLENN A. MANOCHI, ESQUIRE  
                                    Identification Nos. 28529 & 64223  
                                    600 W. Germantown Pike, Suite 400  
                                    Plymouth Meeting, PA 19462  
                                    215-760-3000  
                                    garylightman@lightmanlaw.com  
                                    gmanochi@lightmanlaw.com

Date:  April 3, 2024                     Attorneys for plaintiff

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy Plaintiff's Motion to Compel Depositions From the Zekaria Defendants in the Courthouse and for Sanctions via ECF, and/or email upon the following:

| | |
|---|---|
| Seth Laver, Esquire<br>Goldberg Segalla<br>1700 Market Street, Suite 1418<br>Philadelphia, PA 19103-3907<br>slaver@goldbergsegalla.com<br>Jross@goldbergsegalla.com | Gary Weiss<br>437 1st Avenue<br>Elizabeth, NJ 07206<br>wgary4109@gmail.com<br>monipair@aol.com |
| Samuel Gross<br>a/k/a Shlomo Gross<br>78 Buckminster Road<br>Rockville Centre, NY 11570<br>charltonholdinggroupllc@aol.com<br>publicdiamonds@gmail.com<br>Scg1212@gmail.com<br>Samrosinc@icloud.com | Patrick Healey, Esquire<br>Cathleen Kelly Rebar, Esquire<br>Rebar Kelly<br>Blue Bell Executive Campus<br>470 Norristown Road, Suite 201<br>Blue Bell, PA  19422<br>phealey@rebarkelly.com<br>crebar@rebarkelly.com |

                                                                          LIGHTMAN & MANOCHI

                                                                          BY: /s/ Gary P. Lightman
                                                                          GARY P. LIGHTMAN, ESQUIRE

Date :  April 3, 2024                       Attorneys for Plaintiff