**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THE SAFETYHOUSE.COM,<br><br>    Plaintiff,<br><br>v.<br><br>MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SHLOMO GROSS a/k/a SAMUEL GROSS, and GARY WEISS, and A.SOLAR, LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.<br><br>    Defendants | CIVIL ACTION<br><br>No. 2:22-CV-0688 (JMY) |

**ANSWER OF DEFENDANTS, DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C. TO PLAINTIFF'S MOTION TO COMPEL ORAL DEPOSITIONS FROM DEFENDANTS DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI & ZEKARIA, P.C. TO BE CONDUCTED IN THE COURTROOM, AND FOR SANCTIONS**

Defendants, Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C. (hereinafter referred to as "Answering Defendants"), by and through their attorneys, Rebar Kelly, hereby file this within Answer to Plaintiff's Motion to Compel Oral Depositions from Defendants Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C. to be Conducted in the Courtroom, and for Sanctions and in support thereof state as follows:

1.     Admitted.

2.     Denied.  The Plaintiff's Complaint, as a written document, speaks for itself.  By way of further answer, Answering Defendants deny that they engaged in any fraud relating to the transaction alleged in Plaintiff's Complaint.

1

3.     Denied.  The Plaintiff's Complaint, as a written document, speaks for itself.  By way of further answer, Answering Defendants deny that they engaged in any fraud relating to the transaction alleged in Plaintiff's Complaint.

4.     Denied.  The Plaintiff's Complaint, as a written document, speaks for itself.  By way of further answer, Answering Defendants deny that they engaged in any fraud relating to the transaction alleged in Plaintiff's Complaint.

5.     Denied.  The Plaintiff's Complaint, as a written document, speaks for itself.  By way of further answer, Answering Defendants deny that they engaged in any fraud relating to the transaction alleged in Plaintiff's Complaint.

6.     Denied.  The Plaintiff's Complaint, as a written document, speaks for itself.  By way of further answer, Answering Defendants deny that they engaged in any fraud relating to the transaction alleged in Plaintiff's Complaint.

7.     Denied.  The Plaintiff's Complaint, as a written document, speaks for itself.  By way of further answer, Answering Defendants deny that they engaged in any fraud relating to the transaction alleged in Plaintiff's Complaint.

8.     Denied.  The allegations of this paragraph are specifically denied. By way of further answer, Answering Defendants deny that they engaged in any fraud relating to the transaction alleged in Plaintiff's Complaint.

9.     Admitted.

## FACTS RELEVANT TO MOTION TO COMPEL DEPOSITIONS IN THE COURTHOUSE

10.    Admitted.

11.    Admitted.

12.    Admitted.

13.     Denied.  The Amended Notice, as a written document, speaks for itself.

14.     Denied.  The Amended Notice, as a written document, speaks for itself.

15.     Denied.  The Amended Notice, as a written document, speaks for itself.

16.     Denied.  The allegations of this paragraph constitute legal conclusions which will be deemed to be denied without further response.

17.     Denied as stated.   On the morning of April 2, 2024, counsel for Answering Defendants called counsel for Plaintiff to inform him that Ms. Zekaria has missed her train and would not make the 10:00 a.m. start time.  Various options as to what should be done were discussed, including rescheduling or moving the deposition to a later time.

18.     Denied as stated.  Counsel for Plaintiff did not want to reschedule the deposition and offered to move the start time of the deposition to 12 noon at his Country Club.

19.     Denied as stated.  Please see the response to paragraph 17.

20.     Admitted.   The deposition was rescheduled to 12 noon at Plaintiff's counsel's Country Club.

21.     Denied.    After reasonable investigation, Answering Defendants are without sufficient knowledge or information to allow them to form a belief as to the truth of the averments contained in this paragraph.

22.     Admitted.

23.     Denied as stated.  Counsel for Plaintiff attempts to minimize his own role in contributing to the Court reporter's inability to certify the record and the ending of the deposition. The conduct of Counsel for Plaintiff was a significant contributing factor to the ending of the deposition.

     a.     While Ms. Zekaria did give a statement prior to the actual commencement of questioning and indicated that she would not answer questions that

concerned attorney client privilege, much of her "statement" was an apology for being late to the deposition and the mental health issues from which she is currently suffering, of which she wanted counsel to be aware.

b.     Counsel for Plaintiff consistently and continuously talked over Ms. Zekaria before she could completely answer his questions;

c.     At times, Counsel for Plaintiff spoke to Ms. Zekaria in an aggressive tone and continued to interrupt Ms. Zekaria, despite the Court Reporter's request that he stop this conduct;

d.     While Ms. Zekaria refused to answer certain questions that, in retrospect, should have been answered, she did object and refuse to answer certain questions which were clearly protected by attorney-client privilege.

24.     Admitted.  The Court Reporter indicated on several occasions that she could not properly transcribe Ms. Zekaria's testimony because neither Ms. Zekaria nor Plaintiff's counsel would allow each other to complete their sentences.

25.     Denied.  After reasonable investigation, Answering Defendants are without sufficient knowledge or information to allow them to form a belief as to the truth of the averments contained in this paragraph.  However, it is interesting that the Court reporter **hired by Plaintiff's counsel** did not place the blame for her inability to properly transcribe the record solely on Ms. Zekaria, as she noted that "**[e]veryone is talking over one another…**" [Emphasis added].

26.     Admitted.  However, with regard to the transcript, it is of little use if the Court reporter cannot certify it.

27.     Denied.  Answering Defendants deny the allegations of this paragraph for the reasons set forth in the preceding paragraphs.  Counsel for Plaintiff is severely downplaying his own role in the inability of the Court reporter to certify the record.  When undersigned counsel reminded him that his own conduct was a significant contributing factor of the ending of the deposition, he stated that while he may have acted like a "high schooler," Ms. Zekaria acted like a

"kindergartener."  Undersigned counsel reminded counsel for Plaintiff that it has been a long time since he has been in high school.

28.     Denied.  Answering Defendants deny the allegations of this paragraph for the reasons set forth in the preceding paragraphs.

29.     Admitted.

30.     Admitted.  Having a deposition conducted in the Courtroom before the Judge, a deposition that could potentially last the entire day, would be unprecedented and a waste of the resources of this Court.  If counsel for Plaintiff has issue with Ms. Zekaria's responses and objections to his questions, he can bring a Motion before the Court.

31.     Denied as stated.  Undersigned counsel also asked counsel for Plaintiff if he would be willing to modify his own conduct at the continued deposition and allow Ms. Zekaria to completely answer his questions and he had no answer.

32.     Denied.  Answering Defendants deny the allegations of this paragraph.  While Undersigned counsel fears that counsel for Plaintiff will not alter his conduct at the continued deposition, Undersigned counsel believes that the continued deposition can take place without needing to have it in the Courtroom.

33.     Denied.  The allegations of the paragraph constitute legal conclusions which will be deemed to be denied without further response.

34.     Denied.  Answering Defendants deny the allegations of this paragraph for the reasons set forth in the preceding paragraphs.  Counsel for Plaintiff is severely downplaying his own role in the inability of the Court reporter to certify the record and admitted that he acted like a "high schooler" throughout the deposition.  Undersigned counsel indicated his willingness to produce Ms. Zekaria for a continued deposition without the need for Court intervention, but

counsel for Plaintiff refused to do this.  Plaintiff must not be allowed to recover costs when counsel for Plaintiff's conduct was a significant contributing factor to the Court reporter's inability to certify the transcript and the ending of the deposition.

## **REILEF SOUGHT**

35.    Denied.  Answering Defendants deny the allegations of this paragraph for the reasons set forth in the preceding paragraphs.  By his own admission, the conduct of Plaintiff's counsel was a significant contributing factor in the ending of the deposition.  There is no need to waste the resources of the Court by having the deposition in the Courtroom and having the Judge preside.  Plaintiff has cited no case law to warrant such a determination.  If Plaintiff feels that an answer or objection is improper, he can bring it before the Court at the proper time via Motion.

WHEREFORE, defendants, Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C., respectfully request that this Honorable Court deny Plaintiff's Motion and issue an appropriate Order forthwith.

**REBAR KELLY**

Cathleen Kelly Rebar, Esquire (ID # 82872)
Patrick J. Healey, Esquire (ID# 63155)
470 Norristown Road
Suite 201
Blue Bell, PA  19422
(484) 344-5340
Attorneys for Defendants, Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C.

**DATE:**        **April 5, 2024**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THE SAFETYHOUSE.COM,<br><br>          Plaintiff,<br><br>          v.<br><br>MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SHLOMO GROSS a/k/a SAMUEL GROSS, and GARY WEISS, and A.SOLAR, LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.<br><br>          Defendants | CIVIL ACTION<br><br>No. 2:22-CV-0688 (JMY) |

**MEMORANDUM OF LAW OF DEFENDANTS, DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C. IN SUPPORT OF THEIR ANSWER TO PLAINTIFF'S MOTION TO COMPEL ORAL DEPOSITIONS FROM DEFENDANTS DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI & ZEKARIA, P.C. TO BE CONDUCTED IN THE COURTROOM, AND FOR SANCTIONS**

**FACTUAL BACKGROUND**

Answering Defendants incorporate their Answers to Paragraphs 1 through 35 of Plaintiff's Motion as thought they were fully set forth herein at length.

**ARGUMENT**

Counsel for Plaintiff attempts to minimize his own role in contributing to the Court reporter's inability to certify the record and the ending of the deposition. The conduct of Counsel for Plaintiff was a significant contributing factor to the ending of the deposition, which was noted by the Court reporter. Plaintiff's counsel asked questions which were clearly objectionable and he admitted that he acted like a "high schooler" during the deposition.

1

Conducting a potentially all-day deposition in the Courtroom would be a waste of the Court's time and resources.  Plaintiff has cited no authority to warrant such a determination.  If Plaintiff feels that an answer or objection is improper, he can bring it before the Court at the proper time via Motion.

The granting of Plaintiff's request for attorney's fees and sanctions is also unwarranted. There was no need to file this Motion.  Undersigned counsel indicated his willingness to produce Ms. Zekaria for a continued deposition without the need for Court intervention, but counsel for Plaintiff refused to do this.  Plaintiff also comes to the Court with unclean hands, as Plaintiff's counsel's own conduct was a significant contributing factor to the Court reporter's inability to certify the record and the ending of the deposition. Plaintiff cannot be awarded attorneys fees and sanctions under these circumstances.

**CONCLUSION**

For all of the above stated reasons, defendants, Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C., respectfully request that this Honorable Court deny Plaintiff's Motion and issue an appropriate Order forthwith.

REBAR KELLY

Cathleen Kelly Rebar, Esquire (ID # 82872)
Patrick J. Healey, Esquire (ID# 63155)
470 Norristown Road
Suite 201
Blue Bell, PA  19422
(484) 344-5340
Attorneys for Defendants, Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C.

**DATE:**          **April 5, 2024**

2