IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM**, <br><br> *Plaintiff*, <br><br> v. <br><br> **MANFRED STERNBERG, ESQUIRE and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SHLOMO GROSS a/k/a SAMUEL GROSS and GARY WEISS and A.SOLAR, LLC and DAPHNA ZEKARIA, ESQUIRE and SOKOLSKI & ZEKARIA, P.C.** <br><br> *Defendants*. | CIVIL ACTION <br><br> No. 2:22-CV-0688 (JMY) |

### PLAINITFF'S OPPOSITION TO THE MOTION OF REBAR KELLY TO WITHDRAW AS COUNSEL FOR DEFENDANTS DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI & ZEKARIA, P.C.

American Environmental Enterprises, Inc., d/b/a TheSAFETYHOUSE.com, plaintiff herein ("SAFETY HOUSE" or "Plaintiff"), through its counsel, Lightman & Manochi, by way of opposition to the Motion (the "Motion") of movant Rebar Kelly ("Movant") to Withdraw as Counsel for Defendants Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C. (collectively, the "Zekaria Defendants"), and states as follows:

#### RELEVANT BACKGROUND FACTS

1. Plaintiff instituted this action over two years ago, on February 23, 2022.

2. This case involves a significant financial fraud perpetrated upon Plaintiff by and between the Zekaria Defendants and the other Defendants, wherein Plaintiff was induced to purchase

151,200 boxes of iCovid Kits (the "COVID Test Kits") for $1,965,600.00 – Plaintiff paid the $1,965,600.00 purchase price to Defendants, but did not receive the COVID Test Kits, and has not gotten back the purchase price it paid for those COVID Test Kits.

3. Plaintiff was induced to pay the $1,965,600.00 purchase price into the attorney escrow account of the Sternberg Defendants, based upon the representations of the Gross and Sternberg Defendants that the COVID Test Kits would be shipped to plaintiff forthwith, and that the $1,965,600.00 purchase price would not be released from escrow unless and until Defendants supplied plaintiff with a Bill of Sale, as well as a Bill of Lading from a recognized common carrier evidencing that the goods were owned by and in transit to Plaintiff.

4. On January 21, 2022, in reliance upon Defendants' aforesaid representations, Plaintiff wired the $1,965,600.00 purchase price into the attorney escrow account of the Sternberg Defendants, and also emailed plaintiff's Purchase Order #18315 to Defendants for the COVID Test Kits – plaintiff's Purchase Order expressly stated, "deliver by 1/25/22." *See*, ECF 80, Amended Complaint, at ¶¶ 23-29, and Exhibit "1" to the Complaint (plaintiff's Purchase Order #18315).

5. Not only did the Purchase Order signed by Plaintiff require delivery by January 25, 2022, but the Sale and Purchase Agreement signed by Plaintiff clearly and unequivocally provides in paragraph 6 that "Title transfer shall happen contemporaneously with funds being released [from the Sternberg attorney escrow account] to Seller. *See*, Exhibit "1" to Amended Complaint [ECF 80].

6. When the Defendants failed to timely deliver the iCovid test kits ordered by plaintiff, on February 16, 2022, Plaintiff notified Defendants in writing that it canceled the

purchase and demanded the immediate return of the $2 million purchase price paid to the Sternberg Defendants in escrow.

7. To date, over two years later, Defendants have failed to return the $1,965,600.00 purchase price to Plaintiff, and they also failed to deliver the COVID Test Kits as promised.

8. The Defendants now have had possession of Plaintiff's monies -- almost Two Million Dollars -- for over two years.

9. During the course of discovery in the instant action, Plaintiff has obtained documents from Defendants which show that the Zekaria Defendants received wire transfers from the Sternberg Defendants in the total amount of $2,351,960.00, and that the Zekaria Defendants retained at least $120,000.00 as their "fee" -- but the Zekaria Defendants have failed and refused to account for all of the balance of the funds wired to them.

10. In addition, the Zekaria Defendants released monies from their attorney escrow account, without performing any due diligence, let alone obtaining assurances that the test kits purchased by Plaintiff actually had been acquired by the Defendants and were being shipped to Plaintiff.

## RESPONSE TO MOTION TO WITHDRAW

11. Plaintiff objects to the Motion to Withdraw to the extent Movant and the Zekaria Defendants seeks a stay of all proceedings while the Zekaria Defendants locate new counsel. *See,* the form of order accompanying their Motion.

12. This is especially so since this case has been pending for over two years, and has previously been stayed, twice, to afford other Defendants the opportunity to obtain replacement counsel (which replacement counsel said Defendants failed to procure).

13. Plaintiff submits there is no reason why the case should be stayed, and Movant does

not state in the Motion why the case should be stayed.

14. Moreover, any stay would simply further delay the resolution of the dispute and further prejudice Plaintiff.

15. The withdrawal of counsel for the Zekaria Defendants should be conditioned upon them procuring replacement counsel, who enters their appearance as their replacement counsel, contemporaneously with the withdrawal of their current counsel.

16. Plaintiff also opposes the instant Motion by counsel for the Zekaria Defendants, to withdraw their appearance, unless the Zekaria Defendants are required to procure replacement counsel who enters their appearance as replacement counsel for them, within fourteen (14) days.

17. Plaintiff also will be prejudiced if counsel for corporate defendant Sokolski & Zekaria, PC ("S&K"), is allowed to withdraw as counsel and no replacement counsel contemporaneously enters an appearance, especially since S&K is a corporate entity, and is not permitted under the Rules of Court from representing itself *pro se* in this lawsuit.

18. Counsel for the Zekaria Defendants is well aware that their corporate client cannot represent itself, and that their withdrawal will leave S&K unable to make any filings in this instant matter or appear for any hearing because a corporation may appear in court only through an attorney at law admitted to practice before the Court. *See* Simbraw, Inc. v. United States, 367 F. 2d 373 (3rd Cir. 1966); MOVE Organization v. Department of Justice, 555 F. Supp. 684 (E.D. Pa. 1983).

19. Accordingly, allowing counsel for S&K to withdraw without requiring S&K to immediately obtain new counsel, and imposing significant sanctions on it if it does not, will only unnecessarily delay the resolution of this action, and further prejudice Plaintiff.

20. Plaintiff submits those sanctions should be in the form of an Order striking any responsive pleading the Zekaria Defendants have filed to the First Amended Complaint, and

4

entering a default judgment against them for the full amount claimed by Plaintiff ($1,965,600.00), as requested in the Amended Complaint, without prejudice to Plaintiff's right to seek an additional Judgment for punitive damages against the Zekaria Defendants at trial.  *See* Eveready Battery Co. v. Clements Export & Import, Inc., C.A. No. 91-5156, 1991 U.S. Dist. LEXIS 14197, at *1 (E.D. Pa. Oct. 2, 1991) (striking answer filed by corporate defendant without counsel).  *See also* Walacavage v. Excell 2000, 331 Pa. Super. 137, 144, 480 A.2d 281, 285 (1984) (dismissing matter where corporation failed to obtain replacement counsel because "it is likewise the law of Pennsylvania that a corporation may appear and be represented in our courts only by an attorney duly admitted to practice. We further hold that this requirement does not deny corporations due process or the equal protection of the laws. Neither does it deprive corporations or their officers and shareholders of any other constitutional or statutory rights they enjoy as corporate and natural persons, respectively.").

21. The same relief (requiring replacement counsel to be procured under penalty of a default Judgment) was ordered by the Court when counsel for the Weiss Defendants was permitted to withdraw as their counsel.  *See* ECF 133, and 145-146.

22. Plaintiff further opposes the Motion to the extent the Court does not order movant and the Zekaria Defendants: (a) to provide all parties with the street addresses, telephone numbers and email addresses for each of the Zekaria Defendants; and (b) to notify all parties in writing whenever any of that information changes.

23. Plaintiff respectfully submits the Court must add these protections to ensure that the Plaintiff and other parties in the instant action can notify the Zekaria Defendants of all events concerning this action.  Such an Order will prevent the situation that has resulted when the Court allowed the withdrawal of counsel for the Gross Defendants [*see* ECF 55].  To date, over one year

5

after the Court entered the Order that permitted counsel for the Gross Defendants to withdraw, the Gross Defendants still have not obtained replacement counsel and these Defendants have simply stopped communicating with Plaintiff.

WHEREFORE, Plaintiff respectfully requests the Court condition any grant of the Motion, requiring the Zekaria Defendants to obtain replacement counsel within fourteen (14) days, and resulting in the entry of a default judgment for compensatory damages in the amount of $1,965,600 as requested by Plaintiff in the Amended Complaint (without prejudice to Plaintiff's right to seek an additional Judgment at trial for punitive damages, as requested in the Amended Complaint) , as set forth in the form of Order submitted with Plaintiff's opposition to the Motion, and award Plaintiff its attorney's fees and costs, and grant Plaintiff such other and further relief as the Court deems just and proper.

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
PA Identification Nos. 28529 & 64423
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Telephone: 215-545-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  April 18, 2024                Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy Plaintiff's Response to the Motion of counsel for the Zekaria Defendants to Withdraw, via ECF, and/or email upon the following:

Seth Laver, Esquire
Joseph Ross, Esquire
Goldberg Segalla
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
slaver@goldbergsegalla.com
Jross@goldbergsegalla.com

Gary Weiss
437 1st Avenue
Elizabeth, NJ 07206
wgary4109@gmail.com
monipair@aol.com

Samuel Gross
a/k/a Shlomo Gross
78 Buckminster Road
Rockville Centre, NY 11570
charltonholdinggroupllc@aol.com
publicdiamonds@gmail.com
Scg1212@gmail.com
Samrosinc@icloud.com

Patrick Healey, Esquire
Cathleen Kelly Rebar, Esquire
Rebar Kelly
Blue Bell Executive Campus
470 Norristown Road, Suite 201
Blue Bell, PA  19422
phealey@rebarkelly.com
crebar@rebarkelly.com

                LIGHTMAN & MANOCHI

                BY: /s/ Gary P. Lightman
                GARY P. LIGHTMAN, ESQUIRE

Date :  April 18 2024        Attorneys for Plaintiff