**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMERICAN ENVIRONMENTAL** | : | |
| **ENTERPRISES, INC., d/b/a** | : | |
| **THESAFETYHOUSE.COM** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 2022-cv-00688 (JMY)** |
| **v.** | : | |
| | : | |
| **MANFRED STERNBERG, ESQUIRE,** | : | |
| **and MANFRED STERNBERG &** | : | |
| **ASSOCIATES, PC, and CHARLTON** | : | |
| **HOLDINGS GROUP, LLC, and** | : | |
| **SAMUEL GROSS a/k/a SHLOMO** | : | |
| **GROSS, and GARY WEISS,** | : | |
| **and ASOLARDIAMOND, LLC a/k/a,** | : | |
| **ASOLAR. LLC, and DAPHNA** | : | |
| **ZEKARIA, ESQUIRE, and SOKOLSKI** | : | |
| **& ZEKARIA, P.C.** | : | |
| | : | |
| **Defendants.** | : | |

**NOTICE OF PLAINTIFF'S CROSS-MOTION FOR CONTEMPT AGAINST AND TO
COMPEL DISCOVERY FROM DEFENDANTS DAPHNA ZEKARIA, ESQUIRE AND
SOKOLSKI & ZEKARIA, P.C. AND FOR SANCTIONS**

**TO:**  Daphna Zekaria, Esquire
Sokolski & Zekaria, P.C.
c/o Patrick Healey, Esquire
Cathleen Kelly Rebar, Esquire
VIA EMAIL: phealey@rebarkelly.com
and crebar@rebarkelly.com


**PLEASE TAKE NOTICE** that plaintiff American Environmental Enterprises, Inc. d/b/a

THE SAFETY HOUSE.COM, hereby files this Cross-Motion for Contempt Against and to

Compel Discovery (the "Cross-Motion") from defendants Daphna Zekaria, Esquire and Sokolski

& Zekaria, P.C., G (the "Zekaria Defendants"), and for Sanctions, by reason of the Zekaria

Defendants' intentional and willful violation of this Court's April 1, 2024, Order compelling

discovery against the Zekaria Defendants, and their willful refusal and failure to fully respond to plaintiff's discovery requests, and comply with the Rules of Court governing discovery, pursuant to Rules 33 and 34 and 37 of the Federal Rules of Civil Procedure, and plaintiff, at the hearing already scheduled in this case on June 13, 2024, will seek the entry of an Order in the proposed form of Order accompanying this Cross-Motion, finding the Zekaria Defendants to be in contempt of Court, and compelling discovery from and imposing sanctions against the Zekaria Defendants, and in support of its Cross-Motion, plaintiff will rely upon the accompanying Motion (with exhibits) and Memorandum of Law.

**TAKE FURTHER NOTICE** that if you desire to oppose the relief sought in this Cross-Motion, you must timely file your written response with the Court and serve a copy of same upon undersigned counsel, pursuant to the Rules of Court.  In the absence of such timely filed and served response, the Court may, upon consideration of the Cross-Motion, grant the relief requested by plaintiff in the Cross-Motion.

ORAL ARGUMENT ON PLAINTIFF'S CROSS-MOTION IS REQUESTED BY PLAINTIFF AT THE HEARING ALREADY SCHEDULED IN THIS CASE ON JUNE 13, 2024.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Tel. No. 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  May 28, 2024                    Attorneys for plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL** : | |
| **ENTERPRISES, INC., d/b/a** : | |
| **THESAFETYHOUSE.COM** : | |
| : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| : | **No. 2022-cv-00688 (JMY)** |
| **v.** : | |
| : | |
| **MANFRED STERNBERG, ESQUIRE,** : | |
| **and MANFRED STERNBERG &** : | |
| **ASSOCIATES, PC, and CHARLTON** : | |
| **HOLDINGS GROUP, LLC, and** : | |
| **SAMUEL GROSS a/k/a SHLOMO** : | |
| **GROSS, and GARY WEISS,** : | |
| **and ASOLARDIAMOND, LLC a/k/a,** : | |
| **ASOLAR. LLC, and DAPHNA** : | |
| **ZEKARIA, ESQUIRE, and SOKOLSKI** : | |
| **& ZEKARIA, P.C.** : | |
| : | |
| **Defendants.** : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR PROTECTIVE ORDER BY, AND PLAINTIFF'S CROSS-MOTION FOR CONTEMPT AGAINST AND TO COMPEL DISCOVERY FROM,  DEFENDANTS DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI & ZEKARIA, P.C. AND FOR SANCTIONS**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Response in Opposition to the Motion for Protective Order (the "Motion") [ECF 166] filed by defendants Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C., (the "Zekaria Defendants"); plaintiff also files plaintiffs' Cross-Motion for Contempt Against and to Compel Discovery From the Zekaria Defendants, and for Sanctions, by reason of the Zekaria Defendants' willful refusal and failure to comply with this Court's April 1, 2024, Order compelling discovery from the Zekaria Defendants, and said defendants' willful failure and refusal to fully respond to plaintiff's discovery requests propounded upon the Zekaria Defendants, and their failure and refusal to comply with the Rules of Court governing discovery, pursuant to Rules 33 and 34 and

37 of the Federal Rules of Civil Procedure, and in support of its Response opposing the Motion of the Zekaria Defendants, and plaintiff's Cross-Motion, plaintiff states as follows:

## BACKGROUND FACTS

1.       Plaintiff instituted this action on February 23, 2022.

2.       This case involves a significant financial fraud perpetrated upon plaintiff by and between the Defendants, wherein plaintiff was induced to purchase 151,200 boxes of iCovid Kits (the "COVID Test Kits") for $1,965,600.00 – plaintiff paid the $1,965,600.00 purchase price to defendants, but did not receive the COVID Test Kits, and has not gotten back the purchase price it paid for those COVID Test Kits.

3.       Plaintiff was induced to pay the $1,965,600.00 purchase price into the attorney escrow account of the Sternberg Defendants, based upon the representations of the Gross and Sternberg Defendants that the COVID Test Kits would be shipped to plaintiff forthwith, and that the $1,965,600.00 purchase price would not be released from escrow unless and until Defendants supplied plaintiff with a Bill of Sale, as well as a Bill of Lading from a recognized common carrier evidencing that the goods were owned by and in transit to plaintiff.

4.       On January 21, 2022, in reliance upon Defendants' aforesaid representations, plaintiff wired the $1,965,600.00 purchase price into the attorney escrow account of the Sternberg Defendants, and also emailed plaintiff's Purchase Order #18315 to Defendants for the COVID Test Kits – plaintiff's Purchase Order expressly stated, "deliver by 1/25/22." *See*, ECF 80, Amended Complaint, at ¶¶ 23-29, and Exhibit "1" to the Complaint (plaintiff's Purchase Order #18315).

5.       Not only did the Purchase Order signed by plaintiff require delivery by January 25, 2022, but the Sale and Purchase Agreement signed by plaintiff clearly and unequivocally provides

in paragraph 6 that "Title transfer shall happen contemporaneously with funds being released [from the Sternberg attorney escrow account] to Seller. *See*, Exhibit "1" to Amended Complaint [ECF 80].

6.      When the Defendants failed to timely deliver the iCovid test kits ordered by plaintiff, on February 16, 2022, plaintiff notified Defendants in writing that it canceled the purchase and demanded the immediate return of the $2 million purchase price paid to the Sternberg Defendants in escrow.

7.      To date, over two years later, Defendants have failed to return the $1,965,600.00 purchase price to plaintiff, and they also failed to deliver the COVID Test Kits as promised.

8.      The Defendants now have had possession of plaintiff's monies -- almost Two Million Dollars -- for over two years.

9.      Records produced in discovery show that the Sternberg Defendants wired in excess of 42.3 million to the Zekaria Defendants, but the Zekaria Defendants have failed and refused to account for all of said wire transfers.

10.      The discovery deadline in this case currently is July 19, 2024 [ECF 154].

### FACTS RELEVANT TO ZEKARIA MOTION
### AND PLAINTIFF'S CROSS MOTION

11.      By Order dated April 1, 2024 [ECF 159], this Court granted plaintiff's Motion to Compel Discovery from the Zekaria Defendants [ECF 156], and said 4/1/24 Order compelled the Zekaria Defendants to provide full and complete verified answers without objection to the Interrogatories propounded by plaintiff upon the Zekaria Defendants, and also to produce all documents responsive to the Requests for Production of Documents propounded by plaintiff upon the Zekaria Defendants.

12.     A true and correct copy of the Court's 4/1/24 Order is attached to this Cross-Motion as Exhibit "A" and made a part hereof.

13.     The Zekaria Defendants are in contempt of the Court's 4/1/24 Order – the Zekaria Defendants to date have willfully and intentionally failed and refused to provide full and complete verified answers without objection to the Interrogatories propounded by plaintiff upon the Zekaria Defendants, and also have willfully and intentionally failed and refused to produce all documents responsive to the Requests for Production of Documents propounded by plaintiff upon the Zekaria Defendants.

14.     Plaintiff's counsel has tried many, many times, without success to obtain from the Zekaria Defendants, full and complete answers of the Zekaria Defendants to plaintiff's Interrogatories, as well as to obtain all of the documents responsive to plaintiff's Document Requests (and in particular, the February 2022 retainer/escrow agreement that both the Zekaria Defendants and Gary Weiss have admitted was created by Zekaria, but to date no one has produced; and complete escrow records from the Zekaria Defendants), and also to re-schedule the Zekaria deposition, all without success.

15.     On April 1, 2024, plaintiff's counsel wrote an email to counsel for the Zekaria Defendants expressly reminding Zekaria to bring a copy of the February 2022 retainer/escrow agreement with her, to her deposition scheduled for April 2, 2024.  *See*, the 4/1/24 email attached as part of Exhibit "B" to this pleading.

16.     In that same 4/1/24 email, plaintiff's counsel also expressly reminded Zekaria to bring with her to her 4/2 deposition, all of her attorney escrow records (Zekaria received in excess of $2.3 million wired to her from the Sternberg Defendants in this case, but to date, Zekaria has

failed and refused to account for all of said proceeds she received).  *See*, the 4/1/24 email attached as part of Exhibit "B" to this pleading.

17.     However, Zekaria failed to produce the February 2022 retainer/escrow agreement, and she also failed to produce all of her attorney escrow records, as requested, and as required by the Court's 4/1/24 Order, and Zekaria to date has failed and refused to produce those documents, in violation of, and in contempt of, the Court's 4/1/24 Order.

18.     The 4/1/24 Court Order (copy attached as Exhibit "A" to this pleading) compelled the Zekaria Defendants to produce all of the aforesaid discovery within 10 days, or by April 11, 2024.

19.     When counsel for the Zekaria Defendants requested an extension of that Court deadline, undersigned counsel responded by agreeing to extend the deadline, provided that the Zekaria Defendants immediately produced the February 2022 retainer/escrow agreement.  *See* Exhibit "B" attached to this pleading, a true and correct copy of the 4/11/24 email from plaintiff's counsel to counsel for the Zekaria Defendants.

20.     The Zekaria Defendants not only rejected that offer and failed to provide that February 2022 retainer/escrow agreement, but they just unilaterally ignored the Court's deadline in the 4/1/24 Order – they failed to comply with that Court-Ordered deadline.

21.      Instead, the Zekaria Defendants made a supplemental discovery production on April 15, 2024 – but that supplemental discovery production was deficient, and failed to comply with the Court's 4/1/24 Order.

22.      Plaintiff's counsel sent to counsel for the Zekaria Defendants an email dated April 15, 2024, setting forth the deficiencies in the supplemental discovery responses of the Zekaria Defendants (the "Deficiency List").

23.     True and correct copies of the April 15, 2024 email, and the Deficiency List, sent on April 15, 2024, by plaintiff's counsel to counsel for the Zekaria Defendants, are attached to this Cross-Motion as Exhibits "C" and "D:" respectively.

24.     True and correct copies of the Zekaria Defendants' supplemental (and deficient) responses to the Interrogatories and Document Requests, to which the Deficiency List addresses, are attached to this Cross-Motion as Exhibits "E" and "F" respectively.

25.     Counsel for the Zekaria Defendants never responded to the 4/15/24 Deficiency List, and to date, the Zekaria Defendants have willfully failed and refused to supplement their deficient discovery responses, and also have willfully failed and refused to produce all of the responsive documents, in violation of and in contempt of, the Court's 4/1/24 Order.

26.     Plaintiff also has tried several times – all unsuccessfully – to re-schedule the deposition of the Zekaria Defendants.

27.     Plaintiff initially scheduled the Zekaria deposition for March 8, 2024. *See* the 2/8/24 email from plaintiff's counsel to counsel for the Zekaria Defendants, a copy of which is attached to this pleading as Exhibit "G."

28.     In that March 8, 2024 email, plaintiff's counsel expressly requested that Zekaria produce the February 2022 retainer/escrow agreement, as well as full and complete discovery responses. *See* Exhibit "G" hereto.

29.     The Zekaria deposition then was re-scheduled to April 2, 2024, but Zekaria failed to produce at her 4/2/24 deposition, either the February 2022 retained/escrow agreement, or her complete escrow records.[1]

_____

[1] The fiasco that occurred at the initial Zekaria deposition on April 2, 2024 (deposition transcript attached hereto as Exhibit "H"), when Zekaria first showed up two hours late, and then unilaterally refused to answer proper deposition questions, and then continually interrupted and disrupted the deposition, to the point

30.     Counsel for plaintiff tried several times, both by telephone and by email, to get available dates for the re-scheduled deposition of Zekaria. *See, e.g.*, the 4/19/24 email from plaintiff's counsel to counsel for the Zekaria defendants, a copy of which is attached to this pleading as Exhibit "I" and the 4/27/24 email from plaintiff's counsel to counsel for the Zekaria defendants, a copy of which is attached to this pleading as Exhibit "J."

31.     When counsel for the Zekaria Defendants refused to provide available dates for Zekaria's deposition, on April 29, 2024, counsel for plaintiff then served an Amended Notice of Deposition, re-scheduling the deposition of Zekaria for May 14, 2024. *See*, Exhibit "K" attached to this pleading, the 4/29/24 email from plaintiff's counsel to counsel for the Zekaria Defendants, with said Amended Deposition Notice.

32.     Without first obtaining, let alone moving for a protective order, counsel for the Zekaria Defendants simply informed plaintiff's counsel that Zekaria would not be appearing for her deposition as scheduled for May 14, 2024, because of said counsel's Motion to Withdraw.

33.     Plaintiff's counsel then informed counsel for the Zekaria Defendants that there was no rule or statute or caselaw that would allow a defendant unilaterally to stop participating in as lawsuit merely because of the pendency of a Motion to Withdraw as counsel. *See*, Exhibit "L" attached to this pleading, the May 6, 2024, email from plaintiff's counsel to counsel for the Zekaria Defendants.

34.     In that 5/6/24 email, plaintiff's counsel once again offered to re-schedule the Zekaria deposition if counsel for the Zekaria Defendants would provide alternate dates.  See, Exhibit "L."

---

where the Court Reporter could not continue with the deposition, was the subject of plaintiff's Motion to Compel Deposition in the Court Room [ECF 160].

35.     Counsel for the Zekaria Defendants failed to provide any additional dates and once again, without first obtaining, let alone moving for a protective order, Zekaria simply failed to appear for her deposition as scheduled for May 14, 2024.

36.     Plaintiff's counsel then re-scheduled the Zekaria deposition for May 28, 2024. *See*, Exhibit "M" attached to this pleading, the 5/15/24 email from plaintiff's counsel to counsel for the Zekaria Defendants.

37.     On May 15, 2024, plaintiff's counsel sent another email to counsel for the Zekaria Defendants, and in that 5/16/24 email, plaintiff's counsel once again offered to re-schedule the Zekaria deposition if counsel for the Zekaria Defendants would provide alternate dates, and produce the February 2022 retainer/escrow agreement.  *See*, Exhibit "N."

38.     Rather than cooperating and providing dates for the Zekaria deposition, her counsel instead filed the instant motion seeking a protective order.

39.     In sum, counsel for the Zekaria Defendants have repeatedly failed and refused to produce Zekaria for properly scheduled depositions, and have failed to provide dates for her deposition.

40.     The Zekaria Defendants also have failed and refused to produce Court-Ordered documents, including the February 2022 retainer/escrow agreement, and all of the Zekaria escrow records.

41.     On May 14, 2024, plaintiff's counsel sent another email to the Zekaria Defendants (c/o their counsel), and to defendant Gary Weiss, once again requesting that they produce the February 2022 retainer/escrow agreement, by no later than May 17, 2024.  *See*, Exhibit "O" attached to this pleading, the 5/14/24 email from plaintiff's counsel to counsel for the Zekaria Defendants and to defendant Gary Weiss.

42.     On May 22, plaintiff's counsel sent another email to counsel for the Zekaria Defendants, once again requesting that they immediately produce the February 2022 retainer/escrow agreement.  *See*, Exhibit "P" attached to this pleading, the 5/22/24 email from plaintiff's counsel to counsel for the Zekaria Defendants

43.     To date, no one has produced the February 2022 retainer/escrow agreement, despite the aforesaid repeated requests, and despite a 4/1/24 Court Order compelling the Zekaria Defendants to produce all responsive and relevant documents.

44.     The fraud that is the subject of plaintiff's lawsuit involving the Zekaria Defendants (and the other defendants), is not an isolated instance of a fraud perpetrated by the Zekaria Defendants – *see* Exhibit "Q" attached to this pleading and the NY article about the criminal fraud proceedings currently pending against Zekaria

45.     To date, the Zekaria Defendants have failed without legal justification or excuse to comply with the Court's 4/1/24 Order and provide full and complete verified answers to the Interrogatories served on them on October 4, 2023, in contempt of and in violation of the Court's 4/1/24 Order, and in violation of their discovery obligations pursuant to the Rules of Court.

46.     To date, the Zekaria Defendants have failed without legal justification or excuse to comply with the Court's 4/1/24 Order and provide full and complete responses to the Document Requests served on them on October 4, 2023, in contempt of and in violation of the Court's 4/1/24 Order, and in violation of their discovery obligations pursuant to the Rules of Court.

## **GOOD FAITH CERTIFICATION OF COUNSEL**

47.     Counsel for plaintiff has made numerous attempts, without success, to amicably resolve this discovery dispute with Patrick Healey, Esquire, attorneys for the Zekaria Defendants, as set forth in detail above, and in the exhibits attached to this pleading.

## RELIEF REQUESTED

48.     The Zekaria Defendants are not entitled to any protective or other relief.

49.     To the contrary, the failure and refusal of Zekaria Defendants to provide full and complete verified answers to the plaintiff's Interrogatories, and the failure and refusal of Zekaria Defendants to provide complete written responses to the plaintiff's the Document Requests and to produce and provide to plaintiff, all of the responsive documents, is willful and intentional, and is without legal justification or excuse, and is in contempt of and in violation of the Court's 4/1/24 Order and in violation of said Defendants' discovery obligations under the Rules of Court.

50.     It is particularly disturbing that the Zekaria Defendants have admitted to having the February 2022 retainer/escrow agreement, but yet they continue to intentionally fail and refuse to produce said document, despite repeated requests therefor.

51.     It also is particularly disturbing that the Zekaria Defendants have intentionally failed and refused to produce their complete escrow account records, despite receiving in excess of $2.3 million in wire transfers form the Sternberg Defendants.

52.     Said failure is especially egregious in light of the fact that defendant Daphna Zekaria, Esquire, is a practicing attorney in New York, and is or should be well aware of a defendant's obligation to comply with the Rules of Court as respects discovery.

53.     Plaintiff requires said documents, as well as full and complete verified answers to its Interrogatories and Document Requests directed to the Zekaria Defendants, and the production from them of all responsive documents, to properly prosecute its claims against all Defendants,

and will be prejudiced and hampered in its ability to pursue its claims without the Zekaria Defendants producing the requested discovery.

54.     The discovery requested by plaintiff from the Zekaria Defendants through the Interrogatories and Document Requests served upon them is relevant and material to the issues involved in this lawsuit, and is permitted by the Rules of Court pertaining to discovery, including Rule 33 (as respects the Interrogatories) and Rule 34 (as respects the Document Requests) of the Federal Rules of Civil Procedure.

55.     The oral depositions of the Zekaria Defendants, also should be compelled, and the Court should enter an order requiring them to appear on a date and time selected by counsel for plaintiff, in light of their continuing failure and refusal to comply with properly scheduled Deposition Notices.

56.     Plaintiff respectfully submits that the Court should enter the proposed Order accompanying this Motion, denying the relief sought by the Zekaria Defendants, and granting the relief requested by plaintiff, finding the Zekaria Defendants to be in contempt of Court, and compelling discovery from the Zekaria Defendants, as set forth in this Cross-Motion.

57.     Rule 37(a)(5) of the Federal Rules of Civil Procedure provides in relevant part that if a Motion to compel discovery "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must [not may], after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Rule 35(a)(5), Fed.R.Civ.P.

58.     Counsel for plaintiff has incurred attorney fees of approximately $2,500.00, in connection with attempting to amicably resolve this dispute, including in communicating with

counsel for the Zekaria Defendants to try to obtain the discovery from the Zekaria Defendants, and in researching and drafting the instant Cross-Motion, and seeks an award of $2,500.00 against the Zekaria Defendants in connection with this Motion, pursuant to Rule 35(a)(5).

WHEREFORE, plaintiff respectfully requests that the Court enter an Order which: (a) denies any protective relief sought by the Zekaria Defendants; and (b) finds the Zekaria Defendants to be in contempt of the Court's 4/1/24 Order; and (c) compels each of the Zekaria Defendants, within ten (10) days, to provide full and complete answers without objection to all of plaintiff's Interrogatories addressed to them, addressing all of the deficiencies in the Deficiency List (Exhibit "D" to this pleading); and (d) compels each of the Zekaria Defendants, within ten (10) days, to provide written responses to each of the Document Requests, and to produce the February 2022 retainer/escrow agreement, and all of their unredacted escrow account records, and all of the other documents responsive to plaintiff's Document Requests addressed to them, including addressing all of the deficiencies in the Deficiency List (Exhibit "D" to this pleading); and (e) sanctions the Zekaria Defendants and their counsel for their willful failure to comply with plaintiff's discovery requests, in the amount of $2,500.00, to be paid within ten (10) days; and (f) grants to plaintiff with such other and further relief as the Court deems just and proper.

Respectfully submitted,

LIGHTMAN & MANOCHI
BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  May 28, 2024                    Attorneys for plaintiff

**EXHIBITS TO CROSS-MOTION FOR CONTEMPT AGAINST AND
TO COMPEL DISCOVERY FROM THE ZEKARIA DEFENDANTS**

| EXHIBIT | DESCRIPTION |
|---|---|
| "A" | 4/1/24 Order granting plaintiff's Motion to Compel Discovery From the Zekaria Defendants |
| "B" | 4/1/24 and 4/11/24 emails sent by plaintiff's counsel to counsel for the Zekaria Defendants |
| "C" | 4/15/24 email sent by plaintiff's counsel to counsel for the Zekaria Defendants |
| "D" | 4/15/24 Deficiency List sent by plaintiff's counsel to counsel for the Zekaria Defendants, setting forth the deficiencies in the 4/15/24 supplemental discovery production of the Zekaria Defendants |
| "E" | 4/15/24 supplemental response of the Zekaria Defendants to the plaintiff's Interrogatories |
| "F" | 4/15/24 supplemental response of the Zekaria Defendants to the plaintiff's Document Requests |
| "G" | 2/18/24 email sent by plaintiff's counsel to counsel for the Zekaria Defendants |
| "H" | 4/2/24 Daphna Zekaria Deposition Transcript |
| "I" | 4/17/24 email sent by plaintiff's counsel to counsel for the Zekaria Defendants |
| "J" | 4/25/24 email sent by plaintiff's counsel to counsel for the Zekaria Defendants |
| "K" | 4/29/24 email sent by plaintiff's counsel to counsel for the Zekaria Defendants, with Deposition Notice for 5/14/24 |
| "L" | 5/8/24 email sent by plaintiff's counsel to counsel for the Zekaria Defendants |
| "M" | 5/15/24 email sent by plaintiff's counsel to counsel for the Zekaria Defendants |
| "N" | 5/15/24 email sent by plaintiff's counsel to counsel for the Zekaria Defendants |
| "O" | 5/14/24 email by plaintiff's counsel to counsel for the Zekaria Defendants and to defendant Gary Weiss, again requesting the production of the February 2022 retainer/escrow agreement |
| "P" | 5/22/24 email sent by plaintiff's counsel to counsel for the Zekaria Defendants |

"Q"          5/16/24 email sent by plaintiff's counsel to counsel for the Zekaria Defendants

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM** : | |
| : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| : | **No. 2022-cv-00688 (JMY)** |
| **v.** : | |
| **MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.** : | |
| **Defendants.** : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
CROSS-MOTION FOR CONTEMPT AGAINST AND TO COMPEL DISCOVERY
FROM DEFENDANTS, DAPHNA ZEKARIA, ESQUIRE AND SOLOSKI & ZEKARIA,
P.C., AND FOR SANCTIONS**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Memorandum of Law in support of its Cross-Motion for Contempt Against and to Compel Discovery (the "Cross-Motion") from defendants Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C. (the "Zekaria Defendants"), and for Sanctions, by reason of the Zekaria Defendants' willful and intentional failure and refusal to comply with the Curt's 4/1/24 Order, and their willful refusal and failure to supply plaintiff with full and complete answers and all documents responsive to the Interrogatories and Document Requests served on them, and their

failure and refusal to comply with the Rules of Court governing discovery (the "Motion"), pursuant to Rules 33 and 34 and 37 of the Federal Rules of Civil Procedure.

### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff incorporates by reference herein, the facts and procedural background set forth in its accompanying Motion, as if fully set forth at length herein. In sum: (a) the Zekaria Defendants are in contempt of the Court's 4/1/24 Order compelling them to supply full and complete verified answers without objection, to the Interrogatories served on them on October 4, 2023; and (b) the Zekaria Defendants are in contempt of the Court's 4/1/24 Order compelling them to supply full and complete responses, and also failed to produce all of the responsive documents, to the Document Requests served on them on October 4, 2023; and (c) the Zekaria Defendants refuse to appear for their oral depositions.

### LEGAL ARGUMENT IN SUPPORT OF CROSS-MOTION

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Rule 26(b)(1), Fed.R.Civ.P. Hassel v. Centric Bank, 2022 U.S. Dist. LEXIS 92580 *5-6 (M.D. PA. 2022).

Relevance is generally "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id*, *citing* Oppenheimer Funds, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Rule 33 of the Federal Rules of Civil Procedure authorizes a party to serve Interrogatories upon another party in a federal court lawsuit, such as plaintiff served on Defendants in the instant case.  Rule 33, Fed.R.Civ.P.  The number of Interrogatories served may exceed 25 in number where, as in the instant case, the parties stipulated to that (and defendants also served Interrogatories in excess of 25 upon plaintiff in this case). *Id*.

Rule 34 of the Federal Rules of Civil Procedure authorizes a party to serve Document Requests upon another party in a federal court lawsuit, such as plaintiff served on Defendants in the instant case. Rule 34, Fed.R.Civ.P.

Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document requests or interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii-iv).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides in relevant part that a party may move for an Order compelling discovery if the party upon whom a discovery request is served fails to comply and produce the requested discovery.  Rule 35(a)(1), Fed.R.Civ.P.

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides in relevant part that if a Motion to compel discovery "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must [not may], after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Rule 35(a)(5), Fed.R.Civ.P.

The undersigned counsel for movant conferred in good faith with counsel for the Third Party Defendants, to obtain the discovery requested in this Motion, without success.

In the instant case, by Order dated April 1, 2024 [ECF 159], this Court granted plaintiff's Motion to Compel Discovery from the Zekaria Defendants [ECF 156], and said 4/1/24 Order compelled the Zekaria Defendants to provide full and complete verified answers without objection to the Interrogatories propounded by plaintiff upon the Zekaria Defendants, and also to produce all documents responsive to the Requests for Production of Documents propounded by plaintiff upon the Zekaria Defendants.  A true and correct copy of the Court's 4/1/24 Order is attached to this Cross-Motion as Exhibit "A" and made a part hereof.

The Zekaria Defendants are in contempt of the Court's 4/1/24 Order – the Zekaria Defendants to date have willfully and intentionally failed and refused to provide full and complete verified answers without objection to the Interrogatories propounded by plaintiff upon the Zekaria Defendants, and also have willfully and intentionally failed and refused to produce all documents responsive to the Requests for Production of Documents propounded by plaintiff upon the Zekaria Defendants.

## **RELIEF REQUESTED**

WHEREFORE, plaintiff respectfully requests that the Court enter an Order which: (a) denies any protective relief sought by the Zekaria Defendants; and (b) finds the Zekaria Defendants to be in contempt of the Court's 4/1/24 Order; and (c) compels each of the Zekaria Defendants, within ten (10) days, to provide full and complete answers without objection to all of plaintiff's Interrogatories addressed to them, addressing all of the deficiencies in the Deficiency List (Exhibit "D" to this pleading); and (d) compels each of the Zekaria Defendants, within ten (10) days, to provide written responses to each of the Document Requests, and to produce the February 2022 retainer/escrow agreement, and all of their unredacted escrow account records, and all of the other documents responsive to plaintiff's Document Requests addressed to them, including addressing

all of the deficiencies in the Deficiency List (Exhibit "D" to this pleading); and  (e) sanctions the

Zekaria Defendants and their counsel for their willful failure to comply with plaintiff's discovery

requests, in the amount of $2,500.00, to be paid within ten (10) days; and (f) grants to plaintiff

with such other and further relief as the Court deems just and proper.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  May 28, 2024                        Attorneys for plaintiff

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy Plaintiff's Response opposing the Zekaria Defendants' Motion for Protective Relief, and plaintiff's Cross-Motion for Contempt Against and to Compel Discovery from the Zekaria Defendants and for Sanctions via ECF, and/or email upon the following:

Seth Laver, Esquire
Joseph Ross Esquire
Goldberg Segall
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
slaver@goldbergsegalla.com
jross@goldbergsegalla.com

Samuel Gross
a/k/a Shlomo Gross
78 Buckminster Road
Rockville Centre, NY 11570
charltonholdinggroupllc@aol.com
publicdiamonds@gmail.com
Scg1212@gmail.com
Samrosinc@icloud.com

Gary Weiss
437 1st Avenue
Elizabeth, NJ 07206
wgary4109@gmail.com
monipair@aol.com

Patrick Healey, Esquire
Cathleen Kelly Rebar, Esquire
Rebar Kelly
Blue Bell Executive Campus
470 Norristown Road, Suite 201
Blue Bell, PA  19422
phealey@rebarkelly.com
crebar@rebarkelly.com

        LIGHTMAN & MANOCHI

        BY: /s/ Gary P. Lightman
        GARY P. LIGHTMAN, ESQUIRE
        GLENN A. MANOCHI, ESQUIRE

Date :  May 28, 2024      Attorneys for Plaintiff