# EXHIBIT "D"

**DEFICIENCIES IN "REVISED ANSWERS AND OBJECTIONS"**
**OF THE ZEKARIA DEFENDANTS TO PLAINTIFF'S INTERROGATORIES**

1. The Zekaria Defendants failed to fully answer Interrogatory No. 1:
   (a) they failed to state how each sum was received (e.g., wire transfer, check, etc)
   (b) they failed to state the reason for their receipt of each sim

2. The Zekaria Defendants failed to fully answer Interrogatory No. 2:
   (a) they claim that all "monies were distributed in accordance with Mr. Weiss' instructions," but the documents referenced do not set forth their disposition of the entire $2,351,960 that was delivered to Zekaria, including the $120,000 that Daphna retained as her "fee" (per DZ D/E—9, at page DZ-000002)

3. The Zekaria Defendants failed to fully answer Interrogatory No. 3:
   (a) they fail to fully account for the disposition of the entire $2,351,960 that was delivered to Zekaria, including the $120,000 that Daphna retained as her "fee" (per DZ D/E—9, at page DZ-000002)
   (b) they fail to state, for each disbursement, the name and bank account number for each disbursement
   (c) they fail to state, for each disbursement, who authorized each such disbursement
   (d) they fail to state, for each disbursement, the purpose or reason the money was sent
   (e) they fail to state, for each disbursement, the contact information for each recipient of funds
   (f) they fail to state, whether any disbursement was made to Rob Kuby, Esquire, and if so, to provide the aforesaid details for each disbursement made to him
   (g) they fail to state, whether any disbursement was made to Aaron Schlesinger, Esquire, and if so, to provide the aforesaid details for each disbursement made to him

4. The Zekaria Defendants failed to fully answer Interrogatory No. 4:
   (a) Daphna testified under oath on April 2, 2024, that she printed out a copy of her retainer/escrow agreement with Mr. Weiss, and that it is among the documents in her office – so either produce that document or admit that her sworn testimony on 4/2 was false
   (b) In addition, if Daphna printed out a copy of the agreement from her computer, it still should be in her computer
   (c) NO EMAILS WERE PRODUCED BY THE ZEKARIA DEFENDANTS – the agreement should be in an email from Daphna to Gary Weiss –WHERE ARE ALL THE EMAILS TO OR FROM DAPHNA, AND WEISS, SAM, AND/OR MANFRED?

5. The Zekaria Defendants failed to answer Interrogatory No. 5:
   (a) Zekaria improperly asserted an Objection to this Interrogatory, in violation of Judge Younge's 4/1/24 Order
   (b) Zekaria has no basis to refuse to describe the nature and extent of her relationship with the Gross Defendants
   (c) Zekaria has no basis to refuse to describe the nature and extent of her relationship with the Sternberg Defendants
   (d) Zekaria has no basis to refuse to describe the nature and extent of her relationship with the Weiss Defendants, including as respects the lawsuit described in DZ D/E-8
   (e) In addition, Zekaria failed to produce a Privilege Log as to each claim of attorney-client privilege (and whether an attorney represents a client in a particular case or matter is NOT attorney-client privileged

6. The Zekaria Defendants failed to answer Interrogatory No. 6:
   (a) The response given – that Zekaria "did not receive or retain any commission or other revenue" is directly contradictory to her statement in the WhatsApp texts, about her retaining $120,000 from the $250,000 wire from Manfred as her "fee" (per DZ D/E—9, at page DZ-000002)

7. The Zekaria Defendants failed to answer Interrogatory No. 7:
   (a) The questions asks for information pertaining to each communication Daphna had, authorizing each disbursement, including date and author, and including the email that Daphna told counsel for plaintiff on 10/2/21 that Sternberg sent to her, in which he stated that she could release the escrow funds because the goods purchased by plaintiff had been delivered, and including her 4/2/24 testimony under oath that Manfred authorized her to release funds from escrow  -- the Zekaria response, referring to documents produced, does NOT contain this information

8. The Zekaria Defendants failed to answer Interrogatory No. 8:
   (a) The question asks Daphna to identify all documents and communications that would establish the liability of the Sternberg Defendants, that Daphna told undersigned counsel on 10/2/23 that she had – Daphna's response – that she is unable to locate the responsive documents -- fails to provide the information responsive to the question; she still has to identify the documents and communications, even if as she claims she can't locate any actual responsive documents)

9. The Zekaria Defendants failed to answer Interrogatory No. 9:
   (a) The question asks Daphna to identify all documents and communications that Daphna told undersigned counsel on 10/2/23 that she had, that would establish that Manfred was the "mastermind" of the transactions.  Daphna's response – that she is unable to locate the responsive documents -- fails to provide the information responsive to the

question; she still has to identify the documents and communications, even if as she claims she can't locate any actual responsive documents)

10. The Zekaria Defendants failed to answer Interrogatory No. 10:
    (a) The question asks Daphna to identify all documents and communications that relate to Daphna's receipt of the diamonds or gemstones or collateral. Daphna's response – that she is unable to locate the responsive documents -- fails to provide the information responsive to the question -- she still has to identify the documents and communications pertaining to her acquisition of diamonds and gemstones, even if as she claims she can't locate any actual responsive documents)

11. The Zekaria Defendants failed to answer Interrogatory No. 11:
    (a) The question asks Daphna to identify all documents and communications that relate to Daphna's disposition of the diamonds or gemstones or collateral. Daphna's response – that she is unable to locate the responsive documents -- fails to provide the information responsive to the question -- she still has to identify the documents and communications pertaining to her subsequent disposition of the diamonds and gemstones, even if as she claims she can't locate any actual responsive documents)

12. [answer to Interrogatory 12 not objectionable]

13. The Zekaria Defendants failed to answer Interrogatory No. 13:
    (a) Zekaria improperly asserted an Objection to this Interrogatory, in violation of Judge Younge's 4/1/24 Order
    (b) Zekaria has no basis to refuse to describe the nature and extent of her legal representation of the Gross Defendants
    (c) In addition, Zekaria failed to produce a Privilege Log as to each claim of attorney-client privilege (and whether an attorney represents a client in a particular case or matter is NOT attorney-client privileged

14. The Zekaria Defendants failed to answer Interrogatory No. 14:
    (a) Zekaria improperly asserted an Objection to this Interrogatory, in violation of Judge Younge's 4/1/24 Order
    (b) Zekaria has no basis to refuse to describe the nature and extent of her legal representation of the Weiss Defendants
    (c) In addition, Zekaria failed to produce a Privilege Log as to each claim of attorney-client privilege (and whether an attorney represents a client in a particular case or matter is NOT attorney-client privileged

**DEFICIENCIES IN "REVISED ANSWERS AND OBJECTIONS"
OF THE ZEKARIA DEFENDANTS TO PLAINTIFF'S DOCUMENT REQUESTS**

1. IN GENERAL—Where are the emails to or from Daphna, and the Weiss Defendants, and/or the Gross Defendants, and/or Manfred Sternberg? None have been produced by Daphna (although other defendants have produced some of those responsive documents).

2. IN GENERAL—Where are the text messages (other than the one string of WhatsApp messages)? None have been produced by Daphna (although other defendants have produced some of those responsive documents).

3. Document Request no. 2 asks for documents evidencing wires of transfers of funds pertaining to the purchase of iCovid test kits. Zekaria's response is not responsive – if you disagree, then cite the actual documents that reference purchases of iCovid test kits.

4. Document Request No. 4 requests Zekaria's complete electronic files and paper file documents concerning the Weiss Defendants. Zekaria's response – referring to the 35 pages of documents previously produced, cannot comprise her entire electronic and paper files for the Weiss Defendants.

5. Document Request No. 5 requests Zekaria's complete electronic files and paper file documents concerning the Gross Defendants. First, Zekaria improperly asserts an objection, in violation of the Court's 4/1/24 Order compelling discovery. Second, even if an attorney-client ("A/C") objection was proper (which we dispute), no privilege Log was produced as respects any documents withheld on the basis of A/C privilege. More fundamentally, Zekaria is required to produce the requested documents.

6. Document Request No. 5 requests Zekaria's complete electronic files and paper file documents concerning the Sternberg Defendants. Zekaria's response – referring to the 35 pages of documents previously produced, cannot comprise her entire electronic and paper files for the Sternberg Defendants. For example, where is Daphna's 3/1/22 email to Manfred that was produced by Manfred and marked as MS D/E-38? Or the cc of Manfred's email that he sent to Daphna that same day? There are NUMEROUS emails that Zekaria has failed and refused to produce.

7. Document Request No. 15 requests Zekaria's documents relating to the sale of any Covid test kits, and Document Request No. 16 requests Zekaria's documents with Sternberg relating to the sale of any Covid test kits,. Zekaria's responses to these Document Requests – "none in the possession of [Zekaria]" -- is false – see item no. 6 above, for example.

8. Document Request No. 22 requests Zekaria's documents relating to any bill of sale for Covid test kits. Zekaria's response to this Document Request – "none in the possession of [Zekaria]" -- is false – in the WhatsApp document (per DZ D/E—9, at page DZ-000002), Daphna asks for the invoice from Weiss to Charlton

4

9. Document Request No. 29 requests Zekaria's documents relating to her receipt of any diamonds or gemstones, and Document Request No. 30 requests Zekaria's documents relating to her subsequent disposition of any diamonds or gemstones. Zekaria's responses to these Document Requests, referring to DZ -13 through DZ-16, are not responsive to the Document Requests.

10. Document Request No. 53 asks for documents evidencing any other claims made against Zekaria similar to plaintiff's claims. Zekaria's response to this Document Request – "none in the possession of [Zekaria]" -- is false – see item no. 6, above.