# EXHIBIT "E"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THE SAFETYHOUSE.COM,<br><br>Plaintiff,<br><br>v.<br><br>MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SHLOMO GROSS a/k/a SAMUEL GROSS, and GARY WEISS, and A.SOLAR, LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.<br><br>Defendants | CIVIL ACTION<br><br>No. 2:22-CV-0688 (JMY) |

### REVISED ANSWERS AND OBJECTIONS OF DEFENDANTS, DAPHNA ZEKARIA, ESQUIRE, AND SOKOLSKI & ZEKARIA, P.C., TO PLAINTIFF'S INTERROGATORIES

Defendants, Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C., by and through their attorneys, Rebar Kelly, hereby file the within Revised Answers and Objections to Plaintiff's Interrogatories and state as follows:

1. Set forth the date and amount of each sum of money you received from or on behalf of or in escrow for any of the Stenberg Defendants or any of the Weiss Defendants or any of the Gross Defendants or anyone else, during the time period of December 1, 2021, through June 30, 2022 and, for each sum, set forth the date and amount of the sum, how you received such sum (wire, ach, check, etc.) and the reason for your receipt of the sum, identify and produce all documents evidencing each such transfer, pursuant to the Document Requests.

1

**ANSWER:** **See documents previously produced and Bates stamped ZEKARIA000017 through ZEKARIA000035.**

2. For each sum of money you received as set forth in your response to Interrogatory 1, set forth the amount of any sum that is still in your possession or control and the bank name, bank branch, street address and account number where the sum is currently being held.

**ANSWER:** **None of the monies are in my control, as said monies were distributed in accordance with Mr. Weiss' instructions.**

3. For each sum of money you received as set forth in your response to Interrogatory 1 that is no longer in your possession or control, set forth the date and the person or entity to whom the money was sent, the amount sent, the name of the bank and account number from which the sum was sent, the name of the bank and account number to which the sum was sent, the purpose or reason the money was sent, who authorized you to make such disbursement, and for each person or entity to whom money was sent, provide Contact Information (including without limitation, any funds sent to Aaron Schlesinger, Esquire or his law firm; and/or Ron Kuby, Esquire, or his law firm), and identify and produce all documents evidencing each such transfer, pursuant to the Document Requests.

**ANSWER:** **See documents previously produced and Bates stamped ZEKARIA000017 through ZEKARIA000035.**

4. Identify any and all escrow agreements or retainer agreements or fee agreements between you or your law firm, and any of the Weiss Defendants, and/or any of the Gross Defendants, and/or any of the Sternberg Defendants, and identify and produce all documents evidencing each such agreement, pursuant to the Document Requests.

      **ANSWER:  Answering Defendants have a retainer agreement with Mr. Weiss which they have been unable to locate.**

      5.    Describe the full nature and extent of your relationship with each of the Weiss Defendants, and/or each of the Gross Defendants, and/or each of the Sternberg Defendants, and identify and produce all documents evidencing each such relationship, pursuant to the Document Requests.

      **ANSWER:  Objection.  The information requested in this interrogatory in overbroad, unduly burdensome, and beyond the scope of permissible discovery, as it deals with matters protected by attorney client privilege which Mr. Weiss has explicitly chosen not to waive.**

      6.    Identify the dates and amounts of any fees or commissions or other revenue you received or retained from each of the Weiss Defendants, and/or each of the Gross Defendants, and/or each of the Sternberg Defendants, and identify and produce all documents evidencing each such fee or commission or revenue.

      **ANSWER:  Answering Defendants did not receive or retain any commission or other revenue from the transaction that is the subject matter of this litigation.**

      7.    Identify any emails or other communications you received from, or that you had with, any of the Sternberg Defendants and/or the Weiss Defendants, and/or the Gross Defendants, authorizing each disbursement you made from your attorney escrow account, including date, and author of each such email or communication (and including the email you told counsel for plaintiff in the phone conversation of October 2, 2023, that Sternberg sent to you in which he stated that you could release escrow funds because the goods purchased by plaintiff had been delivered to

plaintiff or were in transit to plaintiff), and identify and produce all documents evidencing each such communication.

**ANSWER: See documents previously produced and Bates stamped ZEKARIA000001 through ZEKARIA000012.**

8.  Identify all communications and documents that you represented to counsel for plaintiff (in the phone conversation of October 2, 2023) that you had in your possession or control, that you represented would establish the liability of the Sternberg Defendants, and produce all such documents, pursuant to the Document Requests.

**ANSWER:   Answering Defendants are unable to locate any documents responsive to this interrogatory.**

9.  Identify all communications and documents that you represented to counsel for plaintiff (in the phone conversation of October 2, 2023), that you had tin your possession or control, that you represented would establish that Sternberg was the "mastermind" of the transactions that are the subject of plaintiff's Complaint and describe in detail how Sternberg was the "mastermind," and produce all such documents, pursuant to the Document Requests.

**ANSWER:   Answering Defendants are unable to locate any documents responsive to this interrogatory.**

10. Identify any and all communications including, but not limited to, letters, emails and texts, which reflect, refer or relate to any your receipt of any diamonds and/or gemstones or any other collateral from any Weiss Defendant, including the date and time and where and what you received, and from whom, and for what purpose, and produce all such documents, pursuant to the Document Requests.

**ANSWER:   Answering Defendants are unable to locate any documents responsive to this interrogatory.**

11. Identify any and all communications including, but not limited to, letters, emails and texts, which reflect, refer or relate to any your subsequent disposition of any diamonds and/or gemstones or any other collateral you received from any Weiss Defendant, including the date and time and where and what you transferred, and to whom, and for what purpose, and produce all such documents, pursuant to the Document Requests.

**ANSWER:   Answering Defendants are unable to locate any documents responsive to this interrogatory.**

12. Identify each broker or sales agent to whom a commission or other fee was paid or supposed to be paid in connection with the Test Kits purchased by plaintiff, for each such person set forth the amount that was supposed to be paid, and the date paid if payment was made, and provide the Contact Information for each such broker or sales agent, and identify and produce all such documents, pursuant to the Document Requests.

**ANSWER:   Unknown to Answering Defendants.**

13. Identify and describe in detail the nature and extent and disposition of each prior transaction or matter in which you represented or rendered legal advice to any of the Gross Defendants, including dates of such representation or advice, the subject matter of such representation or advice, and how much you were paid for such representation or advice.

**ANSWER:   Objection.   The information requested in this interrogatory in overbroad, unduly burdensome, and beyond the scope of permissible discovery, as it deals with matters protected by attorney client privilege,**

14. Identify and describe in detail the nature and extent and disposition of each prior transaction or matter in which you represented or rendered legal advice to any of the Weiss Defendants, including dates of such representation or advice, the subject matter of such representation or advice, and how much you were paid for such representation or advice.

**ANSWER: Objection. The information requested in this interrogatory in overbroad, unduly burdensome, and beyond the scope of permissible discovery, as it deals with matters protected by attorney client privilege which Mr. Weiss has explicitly chosen not to waive.**

                                        **REBAR KELLY**

                                        _____
                                        Cathleen Kelly Rebar, Esquire (ID # 82872)
                                        Patrick J. Healey, Esquire (ID# 63155)
                                        470 Norristown Road
                                        Suite 201
                                        Blue Bell, PA  19422
                                        (484) 344-5340
                                        Attorneys for Defendants, Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C.

**DATE:**        **April 15, 2024**

## VERIFICATION

I, Daphna Zekaria, under penalty of perjury pursuant to 28 U.S.C. § 1746, affirm that I have reviewed the foregoing Revised Answers and Objections to Plaintiff's Interrogatories and they are, to the best of my knowledge, true and correct.

_____
Daphna Zekaria

**DATE:  April 12, 2024**