IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM : : : : **Plaintiff,** : : v. : : MANFRED STERNBERG, ESQUIRE, : and MANFRED STERNBERG & : ASSOCIATES, PC, and CHARLTON : HOLDINGS GROUP, LLC, and : SAMUEL GROSS a/k/a SHLOMO : GROSS, and GARY WEISS, : and ASOLARDIAMOND, LLC a/k/a, : ASOLAR. LLC, and DAPHNA : ZEKARIA, ESQUIRE, and SOKOLSKI : & ZEKARIA, P.C. : : **Defendants.** : | CIVIL ACTION No. 2022-cv-00688 (JMY) |

**SUPPLEMENT TO PLAINTIFF'S MOTION FOR CONTEMPT AGAINST DEFENDANTS DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI & ZEKARIA, P.C. AND FOR SANCTIONS**

American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, plaintiff herein, through its counsel, Gary Lightman, Esquire, of Lightman & Manochi, hereby files this Supplement to Plaintiff's Motion for Sanctions [ECF 167] against defendants Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C., G (the "Zekaria Defendants" or "Zekaria"), and states as follows:

**ZEKARIA CONTINUES TO IGNORE AND VIOLATE THIS COURT'S ORDERS REQUIRING HER TO PRODUCE ALL DOCUMENTS**

1. The Court issued an Order dated June 13, 2024 [ECF 174], that required Zekaria to produce for plaintiff the February 2022 escrow/retainer agreement that Zekaria admitted she drafted, within ten (10) days, or by June 23, 2024.

2. Zekaria failed and refused to comply with the Court's 6/13/24 Order – to date, Zekaria has not produced the February 2022 escrow/retainer agreement (the "Agreement"), as required by said Order.

3. Instead, Zekaria submitted an "Affirmation" dated June 21, 2024, but not sent to plaintiff's counsel until June 27, 2024 (i.e., after the 10 day deadline imposed by the Court), in which Zekaria stated that she has "been unable to locate a copy of the Agreement."

4. At no time prior to Zekaria's 6/21/24 Affirmation did Zekaria first claim that she cannot locate the Agreement that the Court required her to produce to plaintiff in the Court's 6/13/24 Order.

5. In fact, and to the contrary, the claim by Zekaria in her 6/21/24 Affirmation – that she cannot locate the Agreement – is directly contrary to and inconsistent with, her sworn testimony that Zekaria gave during her deposition on April 2, 2024:

(a) Zekaria admitted under oath during her 4/2/24 deposition that she printed out a copy of the Agreement from her computer and that it was among the papers in her office (Zekaria Deposition, at ___:___-___)[1];

(b) Since Zekaria prepared the Agreement, it would be among the Word documents in her computer, unless she deliberately destroyed that evidence;

(c) Since Zekaria emailed that Agreement to Gary Weiss to sign, it also would have been among the sent emails in her computer, unless she deliberately destroyed that evidence;

(d) Assuming that Gary Weiss signed and returned the Agreement to her, Zekaria would have yet another copy of the Agreement in the email sent back to her by Weiss;

---

[1] A true and correct copy of the 4/2/24 Zekaria Deposition Transcript was attached as Exhibit "H" to plaintiff's Response in Opposition to the Zekaria Motion for Protective Relief and Cross-Motion to Compel Discovery From Zekaria [ECF 167].

(e) So Zekaria would have four separate copies of the Agreement in her records: one copy in her Word document files; and one copy in her sent emails (when she emailed the Agreement to Gary Weiss for him to sign); and one copy in her in-box of emails (when Gary Weiss sent the signed Agreement back to her); and the one copy she admitted under oath that printed out that was among the papers in her office.

6. Zekaria either is lying in her Affirmation (when she claims she cannot locate the Agreement), or lying in her 4/2/24 deposition. (when she admitted that she had several copies of the Agreement).

7. Following the receipt of the Zekaria Affirmation, plaintiff's counsel wrote to counsel for the Zekaria Defendants on June 27, 2024, and requested that arrangements be made for a forensic analysis to be conducted of Zekaria's cell phone and computer, and asking for an immediate response. A true and correct copy of said 6/27/24 email is attached to this Supplement as Exhibit "R."

8. To date, Zekaria and her counsel have ignored and not responded to said request, and no arrangements have been made for a forensic analysis to be conducted of Zekaria's cell phone and computer.

9. The 6/13/24 Court Order is the second Court Order that Zekaria has failed and refused to comply with, and that Zekaria is in contempt of Court for her said failure to comply:

(a) By Order dated April 1, 2024 [ECF 158], this Honorable Court granted plaintiff's Motion to Compel Discovery From the Zekaria Defendants [ECF 156], and ordered the Zekaria Defendants to produce all responsive documents and to provide full and complete verified answers (without objections) to the Interrogatories and to the Document Requests served on them on October 4, 2023;

(b) To date, however, the Zekaria Defendants have failed without legal justification or excuse to comply with the Court's 4/1/24 Order – to date, the Zekaria Defendants have failed without legal justification or excuse to provide full and complete responses (without objections) to the Interrogatories and to the Document Requests served on them on October 4, 2023, and to produce for plaintiff all of the responsive documents, in violation of the Court's 4/1/24 Order, and in violation of their discovery obligations pursuant to the Rules of Court.

10. The Zekaria Defendants are in contempt of, and in violation of, the Court's 6/13/24 Order, and in contempt of, and in violation of, the Court's 4/1/24 Order, because they have intentionally and willfully failed and refused to comply with said Court Orders.

## ZEKARIA CONTINUES TO REFUSE TO APPEAR FOR HER PROPERLY SCHEDULED DEPOSITION

11. Plaintiff's counsel has tried on four separate occasions to re-schedule the sworn oral deposition of Zekaria, but each time, Zekaria has failed and refused to appear for her properly scheduled deposition.

12. Following Zekaria's adjourned deposition which started on April 2, 2024,[2] plaintiff's counsel served Zekaria's counsel with a Second Amended Deposition Notice and duly noticed Zekaria's deposition for May 14, 2024.

13. However, after the Second Amended Deposition Notice was served, Zekaria's counsel informed plaintiff's counsel that Zekaria would not be appearing for her deposition as properly scheduled on May 14, 2024.

---

[2] The fiasco that occurred on April 2, 2024, when Zekaria showed up two hours late, and then *sua sponte* refused to answer many proper questions, and continually interrupted plaintiff's counsel throughout the deposition, to the point where the Court Reporter stated she could not continue after two hours, was set forth in plaintiff's Motion to Compel Deposition [ECF 160]. *See also*, the 4/2/24 Zekaria Deposition transcript, attached as Exhibit "H" to Plaintiff's Motion for Contempt [ECF 167].

14. Plaintiff's counsel then served Zekaria's counsel with a Third Amended Deposition Notice and duly noticed Zekaria's deposition for May 28, 2024.

15. However, after the Third Amended Deposition Notice was served, Zekaria's counsel once again informed plaintiff's counsel that Zekaria would not be appearing for her deposition as properly scheduled on May 28, 2024.

16. Plaintiff's counsel then served Zekaria's counsel with a Fourth Amended Deposition Notice and duly noticed Zekaria's deposition for July 5, 2024.

17. However, after the Fourth Amended Deposition Notice was served, Zekaria's counsel once again has informed plaintiff's counsel that Zekaria will not be appearing for her deposition as properly scheduled for July 5, 2024.

18. Each time prior to scheduling Zekaria's deposition, plaintiff's counsel has requested that counsel for Zekaria provide dates when Zekaria would be available for her deposition.

19. Each time prior to scheduling Zekaria's deposition, counsel for Zekaria refused to provide plaintiff's counsel with dates when Zekaria would be available for her deposition.

20. Immediately after Zekaria's counsel informed plaintiff's counsel that Zekaria will not be appearing for her deposition as properly scheduled on July 5, 2024, plaintiff's counsel wrote an email to counsel for Zekaria, asking them to select one of the six alternate dates set forth in that email when Zekaria would be available for her deposition. *See*, Exhibit "R" accompanying this Supplement, the email sent by plaintiff's counsel to counsel for Zekaria.

21. Consistent with their prior conduct, to date Zekaria and their counsel have failed and refused, and continue to fail and refuse, to provide dates when Zekaria would be available for her deposition.

22. Consistent with their prior conduct, to date Zekaria and their counsel have failed and refused, and continue to fail and refuse, to abide by their discovery obligations and the Rules of Court and appear for their duly noticed depositions.

23. The fact that Zekaria is facing potential criminal and other possible liability in separate and unrelated proceedings currently pending in New York, is no excuse or justification for Zekaria to totally ignore this Honorable Court's Orders in this case and her discovery obligations under the Rules of Court.[3]

## **GENERAL COMMENTS**

24. This case was started on February 23, 2022, and is over two years old, and concerns plaintiff's claim that defendants defrauded plaintiff out of $1,965,600.00 – plaintiff was induced to wire transfer that money to the Sternberg Defendants' attorney escrow account, to purchase 151,200 iHealth Covid Test Kits, but defendants failed to deliver the Test Kits, while keeping the $2 million purchase price paid by plaintiff.

25. The discovery deadline in this case already has been extended several times, and the current discovery deadline is July 19, 2024 [ECF 154].

26. The Amended Scheduling Order issued by the Court also scheduled the Final Pre-Trial Conference for January 30, 2025. *Id*.

27. Plaintiff understands that this case will be trial-ready on or after the 1/30/25 Final Pre-Trial Conference, and plaintiff desires to go to trial as soon as practicable.

---

[3] Daphna Zekaria has been criminally indicted twice for stealing from clients – once in December 2023, and again in May 2024. *See* Exhibit "S" accompanying this Supplement. On June 18, 2024, upon Motion of Attorney Grievance Committee, the Supreme Court of New York, Appellate Division, for the First Judicial Department, entered an Order suspending Daphna Zekaria from the practice of law in the State of New York, and appointing a Receiver to take possession of her client files. *See* Exhibit "T" accompanying this Supplement.

28. Plaintiff strongly opposes any further extension of the 7/19/24 discovery deadline, or the 1/30/35 Final Pre-Trial Conference, or the trial expected to occur in or after February 2025.

**RELIEF REQUESTED**

29. The Zekaria Defendants continue to show their disregard and disrespect of this Honorable Court's Orders – they have deliberately and intentionally failed and refused, and continue to fail and refuse, to comply with the Court's Orders dated June 13, 2024, and April 1, 2024, and to supply plaintiff with the February 2022 retainer/escrow agreement, as well as all of the other responsive documents, and full and complete answers (without objection) to plaintiff's Interrogatories and to plaintiff's Documents Requests.

30. The Zekaria Defendants continue to show their disregard and disrespect of their discovery obligations and the Rules of this Court — they have deliberately and intentionally failed and refused, and continue to fail and refuse, to appear for their duly noticed depositions, not once, or twice, but four separate times.

31. Plaintiff has incurred attorney fees of $5,000.00 in connection with the Motions for contempt and to compel discovery.

32. As a result of Zekaria's intentional and deliberate contempt of this Honorable Court's Orders, and their flagrant disregard of their discovery obligations under the Rules of Court, plaintiff is entitled to substantial and severe sanctions against the Zekaria Defendants, pursuant to Rules 33 and 34 and 37 of the Federal Rules of Civil Procedure.

33. Plaintiff seeks the entry of an Order:

(a) entering a default against both of the Zekaria Defendants, in favor of plaintiff, for the $1,965,600.00 sought in the plaintiff's Amended Complaint (reserving plaintiff's right to seek additional punitive damages at trial); and

    (b) imposing additional substantial sanctions against the Zekaria Defendants, including an award of attorney fees and costs; and

    (c) granting plaintiff such other and further relief as the Court shall deem just.

            Respectfully submitted,

            LIGHTMAN & MANOCHI

            BY: /s/ Gary P. Lightman
            GARY P. LIGHTMAN, ESQUIRE
            GLENN A. MANOCHI, ESQUIRE
            PA Identification Nos. 28529 & 64223
            600 W. Germantown Pike, Suite 400
            Plymouth Meeting, PA 19462
            Tel. No. 215-760-3000
            garylightman@lightmanlaw.com
            gmanochi@lightmanlaw.com

Date:  July 1, 2024       Attorneys for plaintiff


## EXHIBITS TO SUPPLEMEMNT

| EXHIBIT | DESCRIPTION |
|---|---|
| "R" | 6/27/24 email exchange between plaintiff's counsel and counsel for the Zekaria Defendants |
| "S" | May 15, 2024 Press Release announcing the second indictment of Daphna Zekaria |
| "T" | June 18, 2024, Opinion and Order of the Supreme Court of New York for the First Judicial Department suspending Daphna Zekaria from the practice of law in the State of New York, and appointing a Receiver to take possession of her client files (In the Matter of Daphna Zekaria, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Daphna Zekaria, 2024 NY Slip Op 03338 (OCA ATTY. REG. NO. 2835247), |

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy Plaintiff's Supplement to Plaintiff's Motion for Contempt and for Sanctions Against the Zekaria Defendants ,with exhibits, via ECF, and/or email upon the following:

| | |
|---|---|
| Seth Laver, Esquire<br>Joseph Ross, Esquire<br>Goldberg Segalla<br>1700 Market Street, Suite 1418<br>Philadelphia, PA 19103-3907<br>slaver@goldbergsegalla.com<br>Jross@goldbergsegalla.com | Gary Weiss<br>437 1st Avenue<br>Elizabeth, NJ 07206<br>wgary4109@gmail.com<br>monipair@aol.com |
| Samuel Gross<br>a/k/a Shlomo Gross<br>78 Buckminster Road<br>Rockville Centre, NY 11570<br>charltonholdinggroupllc@aol.com<br>publicdiamonds@gmail.com<br>Scg1212@gmail.com<br>Samrosinc@icloud.com | Patrick Healey, Esquire<br>Cathleen Kelly Rebar, Esquire<br>Rebar Kelly<br>Blue Bell Executive Campus<br>470 Norristown Road, Suite 201<br>Blue Bell, PA  19422<br>phealey@rebarkelly.com<br>crebar@rebarkelly.com |

                                LIGHTMAN & MANOCHI

                                BY: /s/ Gary P. Lightman
                                GARY P. LIGHTMAN, ESQUIRE

Date :  July 1, 2024                Attorneys for Plaintiff