UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THE SAFETYHOUSE.COM,<br><br>Plaintiff,<br><br>v.<br><br>MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SHLOMO GROSS a/k/a SAMUEL GROSS, and GARY WEISS, and A.SOLAR, LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.<br><br>Defendants | CIVIL ACTION<br><br>No. 2:22-CV-0688 (JMY) |

**ANSWER OF DEFENDANTS, DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C., TO PLAINTIFF'S SUPPLEMENT TO ITS MOTION FOR CONTEMPT AND SANCATIONS**

AND NOW, defendants Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C., by and through their attorneys, Rebar Kelly, hereby file this within Answer to Plaintiff's Supplement to its Motion for Contempt and Sanctions, and in support thereof state as follows:

1. Admitted.

2. Denied as stated. Defendants have submitted an Affirmation indicating that they have been unable to locate the requested document and have detailed their efforts to locate same. Defendants to locate same. A copy of the Affirmation is attached hereto.

3. Denied as stated. Defendants have submitted an Affirmation indicating that they have been unable to locate the requested document and have detailed their efforts to locate same. Defendants to locate same. A copy of the Affirmation is attached hereto.

1

4. Denied. The allegations of this paragraph are denied.

5. (a) through (e). Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response.

6. Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response.

7. Denied. Exhibit "R", as a written document, speaks for itself.

8. Denied. Plaintiff's counsel has been informed that

9. Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response.

10. Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response.

11. Denied. The allegations of this paragraph are denied. By way of further answer, counsel for Plaintiff is well aware that undersigned counsel has a pending Motion to Withdraw and has not been paid for the legal work that is being done. Counsel for Plaintiff also unilaterally schedules depositions and undersigned counsel has informed him that he is not available on the dates that are unilaterally chosen.

12. Denied. The deposition notice, as a written document, speaks for itself. By way of further answer, Plaintiff's counsel has failed to inform the Court that the April 2, 2024 deposition referred to in this paragraph had to be adjourned, in large part, because of the conduct of Plaintiff's counsel.

13. Denied. The allegations of this paragraph are denied. Counsel for Plaintiff was informed by undersigned counsel that he was not available on the unilaterally scheduled date.

14. Denied. The deposition notice, as a written document, speaks for itself.

15. Denied. The allegations of this paragraph are denied. Counsel for Plaintiff was informed by undersigned counsel that he was not available on the unilaterally scheduled date and that there was a Motion to Withdraw pending, with a hearing scheduled for June 13, 2024.

16. Denied. The deposition notice, as a written document, speaks for itself.

17. Denied. The allegations of this paragraph are denied. Counsel for Plaintiff was informed by undersigned counsel that he was not available on the unilaterally scheduled date and that there was a Motion to Withdraw pending, with a hearing scheduled for July 10, 2024. Also, upon information and belief, counsel for the Steinberg defendants was also not available on that unilaterally scheduled date.

18. Denied. The allegations of this paragraph are denied.

19. Denied as stated. Counsel for Plaintiff is well aware that undersigned counsel has a pending Motion to Withdraw and has not been paid for the legal work that is being done.

20. Denied. Exhibit "R", as a written document, speaks for itself.

21. Denied as stated. Counsel for Plaintiff is well aware that undersigned counsel has a pending Motion to Withdraw, has not been paid for the legal work that is being done and has been informed that it would be better to schedule the deposition after the Court's decision on the Motion to Withdraw.

22. Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response.

23. Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response. By way of further answer, Exhibit "S", as a written document, speaks for itself.

**GENERAL COMMENTS**

24. Denied. The allegations of this paragraph are denied.

25. Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response.

26. Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response.

27. Denied. The allegations of this paragraph are denied.

28. Denied. The allegations of this paragraph are denied.

**RELIEF REQUESTED**

29. Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response.

30. Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response. By way of further answer, the answers to the preceding paragraphs are incorporated herein.

31. Denied. The allegations of this paragraph are denied.

32. Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response.

33. Denied. The allegations of this paragraph constitute legal conclusions, which will be deemed to be denied without further response. By way of further answer, the relief requested by Plaintiff is certainly not proportionate to the alleged conduct by the Zekaria defendants, particularly the entry of a default judgment in the amount of $1,965,600. Plaintiff's claims against the Zekaria defendants have questionable legal merit. Plaintiff never had a contract with the Zekaria defendants. Moreover, the Zekaria defendants have produced documentation in discovery showing that nearly

$1.9 million of the funds referenced in this action were transferred from the Zekaria defendants to the Gross and Weiss defendants, who have yet to account for the whereabouts of these funds.

WHEREFORE, Defendants, Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C., respectfully request that this Honorable Court deny Plaintiff's Motion and issue an appropriate Order forthwith.

**REBAR KELLY**

_____
Cathleen Kelly Rebar, Esquire (ID # 82872)
Patrick J. Healey, Esquire (ID# 63155)
470 Norristown Road
Suite 201
Blue Bell, PA 19422
(484) 344-5340
Attorneys for Defendants, Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C.

**DATE:** July 8, 2024