IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES INC., d/b/a THE SAFETYHOUSE.COM | : : : : | |
| v. | : : | Case No. 22-cv-688-JMY |
| MANFRED STERNBERG, *et al.* | : | |

### ORDER

**AND NOW,** this 10th day of July, 2024, upon consideration of the Motion to Withdraw as Attorney (ECF No. 163) filed by Rebar Kelly, Esquire, Counsel for the Defendants, Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C. ("Zekaria Defendants"), and Plaintiff's Cross-Motion for Contempt Against and to Compel Discovery from Defendants Daphna Zekaria, Esquire and Sokolski & Zekaria, P.C. filed by American Environmental Enterprises (ECF No. 167), it is hereby **ORDERED** that said Motions shall be **GRANTED** in part as follows:

1. The Motion to Withdraw filed by Rebar Kelly is **GRANTED**, such that attorneys from Rebar Kelly including Mr. Patrick Healey, shall be permitted to withdraw as counsel.

2. The Motion for Contempt Against and to Compel Discovery from Defendants Daphna Zekaria is continued until notice is provided by the Court.

3. Defendant Sokolski & Zekaria, P.C. is **ORDERED** to obtain new replacement counsel[1] within thirty (30) days or risk the Entry of Default. Defendant Dapha Zekaria, Esq., the reported sole shareholder of Sokolski & Zekaria, P.C. may not represent this Defendant because it has been reported to this Court that in June 2024, her license to practice law

was suspended by the highest Court in the state of New York. (*See* Exhibit T, Amended Document, ECF No. 176).

4. Absent appearance of new counsel for Defendant Sokolski & Zekaria, P.C. within thirty days, both Defendant Sokolski & Zekaria, P.C. and Defendant Daphna Zekaria, as an officer of the Court, will risk the Entry of Default.

**IT IS SO ORDERED**

**BY THE COURT:**

   /s/ John Milton Younge
Judge John Milton Younge

---

[1] Defendant, Sokolski & Zekaria, P.C. should be advised that as a corporate entity it cannot appear in court and represent itself *pro se*, because a corporation can only appear in court through an attorney at law who is admitted to practice before the court. *Simbraw, Inc. v. United State*, 367 F.2d 373 (3d Cir. 1966); *MOVE Organization v. Department of Justice*, 555 F. Supp. 684 (E.D. Pa. 1983). Therefore, failure to secure replacement counsel within the time allocated, could result in Court ordered sanctions, including potential entry of default judgment against Sokolski & Zekaria, P.C. and Daphna Zekaria.