**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.**<br><br>**Defendants.** | **CIVIL ACTION**<br><br>**No. 2022-cv-00688 (JMY)** |

**NOTICE OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM STERNBERG DEFENDANTS AFTER 7/19/24 DISCOVERY DEADLINE AND FOR SANCTIONS, AND TO CONDUCT DE BENE ESSE DEPOSITIONS OF OTHER VICTIMS OF DEFENDANTS' FRAUD SCHEME**

**TO:** **Manfred Sternberg, Esquire**
**Manfred Sternberg & Associates, PC**
c/o Seth Laver, Esquire
Joseph Ross, Esquire
VIA EMAIL: slaver@goldbergsegalla.com
and jross@goldbergsegalla.com

**PLEASE TAKE NOTICE** that plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Motion (a) to Compel Discovery from defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC (the "Sternberg Defendants"), after the July 19, 2024 discovery deadline (or in the alternative, to extend that

discovery deadline solely for the purpose of obtaining the discovery and depositions that are the subject of this Motion), and for Sanctions, by reason of the Sternberg Defendants' refusal and failure to respond to plaintiff's discovery requests, and their failure to comply with the Rules of Court governing discovery, pursuant to Rules 30 and 34 and 37 of the Federal Rules of Civil Procedure, and seeks an Order directing the Sternberg Defendants to provide the requested discovery to plaintiff, and (b) to conduct the *de bene esse* depositions of the other victims of defendants' fraud scheme; and (c) plaintiff seeks the entry of an Order in the proposed form of Order accompanying this Motion; both compelling discovery from and imposing sanctions against the Sternberg Defendants, and permitting plaintiff to conduct the de bene esse depositions of the other victims of defendants' fraud scheme; and in support of its Motion, plaintiff will rely upon the accompanying Motion (with exhibits) and Memorandum of Law.

**TAKE FURTHER NOTICE** that if you desire to oppose the relief sought in this Motion, you must file your written response with the Court and serve a copy of same upon undersigned counsel. In the absence of such timely filed and served response, the Court may, upon consideration of the Motion, grant the relief requested by plaintiff in the Motion.

ORAL ARGUMENT IS REQUESTED BY PLAINTIFF IF THIS MOTION IS OPPOSED.

Respectfully submitted,
LIGHTMAN & MANOCHI
BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Tel. No. 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date: July 19, 2024

Attorneys for plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.**<br><br>**Defendants.** | : | **CIVIL ACTION**<br><br>**No. 2022-cv-00688 (JMY)** |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM THE STERNBERG DEFENDANT AFTER THE JULY 19, 2024 DISCOVERY DEADLINE, AND FOR SANCTIONS, AND PERMITTING PLAINTIFF TO CONDUCT DE BENE ESSE DEPOSITIONS OF OTHER VICTIMS OF DEFENDANTS' FRAUD SCHEME**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Motion (a) to Compel Discovery (the "Motion") from defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC (the "Sternberg Defendants") after the 7/19/24 discovery deadline (or in the alternative, to extend that discovery deadline solely for the purpose of obtaining the discovery and depositions that are the subject of this Motion), and for Sanctions, by reason of the Sternberg Defendants' refusal and failure to respond to plaintiff's discovery requests, and comply with the Rules of Court governing discovery, pursuant to Rules 30 and 34 and 37 of the Federal Rules of Civil Procedure, and directing the Sternberg Defendants

to provide the requested discovery to plaintiff, and (b) to conduct the de bene esse depositions of the other victims of defendants' fraud scheme; and (c) plaintiff seeks the entry of an Order in the proposed form of Order accompanying this Motion; both compelling discovery from and imposing sanctions against the Sternberg Defendants, and permitting plaintiff to conduct the *de bene esse* depositions of the other victims of defendants' fraud scheme; and in support of its Motion, plaintiff states as follows:

## GENERAL BACKGROUND FACTS

1. Plaintiff instituted this action on February 23, 2022.

2. This case involves a significant financial fraud perpetrated upon plaintiff by and between the Defendants, wherein plaintiff was induced to purchase 151,200 boxes of iCovid Kits (the "COVID Test Kits") for $1,965,600.00 – plaintiff paid the $1,965,600.00 purchase price to defendants, but did not receive the COVID Test Kits, and has not gotten back the purchase price it paid for those COVID Test Kits.

3. Plaintiff was induced to pay the $1,965,600.00 purchase price into the attorney trust account of the Sternberg Defendants, based upon the representations of the Gross and Sternberg Defendants that the COVID Test Kits would be shipped to plaintiff forthwith, and that the $1,965,600.00 purchase price would not be released from Sternberg's trust account unless and until Defendants supplied plaintiff with a Bill of Sale, as well as a Bill of Lading from a recognized common carrier evidencing that the 151,200 Test Kits were owned by and in transit to plaintiff.

4. On January 21, 2022, in reliance upon Defendants' aforesaid representations, plaintiff wired the $1,965,600.00 purchase price into the attorney trust account of the Sternberg Defendants, and also emailed plaintiff's Purchase Order #18315 to Defendants for the COVID Test Kits – plaintiff's Purchase Order expressly stated, "deliver by 1/25/22." *See*, ECF 80,

Amended Complaint, at ¶¶ 23-29, and Exhibit "1" to the Complaint (plaintiff's Purchase Order #18315).

5. Not only did the Purchase Order signed by plaintiff require delivery by January 25, 2022, but the Sale and Purchase Agreement signed by plaintiff clearly and unequivocally provides in paragraph 6 that "Title transfer shall happen contemporaneously with funds being released [from the Sternberg attorney trust account] to Seller. *See*, Exhibit "1" to Amended Complaint [ECF 80].

6. When the Defendants failed to timely deliver the iCovid test kits ordered by plaintiff, on February 16, 2022, plaintiff notified Defendants in writing that it canceled the purchase and demanded the immediate return of the million purchase price paid to the Sternberg Defendants in escrow.

7. The Gross Defendants agreed that plaintiff could obtain a full refund from the Sternberg Defendants.

8. However, to date, over two years later, Defendants have failed to return the $1,965,600.00 purchase price to plaintiff, and they also failed to deliver the COVID Test Kits as promised.

9. The Defendants now have had possession of plaintiff's money -- almost Two Million Dollars -- for two and one-half years.

10. The discovery deadline in this case currently is July 19, 2024, and the final Pre-Trial Conference is scheduled for January 29, 2025 [ECF 154], with trial expected to occur shortly thereafter.

11. Plaintiff strongly desires to go to trial by no later than early in 2025, as currently scheduled by the Court, and objects to any further extension of the 7/19/24 discovery deadline and to any delay in this case, which already is two and one-half years old.

12. For the reasons set forth in this Motion, plaintiff requests that the discovery deadline remain July 19, 2024, but that after that date: (a) the Sternberg Defendants be required to produce the documents responsive to the 3/7/24 Document Requests served upon them, which includes many additional documents they agreed to but have failed to produce thus far, and (b) plaintiff be permitted to conduct an additional deposition of the Sternberg Defendants, and (c) plaintiff be permitted to conduct the *de bene esse* depositions of other victims (including other victims that the Sternberg Defendants failed to disclose but that plaintiff first learned about on July 16, 2024, and (d) an award of sanctions be entered against the Sternberg Defendants for their failure and refusal to cooperate in and produce required discovery.

**FACTS RELEVANT TO MOTION TO COMPEL DISCOVERY AND SANCTIONS AND TO PERMIT PLAINTFF TO CONDUCT DE BENE ESSE DEPOSITIONS OF OTHER VICTIMS**

13. On February 7, 2024, plaintiff conducted the depositions of the Sternberg Defendants.

14. At their 2/7/24 deposition, the Sternberg Defendants agreed to produce additional documents, as well as to be deposed again.

15. The Sternberg Defendants were served with Plaintiff's Third Request for Production of Documents dated March 7, 2024 (the "Document Requests"), which is the subject of this Motion to Compel, and which contained a list of the documents that the Sternberg Defendants agreed to produce, as well as additional Document Requests..

16. A true and correct copy of the 3/7/24 Document Requests served upon the Sternberg Defendants accompanies this Motion as Exhibit "A" and is incorporated herein by reference and made a part hereof.

17. To date, the Sternberg Defendants have failed and refused, and continue to fail and refuse, to produce the documents responsive to the 3/7/24 Document Requests.

18. On April 29, 2024, counsel for the Stenberg Defendants sent plaintiff's counsel an email purportedly containing a ShareFile link to the Sternberg documents responsive to the 3/7/24 Document Requests. *See*, Exhibits "C" and "D" accompanying this Motion.

19. However, neither of the two attorneys from LIGHTMAN & MANOCHI, nor their paralegal, nor their IT technician, were able to access the documents purportedly in that ShareFile link.

20. Plaintiff's counsel made repeated requests to counsel for the Sternberg Defendants, either to fix the problem so as to enable plaintiff's counsel to access the documents in that purported ShareFile link, or for them to deliver hard copies of the responsive documents to plaintiff.

21. Plaintiff's counsel also reached out to the IT technician at Goldberg Segalla, the law firm representing the Sternberg Defendants, requesting that they fix the problem so as to enable plaintiff's counsel to access the documents in that purported ShareFile link.

22. In response, plaintiff's counsel was repeatedly advised that "they are working on the problem," but it was never fixed, and the documents responsive to the 3/7/24 Document Requests never were produced for or delivered to plaintiff's counsel.

23. Accompanying this Motion as Exhibits "C" and "D" are some of the email exchanges evidencing the aforesaid refusal of counsel for the Sternberg Defendants to produce the responsive documents.

24. Plaintiff is entitled to the documents that the Sternberg Defendants agreed to but to date have failed to produce, as well as to the other documents responsive to the 3/7/24 Document Requests.

25. The requested documents are relevant and material to plaintiff's claims in this case.

26. The requested documents also will support plaintiff's claims that the fraud perpetrated by the Sternberg Defendants and the other defendants upon plaintiff, not only is an isolated instance, but is part of a larger fraud scheme perpetrated by Defendants upon other victims as well, who also wired millions of dollars to the Sternberg Defendants for the purchase of iCovid Test Kits and other PPE, but who failed to receive what they purchased, or their money back.

27. For example, plaintiff in the course of discovery learned that VRC Medical Services, Inc. ("VRC") is another victim of defendants' fraud scheme:

(a) Plaintiff learned that VRC wired a total of $2,449,440 to the Sternberg attorney escrow account, in two wires, on January 19 and 20, 2022 (i.e., just prior to plaintiff's 1/21/22 wire of $1.965,600 to Sternberg), for VRC's purchase of 204,120 iCovid Test Kits;

(b) The Sternberg Defendants and Gross Defendants have retained VRC's $2,449,440 purchase price, and also failed to deliver the 204,120 Test Kits to VRC;

(c) VRC has filed its own lawsuit against the Sternberg Defendants and the Gross Defendants, in the proceeding styled VRC Consulting, Inc. d/b/a VRC Medical Services, Inc. v. Manfred Sternberg et al, USDC, DNJ, Docket No. 3:24-cv-00710, filed February 6, 2024 (the "VRC Fraud Lawsuit"), alleging a fraud scheme similar to the fraud scheme alleged by plaintiff in the instant lawsuit.

28. Yet another victim of defendants' fraud scheme —Nail & Beauty, LLC—filed its own lawsuit against the Stenberg Defendants and the Gross Defendants and the Zekaria

Defendants, in New York state court (Supreme Court of New York, Nassau County, Index No. 60424/2022 (the "Nail & Beauty Fraud Lawsuit").

29. On July 16, 2024, the Sternberg Defendants conducted the deposition of Gary Weiss.

30. At the 7/16/24 deposition, Mr. Weiss produced a spreadsheet that he testified defendant Manfred Sternberg sent to defendant Sam Gross about two months ago, that defendant Gross in turn supplied to defendant Weiss (the "Sternberg Spreadsheet").

31. That Sternberg Spreadsheet was marked as Deposition Exhibit Weiss-20, and a true and correct copy of that Sternberg Spreadsheet accompanies this Motion as Exhibit "B" and is incorporated herein by reference and made a part hereof.

32. That Sternberg Spreadsheet prepared by the Sternberg Defendants (that was marked as Deposition Exhibit Weiss-20 on July 16, 2924) was *never produced by the Sternberg Defendants*, but instead was produced *for the first time by defendant Weiss*, during his deposition on July 16, 2024.

33. The Stenberg Defendants to date failed and refused to produce that Sternberg Spreadsheet to plaintiff, although it was among the documents requested by plaintiff in the Document Requests propounded by plaintiff upon the Sternberg Defendants;

34. That Sternberg Spreadsheet, prepared by the Sternberg Defendants but not produced by them in discovery (and only produced by defendant Weiss, for the first time, on July 16, 2024), discloses the names of additional victims of defendants' fraud scheme, that before July 16, 2024, were not disclosed to plaintiff. *See*, Exhibit "B" accompanying this Motion.

35. Plaintiff believes that the other documents responsive to the 3/7/24 Document Requests also may lead to the discovery of additional victims.

36. The failure of the Sternberg Defendants to produce all of the documents responsive to the 3/7/24 Document Requests, is without any legal justification or excuse, and is in violation of their discovery obligations pursuant to the Rules of Court.

37. Said failure is especially egregious in light of the fact that the Sternberg Spreadsheet, produced for the first time on July 16, 2024, not by them, but by defendant Weiss, has disclosed the names of additional victims not heretofore disclosed to or known by plaintiff.

38. The failure of the Sternberg Defendants to appear for a second deposition, as they agreed, is without legal justification or excuse, and is in violation of their discovery obligations pursuant to the Rules of Court.

39. Plaintiff requests that the Court issue an Order directing the Sternberg Defendants (after the 7/19/24 discovery deadline) to provide plaintiff with written responses to the 3/7/24 Document Requests, and to deliver to plaintiff's counsel hard copies of all of the documents responsive to the 3/7/24 Document Requests.

40. Plaintiff also requests that the Court compel the Sternberg Defendants to appear for another deposition (after the 7/19/24 discovery deadline), which additional deposition they agreed to during their first deposition on 2/7/24, and because of the documents that they were required to but failed to produce in response to the 3/7/24 Document Requests served upon them.

41. Plaintiff also desire this Honorable Court's permission to conduct the *de bene esse* depositions (after the 7/19/24 discovery deadline) of the other victims of Defendants' fraud scheme, that are beyond the Court's jurisdiction and/or that otherwise cannot be compelled to testify at trial, including the victims first disclosed in the Sternberg Spreadsheet produced on July 16, 2024, not by the Sternberg Defendants, but by defendant Gary Weiss at his deposition.

42. Counsel for plaintiff has incurred attorney fees of approximately $2,500.00, in connection with attempting to amicably resolve this dispute, including in communicating with counsel for the Sternberg Defendants to try to obtain the discovery from the Sternberg Defendants, and in researching and drafting the instant Motion, and seeks an award of $2,500.00 against the Sternberg Defendants in connection with this Motion, pursuant to Rule 35(a)(5).

**GOOD FAITH CERTIFICATION OF COUNSEL**

43. Counsel for plaintiff has made numerous attempts, without success, to amicably resolve this discovery dispute with counsel for the Sternberg Defendants.

**RELIEF REQUESTED**

44. Plaintiff respectfully submits that the Court should enter the proposed Order accompanying this Motion:

(a) Compelling the Sternberg Defendants to deliver to Plaintiff written responses to the 3/7/24 Document Requests served by Plaintiff upon them; and

(b) Compelling the Sternberg Defendants to produce to plaintiff all of the documents responsive to the 3/7/24 Document Requests; and

(c) Compelling the Stenberg Defendants to appear for their sworn oral depositions in the offices of plaintiff's counsel (or such other location as mutually agreed upon by plaintiff); and

(d) Permitting plaintiff to conduct the *de bene esse* depositions of the victims identified by plaintiff in their Supplemental Rule 26 Disclosures, as well as any additional persons disclosed by the Sternberg Defendants in the documents to be produced pursuant to paragraph 3 above, that are beyond the Court's jurisdiction and/or that otherwise cannot be compelled to testify at trial, who made wire transfers to the Sternberg Defendants to purchase iCovid Test Kits or other personal protective equipment, ; and

(e) Entering sanctions in favor of plaintiff against the Sternberg Defendants, in the total amount of $2,500.00; and

(f) Granting plaintiff such other and further relief as the Court shall deem just.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date: July 19, 2024 Attorneys for plaintiff

**EXHIBITS TO MOTION TO COMPEL DISCOVERY**
**FROM THE STERNBERG DEFENDANTS**

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| "A" | 3/7/24 Document Requests served on the Sternberg Defendants |
| "B" | 7/16/24 Deposition Exhibit Weiss-20, produced by defendant Weiss on 7/16/24 but to date not produced by the Sternberg Defendants |
| "C" | Email exchange between plaintiff's counsel and counsel for the Sternberg Defendants pertaining to the refusal of the Sternberg Defendants to make their ShareFile link accessible to plaintiff's counsel and/or to produce the responsive documents |
| "D" | Email exchange between plaintiff's counsel and counsel for the Sternberg Defendants pertaining to the refusal of the Sternberg Defendants to make their ShareFile link accessible to plaintiff's counsel and/or to produce the responsive documents |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| **v.** | : | **No. 2022-cv-00688 (JMY)** |
| **MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.** | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL DISCOVERY FROM THE STERNBERG DEFENDANTS AND PERMITTING DE BENE ESSE DEPOSITIONS**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Memorandum of Law in support of its Motion (a) to Compel Discovery (the "Motion") from defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC (the "Sternberg Defendants"), after the July 19, 2024 discovery deadline (or in the alternative, to extend that discovery deadline solely for the purpose of obtaining the discovery and depositions that are the subject of this Motion), and for Sanctions, by reason of the Sternberg Defendants' refusal and failure to respond to plaintiff's discovery requests, and their failure to comply with the Rules of Court governing discovery, pursuant to Rules 30 and 34 and 37 of the Federal Rules of Civil Procedure, and directing the Sternberg Defendants to provide the requested discovery to

plaintiff, and (b) to conduct the *de bene esse* depositions of the other victims of defendants' fraud scheme; and (c) plaintiff seeks the entry of an Order in the proposed form of Order accompanying this Motion; both compelling discovery from and imposing sanctions against the Sternberg Defendants, and permitting plaintiff to conduct the *de bene esse* depositions of the other victims of defendants' fraud scheme.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff incorporates by reference herein, the facts and procedural background set forth in its accompanying Motion, as if fully set forth at length herein. In sum: (a) the Sternberg Defendants have failed to produce for plaintiff the documents responsive to the 3/7/24 Document Requests propounded upon them (*see* Exhibit "A" accompanying the Motion); and (b) the Sternberg Defendants have failed to appear for another deposition. Plaintiff seeks (after the July 19, 2024 discovery deadline) to compel the Sternberg Defendants to provide all of the responsive documents, and to take another deposition of said defendants, and also to take the *de bene esse* depositions of the victims of Defendants' fraud scheme, including those victims first disclosed on July 16, 2024, as well as those additional victims anticipated to be disclosed in the additional document production of the Sternberg Defendants.

**LEGAL ARGUMENT IN SUPPORT OF MOTION**

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. Rule

26(b)(1), Fed.R.Civ.P. Hassel v. Centric Bank, 2022 U.S. Dist. LEXIS 92580 *5-6 (M.D. PA. 2022).

Relevance is generally "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id*, *citing* Oppenheimer Funds, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

Rule 34 of the Federal Rules of Civil Procedure authorizes a party to serve Document Requests upon another party in a federal court lawsuit, such as plaintiff served on Defendants in the instant case. Rule 34, Fed.R.Civ.P.

Under Rule 37(a), a party may file a motion to compel discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded Document Requests or interrogatories. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii-iv).

Rule 37(a)(1) of the Federal Rules of Civil Procedure provides in relevant part that a party may move for an Order compelling discovery if the party upon whom a discovery request is served fails to comply and produce the requested discovery. Rule 35(a)(1), Fed.R.Civ.P.

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides in relevant part that if a Motion to compel discovery "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must [not may], after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Rule 35(a)(5), Fed.R.Civ.P.

The undersigned counsel for movant conferred in good faith with counsel for the Sternberg arty Defendants, to obtain the discovery requested in this Motion, without success.

In the instant case, the Sternberg Defendants failed and refused to comply with their discovery obligations under the Rules of Court – the Sternberg Defendants failed and refused to provide the documents responsive to the 3/7/24 Document Requests served upon them.

**RELIEF REQUESTED**

WHEREFORE, plaintiff respectfully requests Plaintiff respectfully submits that the Court should enter the proposed Order accompanying this Motion:

(g) Compelling the Sternberg Defendants to deliver to Plaintiff written responses to the 3/7/24 Document Requests served by Plaintiff upon them; and

(h) Compelling the Sternberg Defendants to produce to plaintiff all of the documents responsive to the 3/7/24 Document Requests; and

(i) Compelling the Stenberg Defendants to appear for their sworn oral depositions in the offices of plaintiff's counsel (or such other location as mutually agreed upon by plaintiff); and

(j) Permitting plaintiff to conduct the *de bene esse* depositions of the victims identified by plaintiff in their Supplemental Rule 26 Disclosures, as well as any additional persons disclosed by the Sternberg Defendants in the documents to be produced pursuant to paragraph 3 above, who made wire transfers to the Sternberg Defendants to purchase iCovid Test Kits or other personal protective equipment; and

(k) Entering sanctions in favor of plaintiff against the Sternberg Defendants, in the total amount of $2,500.00; and

(l) Granting plaintiff such other and further relief as the Court shall deem just.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman

GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
PA Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date: July 19, 2024

Attorneys for plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of Plaintiff's Motion to Compel Discovery From the Sternberg Defendants and for Sanctions via ECF, and/or email upon the following:

Seth Laver, Esquire
Goldberg Segalla
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
slaver@goldbergsegalla.com
Jross@goldbergsegalla.com

Gary Weiss
437 1st Avenue
Elizabeth, NJ 07206
wgary4109@gmail.com
monipair@aol.com

Samuel Gross
a/k/a Shlomo Gross
78 Buckminster Road
Rockville Centre, NY 11570
charltonholdinggroupllc@aol.com
publicdiamonds@gmail.com
Scg1212@gmail.com
Samrosinc@icloud.com

Daphna Zekaria
8 Westminster Road
Syosset, NY 11791
Dzandpeanut@aol.com

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE

Date : July 19, 2024

Attorneys for Plaintiff