LIGHTMAN & MANOCHI
BY:    GARY P. LIGHTMAN, ESQUIRE
       GLENN A. MANOCHI, ESQUIRE
PA Identification Nos. 28529 and 64223
600 Germantown Pike, Suite 400
Plymouth Meeting, PA 19422
Telephone: 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com
kditomaso@lightmanlaw.com
**Attorneys for Plaintiff**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM** : : : : **Plaintiff,** : : v. : : **MANFRED STERNBERG, ESQUIRE,** : **and MANFRED STERNBERG &** : **ASSOCIATES, PC, and CHARLTON** : **HOLDINGS GROUP, LLC, and** : **SAMUEL GROSS a/k/a SHLOMO** : **GROSS, and GARY WEISS,** : **and ASOLARDIAMOND, LLC a/k/a,** : **ASOLAR. LLC, and DAPHNA** : **ZEKARIA, ESQUIRE, and SOKOLSKI** : **& ZEKARIA, P.C.** : : **Defendants.** : | **CIVIL ACTION** **No. 2022-cv-00688 (JMY)** |

**PLAINTIFF'S THIRD REQUEST FOR THE PRODUCTION OF
DOCUMENTS ADDRESSED TO EACH OF THE DEFENDANTS**

TO:    (1)    Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC
              c/o Seth Laver, Esquire VIA EMAIL: slaver@goldbergsegalla.com

       (2)    Daphna Zekaria, Esquire, and Sokolski & Zekaria, PC
              c/o Patrick J. Healey, Esquire (VIA EMAIL: phealey@rebarkelly.com)
              c/o Cathleen Kelly Rebar, Esquire (VIA EMAIL: crebar@rebarkelly.com)

(3)  Gary Weiss and ASOLARDIAMOND, LLC
VIA EMAIL: wgary4109@gmail.com and monipair@aol.com

(4)  Sam Gross and Charlton Holdings Group, LLC
VIA EMAIL charltonholdinggroupllc@aol.com and Scg1212@gmail.com and publicdiamonds@gmail.com and Samrosinc@icloud.com

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM ("Plaintiff" or "TSH")), through counsel, requests and demands that each of the defendants, (1) Manfred Sternberg, Esquire, amd (2) Manfred Sternberg & Associates, PC, and (3) Daphna Zekaria, Esquire, and (4) Sokolski & Zekaria, PC, and (5) Gary Weiss, and (6) ASOLARDIAMOND, LLC, and (7) Sam Gross, and (8) Charlton Holdings Group, LLC (collectively, "Defendants"), pursuant to Rule 26 of the Federal Rules of Civil Procedure, produce each of the documents requested below, within the time prescribed by the Rules of Court.  Said documents and defendants' written answers to these Document Requests shall be produced on or before April 8, 2024, at 10:00 a.m., in the offices of Lightman & Manochi, 600 W. Germantown Pike, Suite 400, Plymouth Meeting, PA 19462, or at such other date, time and place as agreed upon by counsel for plaintiffs.

## DEFINITIONS

Plaintiff incorporates by reference herein, the "Definitions" set forth in plaintiff's prior Requests for the Production of Documents.  In addition:

(a)  The term "Sternberg Defendants" or"Manfred" shall refer to Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, or either of them.

(b)  The term "Zekaria Defendants" or "Daphna" shall refer to Daphna Zekaria, Esquire, and Sokolski & Zekaria, PC, or either of them

(c)  The term "Weiss Defendants" or "Gary" or "Weiss" shall mean and refer to Gary Weiss, and ASOLARDIAMOND, LLC, and A.SOLAR, LLC, or either of them.

(d)  The term "Gross Defendants" or "Sam" shall refer to Sam Gross, a/k/a Shlomo Gross, and Charlton Holdings Group, LLC, or either of them.

(e)  "PPE" shall mean personal protection equipment, such as iCovid test kits, or masks, or gloves, etc.

(f)  "Tr." is a reference to the 2/7/24 deposition transcript of Manfred Sternberg.

## **INSTRUCTIONS**

1.	All information requested is for the period from January 1, 2020, to the present, unless otherwise indicated, or unless necessary to completely answer the Interrogatory or respond to the request for production of documents.

2.	To the extent any Document Request is objected to, set forth all reasons therefor. If you claim privilege as a ground for not producing a document in whole or in part, produce a privilege log which among other things, describes the factual basis for your claim or privilege in sufficient detail, so as to permit defendants and the Court to understand and adjudicate the validity of the privilege claim.

3.	The following rules of construction apply to all discovery requests, definitions and instructions:

	(a)	The terms "any," "all," and "each," shall each be construed as encompassing any and all.

	(b)	The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be outside of its scope.

	(c)	The use of the singular form of any word includes the plural and vice versa.

4.	In addition to answering the Document Requests and to producing the documents and things requested, you are required to serve upon plaintiff, in accordance with the Rules of Civil Procedure, each item or category of each Document Request stating that such documents and things (a) exist and are being produced, (b) do not exist, or (c) exist but are not being produced because of an objection.  Each Document Request is to be responded to independently and each numbered response is to be set forth separately.  All documents being produced shall be consecutively Bates-stamped or otherwise numbered, and your answer to each Document Request identifying documents, also shall contain specific references to the Bates-stamp or other document number of each document responsive to that particular Document Request.   In the event of any objection, the reason for each such objection must be stated, in accordance with instruction no. 3, above, and nos. 4-5, below.

5.	If you claim that any information or document or thing responsive to this Document Request is subject to the attorney-client privilege or any other privilege, produce a privilege log in which inter alia you identify the nature of the privilege (including work product), which is being claimed, as to each item of information or document as to which a privilege is being asserted, and if the privilege is governed by state law, indicate the state's privilege rule being invoked; and you also must provide the following information in your privilege log as to each such document or information and for each such objection:  (i) the type of document or information  (e.g., letter, memorandum, etc.); and (ii) the general subject matter of the document or alleged privileged information; and (iii) the date of the document or information; and (iv) the author of the document or information, all of the addressees or recipients of the document or information, and any other

recipients, and where not apparent, the relationship of the author, address(es), and recipient(s) to each other.

   6.  Notwithstanding the assertion of any objection, any document or information claimed to be privileged or otherwise protected from discovery that contains non-privileged material should be disclosed, with the purportedly privileged section redacted. The redacted portion should be listed on the privilege log provided by plaintiff under paragraph 5 above, and should be clearly marked "Redacted" on each such document.

   7.  The original or a duplicate of every document claimed to be privileged or otherwise protected from discovery (in whole or in part) shall be segregated and maintained for inspection by the Court or for production to plaintiff if so ordered.

   8.  You are required to produce all requested information and/or documents that are in your possession, custody or control. Your search should include, but not be limited to, all desk files, personal files, chronological ("chron") files, personal notes, business diaries and calendars, records of meetings and telephone calls, and e-mail and documents stored in any computer memory (or retrievable by a computer).

   9.  As used herein, a document is deemed to be in your "possession" or "control" if you have the right to secure the document or a copy thereof from any person or public or private entity having actual possession thereof. Those documents not within your custody or control should be identified as to author, subject matter and location.

   10.  Electronically stored information as that term is used in the Rules of Civil Procedure and Rules of Evidence should be produced as follows:

    (a)  TIFFs. All images shall be delivered as single page Group IV TIFF image files. Image file names should not contain spaces.

    (b)  Unique IDs. Each image should have a unique file name and should be named with the Bates number assigned to it.

    (c)  Text Files. Extracted full text in the format of multipage text files shall be provided. The total number of text files delivered should match the total number of TIFF files delivered. Each text file should match the respective TIFF filename. Text from redacted pages will be produced in OCR format rather than extracted text.

    (d)  Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent record) should be preserved.

    (e)  Database Load Files/Cross-Reference Files. Records should be provided in a format compatible with Concordance 8x and Opticon 3x.

    (f)  Metadata. For records that were originally created using common, off-the-shelf software (e.g., Microsoft Word, Microsoft Excel, Microsoft PowerPoint, Adobe PDF),

provide all metadata fields set forth in section (g) below. To the extent e-mail attachments were originally created using common, off-the-shelf software, produce the metadata for those attached electronic records in accordance with section G below.

(g) Metadata Fields: Custodian, Beginning Bates Number, Ending Bates Number, Beginning Attachment Number, Ending Attachment Number, Record Type, Master_Date, SentOn_Date and Time, Received_Date and TimeCreate Date and Time, Last_Modified Date and Time, Parent Folder, Author, To, From, CC, BCC, Subject/Title, Original Source, Native Path, File Extension, File Name, File Size, and Full Text.

(h) Spreadsheets. For spreadsheets that were originally created using common, off-the-shelf software (e.g., Microsoft Excel), produce the spreadsheets in native format and, in addition, in TIFF format.

12. Hard copy documents shall be produced as follows:

(a) TIFFs. All images shall be delivered as single page Group IV TIFF image files. Image file names should not contain spaces.

(b) Unique IDs. Each image should have a unique file name and should be named with the Bates number assigned to it.

(c) OCR. High-quality multi page OCR text should be provided. Each text file should match the respective TIFF filename.

(d) Database Load File/Cross-Reference Files. Records should be provided in a format compatible with Concordance 8x and Opticon 3x.

(e) Unitizing of Records. In scanning hard copy records, distinct records should not be merged into a single record, and single records should not be split into multiple records (i.e., hard copy records should be logically unitized).

(f) Parent-Child Relationships. Parent-child relationships (the association between an attachment and its parent record) should be preserved.

(g) Objective Coding Fields. The following objective coding fields should be provided: Beginning Bates Number, Ending Bates Number, Beginning Attachment Number, Ending Attachment Number, Source/Custodian.

13. You must comply with the Federal Rules of Civil Procedure by producing the requested documents as they are kept in the usual course of business or by organizing and labeling them to correspond with the categories in the Document Requests. If any document responsive to any Discovery Request was maintained or kept in a file folder, binder or other storage device that was labeled (or otherwise bore any information), produce the original or a copy of such label (and such information), in a way that defendant can determine the content of the label (or other information) on the file folder, binder or other storage device in which each such responsive

document was maintained or kept.

14. If a document was prepared in several copies, or if additional copies were thereafter made, and if any such copies were not identical or are no longer identical by any reason of subsequent notation or modification of any kind whatsoever, including, without limitation, notations on the front or back of the document, such non-identical copies must be produced.

15. If a requested document was, or is no longer in your possession or subject to your control, or is no longer in existence, state whether any such document is: (a) missing or lost; (b) destroyed; (c) transferred to others; or (d) otherwise disposed of. And in the case of any such instances, also set forth the surrounding circumstances and any authorization for the latter three dispositions; state the date or best approximate date of any such disposition and, if known, the author, subject matter, location and custodian of any such document.

16. If you do not have in your possession or control any documents which are responsible to a document request, state that no such documents exist.

17. This Document Request shall be deemed to be continuing in nature in accordance with the Rules of Civil Procedure so as to require supplemental responses and production if you obtain information or documents or discover information or documents covered by any of the Discovery Requests subsequent to your service of a response.

18. Time Period. Unless otherwise stated in a discovery request (e.g., by use of the phrase "ever", "without date limitation", or "at any time"), all documents and information requested are for the period commencing January 1, 2020 to the present (the "Time Period"), and include (1) all documents dated, prepared or received during the Time Period; and (2) all documents that relate to, refer to, or contain any information concerning all or any portion of the Time Period, or to any event or circumstance during the Time Period, whether dated, prepared or received before, after or during the Time Period.

**DOCUMENT REQUESTS**

1. Documents evidencing any new law practice formed by Manfred, including incorporation or formation documents, and documents evidencing any and all new bank accounts for the new law practice, and documents evidencing any transfers of funds from the Stenberg Defendants to the new practice, and documents evidencing any transfers of clients from the Stenberg Defendants to the new practice, and documents evidencing any transfers of any other assets from the Stenberg Defendants to the new practice.

2. All documents pertaining to manfredlaw.com.

3. Documents evidencing any involvement by Dana Kirkpatrick, Esquire, in any matters pertaining to this dispute, including any emails or texts to or from her.

4. The reservation of rights letters dated 9/6/22 and 7/18/23 that are referred to in the first paragraph of, and incorporated into, the 2/9/24 ROR letter from Attorney Protective that Seth Laver produced for us in Seth's 2/22/24 email.

5. All of the monthly statements referred to in the 4/5/21 retainer letter from Sternberg to Gross, that Seth Laver produced for us in Seth's 2/22/24 email.

6. Documents reflecting each of the payments made by Gross to Sternberg, or taken by Sternberg, for attorney fees.

7. Documents showing the disbursement of the $1,842,840 remaining in the Sternberg escrow account after Sternberg received a total of $4,415,040 from TSH and VRC on January 19-21, 2022, and made disbursements totaling $2,571,200 to Weiss and Zekaria.

8. Documents showing the disbursement of the $905,000 remaining in the Zekaria escrow account after Zekaria received a total of $2,351,960 from Sternberg, and made disbursements totaling $1,446,960 to Gary Weiss.

9. All of the documents requested during the deposition of Manfred Sternberg conducted on February 7, 2024.

10. Documents comprising the metadata for the April 5, 2021 fee agreement (that was produced for the first time on 2/22/24), that Sternberg entered into with the Gross Defendants (the "4/5/21 Sternberg-Gross Fee Agreement"), that show (a) when that fee agreement initially was created, and (b) each time the document was accessed and/or modified.

11. Documents evidencing how the 4/5/21 Sternberg-Gross Fee Agreement was transmitted to the Gross Defendants.

12. Documents evidencing when the 4/5/21 Sternberg-Gross Fee Agreement was

7

signed by the Gross Defendants, and transmitted back to Sternberg.

13. Documents evidencing all attorney fees or other compensation paid by the Gross Defendants to the Sternberg Defendants, for (a) the TSH purchase; and (b) the VRC purchase; and (c) any other purchases of iCovid test kits or other PPE.

14. Documents evidencing any retainer or fee or other agreement between the Zekaria Defendants and the Weiss Defendants, including: (a) for her involvement in TSH's purchase of test kits; and (b) for her involvement in any other legal or other matter for the Weiss Defendants; and (c) for her receiving any funds from the Sternberg Defendants.

15. Documents evidencing any retainer or fee or other agreement between the Zekaria Defendants and the Gross Defendants, including: (a) for her involvement in TSH's purchase of test kits; and (b) for her involvement in any other legal or other matter for the Weiss Defendants; and (c) for her receiving any funds from the Sternberg Defendants.

16. Documents evidencing the money transferred to Sternberg from George Gianforcaro and/or Indutex USA, including the approximately $50,000 he transferred to Sternberg for the purchase of any PPE, and documents evidencing the subsequent dispute and/or settlement made when Sternberg refused to return those funds (Tr. at 229:18-230:13)

17. Documents evidencing the money transferred to Sternberg from Daniel Rodin, including the approximately $200,000 he transferred to Sternberg for the purchase of any PPE, and documents evidencing the subsequent dispute and/or Arbitration, and/or settlement made when Sternberg refused to return those funds, including documents evidencing the $170,000 return of funds from Sternberg to Rodin (Tr. at 226:7-227:22)

18. Documents evidencing the money transferred to Sternberg from George Carcia-Mendocal, Esquire, including the approximately $50,000 he transferred to Sternberg for the purchase of any PPE, and documents evidencing the subsequent dispute when Sternberg refused to return those funds.

19. Documents evidencing the money transferred to Sternberg from any other purchasers for the purchase of any PPE, and documents evidencing any subsequent dispute and/or settlement made with any such purchaser(s) when Sternberg refused to return those funds (Tr. at 230:16-231:16), and including "Daniel" (Tr. at 226:7-227:22), and "Foley" (Tr. at 228:3-229:16).

20. The original Sale and Purchase Agreement with TSH and The Gross Defendants, including all attachments and exhibits thereto.

21. The accounting that Manfred testified to under oath at his 2/7/24 deposition that Sam gave to him for the Bills of Lading ("BOLs") for all goods that had been shipped (Tr. at 36:7-21).

22. All BOLs for all shipments made to other purchasers (Tr. at 38:2-22).

8

23. The email or text where Sam transmitted his signature page of the SPA to Manfred (Tr. at 47:10-15).

24. The transmittal document whereby Manfred obtained from Sam or Gary Weiss, the BOLs that you sent to plaintiff's counsel (Tr. at 111:5-112:4).

25. The notes Manfred made of the conversation he had with plaintiff's counsel involving his claim that plaintiff or plaintiff's counsel impersonated an FBI agent (Tr. at 118:9-119:9).

26. Any voicemails you may have recorded involving any party or counsel involved in this dispute (Tr. at 141:11-17).

27. All drafts of the Gary Weiss Declaration that Manfred wanted Weiss to sign (Tr. at 162:13-163:6).

28. Documents evidencing all transfers made by Manfred out of his escrow account to try to but new product when Weiss couldn't cover (Tr. at 199:16-24).

29. Manfred's response to Sam's email marked as MSDE-23 (Sternberg document nos. 529-531) (Tr. at 209:16-210:4).

30. Manfred's email to Sam to which Sam responded with the email marked as MSDE-23 (Tr. at 210:5-15).

31. Manfred's response to Sam's email (marked as MSDE-23) where Manfred writes back to Sam (Tr. at 215:8-18).

32. The BOLs that Manfred claims he requested and received from Weiss to evidence Weiss's ownership of the test kits (Tr. at 225:1-21).

33. Any other documents that Manfred claims he requested and received from Weiss to evidence Weiss's ownership of the test kits (Tr. at 225:1-21).

34. Documentation for each of the PayPal withdrawals made from Stenberg's escrowe account (Tr. at 245:19-246:15).

35. All records pertaining to Affiliated Commercial ("A/C"), including formation records, and all documents evidencing any transfers of money to A/C from Manfred's escrow account (Tr. at 250:22-252:5).

36. Documents evidencing the $90,000 that Sam told Manfred he needed "to at least close VRC" (Tr. at 258:11-19).

37. The documents numbered as Weiss-322 through Weiss-325, that were not produced by Manfred (Tr. at 313:6-14).

  38. All WhatsApp messages or any other text messages to or from Daphna, and/or Sam, and/or Weiss, evidencing any communications from January 19, 2022, through May 1, 2022.

  39. All WhatsApp messages or any other text messages to or from Manfred, and/or Daphna, and/or Sam, and/or Weiss, evidencing any communications from January 19, 2022, through May 1, 2022.

  40. All documents requested at the deposition of Gary Weiss conducted on February 16, 2024.

  41. All documents previously requested from any defendant and not produced to date.

LIGHTMAN & MANOCHI

Dated: March 7, 2024    BY: /s/ Gary Lightman
             GARY P. LIGHTMAN, ESQUIRE
             garylightman@lightmanlaw.com
             GLENN A. MANOCHI, ESQUIRE
             gmanochi@lightmanlaw.com
             600 W. Germantown Pike, Suite 400
             Plymouth Meeting, PA 19462
             Tel. No.: (215) 760-3000

             Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM**, <br><br> *Plaintiff*, <br><br> v. <br><br> **MANFRED STERNBERG, ESQUIRE and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SHLOMO GROSS a/k/a SAMUEL GROSS and GARY WEISS and ASOLARDIAMOND, LLC d/b/a ASOLAR, LLC and DAPHNA ZEKARIA, ESQUIRE and SOKOLSKI & ZEKARIA, P.C.** <br><br> *Defendants*. | CIVIL ACTION <br><br> No. 2:22-CV-0688 (JMY) |

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of the foregoing Plaintiff's Third Request for Production of Documents via email, as indicated, upon the following persons at the following addresses:

Samuel Gross
Charlton Holdings Group, LLC
78 Buckminster Rd.
Rockville Center, NY 11570
charltonholdinggroupllc@aol.com
Scg1212@gmail.com
publicdiamonds@gmail.com
Samrosinc@icloud.com

Seth Laver, Esquire
Goldberg Segalla
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
slaver@goldbergsegalla.com

Pro Se Defendant

Attorneys for the Sternberg Defendants

| | |
|---|---|
| Patrick J. Healey, Esquire<br>Cathleen Kelly Rebar, Esquire<br>Rebar Kelly<br>470 Norristown Road, Suite 201<br>Blue Bell, PA 19422<br>Phealey@rebarkelly.com<br>crebar@rebarkelly.com<br><br>Attorneys for the Zekaria Defendants | Gary Weiss (pro se)<br>ASOLARDIAMOND, LLC<br>437 1st Avenue<br>Elizabeth, NJ 07206<br>wgary4109@gmail.com and<br>   monipair@aol.com<br><br>Defendants Gary Weiss<br>and ASOLARDIAMOND, LLC |
| | LIGHTMAN & MANOCHI<br><br>BY: /s/ Gary Lightman<br>GARY P. LIGHTMAN, ESQUIRE |
| Date: March 7, 2024 | Attorneys for Plaintiff |