**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMERICAN ENVIRONMENTAL** | : | |
| **ENTERPRISES, INC., d/b/a** | : | |
| **THESAFETYHOUSE.COM** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 2022-cv-00688 (JMY)** |
| **v.** | : | |
| | : | |
| **MANFRED STERNBERG, ESQUIRE,** | : | |
| **and MANFRED STERNBERG &** | : | |
| **ASSOCIATES, PC, and CHARLTON** | : | |
| **HOLDINGS GROUP, LLC, and** | : | |
| **SAMUEL GROSS a/k/a SHLOMO** | : | |
| **GROSS, and GARY WEISS,** | : | |
| **and ASOLARDIAMOND, LLC a/k/a,** | : | |
| **ASOLAR. LLC, and DAPHNA** | : | |
| **ZEKARIA, ESQUIRE, and SOKOLSKI** | : | |
| **& ZEKARIA, P.C.** | : | |
| | : | |
| **Defendants.** | : | |

**NOTICE OF PLAINTIFF'S RULE 36(a)(6) MOTION TO DETERMINE
PLAINTIFF'S REQUESTS FOR ADMISSION SERVED ON THE STERNBERG
DEFENDANTS AS DEEMED ADMITTED, AND RULE 37(a)(5)
AWARD OF ATTORNEY FEES AND COSTS**

**TO:**   Manfred Sternberg, Esquire
Manfred Sternberg & Associates, PC
c/o Seth Laver, Esquire
Joseph Ross, Esquire
VIA EMAIL: slaver@goldbergsegalla.com
and jross@goldbergsegalla.com

**PLEASE TAKE NOTICE** that plaintiff American Environmental Enterprises, Inc. d/b/a

THE SAFETY HOUSE.COM, hereby files this Motion under Rule 36(a)(6) of the Federal Rules,

seeking a Court determination deeming as admitted, Plaintiff's Rule 36 Requests for Admission

served on June 17, 2024, on defendants Manfred Sternberg, Esquire and Manfred Sternberg &

Associates, PC (the "Sternberg Defendants"), and for an award of attorney fees and costs under

Rule 37(a)(5) of the Federal Rules; and in support of its Motion, plaintiff will rely upon the accompanying Motion (with exhibits) and Memorandum of Law.

**TAKE FURTHER NOTICE** that if you desire to oppose the relief sought in this Motion, you must file your written response with the Court and serve a copy of same upon undersigned counsel.   In the absence of such timely filed and served response, the Court may, upon consideration of the Motion, grant the relief requested by plaintiff in the Motion.

ORAL ARGUMENT IS REQUESTED BY PLAINTIFF IF THIS MOTION IS OPPOSED.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Tel. No. 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  July 24, 2024                    Attorneys for plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICAN ENVIRONMENTAL : | |
| ENTERPRISES, INC., d/b/a : | |
| THESAFETYHOUSE.COM : | |
| : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| : | **No. 2022-cv-00688 (JMY)** |
| v. : | |
| : | |
| MANFRED STERNBERG, ESQUIRE, : | |
| and MANFRED STERNBERG & : | |
| ASSOCIATES, PC, and CHARLTON : | |
| HOLDINGS GROUP, LLC, and : | |
| SAMUEL GROSS a/k/a SHLOMO : | |
| GROSS, and GARY WEISS, : | |
| and ASOLARDIAMOND, LLC a/k/a, : | |
| ASOLAR. LLC, and DAPHNA : | |
| ZEKARIA, ESQUIRE, and SOKOLSKI : | |
| & ZEKARIA, P.C. : | |
| : | |
| **Defendants.** : | |

**PLAINTIFF'S RULE 36(a)(6) MOTION TO DETERMINE**
**PLAINTIFF'S REQUESTS FOR ADMISSION SERVED ON THE STERNBERG**
**DEFENDANTS AS DEEMED ADMITTED, AND RULE 37(a)(5)**
**AWARD OF ATTORNEY FEES AND COSTS**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM,

hereby files this Motion under Rule 36(a)(6) of the Federal Rules, seeking a Court determination

deeming as admitted, Plaintiff's Rule 36 Requests for Admission served on June 17, 2024, on

defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC (the "Sternberg

Defendants"), and for an award of attorney fees and costs under Rule 37(a)(5) of the Federal Rules;

and in support of its Motion, plaintiff states as follows:

**GENERAL BACKGROUND FACTS**

1.    Plaintiff instituted this action on February 23, 2022.

3

2.      This case involves a significant financial fraud perpetrated upon plaintiff by and between the Defendants, wherein plaintiff was induced to purchase 151,200 boxes of iCovid Kits (the "COVID Test Kits") for $1,965,600.00 – plaintiff paid the $1,965,600.00 purchase price to defendants, but did not receive the COVID Test Kits, and has not gotten back the purchase price it paid for those COVID Test Kits.

3.      Plaintiff was induced to pay the $1,965,600.00 purchase price into the attorney trust account of the Sternberg Defendants, based upon the representations of the Gross and Sternberg Defendants that the COVID Test Kits would be shipped to plaintiff forthwith, and that the $1,965,600.00 purchase price would not be released from Sternberg's trust account unless and until Defendants supplied plaintiff with a Bill of Sale, as well as a Bill of Lading from a recognized common carrier evidencing that the 151,200 Test Kits were owned by and in transit to plaintiff.

4.      On January 21, 2022, in reliance upon Defendants' aforesaid representations, plaintiff wired the $1,965,600.00 purchase price into the attorney trust account of the Sternberg Defendants, and also emailed plaintiff's Purchase Order #18315 to Defendants for the COVID Test Kits – plaintiff's Purchase Order expressly stated, "deliver by 1/25/22." *See*, ECF 80, Amended Complaint, at ¶¶ 23-29, and Exhibit "1" to the Complaint (plaintiff's Purchase Order #18315).

5.      Not only did the Purchase Order signed by plaintiff require delivery by January 25, 2022, but the Sale and Purchase Agreement signed by plaintiff clearly and unequivocally provides in paragraph 6 that "Title transfer shall happen contemporaneously with funds being released [from the Sternberg attorney trust account] to Seller. *See*, Exhibit "1" to Amended Complaint [ECF 80].

6.      When the Defendants failed to timely deliver the iCovid test kits ordered by plaintiff, on February 16, 2022, plaintiff notified Defendants in writing that it canceled the

purchase and demanded the immediate return of the million purchase price paid to the Sternberg Defendants in escrow.

7.      The Gross Defendants agreed that plaintiff could obtain a full refund from the Sternberg Defendants.

8.      However, to date, over two years later, Defendants have failed to return the $1,965,600.00 purchase price to plaintiff, and they also failed to deliver the COVID Test Kits as promised.

9.      The Defendants now have had possession of plaintiff's money -- almost Two Million Dollars -- for two and one-half years.

10.     The fraud perpetrated by the Sternberg Defendants and the other defendants upon plaintiff, not only is an isolated instance, but is part of a larger fraud scheme perpetrated by Defendants upon other victims as well, who also wired millions of dollars to the Sternberg Defendants for the purchase of iCovid Test Kits and other PPE, but who failed to receive what they purchased, or their money back.

11.     For example, plaintiff in the course of discovery learned that VRC Medical Services, Inc. ("VRC") is another victim of defendants' fraud scheme:

        (a)     Plaintiff learned that VRC wired a total of $2,449,440 to the Sternberg attorney escrow account, in two wires, on January 19 and 20, 2022 (i.e., just prior to plaintiff's 1/21/22 wire of $1.965,600 to Sternberg), for VRC's purchase of 204,120 iCovid Test Kits;

        (b)     The Sternberg Defendants and Gross Defendants have retained VRC's $2,449,440 purchase price, and also failed to deliver the 204,120 Test Kits to VRC;

        (c)     VRC has filed its own lawsuit against the Sternberg Defendants and the Gross Defendants, in the proceeding styled <u>VRC Consulting, Inc. d/b/a VRC Medical Services,</u>

<u>Inc. v. Manfred Sternberg et al</u>, USDC, DNJ, Docket No. 3:24-cv-00710, filed February 6, 2024 (the "VRC Fraud Lawsuit"),  alleging a fraud scheme similar to the fraud scheme alleged by plaintiff in the instant lawsuit.

12.     Yet another victim of defendants' fraud scheme —Nail  & Beauty, LLC—filed its own lawsuit against the Stenberg Defendants and the Gross Defendants and the Zekaria Defendants, in New York state court (Supreme Court of New York, Nassau County, Index No. 60424/2022 (the "Nail & Beauty Fraud Lawsuit").

13.      On July 17, 2024, the Sternberg Defendants conducted the deposition of defendant Gary Weiss.

14.     At his July 17, 2024, deposition, Gary Weiss produced a spreadsheet which he testified Manfred Sternberg sent to Sam Gross about two months ago, which Sam Gross in turn sent to Gary Weiss—that spreadsheet (the Sternberg Spreadsheet") was marked as Deposition Exhibit Weiss-20, and a true and correct copy of the Sternberg Spreadsheet (Weiss-20) accompanies this Motion as Exhibit "C."

15.     Despite being by plaintiff with numerous Document Requests, the Sternberg Defendants never produced the Sternberg Spreadsheet to plaintiff.

16.     The Sternberg Spreadsheet shows that they collected in excess of $5.5 million as part of the defendants' fraud scheme.  *See* Exhibit ""C" accompanying this Motion.

17.     In addition, defendant Weiss has testified that he offered Gross and Sternberg a full refund of the money they gave him for him to purchase Test Kits, but that defendant Sternberg insisted that Weiss instead give them "collateral" in gemstones and diamonds, because they "did not want to lose the profit" and that Weiss then gave them gemstones and collateral worth approximately $4 million.

18.     So **Sternberg and Gross not only received in excess of $5.5 million in cash from many victims as part of their fraud scheme, but also an additional $4 million in valuable gems and diamonds that Weiss also gave them in lieu of a cash refund – a total in excess of $9.5 million reaped in by them**.

19.     The discovery deadline in this case was July 19, 2024, and the final Pre-Trial Conference is scheduled for January 29, 2025 [ECF 154], with trial expected to occur shortly thereafter.

20.     Plaintiff strongly desires to go to trial by no later than early in 2025, as currently scheduled by the Court, and objects to any further extension of the 7/19/24 discovery deadline and to any delay in this case, which already is two and one-half years old.

21.     For the reasons set forth in this Motion, plaintiff requests (1) that Plaintiff's 6/17/24 Requests for Admission served on the Sternberg Defendants be deemed admitted, pursuant to Rule 36(a)(6); and (2) that they receive an award of attorney fees and costs, pursuant to Federal Rule 37(a)(5).

<u>**FACTS RELEVANT TO RULE 36 MOTION TO DETERMINE THE REQUESTS FOR ADMISSION SERVED UPON THE STERNBERG DEFENDANTS  AS DEEMED ADMMITTED**</u>

22.     "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of <u>Rule 26(b)(1)</u> relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Federal Rule 36(a)(1), Fed.R.Civ. P.

23.     Federal Rule 36 also provides in relevant part that on "finding that an answer does not comply with this rule, the court may order … that the matter is admitted…." Federal Rule 36(a)(6), Fed.R.Civ. P.

24.     On June 17, 2024,  the Sternberg Defendants were served with Plaintiff's Requests for Admission (the "RFAs" or "Requests for Admission"), which is the subject of this Motion.

25.     A true and correct copy of the 6/17/24 RFAs served upon the Sternberg Defendants accompanies this Motion as Exhibit "A" and is incorporated herein by reference and made a part hereof.

26.     The whole purpose of Plaintiff's Requests for Admission served on the Sternberg Defendants was to substantially reduce trial time, by getting the Sternberg Defendants to admit matters of fact and documents that are not in dispute.

27.     On July 17, 2024, counsel for the Stenberg Defendants served plaintiff through counsel, with said defendants' "responses" to the 6/17/24 RFAs (the "Sternberg RFA Responses").

28.     Federal Rule 36 provides in relevant part that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(a)(4), Fed.R.Civ. P.

29.     Federal Rule 36 also provides in relevant part that if "a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. **A denial must fairly respond to the substance of the matter**; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Rule 36(a)(4), Fed.R.Civ. P. (emphasis added).

30.     A true and correct copy of the 7/17/24 Sternberg RFA Responses s served by the Sternberg Defendants upon plaintiff accompanies this Motion as Exhibit "B" and is incorporated herein by reference and made a part hereof.

31.     The Notes of the Advisory Committee to the 1970 Amendments states that "Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."

32.     However, the responses of the Sternberg Defendants (the "Sternberg RFA Responses") to plaintiff's Requests for Admission are deficient in so many respects, that plaintiff respectfully believes and submits that said Sternberg RFA Responses border on bad faith; the Sternberg RFA Responses fail to comply with Rule 36 and certainly are contrary to the aforesaid stated purposes served by Rule 36 RFAs.

## EACH OF THE STERNBERG RFA RESPONSES THAT FAIL TO ADMIT OR DENY THE RFA, BUT INSTEAD CLAIM THAT "THIS DOCUMENT SPEAKS FOR ITSELF" IS NOT A PROPER RESPONSE TO A RULE 36 REQUEST FOR ADMISSION

33.     Responding to an RFA that references a document, by merely stating that "This document speaks for itself" or "This document speaks for itself and any characterization thereof is denied"  is NOT a proper response to the Plaintiff's RFAs.

34.      The Sternberg RFA Responses to the following RFAs are deficient, because the Stenberg Defendants stated that "This document speaks for itself" or "This document speaks for itself and any characterization thereof is denied": RFAs Nos. 7, 20, 25-27, 29, 30, 41-43, 48, 54-56, 64-67,  70-74, 78-83, 86, 87, 89-92, 94-104, 106-111, 114-116, 118, 119, 122, 125, 126, 129-132, 134, 135, and 151-158.

35.     For example:

(a)     RFA No 7 asks the Sternberg Defendants to admit that the 1/21/22 Purchase Order states a "Receive By" date of January 25, 2022.

(b)     It has not been disputed that the January 21, 2022 Purchase Order submitted by plaintiff has a line that states a "Receive By" date of January 25, 2022;

(c)     However, instead of admitting that undisputed fact, the Sternberg RFA Response to RFA 7 is an improper response to RFA 7 because it states that "the document speaks for itself," which is not a proper response to the RFA.

36.     As another example:

(a)     RFA No. 26 asks the Sternberg Defendants to admit that a copy of the 1/21/22 Bill of Sale was used by the Sternberg and Gross Defendants and was attached as Exhibit D to the Motion to Dismiss made by them on April 1, 2022 [ECF 13-4, page 9 of 10];

(b)     It has not been disputed that 1/21/22 Bill of Sale given to plaintiff was attached as Exhibit D to the Motion to Dismiss made by them on April 1, 2022 [ECF 13-4, page 9 of 10];

(c)     However, instead of admitting that undisputed fact, the Sternberg RFA Response to RFA 26 is an improper response to RFA 26 because it states that "the document speaks for itself," which is not a proper response to the RFA.

37.     As another example:

(a)     RFA No. 30 asks the Sternberg Defendants to admit as follows:

"30.  Paragraph 6 of the SPA clearly states as follows (emphasis added):

'Once the transferred funds [the Purchase Price] have cleared in the Seller's account, BILL OF SALE (EXHIBIT D) shall be provided, and Seller will deliver the Goods to a common carrier with instructions to deliver the Goods to the location(s) as directed by Buyer.  **Title transfer shall happen contemporaneously with the funds being released to Seller**.' "

(b)     It is not disputed that Paragraph 6 of the SPA clearly states that "Once the transferred funds [the Purchase Price] have cleared in the Seller's account, BILL OF SALE

(EXHIBIT D) shall be provided, and Seller will deliver the Goods to a common carrier with instructions to deliver the Goods to the location(s) as directed by Buyer. **Title transfer shall happen contemporaneously with the funds being released to Seller**.' "

      (c)    However, instead of admitting that undisputed fact, the Sternberg RFA Response to RFA 30 is an improper response because it states that "the document speaks for itself," which is not a proper response to the RFA.

      38.    Each of the Sternberg RFA Responses to Plaintiff's RFAs Nos. 20, 25-27, 29, 30, 41-43, 48, 54-56, 64-67,  70-74, 78-83, 86, 87, 89-92, 94-104, 106-111, 114-116, 118, 119, 122, 125, 126, 129-132, 134, 135, and 151-158, similarly is deficient and not a proper response to those RFAs  -- the Sternberg Defendants failed to admit the undisputed facts set forth in those RFAs, but instead they improperly claimed that the "documents speak for themselves:"

      (a)    RFA 20 asks the Sternberg Defendants to admit that instead of making the Purchase Price payment directly to Seller, the SPA provides for SAFETY HOUSE as Purchaser to pay the $1,965,600.00 Purchase Price into the Sternberg attorney escrow account, to be disbursed pursuant to the terms and conditions of the SPA – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the documents speak for themselves; and

      (b)    RFAs 25-26 ask the Sternberg Defendants to admit that (25) the first Bill of Sale delivered by Gross and/or Sternberg to Plaintiff stated that the transfer of the Test Kits to Plaintiff "is effective as of January 21, 2022" (the "1/21/22 Bill of Sale"); and (26) a true and correct copy of the 1/21/22 Bill of Sale was used by Sternberg and Gross in this case, and was attached as Exhibit D to the Motion to Dismiss made by Sternberg and Gross in this case on April 1, 2022 [ECF 13-4, page 9 of 10] – the Sternberg Defendants do not dispute these facts, or the

underlying documents, but instead they improperly responded to the RFA by stating that the documents speak for themselves; and

        (c)      RFA 29 asks the Sternberg Defendants to admit that the SPA states that CHG is the Seller and Plaintiff is the Buyer, but the SPA also states that Sternberg was the Escrow Agent for the Plaintiff's $1,965,600.00 Purchase Price for the test kits that were the subject of Plaintiff's Purchase Order -- – the Sternberg Defendants do not dispute these facts, but instead they improperly responded to the RFA by stating that the documents speak for themselves; and

        (d)      RFA 41 asks the Sternberg Defendants to admit that Sternberg made the following wire-transfers totaling $2,571,200.00 from the Sternberg attorney escrow account into which Plaintiff wired the $1,976,600.00 Purchase Price and into which VRC wire-transferred a total of $2,449,440.00: (i) the sum of $219,240.00, wire-transferred by Sternberg directly to Weiss on 2/1/22; and (ii) the sum of $1,911,960.00, wire-transferred by Sternberg to the Zekaria attorney escrow account on 2/4/22; and (iii) the sum of $250,000.00, wire-transferred by Sternberg to the Zekaria attorney escrow account on 2/15/22; and (iv) the sum of $190,000.00, wire-transferred by Sternberg to the Zekaria attorney escrow account on 2/25/22 – the Sternberg Defendants do not dispute those facts and that those wire transfers in fact occurred, but instead they improperly responded to the RFA by stating that the documents speak for themselves; and

        (e)      RFA 42 asks the Sternberg Defendants to admit that Sternberg made the wire transfers set forth in the preceding request, totaling $2,571,200.00, out of the Sternberg attorney escrow account, into which Plaintiff and VRC made their wire transfers that totaled $4,415,440.00 (leaving a balance of $1,842,840.00 paid by Plaintiff and VRC into the Sternberg trust account, but not disbursed by Sternberg to Weiss and Zekaria) – the Sternberg Defendants do not dispute those facts and those wire transfers in fact occurred, but instead they improperly

responded to the RFA by stating that the documents speak for themselves; and

(f)     RFA 43 asks the Sternberg Defendants to admit that Sternberg Deposition Exhibit 21 is a true and correct copy of a text authored by Gross on September 20, 2023, in which he states an "end balance [of] $1,876,003.89 (one million eight hundred seventy six)"  – the Sternberg Defendants do not dispute this fact, or the underlying text, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(g)     RFAs 48 and 49 ask the Sternberg Defendants to admit that the only document that Weiss produced that Weiss claims evidences his purchase of 365,700 Test Kits from "Mask & Eldiven" was a single page document dated February 6, 2022, purporting to be from "Mask & Eldiven, 2 W 47st, Room 1005, New York, New York 10036" (the "2/6/22 M&E document"), and that a true and correct copy of the 2/6/22 M&E document was marked as Sternberg Deposition Exhibit 28 at the Sternberg Deposition, and also marked as Weiss Deposition Exhibit 5 at the Weiss Deposition  – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(h)     RFA 54 asks the Sternberg Defendants to admit that Weiss has no documents evidencing his claim that he paid $1,810,660.00 to Mask & Elviden for the Test Kits, other than the 2/6/22 M&E document, and no documents to evidence his source of the $1,810,660.00 he claims he paid them -- the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(i)     RFA 55 asks the Sternberg Defendants to admit that Sternberg's release of the sum of $219,240.00 from his attorney escrow account to Weiss on February 1, 2022, was prior to the date of Weiss's purported 2/6/22 purchase of Test Kits, that was evidenced by the 2/6/22 M&E document – the Sternberg Defendants do not dispute this fact, but instead they improperly

responded to the RFA by stating that the documents speak for themselves; and

(j)     RFA 56 asks the Sternberg Defendants to admit that Sternberg's release of the sum of $1,911,960.00 from his attorney escrow account to Zekaria on February 4, 2022, was prior to the date of Weiss's purported 2/6/22 purchase of Test Kits, that was evidenced by the 2/6/22 M&E document – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the documents speak for themselves; and

(k)     RFAs 64 and 65 ask the Sternberg Defendants to admit that Weiss sent an invoice dated January 26, 2022, purporting to sell to CHG a total of 355,200 Test Kits (the 1/26/22 invoice"), and that a true and correct copy of 1/26/22 invoice sent by Weiss to Gross was marked as Weiss Deposition Exhibit 6, at the Weiss Deposition – the Sternberg Defendants do not dispute this fact, or the underlying document, but instead they improperly responded to the RFA by stating that the documents speak for themselves; and

(l)     RFA 67 asks the Sternberg Defendants to admit that a true and correct copy of the April 24, 2022 letter authored by Sternberg and submitted to the Office of the Chief Disciplinary Counsel for the State Bar of Texas, was marked as Sternberg Deposition Exhibit 6 at the Sternberg Deposition – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(m)     RFA 72 asks the Sternberg Defendants to admit that Weiss has stated that Gross and Sternberg "instructed [him] to make an invoice with Fraudulent intentions, as there are no 5 buyers as they told me, with the detail they instructed me to make the invoice"  and that this was documented by Weiss in an email he sent to his attorney on July19, 2023, a true and correct copy of which 7/19/23 email was marked as Weiss Deposition Exhibit 9 at the Weiss Deposition – the Sternberg Defendants do not dispute these facts, or the underlying document, but instead they

improperly responded to the RFA by stating that the document speaks for itself; and

(n)     RFA 73 asks the Sternberg Defendants to admit that When Weiss sent his 1/26/22 invoice to Gross, Weiss did not own or have possession of any Test Kits, let alone the 151,200 Test Kits purchased by Plaintiff – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the documents speak for themselves; and

(o)     RFA 74 asks the Sternberg Defendants to admit that when Weiss sent his 1/26/22 invoice to Gross, Weiss did not own or have possession of any Test Kits, let alone the 204,120 Test Kits purchased by VRC from Gross and/or Sternberg – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the documents speak for themselves; and

(p)     RFA Nos. 78 and 79 ask the Sternberg Defendants to admit that Gross wrote texts to Plaintiff on or about February 15, 2022, in which Gross stated that Plaintiff could cancel the purchase and obtain a refund of the Purchase Price, and that true and correct copies of the texts that Gross wrote to Plaintiff on or about February 15, 2022, accompany the RFAs and are marked as Exhibits RFA-1 through RFA-4 – the Sternberg Defendants do not dispute these facts or the underlying documents, but instead they improperly responded to the RFA by stating that the documents speak for themselves; and

(q)     RFA 80 asks the Sternberg Defendants to admit that the document marked as Sternberg Deposition Exhibit 9, at the Sternberg Deposition, is an accurate transcription of the texts that Gross wrote to Plaintiff, on or about February 15, 2022, in which Gross stated that Plaintiff could cancel the purchase and obtain a refund of the Purchase Price  – the Sternberg Defendants do not dispute this fact, or the underlying document, but instead they improperly

responded to the RFA by stating that the documents speak for themselves; and

(r)     RFA 81 asks the Sternberg Defendants to admit that in Sternberg Deposition Exhibit 10, Sternberg informed Plaintiffs' attorney on February 15, 2022, as follows: "I am told the product will be arriving tomorrow at the location provided by your client. Let me know when your client is in possession of his product." – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(s)     RFA 82 asks the Sternberg Defendants to admit that on February 16, 2022, Plaintiff emailed a letter to Gross in which Plaintiff informed Gross as follows (emphasis in original):

> "Yesterday [i.e., 2/15/22] your attorney Manfred Sternberg told my attorney, Gary Lightman, that the goods for my purchase order #18315 had been shipped and should be received at my warehouse in Glen Mills, PA, today [2/16/22]. On February 16, 2022,
>
> But as of today, February 16, 2020, I have not received a Bill of Lading (BOL) or any other shipping documents pertaining to this shipment.  Please email me the BOL and any relevant shipping documents that identify the shipment and confirms the delivery of all goods I ordered.  **I NEED ALL SHIPPING DOCUMENTS TODAY**."

The Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(t)     RFA 83 asks the Sternberg Defendants to admit that a true and correct copy of Plaintiff's 2/16/22 email that was sent to and received by Gross and Sternberg was marked as Sternberg Deposition Exhibit 12 at the Sternberg Deposition  – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(u)     RFA 86 asks the Sternberg Defendants to admit that the Test Kits that were referenced in Plaintiff's 2/16/22 email (that was sent to and received by Gross and Sternberg, and was marked as Sternberg Deposition Exhibit 12 at the Sternberg Deposition), in fact were not delivered to Plaintiff, either by 2/16/22, or any time in February 2022 – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(v)     RFAs 87 and 88 ask the Sternberg Defendants to admit that on February 16, 2022, Plaintiff sent an email to Gross and Sternberg, canceling the Plaintiff's purchase transaction and demanding the return of the $2 million Purchase Price that Plaintiff paid for the Test Kits that were never delivered; and that a true and correct copy of Plaintiff's 2/16/22 email that was sent to and received by Gross and Sternberg canceling the purchase and demanding a full refund was marked as Sternberg Deposition Exhibit 13 at the Sternberg Deposition – the Sternberg Defendants do not dispute these facts, or the underlying documents, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(w)     RFA 89 asks the Sternberg Defendants to admit that Plaintiff through its counsel also notified Sternberg on February 15, 2022, not to make any further disbursements from Sternberg's attorney escrow account, in a phone call and then an email exchange, that was memorialized as Sternberg Deposition Exhibit 11 at the Sternberg Deposition – the Sternberg Defendants do not dispute these facts, or the underlying document, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(x)     RFA 91 asks the Sternberg Defendants to admit that Section 11 of the SPA states in part as follows: "…. if Buyer in any way attempts to circumvent Seller, Seller will be entitled to liquidated damages of $50,000 from Buyer, or if Buyer terminates this contract without

17

cause, Seller will be entitled to liquidated damages of $25,000 from Buyer" – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

        (y)     RFA 92 asks the Sternberg Defendants to admit that the SPA does not allow Gross and Sternberg to retain the $1,965,600.00 Purchase Price paid by Plaintiff for the Test Kits, and also not make delivery of the Test Kits to Plaintiff – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

        (z)     RFAs 94 and 95 ask the Sternberg Defendants to admit that the document marked as Sternberg Deposition Exhibit 32 at the Sternberg Deposition, is a true and correct copy of a text sent by Sternberg to Gross, shortly after February 25, 2022, and that in Sternberg Deposition Exhibit 32, Stenberg states: "he [referring to Weiss] is buying himself and his lawyer a bunch of bad pr and claims of fraud and wire fraud" – the Sternberg Defendants do not dispute this fact or the genuineness of the documents, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

        (aa)    RFA 96 asks the Sternberg Defendants to admit that In Sternberg Deposition Exhibit 32, Stenberg states: "especially last Friday when he [referring to Weiss] said less than 45 min away and I scrambled to send him another $190k [referring to the $190,000.00 wire transfer made by Sternberg on Friday, 2/25/22 to Zekaria]" -- the Sternberg Defendants do not dispute this fact or the genuineness of the document, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

        (bb)    RFA 97 asks the Sternberg Defendants to admit that in Sternberg Deposition Exhibit 32, Stenberg writes (emphasis added):

> "**That** [referring to Wiess's claim that he needed another $190,000 in order to deliver the Test Kits] **is classic fraud in the inducement and can only be cured by delivery or return of all money**."

The Sternberg Defendants do not dispute this fact or the genuineness of the document, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(cc)   RFA 99  asks the Sternberg Defendants to admit that Deposition Exhibit Weiss-7 is a true and correct copy of the Answer to Plaintiff's Complaint that Weiss filed under oath on September 12, 2023 [ECF 105], subject to the penalties for perjury  – the Sternberg Defendants do not dispute this fact, or the underlying document, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(dd)   RFA 100 asks the Sternberg Defendants to admit that in the Answer to Plaintiff's Complaint that Weiss filed under oath on September 12, 2023 [ECF 105], subject to the penalties for perjury, Weiss claimed that: (a) he took delivery of 355,200 Test Kits on February 7, 2022, (b) but he could not deliver the Test Kits because Gross and Sternberg failed to supply him with Bills of Lading, and (c) he then had the Test Kits transported to and held in storage for about two weeks by Available Moving & Storage ("AMS"), and (d) he "repeatedly requested the Bill of Lading, and requisite details, from the Gross and Sternberg Defendants" without success, and (e) "still having not received the Bill of Lading, the Weiss Defendants made arrangements to retrieve the test kits form the transport facility" [AMS], and (f) "upon arrival at the transport facility, the Weiss Defendants learned that the test kits were no longer on the truck and that they could not be located." [ECF 105, Weiss Answer to Plaintiff's Complaint, at ¶¶ 172 – 183]  – the Sternberg Defendants do not dispute those facts, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(ee)   RFA 101  asks the Sternberg Defendants to admit that Weiss admitted in his

Weiss Deposition, that he did not confront AMS when he learned (as he claimed) that "the test kits were no longer on the truck and that they could not be located" and Weiss also admitted that he did not contact the police or make a police report about the missing Test Kits, and that he also did not notify Gross or Sternberg about the alleged disappearance of the Test Kits – the Sternberg Defendants do not dispute those facts, but instead they improperly responded to the RFA by stating that the Weiss deposition transcript is a document that speaks for itself; and

(ff)    RFA 102 asks the Sternberg Defendants to admit that in the Weiss Deposition conducted under oath on February 16, 2024, Weiss subsequently made a claim inconsistent with the claims he made in his 9/12/23 Answer filed in Court in this case [ECF 105]; in the Weiss Deposition Weiss claimed under oath that he was able to pick up the Test Kits from AMS, but when he brought the truck back to New Jersey and checked the Test Kits later that morning, Weiss claims he discovered that someone had taken all of 151,200 Test Kits and instead replaced the Test Kits with rice in the Test Kit boxes -- the Sternberg Defendants do not dispute those facts, but instead they improperly responded to the RFA by stating that the Weiss deposition transcript is a document that speaks for itself; and

(gg)    RFA 103 asks the Sternberg Defendants to admit that Weiss admitted in his Weiss Deposition, that he did not confront AMS when he learned (as he claimed) that the Test Kits had been removed from their boxes and replaced with rice, and Weiss also admitted that he did not contact the police or make a police report about the missing Test Kits being replaced with rice, and also admits that he did not notify Gross or Sternberg about the alleged Test Kits being replaced with rice -- the Sternberg Defendants do not dispute those facts, but instead they improperly responded to the RFA by stating that the Weiss deposition transcript is a document that speaks for itself; and

20

(hh)    RFA 104 asks the Sternberg Defendants to admit that Weiss admitted in his Weiss Deposition, that he did not take any pictures of the Test Kit boxes being replaced with rice, or otherwise create any documents to evidence this claim -- the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the Weiss deposition transcript is a document that speaks for itself; and

(ii)    RFA 106 asks the Sternberg Defendants to admit that the picture marked as RFA-5, a copy of which accompanied the RFAs, is picture that Weiss took of boxes on a truck, that Weiss claimed were the Test Kits purchased by Plaintiff  – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(jj)    RFA 107 asks the Sternberg Defendants to admit that the picture marked as RFA-5, is a picture of less than all of the 151,200 Test Kits that Plaintiff purchased – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(kk)    RFAs 108-109  ask the Sternberg Defendants to admit that on May 31, 2022, Gross wrote an email to Sternberg in which Gross stated that Sternberg still had $400,000 or so left of the funds transferred to Sternberg, and that a true and correct copy of the 5/31/22 email from Gross to Sternberg was marked as Sternberg Deposition Exhibit 23 at the Sternberg Deposition  – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(ll)    RFAs 110-111 ask  the Sternberg Defendants to admit that VRC's purchase of their Test Kits was pursuant to their Sales and Purchase Agreement (the "VRC SPA") that contained terms and conditions similar to the SPA used for Plaintiff's purchase, and that Paragraph

6 of the VRC SPA clearly states as follows (emphasis added):

> "Once the transferred funds [the Purchase Price] have cleared in the Seller's account, BILL OF SALE (EXHIBIT D) shall be provided, and Seller will deliver the Goods to a common carrier with instructions to deliver the Goods to the location(s) as directed by Buyer. **Title transfer shall happen contemporaneously with the funds being released to Seller**."

The Sternberg Defendants do not dispute these facts, or the VRC SPA, but instead they improperly responded to the RFAs by stating that the documents speak for themselves; and

(mm)   RFAs 114-115 ask the Sternberg Defendants to admit that on March 1, 2022, William Berman, Esquire, attorneys for VRC, sent an email to Zekaria, in which (i) Berman informed Zekaria that after VRC transferred $2,449,440 to Sternberg's trust account, "Sternberg has advised that he transferred the funds to [Zekaria's] trust account" and (ii) that the funds paid by VRC and deposited with Sternberg in trust were "not to be released until a Bill of Lading was issued" and Berman also states that (iii) his review of the history has "led our group to conclude that this was a fraudulent transaction" and that (iv) Berman hopes that Zekaria "can explain that it was not and have the funds returned immediately" and (v) that "there has been no delivery of any product to [his] client" and (vi) Berman tells Zekaria that his client has made "previous demands for the return of the funds," and that a true and correct copy of the 3/1/22 email from Berman to Zekaria in which those statements were made is included as part of the document marked as Sternberg Deposition Exhibit 38 at the Sternberg Deposition – the Sternberg Defendants do not dispute those facts, or the genuineness of the email, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(nn)   RFAs 116-117 ask the Sternberg Defendants to admit that Zekaria forwarded Berman's 3/1/22 email to Sternberg and asked Sternberg to "address this," and that a true and

correct copy of the 3/1/22 email from Zekaria forwarding Berman's 3/1/22 email to Sternberg is included as part of the document marked as Sternberg Deposition Exhibit 38 at the Sternberg Deposition – the Sternberg Defendants do not dispute these facts, or the genuineness of the document, but instead they improperly responded to the RFAs by stating that the document speaks for itself; and

(oo)    RFA 122 asks the Sternberg Defendants to admit that the document marked as Sternberg Deposition Exhibit 29 at the Sternberg Deposition is a true and correct copy of an email dated March 1, 2022, from Weiss to Sternberg and Gross, in which Weiss states as follows: "Of course as I said many times before If you would like a refund you have no questions asked" – the Sternberg Defendants do not dispute this fact or the genuineness of the email, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(pp)    RFA 125 asks the Sternberg Defendants to admit that the documents marked as Sternberg Deposition Exhibits 29, 30, 31, 33, 34, and 35 at the Sternberg Deposition are true and correct copies of texts from Weiss and Gross and other documents from them, that memorialize that it was Sternberg who wanted Weiss to give collateral (diamonds and gemstones) instead of returning the money that Sternberg wired to Weiss and Zekaria   – the Sternberg Defendants do not dispute those facts, or the genuineness of the documents, but instead they improperly responded to the RFA by stating that the documents speak for themselves; and

(qq)    RFA 126 asks the Sternberg Defendants to admit that a list of the collateral that Weiss claims he delivered diamonds and other gemstones worth $4 million to Gross and Sternberg after he could not deliver the Test Kits, was marked as Sternberg Deposition Exhibit 28 at the Sternberg Deposition   – the Sternberg Defendants do not dispute this fact, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(rr)     RFA 129 asks the Sternberg Defendants to admit that Sternberg offered to Randolph ("Randy") Adler, Esquire (counsel for VRC) to liquidate the collateral that Weiss gave to Gross and/or Sternberg, and pay the proceeds to VRC,  in the event that Gross and Sternberg failed to deliver to VRC the Test Kits that VRC purchased from Gross and/or Sternberg; and that Mr. Adler memorialized Sternberg's offer in Adler's email to Sternberg dated March 13, 2022, a copy of which was marked as Weiss Deposition Exhibit 12 at the Weiss Deposition – the Sternberg Defendants do not dispute these facts, or the underlying documents, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(ss)     RFA 131 asks the Sternberg Defendants to admit that the document marked as Sternberg Deposition Exhibit 37 at the Sternberg Deposition, is a true and correct copy of a letter dated February 23, 2022, sent by Randolph ("Randy") Adler, Esquire, attorneys for VRC, to Sternberg, in which they accused Gross of failing to deliver the 204,120 Test Kits that VRC purchased – the Sternberg Defendants do not dispute this fact, or the underlying document, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(tt)     RFA 132 asks the Sternberg Defendants to admit that in his 2/23/22 letter to Sternberg, Mr. Adler also instructed Sternberg not to disburse any portion of the $2,449,440 that VRC wired to Sternberg to hold in trust, that Sternberg was required to hold in trust "until the transaction is complete…" – the Sternberg Defendants do not dispute this fact, or the underlying document, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(uu)     RFA 134 asks the Sternberg Defendants to admit that VRC has sued Gross and Stenberg alleging they defrauded VRC –VRC claims they paid over $2.4 million to Gross and Sternberg for their purchase of Test Kits, and that they never received the Test Kits or the return

of their money they wired to Sternberg's trust account – the Sternberg Defendants do not dispute this fact, or the underlying lawsuit, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(vv)   RFA 135 asks the Sternberg Defendants to admit that the document marked as Sternberg Deposition Exhibit 39 is a true and correct copy of the Complaint that VRC filed against Gross and Sternberg – the Sternberg Defendants do not dispute this fact, or the underlying lawsuit, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(ww)   RFAs 151-152 ask the Sternberg Defendants to admit that the document marked as Weiss Deposition Exhibit 13 is a true and correct copy of a text from Zekaria to Gross, and that the document marked as Weiss Deposition Exhibit 14 is a true and correct copy of a text from Zekaria to Gross  – the Sternberg Defendants do not dispute those facts, or the genuineness of the underlying documents, but they instead they improperly responded to the RFA by stating that the documents speak for themselves; and

(xx)   RFA 153 asks the Sternberg Defendants to admit that the document marked as DZ 00036 (and also marked as Zekaria-00001) is a true and correct copy of a WhatsApp text chat between Zekaria and Weiss and Gross on February 4, 2022, in which Gross writes to Weiss as follows, as respects the $1.9 million wire transfer made by Sternberg to Zekaria on February 4, 2022:  "Gary, please confirm to Daphna here. From the 1.9 m 65% is yours. The rest is mine. Thanks" – the Sternberg Defendants do not dispute this fact, or the underlying document, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(yy)   RFA 154 asks the Sternberg Defendants to admit that in that same document marked as DZ 00036 (and also marked as Zekaria-00001), Weiss responds to the text from Gross

as follows: "Hi, Daphna, I confirm 35% of 1.9m going to Sam, and 65% of 1.9 m to me Gary Weiss" – the Sternberg Defendants do not dispute this fact, or the underlying document, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(zz)   RFA 155 asks the Sternberg Defendants to admit that the document marked as Zekaria-00002 is a true and correct copy of a WhatsApp text chat between Zekaria and Weiss and Gross on February 15, 2022, in which Daphna writes  as follows, as respects the $250,000.00 wire transfer made by Sternberg to Zekaria on February 15, 2022: "Daphna [at 3:37 pm]: It's my understanding that I am about to receive an additional wire of 250,000 which is 130,000 to Gary Weiss and the rest for my additional fees?" – the Sternberg Defendants do not dispute those facts, or the genuineness of the underlying document, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(aaa)   RFA 156 asks the Sternberg Defendants to admit that in that same document marked as Zekaria-00002, Gross then writes as follows: "Shlomi [Weiss]" Gary please confirm to her 250K is coming in (and she is waiting for it) and 130 is yours" -- the Sternberg Defendants do not dispute those facts, or the genuineness of the underlying document, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(bbb)   RFA 157 asks the Sternberg Defendants to admit that in that same document marked as Zekaria-00002, Weiss then writes as follows: "Gary Weiss: Hi Daphna, that is correct you are sending me 130K, thanks"  -- the Sternberg Defendants do not dispute those facts, or the genuineness of the underlying document, but instead they improperly responded to the RFA by stating that the document speaks for itself; and

(ccc)   RFA 158 asks the Sternberg Defendants to admit that In that same document marked as Zekaria-00002, Zekaria then writes as follows: "Awesome.  Thanks for the confirmation

and opportunity to represent you" -- the Sternberg Defendants do not dispute that fact, or the genuineness of the underlying document, but instead they improperly responded to the RFA by stating that the document speaks for itself.

39. Each of the RFAs Nos. 20, 25-27, 29, 30, 41-43, 48, 54-56, 64-67, 70-74, 78-83, 86, 87, 89-92, 94-104, 106-111, 114-116, 118, 119, 122, 125, 126, 129-132, 134, 135, and 151-158, should be deemed admitted, pursuant to Rule 36(a)(6).

## EACH OF THE STERNBERG RFA RESPONSES THAT FAIL TO RESPOND TO THE SUBSTANCE OF THE RFA IS NOT A PROPER RESPONSE TO A RULE 36 REQUEST FOR ADMISSION

40. As previously noted, Federal Rule 36 provides in relevant part that if "a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. **A denial must fairly respond to the substance of the matter**; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Rule 36(a)(4), Fed.R.Civ. P. (emphasis added).

41. Sternberg's responses to the following RFAs also are deficient, because Rule 36 expressly requires that "a denial must fairly respond to the substance of the matter" but their responses to said RFAs are non-responsive to the substance of the specific RFA: Nos. 35-40, 45-59, 64-66, 68-71, 73, 74, 77-80, 112-113, and 120-121.

42. For example:

(a) RFA No. 35 asks the Sternberg Defendants to admit that VRC wired $2,268,000.00 to Sternberg's Trust account on January 20, 2022, and $181,440.00 to Sternberg's Trust account on January 21, 2022, for a total of $2,449,440.00, for their purchase of a total of 204,120 Test Kits.

(b)     It is not disputed that VRC wired $2,268,000.00 to Sternberg's Trust account on January 20, 2022, and another $181,440.00 to Sternberg's Trust account on January 21, 2022, for a total of $2,449,440.00, for their purchase of a total of 204,120 Test Kits.

(c)     But rather than responding to the substance of that Request, the Stenberg Defendants instead stated that it is "admitted that CHG and VRC entered into an agreement separate and apart from any agreement between CHG and Plaintiff";

(d)     The response of the Sternberg Defendants is a deficient response and which does not respond to the substance of that RFA; the Sternberg response also fails to address the portion of the RFA concerning Gross.

43.     As another example, RFA No. 36 is the same type of request, and the same answer also is deficient.

44.     For example:

(a)     RFA No. 45 asks the Sternberg Defendants to admit that "when Sternberg released the sum of $219,240.00 from his attorney escrow account to Weiss on February 1, 2022, neither Gross not Sternberg owned or had possession of the 151,200 Test Kits purchased by Plaintiff."

(b)     It is not disputed that when Sternberg wired VRC wired $$219,240.00 from his attorney escrow account to Weiss on February 1, 2022, neither Gross not Sternberg owned or had possession of the 151,200 Test Kits purchased by Plaintiff – because Weiss claims he purchased the Test Kits on February 6, 2022;

(c)     But rather than responding to the substance of that Request, the Stenberg Defendants instead stated "Denied. By way of further response, the Sternberg Defendants never had possession of any test kits purchased by Plaintiff, and never suggested otherwise to anyone."

(d)     The response of the Sternberg Defendants is a deficient response and which does not respond to the substance of that RFA; the Sternberg response also fails to address the portion of the RFA concerning Gross.

45.     For example:

(a)     RFA No. 112 asks the Sternberg Defendants to admit that "VRC never received the 204,120 Test Kits that were purchased from Gross and/or Sternberg."

(b)     It is not disputed that VRC did not receive their test kits;

(c)     But rather than responding to the substance of that Request, the Stenberg Defendants instead stated "Denied. The Sternberg Defendants had no obligation to provide VRC with test kits."

(d)     The response of the Sternberg Defendants is a deficient response and which does not respond to the substance of that RFA.

46.     Each of the Sternberg RFA Responses to Plaintiff's RFAs Nos. 35-40, 45-59, 64-66, 68-71, 73, 74, 77-80, 112-113, and 120-121, similarly is deficient and not a proper response to those RFAs -- the Sternberg Defendants failed to address the substance of those Requests and admit the undisputed facts set forth in those RFAs.

47.     Each of Plaintiff's RFAs Nos. 35-40, 45-59, 64-66, 68-71, 73, 74, 77-80, 112-113, and 120-121, should be deemed admitted, pursuant to Rule 36(a)(6).

**<u>EACH OF THE STERNBERG RFA RESPONSES THAT FAIL TO ADMIT OR DENY THE RFA, BUT INSTEAD CLAIM THAT THE STERNBERG DEFENDANTS "LACK KNOWLEDGE" IS NOT A PROPER RESPONSE TO A RULE 36 REQUEST FOR ADMISSION</u>**

48.     Federal Rule 36(a)(4) provides in relevant part the "answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if the party states that**

it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."   Rule 36(a)(4), Fed. R. Civ. P. (emphasis added).

49.     If a party responding to a RFA claims to lack knowledge, he must inform himself in reasonable fashion. *See* E. H. Tate Co. v. Jiffy Enterprises, Inc., 16 F.R.D. 571 (E.D.Pa. 1954); Hise v. Lockwood Grader Corp., 153 F. Supp. 276 (D.Nebr. 1957); *see also*, Finman, The Request for Admissions in Federal Civil Procedure, 71 Yale L.J. 371, 404-409 (1962); 4 Moore's Federal Practice 36.04 (2d ed. 1966); 2A Barron & Holtzoff, Federal Practice and Procedure 509 (Wright ed. 1961).

50.     Sternberg's responses to the following RFAs are deficient, based upon their claim that they lack knowledge, without anything more set forth in their response, as required by Federal Rule 36: RFA Nos. 2, 4, 5, 11, 12, 16, 17, 44, 147, 148, 150, 165, and 166.

51.     Each of the Sternberg RFA Responses to Plaintiff's RFAs Nos. 2, 4, 5, 11, 12, 16, 17, 44, 147, 148, 150, 165, and 166, similarly is deficient and not a proper response to those RFAs, and each of the RFAS should be deemed admitted, pursuant to Rule 36(a)(6).

### EACH OF THE STERNBERG RFA RESPONSES THAT SIMPLY DENY THE RFA, IS NOT A PROPER RESPONSE TO A RULE 36 REQUEST FOR ADMISSION

52.     Sternberg's responses to the following RFAs also are deficient, because they simply state "denied" without providing the facts to support said denial:  Nos. 13, 14, 19, 32-34, 60-63, 75, 76, 84, 85, 88, 90, 128, 136-146, 149, 159-164, 167, and 169-172.

53.     This is especially true because the Supplemental Interrogatory accompanying the RFAs require the Sternberg Defendants, for each of the FRAs which they deny, to set forth all of the facts and all of the legal and other reasons why they deny the request, and to identify the persons with knowledge of said facts.

30

54.     For example, RFA No. 19 asks the Sternberg Defendants to admit that they were

requested but failed to provide the metadata showing when the SPA was signed and when and how

the SPA was delivered by Gross to Sternberg.  Simply stating "denied" is deficient, especially in

light of the Document Requests as well as the emails sent to you as their counsel, specifically

requesting this information.

55.     Each of the Sternberg RFA Responses to Plaintiff's RFAs Nos. 2, 4, 5, 11, 12, 16,

17, 44, 147, 148, 150, 165, and 166, similarly is deficient and not a proper response to those RFAs,

and each of the RFAS should be deemed admitted, pursuant to Rule 36(a)(6).

## GOOD FAITH CERTIFICATION OF COUNSEL

56.     Plaintiff's counsel afforded an opportunity to counsel for the Sternberg Defendants

to address and remedy the defects in the Sternberg RFA Responses, nut defense counsel refused

to serve amended and proper responses by said defendants to Plaintiff's Requests for Admission.

*See* Exhibits "D" and "E" accompanying this Motion.

## PLAINTIFF IS ENTITLED TO AN AWARD OF
## ATTORNEY FEES AND EXPENSES FOR THIS MOTION
## PURSUANT TO RULES 36(a)(6) and 37(a)(5)

57.     Federal Rule 36 provides in relevant part, in connection with a Motion regarding

the sufficiency of an answer to a Request for Admission, that "Rule 37(a)(5) applies to an award

of expenses."  Federal Rule 36(a)(6), Fed. R. Civ. P.

58.     In the instant case, an award of attorney fees and costs in favor of plaintiff against

the Sternberg Defendants is warranted and fully justified – the Sternberg Defendants failed to

properly respond to most of the Plaintiff RFAs, as required by Federal Rule 36, and they also

subsequently failed and refused to provide amended and proper responses, despite repeated requests for them to do so.

59.     Plaintiff has incurred $3,000.00 in attorney fees and costs in connection with this Motion. See

## RELIEF REQUESTED

60.     Plaintiff respectfully submits that the Court should enter the proposed Order accompanying this Motion:

(a)     Deeming as admitted, Plaintiff's Requests for Admission Nos. 7, 20, 25-27, 29, 30, 41-43, 48, 54-56, 64-67,  70-74, 78-83, 86, 87, 89-92, 94-104, 106-111, 114-116, 118, 119, 122, 125, 126, 129-132, 134, 135, and 151-158, by reason of the Sternberg Defendants' improper responses to those RFAs, because they stated that "this document speaks for itself" or "the documents peak for themselves" or "this document speaks for itself and any characterization thereof is denied"  which is NOT a proper response to those Plaintiff's RFAs; and

(b)     Deeming as admitted, Plaintiff's Requests for Admission Nos. 2, 4, 5, 11, 12, 16, 17, 44, 147, 148, 150, 165, and 166, by reason of the Sternberg Defendants' improper responses to those RFAs, because they stated that they "lack knowledge"  which is NOT a proper response to those Plaintiff's RFAs; and

(c)     Deeming as admitted, Plaintiff's Requests for Admission Nos. 35-40, 45-59, 64-66, 68-71, 73, 74, 77-80, 112-113, and 120-121, by reason of the Sternberg Defendants' failure to respond to the substance of those specific Plaintiff RFAs; and

(d)     Deeming as admitted, Plaintiff's Requests for Admission Nos. 13, 14, 19, 32-34, 60-63, 75, 76, 84, 85, 88, 90, 128, 136-146, 149, 159-164, 167, and 169-172, because the

Sternberg Defendants simply stated "denied" without providing the facts to support said denials; and

        (e)     Granting attorney fees and costs of $3,500.00 in favor of plaintiff against the Sternberg Defendants; and

        (f)     Granting plaintiff such other and further relief as the Court shall deem just.

        Respectfully submitted,

        LIGHTMAN & MANOCHI

        BY: /s/ Gary P. Lightman
        GARY P. LIGHTMAN, ESQUIRE
        GLENN A. MANOCHI, ESQUIRE
        Identification Nos. 28529 & 64223
        600 W. Germantown Pike, Suite 400
        Plymouth Meeting, PA 19462
        215-760-3000
        garylightman@lightmanlaw.com
        gmanochi@lightmanlaw.com

Date: July 24, 2024        Attorneys for plaintiff

## **EXHIBITS TO RULE 36(a)(6) MOTION**

| **EXHIBIT** | **DESCRIPTION** |
|---|---|
| "A" | 6/17/24 Plaintiff's Requests for Admission served on the Sternberg Defendants |
| "B" | 7/17/24 Responses of the Sternberg Defendants to 6/17/24 Plaintiff's Requests for Admission |
| "C" | Sternberg Spreadsheet first produced by defendant Gary Weiss at his deposition on July 17, 2024 (and never produced for plaintiff by the Sternberg Defendants. |
| "D" | 7/18/24 email from plaintiff's counsel to counsel for the Sternberg Defendants inviting the Sternberg Defendants to fix their Responses to Plaintiff's RFAs |
| "E" | 7/21/24 email (second request) from plaintiff's counsel to counsel for the Sternberg Defendants inviting the Sternberg Defendants to fix their Responses to Plaintiff's RFAs |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICAN ENVIRONMENTAL : | |
| ENTERPRISES, INC., d/b/a : | |
| THESAFETYHOUSE.COM : | |
| : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| : | **No. 2022-cv-00688 (JMY)** |
| **v.** : | |
| : | |
| MANFRED STERNBERG, ESQUIRE, : | |
| and MANFRED STERNBERG & : | |
| ASSOCIATES, PC, and CHARLTON : | |
| HOLDINGS GROUP, LLC, and : | |
| SAMUEL GROSS a/k/a SHLOMO : | |
| GROSS, and GARY WEISS, : | |
| and ASOLARDIAMOND, LLC a/k/a, : | |
| ASOLAR. LLC, and DAPHNA : | |
| ZEKARIA, ESQUIRE, and SOKOLSKI : | |
| & ZEKARIA, P.C. : | |
| : | |
| **Defendants.** : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**RULE 36(a)(6) MOTION TO DETERMINE AS ADMITTED THE RESPONSES OF THE**
**STERNBERG DEFENDANTS TO PLAINTIFFS' REQUESTS FOR ADMISSION**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM,
hereby files this Memorandum of Law in support of its Rule 36(a)(6) Motion seeking a Court
determination deeming as admitted, Plaintiff's Rule 36 Requests for Admission served on June 17,
2024, on defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC (the
"Sternberg Defendants"), and for an award of attorney fees and costs under Rule 37(a)(5) of the
Federal Rules.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff incorporates by reference herein, the facts and procedural background set forth in
its accompanying Motion, as if fully set forth at length herein.  In sum: (a) the Sternberg

Defendants failed to properly respond to the overwhelming majority of the Plaintiff's RFAs served on them on June 17, 2024.

## LEGAL ARGUMENT IN SUPPORT OF MOTION

Federal Rule 36 states that "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Federal Rule 36(a)(1), Fed.R.Civ. P.

Federal Rule 36 also provides in relevant part that on "finding that an answer does not comply with this rule, the court may order … that the matter is admitted…." Federal Rule 36(a)(6), Fed.R.Civ. P.

Federal Rule 36 provides in relevant part that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Rule 36(a)(4), Fed.R.Civ. P.  Federal Rule 36 also provides in relevant part that if "a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. **A denial must fairly respond to the substance of the matter**; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest." Rule 36(a)(4), Fed.R.Civ. P. (emphasis added).

Federal Rule 36(a)(4) provides in relevant part the "answering party may assert lack of knowledge or information as a reason for failing to admit or deny **only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny**."   Rule 36(a)(4), Fed. R. Civ. P. (emphasis added).

If a party responding to a RFA claims to lack knowledge, he must inform himself in reasonable fashion. *See* E. H. Tate Co. v. Jiffy Enterprises, Inc., 16 F.R.D. 571 (E.D.Pa. 1954); Hise v. Lockwood Grader Corp., 153 F. Supp. 276 (D.Nebr. 1957); *see also*, Finman, The Request for Admissions in Federal Civil Procedure, 71 Yale L.J. 371, 404-409 (1962); 4 Moore's Federal Practice 36.04 (2d ed. 1966); 2A Barron & Holtzoff, Federal Practice and Procedure 509 (Wright ed. 1961).

Rule 36 also provides that Rule 37(a)(5) applies to an award of attorney fees and costs. Rule 37(a)(5)(A) thus provides that an award of expenses is mandatory unless the opposing party's response or objection to the discovery was substantially justified or other circumstances make an award of expenses unjust. Drone Technologies, Inc. v. Parrot S.A., No. 14-CV-0111, 2015 U.S. Dist. LEXIS 76519, 2015 WL 3756318, at *9 (W.D. Pa. June 12, 2015)(**Rule** 37(a)(5)(A) requires the court to award expenses unless one of the three exceptions applies). *See also* Dietz & Watson, Inc. v. Liberty Mut. Ins. Co., No. 14-CV-4082, 2015 U.S. Dist. LEXIS 58827, 2015 WL 2069280, at *6 (E.D. Pa. May 5, 2015)(noting the mandatory nature of Rule 37(a)(5)).

The Notes of the Advisory Committee to the 1970 Amendments states that "Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."

The whole purpose of Plaintiff's Requests for Admission served on the Sternberg Defendants was to substantially reduce trial time, by getting the Sternberg Defendants to admit matters of fact and documents that are not in dispute.

However, the responses of the Sternberg Defendants (the "Sternberg RFA Responses") to plaintiff's Requests for Admission are deficient in so many respects, that plaintiff respectfully

believes and submits that said Sternberg RFA Responses border on bad faith; the Sternberg RFA Responses fail to comply with Rule 36 and certainly are contrary to the aforesaid stated purposes served by Rule 36 RFAs.

Accordingly, the Sternberg Defendants' deficient responses to Plaintiff's Requests for Admission, which fail to comply with Rule 36, are deemed admitted.  Cruz v. Auker, 2023 U.S. Dist. LEXIS 169062 (MD Pa 2023) (Requests for Admission deemed admitted where responses deficient and failed to comply with Rule 36); In re Creda Software, Inc., 2022 Bankr. LEXIS 1480 (Bkrtcy. Del. 2022) (Requests for Admission deemed admitted where responses deficient and failed to comply with Rule 36)

Rule 37(a)(5) of the Federal Rules of Civil Procedure provides in relevant part that if a Motion to compel discovery "is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must [not may], after giving an opportunity to be heard, require the party…whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Rule 35(a)(5), Fed.R.Civ.P.

The undersigned counsel for movant conferred in good faith with counsel for the Sternberg arty Defendants, to obtain the discovery requested in this Motion, without success.

In the instant case, the Sternberg Defendants failed and refused to comply with their discovery obligations under the Rules of Court – the Sternberg Defendants failed and refused to provide proper responses to the 6/17/24 Requests for Admission served on them, as set forth in detail in the accompanying Motion.

## **RELIEF REQUESTED**

61.    Plaintiff respectfully submits that the Court should enter the proposed Order accompanying this Motion:

(a)    Deeming as admitted, Plaintiff's Requests for Admission Nos. 7, 20, 25-27, 29, 30, 41-43, 48, 54-56, 64-67,  70-74, 78-83, 86, 87, 89-92, 94-104, 106-111, 114-116, 118, 119, 122, 125, 126, 129-132, 134, 135, and 151-158, by reason of the Sternberg Defendants' improper responses to those RFAs, because they stated that "this document speaks for itself" or "the documents peak for themselves" or "this document speaks for itself and any characterization thereof is denied"  which is NOT a proper response to those Plaintiff's RFAs; and

(b)    Deeming as admitted, Plaintiff's Requests for Admission Nos. 2, 4, 5, 11, 12, 16, 17, 44, 147, 148, 150, 165, and 166, by reason of the Sternberg Defendants' improper responses to those RFAs, because they stated that they "lack knowledge"  which is NOT a proper response to those Plaintiff's RFAs; and

(c)    Deeming as admitted, Plaintiff's Requests for Admission Nos. 35-40, 45-59, 64-66, 68-71, 73, 74, 77-80, 112-113, and 120-121, by reason of the Sternberg Defendants' failure to respond to the substance of those specific Plaintiff RFAs; and

(d)    Deeming as admitted, Plaintiff's Requests for Admission Nos. 13, 14, 19, 32-34, 60-63, 75, 76, 84, 85, 88, 90, 128, 136-146, 149, 159-164, 167, and 169-172, because the Sternberg Defendants simply stated "denied" without providing the facts to support said denials; and

(e)    Granting attorney fees and costs of $3,500.00 in favor of plaintiff against the Sternberg Defendants; and

(f)     Granting plaintiff such other and further relief as the Court shall deem just.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
PA Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  July 24, 2024                     Attorneys for plaintiff

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of Plaintiff's Rule 36(a)(6) Motion via ECF, and/or email upon the following:

Seth Laver, Esquire
Joseph Ross Esquire
Goldberg Segall
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
slaver@goldbergsegalla.com
jross@goldbergsegalla.com

Samuel Gross
a/k/a Shlomo Gross
78 Buckminster Road
Rockville Centre, NY 11570
charltonholdinggroupllc@aol.com
publicdiamonds@gmail.com
Scg1212@gmail.com
Samrosinc@icloud.com

Gary Weiss
437 1st Avenue
Elizabeth, NJ 07206
wgary4109@gmail.com
monipair@aol.com

Daphna Zekaria
8 Westminster Road
Syosset, NY 11791
Dzandpeanut@aol.com

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE

Date:  July 24, 2024                    Attorneys for Plaintiff