# EXHIBIT "D"

**From:** **GARY LIGHTMAN** garylightman@lightmanlaw.com  🖉
**Subject:** Fwd: The Safety House v. Sternberg, et al., GS file no. 8925.0007; EDPa no .22-CV-688-JMY [GSLLP-IMANAGE.8925.0007]
**Date:** July 18, 2024 at 6:00 PM
**To:** Ross, Joseph jross@goldbergsegalla.com, Laver, Seth L. slaver@goldbergsegalla.com
**Cc:** Kim DiTomaso kditomaso@lightmanlaw.com, Glenn Manochi gmanochi@lightmanlaw.com, GARY LIGHTMAN ltag8r@me.com

Joseph and Seth,

The Notes of the Advisory Committee to the 1970 Amendments states that "Rule 36 serves two vital purposes, both of which are designed to reduce trial time. Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be."

The responses of the Sternberg Defendants to plaintiff's Requests for Admission ("RFAs") attached to your below email are deficient in so many respects, that we believe said responses border on bad faith; they certainly are contrary to the aforesaid stated purposes served by Rule 36 RFAs.

Responding to an RFA that references a document, by stating "This document speaks for itself and any characterization thereof is denied" or "This document speaks for itself" is NOT a proper response to the RFAs.  Sternberg's responses to the following RFAs are deficient: Nos. 7, 20, 25-27, 29, 30, 41-43, 48, 54-56, 64-67,  70-74, 78-83, 86, 87, 89-92, 94-104, 106-111, 114-116, 118, 119, 122, 125, 126, 129-132, 134, 135, and 151-158.  For example, RFA No 7 asks the Sternberg Defendants to admit that the 1/21/22 Purchase Order states a "Receive By" date of January 21, 2022.  Responding to that RFA by claiming "the document speaks for itself" is not a proper response to the RFA.  As another example, RFA No. 26 asks the Sternberg Defendants to admit that a copy of the 1/21/22 Bill of Sale was used by the Sternberg and Gross Defendants and was attached as Exhibit D to the Motion to Dismiss made by them on April 1, 2022 [ECF 13-4, page 9 of 10].  Once again, responding to that RFA by claiming "the document speaks for itself" is not a proper response to the RFA.

Sternberg's responses to the following RFAs also are deficient, based upon their claim that they lack knowledge, without more: Nos. 2, 4, 5, 11, 12, 16, 17, 44, 147, 148, 150, 165, and 166.  Caselaw is clear that if a party responding to a RFA claims to lack knowledge, he must inform himself in reasonable fashion. See E. H. Tate Co. v. Jiffy Enterprises, Inc., 16 F.R.D. 571 (E.D.Pa. 1954); Hise v. Lockwood Grader Corp., 153 F. Supp. 276 (D.Nebr. 1957); see also, Finman, The Request for Admissions in Federal Civil Procedure, 71 Yale L.J. 371, 404-409 (1962); 4 Moore's Federal Practice 36.04 (2d ed. 1966); 2A Barron & Holtzoff, Federal Practice and Procedure 509 (Wright ed. 1961).

Sternberg's responses to the following RFAs also are deficient, because they simply state "denied" without providing the facts to support said denial:  Nos. 13, 14, 19, 32-34, 60-63, 75, 76, 84, 85, 88, 90, 128, 136-146, 149, 159-164, 167, and 169-172.  This is especially true because the Supplemental Interrogatory accompanying the RFAs require the Sternberg Defendants, for each of the FRAs which they deny, to set forth all of the facts and all of the legal and other reasons why they deny the request, and to identify the persons with knowledge of said facts.  For example, RFA No. 19 asks the Sternberg Defendants to admit that they were requested but failed to provide the metadata showing when the SPA was signed and when and how the SPA was delivered by Gross to Sternberg.  Simply stating "denied" is deficient, especially in light of the Document Requests as well as the emails sent to you as their counsel, specifically requesting this information.

Sternberg's responses to the following RFAs also are deficient, because Rule 36 expressly requires that "a denial must fairly respond to the substance of the matter" but their responses to said RFAs are non-responsive to the substance of the specific RFA:  Nos. 35-40, 45-59, 64-66, 68-71, 73, 74, 77-80, 112-113, and 120-121. For example, RFA No. 35 asks the Sternberg Defendants to admit that VRC wired $2,268,000.00 to Sternberg's Trust account on January 20, 2022, and $181,440.00 to Sternberg's Trust account on January 21, 2022, for a total of $2,449,440.00, for their purchase of a total of 204,120 Test Kits.  Simply stating that it is "admitted that CHG and VRC entered into an agreement separate and apart from any agreement between CHG and Plaintiff" is deficient and does not respond to the substance of that RFA.  As another example, RFA No. 36 is the same type of request and the same answer also is deficient.

Please advise us, by no later than tomorrow, whether the Sternberg Defendants will comply with Rule 36 and provide plaintiff with sufficient responses to each of the aforesaid RFAs (and if so, a date by when plaintiff will receive proper responses to those RFAs), or whether you will force plaintiff to file an appropriate Motion under Rule 36(a)(6) seeking the Court's determination that said RFAs are deemed admitted by reason of the Sternberg Defendants' failure to comply with Rule 36, as well as a Motion under Rule 37(a)(5) for an award of attorney fees and expenses as well.

We look forward to your timely response.

thx
Gary Lightman
cell 215-760-3000

cc: client

Begin forwarded message:

**From:** "Ross, Joseph" <jross@goldbergsegalla.com>
**Subject:** The Safety House v. Sternberg, et al., GS file no. 8925.0007; EDPa no .22-CV-688-JMY [GSLLP-IMANAGE.8925.0007]
**Date:** July 17, 2024 at 4:15:27 PM EDT
**To:** "Gary Lightman" <garylightman@lightmanlaw.com>
**Cc:** "Laver, Seth L." <slaver@goldbergsegalla.com>, "Muller, Joan Genevieve" <jmuller@goldbergsegalla.com>, "Gary Weiss" <wgary4109@gmail.com>, "sam gross" <charltonholdinggroupllc@aol.com>, "G. Manochi" <gmanochi@lightmanlaw.com>, "K. DiTomaso" <kditomaso@lightmanlaw.com>, "Sokolski.Zekaria@mindspring.com" <Sokolski.Zekaria@mindspring.com>, "monipair@aol.com" <monipair@aol.com>

Gary,

Attached you will find 1) the Sternberg defendants' responses to Plaintiff's requests for admission, and 2) the Sternberg defendants' requests for admission on the Plaintiff.

Joe

Joseph Ross, Esq.
Associate
Admitted in PA and NJ

**DIRECT** 609.986.1370 | **EXT** 5770 | **CELL** 908.963.1636
**EMAIL** jross@goldbergsegalla.com | website bio | goldbergsegalla.com
301 Carnegie Center Drive, Suite 200, Princeton, NJ 08540-6587
**FAX** 609.986.1301

## GOLDBERGSEGALLA

CALIFORNIA | CONNECTICUT | FLORIDA | ILLINOIS | MARYLAND | MISSOURI
NEW JERSEY | NEW YORK | NORTH CAROLINA | PENNSYLVANIA

Privileged attorney-client communication / attorney's work product. This email message and any attachments are confidential. If you are not the intended recipient, please immediately reply to the sender and delete the message from your email system.



2024.07.17
Sternb...tiff.pdf



2024.07.17
Sternb...As.pdf

--

Gary Lightman, Esquire
LIGHTMAN & MANOCHI
cell: 215-760-3000
email: garylightman@lightmanlaw.com and Ltag8r@me.com


LIGHTMAN & MANOCHI
600 West Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Phone:  (215) 545-3000

New Jersey:
Phone: (856) 795-9669 (ext. 107); fax (856) 795-9339

*********************************************************************
ATTENTION: This e-mail and any attachments to it may contain PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee.  If you are not the intended recipient or an agent or employee responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination or copying of this document or the information contained therein is strictly prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (215) 545-3000 (or in NJ: 856-795-9669) and delete this e-mail from your computer.

DISCLAIMER - The transmission or receipt of this e-mail and any attachments, in and of itself, does not, and is not intended to, create an attorney-client relationship with Lightman & Manochi or any of its attorneys. The sending of e-mail to Lightman & Manochi or one of its attorneys does not create an attorney-client relationship.  In the event and to the extent that an addressee named herein is not an existing client of Lightman & Manochi, please note that the contents of this e-mail and any attachments are not legal advice and should not be used as such.
*********************************************************************