GOLDBERG SEGALLA LLP                    *Attorneys for Defendants*
BY:  SETH L. LAVER                       *Manfred Sternberg, Esquire and*
ATTORNEY ID NO:  94518                   *Manfred Sternberg & Associates*
    JOSEPH ROSS
ATTORNEY ID NO: 318039
1700 MARKET STREET, SUITE 1418
PHILADELPHIA, PA 19103-3907
T:  267-519-6800
F:  267-519-6801
Email:  slaver@goldbergsegalla.com
           jross@goldbergsegalla.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| American Environmental Enterprises, Inc. | : | |
| d/b/a THESAFETYHOUSE.COM | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION |
| Manfred Sternberg, Esquire; Manfred | : | No. 2022-CV-00688(JMY) |
| Sternberg & Associates, PC; Charlton | : | |
| Holdings Group, LLC; Samuel Gross; Gary | : | |
| Weiss; A. Solar, LLC; Daphna Zekaria, Esq.; | : | |
| and, Sokolski & Zekaria, PC, | : | |
| *Defendants,* | : | |
| | : | |

**RESPONSE OF  DEFENDANTS MANFRED STERNBERG, ESQUIRE AND
MANFRED STERNBERG & ASSOCIATES, PC IN OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY FROM THE STERNBERG DEFENDANT
AFTER THE JULY 19, 2024 DISCOVERY DEADLINE, AND FOR SANCTIONS, AND
PERMITTING PLAINTIFF TO CONDUCT DE BENE ESSE DEPOSITIONS**

Defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC

(collectively hereinafter, the "Sternberg Defendants"), by and through their undersigned counsel,

Goldberg Segalla LLP, hereby file this Response in Opposition to the Motion to Compel Discovery

from the Sternberg Defendants, and for Sanctions, and Permitting Plaintiff to Conduct De Bene Esse

Depositions [ECF 183], filed by Plaintiff American Environmental Enterprises, Inc. d/b/a

TheSafetyHouse.com ("Plaintiff"). In support of their Opposition, the Sternberg Defendants state as

follows:

1.      Admitted.

2.      Denied.  The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. By way of further response, it is expressly denied that the Sternberg Defendants "induced" Plaintiff or otherwise participated in any fraud whatsoever. Plaintiff has repeated a version of this statement throughout these proceedings but has elicited no evidence in support. In reality, Plaintiff was desperate to purchase product during the COVID-19 pandemic and did so without due diligence or any vetting of his counterparty. Plaintiff executed a series of contracts that it now regrets without input from independent counsel. While Plaintiff did not get the benefit of what it bargained for, its insistence on blaming someone else's attorney – the Sternberg Defendants – for that outcome is misguided and unsupported. Plaintiff's claims against the Sternberg Defendants are subject to dismissal.

3.      Denied.  The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. By way of further response, it is expressly denied that the Sternberg Defendants induced Plaintiff or otherwise participated in any fraud whatsoever.

4.      Denied as stated. The referenced pleading [ECF 80] and exhibit thereto is a document which speaks for itself, and any characterization of the same is denied.

5.      Denied as stated. The referenced pleading [ECF 80] and exhibit thereto is a document which speaks for itself, and any characterization of the same is denied.

6.      Denied as stated. By way of further response, it is expressly denied that the Sternberg Defendants "failed" to timely deliver test kits, as they were under no obligation to deliver test kits. The Sternberg Defendants' exclusive role in this transaction was that of counsel to the Gross Defendants. The referenced writing is a document which speaks for itself, and any characterization of the same is denied.

7.      Denied. By way of further response, it is expressly denied that Sternberg Defendants had or have any obligation whatsoever to "return" any funds to Plaintiff.

8.      Denied as stated. By way of further response, it is expressly denied that the Sternberg Defendants "failed" to timely deliver test kits, as they were under no obligation to deliver test kits. It is also expressly denied that Sternberg Defendants had or have any obligation whatsoever to "return" any funds to Plaintiff.

9.      Denied.

10.     Denied as stated. This Court granted Sternberg Defendants' motion to briefly extend fact discovery to July 23, 2024 by way of Order dated July 26, 2024 [ECF 185].

11.     This averment requires no response. To the extent that one is deemed required, Sternberg Defendants agree that fact discovery should not be further extended, whether due to Plaintiff's failure to timely seek fact discovery or for any other reason.

12.     Denied. It is expressly denied that the Sternberg Defendants did not produce documents in response to Plaintiff's March 7, 2024 Document Requests. Admitted only that Plaintiff and the Sternberg Defendants agreed at the February 7, 2024 deposition of Mr. Sternberg that he would be made available for an additional 90 minutes of testimony as an accommodation and in the interest of cooperation and compromise. Denied that Plaintiff should be permitted to depose non-parties whose identities Plaintiff was aware of, or should have been aware of, long before the conclusion of fact discovery in this matter. Also denied that the Sternberg Defendants failed or refused to cooperate in discovery, and noted, quite to the contrary, that the Sternberg Defendants have cooperated throughout discovery, including the indulgence of Plaintiff's ongoing fishing expeditions, repeated motion practice, lack of congeniality, and inappropriate use of discovery as a tool of harassment and intimidation.

13.     Admitted.

14.     Denied. Following his full and complete deposition, counsel for the Sternberg Defendants agreed to make Mr. Sternberg available, as needed, for no more than 90 minutes for additional testimony. On the eve of the discovery deadline, counsel for Plaintiff demanded four hours of testimony from Mr. Sternberg and that request was (appropriately) denied.

15.     Denied as stated. The referenced Request is a document which speaks for itself, and any characterization of the same is denied.

16.     This averment requires no response.

17.     Denied. By way of further response, it is expressly denied that Sternberg Defendants failed to produce documents in response to the referenced Request. Indeed, the Sternberg Defendants provided yet another Supplemental Document Production in April 2024 in the same format as prior productions, i.e. an online portal. There can be no meaningful dispute that Plaintiff has utilized that portal to access document productions provided throughout this litigation. The Sternberg Defendants have spent countless hours compiling, reviewing, preparing and producing materials in an effort to address the seemingly endless requests from Plaintiff, each of which lead to more requests. Of course, the irony is that it is Plaintiff who has failed to produce its complete files and filed to respond to written discovery. Notably, Plaintiff refused to respond to Sternberg Defendants' Interrogatories on the basis that they exceeded the number allowed by the Federal Rules of Civil Procedure. Plaintiff took that position without regard to the fact that Plaintiff's own interrogatories totaled at least 41. Despite the possible argument that the overage violated Rule 33(a)(1), the Sternberg Defendants responded fully to *each and every* Interrogatory and discrete subpart. Annexed hereto as **Exhibit "A"** is a true and accurate copy of the undersigned's letter to Plaintiff's counsel, dated May 28, 2024.

18.     Denied. The referenced exhibit is a document which speaks for itself, and any characterization of the same is denied. It is specifically denied that the undersigned "purportedly" sent anything.

19.     Denied. The Sternberg Defendants are without sufficient information to form a belief as to the truth of this paragraph.

20.     Denied as stated. Plaintiff's counsel alleged he was unable to access documents from the portal by which he previously accessed documents Sternberg Defendants produced in September 2023 and October 2023 supplemental document productions.

21.     Denied as stated. Plaintiff's counsel's admitted contact of the undersigned's information technology colleagues behind their backs was unquestionably inappropriate, but only serves to demonstrate that Plaintiff's counsel's issue is with his own technological abilities, and not those of the undersigned or our firm. We could not replicate Plaintiff's alleged problem with opening the documents.

22.     Denied. The Sternberg Defendants are without sufficient information to form a belief as to the truth of this paragraph. Denied, however, that there was anything to "fix" or that Sternberg Defendants did not produce additional documents to Plaintiff in April 2024.

23.     Denied. The referenced exhibits are documents which speak for themselves, and any characterization of the same is denied. It is specifically denied that the undersigned "purportedly" sent anything.

24.     Denied. Plaintiff's technological inabilities are his own responsibility.

25.     Denied.  The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required.

26.     Denied.  The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party.

27.     Denied. The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. It is expressly denied that Sternberg Defendants participated

in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party. Plaintiff's failure to demonstrate any wrongdoing by Sternberg Defendants in this proceeding cannot be remedied by reference to unrelated, unproven, and false allegations by a completely different entity in a completely different proceeding.

     a.   Denied.  It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party.

     b.   Denied.  It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party.

     c.   Denied as stated. The referenced proceeding is comprised of pleadings which speak for themselves, and any characterization of the same is denied.

28.    Denied.  The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. The referenced proceeding is comprised of pleadings which speak for themselves, and any characterization of the same is denied. It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party. Plaintiff's failure to demonstrate any wrongdoing by Sternberg Defendants in this proceeding cannot be remedied by reference to unrelated, unproven, and false allegations by a completely different entity in a completely different proceeding.

29.    Admitted.

30.    Denied as stated. The referenced "spreadsheet" is a document which speaks for itself. By way of further response, Sternberg Defendants produced all responsive, discoverable documents in their possession.

31.    Denied as stated. Admitted only that the document was marked Weiss-20 at Defendant Weiss' second deposition.

32.     Denied as stated. The referenced "spreadsheet" is a document which speaks for itself. By way of further response, Sternberg Defendants produced all responsive documents thus far which were not subject to attorney-client and/or attorney work product doctrines.

33.     Denied as stated. The referenced "spreadsheet" is a document which speaks for itself. By way of further response, Sternberg Defendants produced all responsive documents thus far which were not subject to attorney-client and/or attorney work product doctrines.

34.     Denied as stated. Sternberg Defendants produced all responsive documents in their possession as of April 2024. It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party.

35.     Denied as stated. Sternberg Defendants produced all responsive documents in their possession as of April 2024. It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party.

36.     Denied as stated. The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. Sternberg Defendants produced all responsive documents in their possession as of April 2024. It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party.

37.     Denied as stated. The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. Sternberg Defendants produced all responsive documents in their possession as of April 2024. It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party.

38.     Denied. Sternberg Defendants have repeatedly confirmed their willingness to subject Manfred Sternberg, Esquire to an additional hour and half of deposition testimony, as agreed by

Plaintiff's counsel at Mr. Sternberg's February 7, 2024 deposition. Plaintiff's counsel has insisted, in knowing and unexplained contradiction of what he agreed to at Mr. Sternberg's first deposition, on taking an additional *four hours* of testimony from Mr. Sternberg, over and above the full day of testimony he already provided. Plaintiff's counsel's insistence on more than *twice the agreed-upon duration* is without merit or explanation. Plaintiff's counsel's repeated omission of that fact lays bare the bad faith nature of Plaintiff's ongoing but fruitless fishing expedition and conspiracy theories against the only cooperative defendant in this proceeding.

39.    Denied. Sternberg Defendants produced all responsive documents in their possession as of April 2024.

40.    Denied. Mr. Sternberg remains willing, even after Plaintiff's dilatory and bad faith conduct, up to and including the instant motion, to provide an additional ninety (90) minutes of deposition testimony, consistent with the agreement Plaintiff's counsel made on the record at Mr. Sternberg's first deposition, a relevant excerpt of which is produced below, with the relevant exchange highlighted:



41.     Denied. It would appear that Plaintiff seeks to restart the discovery process anew. The applicable case management deadlines were set long ago, and the timing is critical. The close of fact discovery must predate expert discovery which must predate dispositive motions. Now, with fact discovery closed, Plaintiff seeks to conduct the depositions of non-party witnesses involved in other transactions that have no bearing on this case. (The subject of their potential testimony will be met with pretrial motion practice in the form of *in limine* proceedings). To the extent that Plaintiff sought to secure such fact testimony, they had many months to do so during fact discovery. While Plaintiff is arguably entitled to that testimony during fact discovery, it (i) cannot do so now and (ii) any attempt to do so at trial will be opposed at a later date. On the one hand, Plaintiff has suggested its apparent need to proceed without delay yet in the same breath seeks to conduct the depositions of an *of an unspecified amount and of unnamed witnesses* after the discovery deadline. Doing so would upset all pending deadlines and would require a new scheduling Order. Given that the depositions are irrelevant to these proceedings and, nonetheless, should have occurred months ago if at all, Plaintiff's motion must be denied.

42.     Denied. It is not amiable to demand Mr. Sternberg submit to more than twice the agreed-upon additional deposition testimony, without even the courtesy of an explanation as to why Plaintiff requires so much additional time. Plaintiff has repeatedly sought sanctions in these proceedings without merit, reason or explanation. Sanctions are not appropriate here, at least as to the Sternberg Defendants. Plaintiff opted to litigate in this manner – with frequent motion practice and lack of civility. Although it created this environment, there is no justification for sanctions and that request, again, must be denied.

43.     Denied. It is not amiable to demand Mr. Sternberg submit to more than twice the agreed-upon additional deposition testimony, without even the courtesy of an explanation as to why Plaintiff requires so much additional time.

44.    Denied.

    a.   Denied. Sternberg Defendants produced all written responses to Plaintiff's discovery requests.

    b.   Denied. Sternberg Defendants produced all responsive documents in their possession as of April 2024.

    c.   Denied. Sternberg Defendants remain willing to provide up to one and half hours of additional deposition testimony *consistent with what Plaintiff's counsel agreed to on the record at Mr. Sternberg's first deposition*, an agreement Plaintiff hid from this Court throughout the instant motion.

    d.   Denied. Plaintiff should not be permitted to conduct fact discovery after the relevant deadline that he could have and should have conducted prior to that deadline. Moreover, Plaintiff's failure to name the would-be *de bene esse* deponents is further demonstration of the bad faith nature of this ongoing fishing expedition and desperate effort to cobble together a case against Sternberg Defendants that, as the discovery Plaintiff did bother to conduct has already shown, simply does not exist.

    e.   Denied. Plaintiff is not entitled to any sanctions.

    f.   Denied. Plaintiff is entitled to none of the relief requested in the instant motion.

**WHEREFORE**, the Sternberg Defendants respectfully request that the Court enter an Order in the form accompanying this motion (i) denying Plaintiff's Motion to Compel Discovery From the Sternberg Defendants, and for Sanctions, and Permitting Plaintiff to Conduct De Bene Esse Depositions [ECF 183], and (ii) awarding no Plaintiff no sanctions, given Plaintiff's own material misrepresentations to this Court.

**GOLDBERG SEGALLA LLP**

Dated: <u>August 9, 2024</u>          By:     <u>*/s/ Seth L. Laver*</u>

SETH L. LAVER, ESQUIRE
Attorney ID No. 94518
JOSEPH ROSS, ESQUIRE
Attorney ID No. 318039
1700 Market Street, Suite 1418
Philadelphia, PA 19103
(P): (267) 519-6800; (F): 267-519-6801
slaver@goldbergsegalla.com
jross@goldbergsegalla.com
*Attorneys for Defendants Manfred Sternberg, Esquire*
*and Manfred Sternberg & Associates*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| American Environmental Enterprises, Inc. | : | |
| d/b/a THESAFETYHOUSE.COM | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION |
| Manfred Sternberg, Esquire; Manfred | : | No. 2022-CV-00688(JMY) |
| Sternberg & Associates, PC; Charlton | : | |
| Holdings Group, LLC; Samuel Gross; Gary | : | |
| Weiss; A. Solar, LLC; Daphna Zekaria, Esq.; | : | |
| and, Sokolski & Zekaria, PC, | : | |
| *Defendants,* | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM THE STERNBERG DEFENDANT AFTER THE JULY 19, 2024 DISCOVERY DEADLINE, AND FOR SANCTIONS, AND PERMITTING PLAINTIFF TO CONDUCT DE BENE ESSE DEPOSITIONS**

Defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC (collectively hereinafter, the "Sternberg Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, file this Memorandum of Law in Support of their Opposition to Plaintiff's Motion to Compel Discovery From the Sternberg Defendants, and for Sanctions, and Permitting Plaintiff to Conduct De Bene Esse Depositions.

**I.    PRELIMINARY STATEMENT**

The Sternberg Defendants are cognizant of the reality that, yet again, we are before the Court to address a fictional discovery dispute. From the onset of this litigation, their efforts for transparency and decency despite heated and contentious litigation have not been reciprocated. There are often opportunities to engage in discovery motion practice in *all* litigation. Generally, however, counsel are routinely able to work through those differences for purposes of efficiency and congeniality if not to avoid unnecessarily burdening the courts. Plaintiff does not operate under those principles.

To be clear: the Sternberg Defendants have made every reasonable effort to timely respond to all discovery served upon them whether it be in the form of Interrogatories, Document Requests, and Requests for Admission. The Sternberg Defendants have responded to dozens of Interrogatories

and recently responded to an unprecedented *one hundred and seventy-two* (172) Requests for Admission. For its part, Plaintiff has not produced its entire file, has withheld materials it obtained from third-parties, and has refused to respond to Interrogatories. Yet it continues to cast stones.

In its latest rambling, upon information and belief, Plaintiff seeks the following:

- To restart fact discovery in order to conduct irrelevant and inadmissible testimony from non-party witnesses who had absolutely no involvement in the subject transactions. Plaintiff could have conducted these depositions months ago, if not more. Its failure to do so does not warrant resetting all case management deadlines.
- To compel the production of materials made available in April.
- To, yet again, issue sanctions.

Plaintiff cannot be awarded for its gamesmanship. The Court should deny the motion in its entirety.

## II. <u>LEGAL ARGUMENT</u>

### a. Standard of Review

Decisions related to the scope of discovery, including what discovery may be compelled, are matters committed to the sound discretion of the court. *Marroquin-Manriquex v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983); *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Under the Federal Rules of Civil Procedure, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense …" Fed. R. Civ. P. 26(b)(1). Discovery rules are construed liberally in favor of the party seeking discovery and it is generally allowed if the information sought is "relevant to the subject matter involved in the pending action." *Hickman v. Taylor,* 329 U.S. 495, 503, 67 S. Ct. 385, 91 L. Ed. 451 (1947); *see also First Niagara Risk Mgmt., Inc. v. Folino,* 317 F.R.D. 23, 25 (E.D. Pa. 2016) (party moving to compel discovery bears burden of demonstrating relevance of requested information). "Evidence is relevant 'if it has any tendency to make a fact more or less probable than it would be without the evidence' and 'the fact is of consequence in determining the action.'" *In re Suboxone (Buprenorphine Hydrochloride & Naloxone) Antitrust Liti.,* 325 F.R.D. 551, 2016 WL 3519618, at *3 (E.D. Pa. 2016) (quoting Fed. R. Evid. 401).

**b. The Sternberg Defendants Have Complied with their Discovery Obligations**

This is not the first time that the Sternberg Defendants have attempted to make clear that their pockets are empty. We have fully and completely responded to all written and document discovery and produced all discoverable information in their possession. Their production process has been incredibly burdensome, thorough and complete. They have been consistent with their approach including the use of an online portal to produce all responsive, discoverable materials. They have added materials to that portal on at least 3-4 occasions to address Plaintiff's evolving demands. The record is complete.

For its part, Plaintiff has withheld materials obtained secretly from third-parties, has attempted to ambush the Sternberg Defendants with 11th hour productions, and has refused to respond to valid Interrogatories. As to this last point, despite repeatedly stating it would supplement its responses, Plaintiff refused to meaningfully respond to the Stenberg Defendants' written discovery on the basis that they exceeded the permitted number allowed by the FRCP. Incredibly, Plaintiff took that position after the Sternberg Defendants had already responded to at least 41 of Plaintiff's Interrogatories without consideration of the technical breach of the Rules. Annexed hereto as **Exhibit "A"** is a true and accurate copy of the undersigned's letter to Plaintiff's counsel, dated May 28, 2024, pointing out the Plaintiff's failure to engage in good faith, cooperative discovery where Sternberg Defendants have done just that throughout the entirety of these proceedings.

As for its production, the Sternberg Defendants' most recent production consisted of an April 2024 update to their online portal. Much like the thrust of this litigation itself, Plaintiff would have the Court believe that this production is part of a grand conspiracy/coverup when the facts are quite simple. The Sternberg Defendants provided information in the same manner they have utilized throughout these proceedings without complaint. Now, for the first time, Plaintiff contends that the Sternberg Defendants have withheld this information and/or there is an unspecified technological

failure on its part. Let it be said that this at least the second time that Plaintiff sought court intervention to compel materials already produced and available.

### c. Plaintiff is not entitled to invalidate the Amended Scheduling Order by taking unspecified fact discovery now that it should have taken months or years ago.

Plaintiff's next request is even bolder in seeking to conduct the depositions of non-party fact witnesses after discovery has closed. Plaintiff has repeatedly stated its intention to immediately proceed with trial yet now seeks to upset the apple court and begin discovery anew. Perhaps this approach would be justified if new, previously undisclosed information became available. That is not the case. By way of these objectionable *de bene esse* depositions of an unspecified number of unnamed witnesses, Plaintiff hopes to describe a massive conspiracy involving unknown purchasers, suppliers, contracts, transfers and funds that have **absolutely no bearing on these proceedings.** The Sternberg Defendants are prepared to litigate that issue during the pretrial motion phase but, suffice it to say, the time to conduct any discovery of these individuals – even over our objection – has already expired.

Of course, we must assume that other discovery deadlines, and ultimately the trial itself, will be disturbed by Plaintiff's continued desperate efforts to confirm a fictional conspiracy theory. Notable, how can the parties proceed with pending expert deadlines when Plaintiff seeks to conduct additional fact depositions?

Along those lines, Plaintiff seeks more time to conduct Mr. Sternberg's deposition. To be clear, the Sternberg Defendants participated in a full day of testimony. Mr. Sternberg flew from Texas to accommodate Plaintiff's irrational insistence that the deposition occur in person. At the conclusion of that session, the Sternberg Defendants agreed to appear for 90 minutes of additional testimony, if necessary. Against that backdrop, Plaintiff has repeatedly and without explanation insisted that Mr. Sternberg submit to *four hours* of additional deposition testimony. There is little doubt that this demand, in direct contravention of the parties' own agreement, is a bad faith effort to harass.

The Court can prevent such discovery misconduct. *See Reconstructive Orthopedic Assocs. IT- P.C. v. Specialty Care Networ*k, 2000 U.S. Dist. LEXIS 14315 at*12 (stating that "The Court does not want potentially legitimate discovery to become a fishing expedition" and "pursuant to the Court's powers under Federal Rules of Civil Procedure 26(c)(4) and 26(b)(2)(iii), the Court will limit discovery").

In the instant motion, Plaintiff cites a litany of purported discovery deficiencies by the Sternberg Defendants, but omits its own failures. Plaintiff portrays its own lack of technological savvy as a refusal to engage in discovery by Sternberg Defendants. Plaintiff also asks the Court to compel additional deposition testimony to which Mr. Sternberg already agreed, simply because counsel regrets agreeing to ninety minutes and the undersigned refuse to agree to *four hours* instead. Finally, Plaintiff seeks an *unspecified* number of depositions of *unspecified* witnesses without giving the undersigned, or even this Honorable Court, the courtesy of an *explanation*. The assertion that such depositions would not require additional non-party document production and other discovery, effectively invalidating the Court's Amended Scheduling Order, is not remotely credible. The motion, in short, is an insult to Sternberg Defendants and the Court, and it should be denied in its entirety.

## III. <u>CONCLUSION</u>

Accordingly, as the Sternberg Defendants responses to the Plaintiff's discovery requests were in no way deficient, Plaintiff seeks more than the agreed-upon ninety minutes of additional deposition testimony from Mr. Sternberg, Sternberg Defendants already produced all responsive documents not subject to attorney-client and/or work product doctrines, and Plaintiff has asked for an apparently secret number depositions of apparently secret witnesses without explaining how any of it is appropriate under the Rules, sanctions are completely unwarranted. Sternberg Defendants respectfully request that this Court enter an Order denying the Plaintiff's Motion, so that this matter can continue to move forward on the schedule set for it by this Court and agreed upon by the parties.

**GOLDBERG SEGALLA LLP**

Dated: <u>August 9, 2024</u>          By:     ***/s/ Seth L. Laver***
                                              SETH L. LAVER, ESQUIRE
                                              Attorney ID No. 94518
                                              JOSEPH ROSS, ESQUIRE
                                              Attorney ID No. 318039
                                              1700 Market Street, Suite 1418
                                              Philadelphia, PA 19103
                                              (P): (267) 519-6800; (F): 267-519-6801
                                              slaver@goldbergsegalla.com
                                              jross@goldbergsegalla.com
                                              *Attorneys for Defendants Manfred Sternberg, Esquire*
                                              *and Manfred Sternberg & Associates*

## <u>CERTIFICATE OF SERVICE</u>

   The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of the foregoing via ECF upon all counsel of record, and/or email upon the following:

Gary P. Lightman, Esquire
Glenn A. Manochi, Esquire
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com
*Attorneys for Plaintiff*

Samuel Gross
a/k/a Shlomo Gross
78 Buckminster Road
Rockville Centre, NY 11570
charltonholdinggroupllc@aol.com
publicdiamonds@gmail.com
Scg1212@gmail.com
Samrosinc@icloud.com
*Defendant Pro Se*

Gary Weiss
437 1ˢᵗ Avenue
Elizabeth, NJ 07206
wgary4109@gmail.com
monipair@aol.com
*Defendant Pro Se*

Daphna Zekaria
8 Westminster Road
Syosset, NY 11791
Dzandpeanut@aol.com
*Defendant Pro Se*

            **GOLDBERG SEGALLA LLP**

Dated: August 9, 2024     By:  ***/s/ Joseph Ross***
                  JOSEPH ROSS, ESQUIRE
                  Attorney ID No. 318039
                  1700 Market Street, Suite 1418
                  Philadelphia, PA 19103
                  (P): (267) 519-6800; (F): 267-519-6801
                  jross@goldbergsegalla.com