# EXHIBIT "A"



Joseph Ross | Associate
Direct 609.986.1370 | jross@goldbergsegalla.com

May 28, 2024

***Via Email:*** **garylightman@lightmanlaw.com**
Gary P. Lightman, Esquire
Lightman & Manochi
156 Inverness Drive
Blue Bill, PA 19422

        **Re:**    American Environmental Enterprises, Inc., d/b/a THESAFETYHOUSE.COM v. Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC, and Charlton Holdings Group, LLC, and Samuel Gross
            US District Court for the Eastern District of PA  2:22-cv-00688
            GS File No.:  8925.0007

Dear Mr. Lightman:

    Thank you for your willingness to revise your inadequate discovery responses. During a recent conversation amongst our offices, you requested that we more clearly document our objections to the plaintiff's discovery deficiencies. For the reasons set forth herein, and as articulated by telephone, the responses require revision. We appreciate your efforts in avoiding motion practice.

    On April 22, 2024 the plaintiff provided its responses to written and document discovery issued by the "Sternberg Defendants." Those responses are inadequate and insufficient to fulfill your client's discovery obligations. Please provide verified supplements remediating the impermissible shortcomings within five days or, in the alternative, provide your availability during the next two weeks for a meet and confer pursuant to Local Rule 26.1(f) and Rule 37.

    **I.**    **Deficiencies of Plaintiff's Objections and Responses to the Third Set of Interrogatories**

    Plaintiff's Objections and Responses to the Third Set of Interrogatories propounded by the Sternberg Defendants are deficient. They consist of the repetition of the following for each and every interrogatory:

> Plaintiff objects to this Interrogatory because the total number of Interrogatories propounded by the Sternberg Defendants exceeds the 25 number limit set forth in Rule 33(a) of the Federal Rules of Civil Procedure.

    This so-called response is insufficient to fulfill Plaintiff's discovery obligations. Plaintiff has issued three sets of interrogatories which contain, at a generous minimum, a total of 41 interrogatories including discrete subparts. While there is a clear argument that the overage violates Rule 33(a)(1), and we have discussed this previously, the Sternberg Defendants fully responded to each.

**Please send mail to our scanning center at: PO Box 360, Buffalo NY 14201**

**OFFICE LOCATION** 1700 Market Street, Suite 1418, Philadelphia, PA 19103-3907  |  **PHONE** 267-519-6800  |  **FAX** 267-519-6801  |  **www.goldbergsegalla.com**
CALIFORNIA  |  CONNECTICUT  |  FLORIDA  |  ILLINOIS  |  NEW JERSEY  |  NEW YORK  |  NORTH CAROLINA  |  MARYLAND  |  MISSOURI  |  PENNSYLVANIA

May 28, 2024
Page 2

We expect Plaintiff to reciprocate those good faith discovery efforts. However, should Plaintiff refuse ato do so, we will proceed appropriately and in accordance with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure for the United States District Court for the Eastern District of Pennsylvania. The Sternberg Defendants' interrogatories are more than reasonable given the nature of this matter, and they will no doubt meet the requirement of Rule 33(a)(1) that leave "to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)."

## II.  Deficiencies of Plaintiff's Objections and Responses to the Third Request for Production of Documents

Plaintiff's Objections and Responses to the Third Request for Production of Documents propounded by the Sternberg Defendants are deficient, as well. Specifically:

- **Plaintiff's Objections and Responses to requests 1 through 3, 5 through 8, 11 through 14, 16, and 19 are deficient because they state that "Plaintiff believes that non-privileged responsive documents have already been produced."** Plaintiff's "belief" is an insufficient response because Plaintiff must make a good faith search of all documents in its possession and certify that it *knows* whether non-privileged responsive documents have been produced. In addition, Plaintiff does not specify the privilege asserted or provide a privilege log. Third, Plaintiff must include in each response in which it asserts it has already produced responsive documents the specific Bates range identifying the prior-produced responsive documents.
- **Plaintiff's Objections and Responses to requests 3, 6 through 8, and 12 through 14 are deficient because they state that "Plaintiff will again search its records and produce non-privileged responsive documents that have not already been produced."** Plaintiff must supplement its Objections and Responses to disclose the findings of its additional search. In addition, Plaintiff does not specify the privilege asserted or provide a privilege log.
- **Plaintiff's Objections and Responses to requests 3, 6 through 8, 12 through 14, and 30 are deficient because with regard to each request, the statement that "to the extent that it seeks information which is work-product and/or otherwise privileged" is impermissibly vague.** Plaintiff does not specify the privilege asserted or provide a privilege log.
- **Plaintiff's Objections and Responses to requests 20 and 21 are deficient because they equivocate by stating that "non-privileged documents have been or will be produced."** Plaintiff must supplement its Objections and Responses to clarify whether there are any unproduced documents, advise when it will produce them, and specify the applicable privilege asserted or provide a privilege log setting forth the requisite information.
- **Plaintiff's Objections and Responses to requests 24 and 25 are deficient because they state that Plaintiff "does not believe that he has any documents responsive to this request."** Plaintiff's "belief" is an insufficient response because Plaintiff must make a good faith search of all documents in its possession and certify that it *knows* whether or not non-privileged responsive documents have been produced.

May 28, 2024
Page 3

- **Plaintiff's Response to request 23 is deficient because it states that "the responsive documents are privileged."** Plaintiff does not specify the privilege asserted or provide a privilege log.

Our offices have litigated this matter on behalf of our clients for many months and, for the most part, have made a reasonable effort to comply with our respective obligations. Plaintiff's recent discovery responses deviate from that pattern and clearly deviate from the Rules.

We expect Plaintiff will promptly supplement its responses. We reiterate our expectation of mutual good faith and look forward, if necessary, to meeting and conferring regarding the above at our earliest mutual convenience.

    Very truly yours,

    **GOLDBERG SEGALLA LLP**

    *Joseph Ross*
    Joseph Ross

CC: Seth L. Laver, Esq. (via email)