GOLDBERG SEGALLA LLP

*Attorneys for Defendants*

BY:  SETH L. LAVER

*Manfred Sternberg, Esquire and*

ATTORNEY ID NO:  94518

*Manfred Sternberg & Associates*

JOSEPH ROSS

ATTORNEY ID NO: 318039

1700 MARKET STREET, SUITE 1418

PHILADELPHIA, PA 19103-3907

T:  267-519-6800

F:  267-519-6801

Email:  slaver@goldbergsegalla.com

jross@goldbergsegalla.com

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| American Environmental Enterprises, Inc. d/b/a THESAFETYHOUSE.COM | : : | |
| *Plaintiff,* | : | |
| v. | : | CIVIL ACTION |
| Manfred Sternberg, Esquire; Manfred | : | No. 2022-CV-00688(JMY) |
| Sternberg & Associates, PC; Charlton | : | |
| Holdings Group, LLC; Samuel Gross; Gary | : | |
| Weiss; A. Solar, LLC; Daphna Zekaria, Esq.; | : | |
| and, Sokolski & Zekaria, PC, | : | |
| *Defendants,* | : | |
| | : | |

### RESPONSE OF DEFENDANTS MANFRED STERNBERG, ESQUIRE AND MANFRED STERNBERG & ASSOCIATES, PC IN OPPOSITION TO PLAINTIFF'S RULE 36(A)(6) MOTION TO DETERMINE PLAINTIFF'S REQUESTS FOR ADMISSION SERVED ON STERNBERG DEFENDANTS AS DEEMED ADMITTED, AND RULE 37(A)(5) AWARD OF ATTORNEY FEES AND COSTS

Defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC (collectively hereinafter, the "Sternberg Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, hereby file this Response in Opposition to Plaintiff's Rule 36(a)(6) Motion to Determine Plaintiff's Requests for Admission Served on Sternberg Defendants as Deemed Admitted, and Rule 37(a)(5) Award of Attorney Fees and Costs, filed by Plaintiff American Environmental Enterprises, Inc. d/b/a TheSafetyHouse.com ("Plaintiff"). In support of their Opposition, the Sternberg Defendants state as follows:

1.      Admitted.

2.      Denied.  The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. By way of further response, it is expressly denied that the Sternberg Defendants "induced" Plaintiff or otherwise participated in any fraud whatsoever. Plaintiff has repeated a version of this statement throughout these proceedings but has elicited no evidence in support. In reality, Plaintiff was desperate to purchase product during the COVID-19 pandemic and did so without due diligence or any vetting of his counterparty. Plaintiff executed a series of contracts that it now regrets without input from independent counsel. While Plaintiff did not get the benefit of what it bargained for, its insistence on blaming someone else's attorney – the Sternberg Defendants – for that outcome is misguided and unsupported. Plaintiff's claims against the Sternberg Defendants are subject to dismissal.

3.      Denied.  The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. By way of further response, it is expressly denied that the Sternberg Defendants induced Plaintiff or otherwise participated in any fraud whatsoever.

4.      Denied as stated. The referenced pleading [ECF 80] and exhibit thereto is a document which speaks for itself, and any characterization of the same is denied.

5.      Denied as stated. The referenced pleading [ECF 80] and exhibit thereto is a document which speaks for itself, and any characterization of the same is denied.

6.      Denied as stated. By way of further response, it is expressly denied that the Sternberg Defendants "failed" to timely deliver test kits, as they were under no obligation to deliver test kits. The Sternberg Defendants' exclusive role in this transaction was that of counsel to the Gross Defendants. The referenced writing is a document which speaks for itself, and any characterization of the same is denied.

7.     Denied. By way of further response, it is expressly denied that Sternberg Defendants had or have any obligation whatsoever to "return" any funds to Plaintiff.

8.     Denied as stated. By way of further response, it is expressly denied that the Sternberg Defendants "failed" to timely deliver test kits, as they were under no obligation to deliver test kits. It is also expressly denied that Sternberg Defendants had or have any obligation whatsoever to "return" any funds to Plaintiff.

9.     Denied.

10.     Denied.  The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party.

11.     Denied. The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party. Plaintiff's failure to demonstrate any wrongdoing by Sternberg Defendants in this proceeding cannot be remedied by reference to unrelated, unproven, and false allegations by a completely different entity in a completely different proceeding.

   a.   Denied.  It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party.

   b.   Denied.  It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party.

   c.   Denied as stated. The referenced proceeding is comprised of pleadings which speak for themselves, and any characterization of the same is denied.

12.     Denied.  The allegations of this paragraph are specifically denied as conclusions of law to which no further response is required. The referenced proceeding is comprised of pleadings which

speak for themselves, and any characterization of the same is denied. It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party. Plaintiff's failure to demonstrate any wrongdoing by Sternberg Defendants in this proceeding cannot be remedied by reference to unrelated, unproven, and false allegations by a completely different entity in a completely different proceeding.

13.     Denied. Sternberg Defendants deposed Gary Weiss on July 16, 2024.

14.     Denied as stated. The referenced "spreadsheet" is a document which speaks for itself. By way of further response, Sternberg Defendants produced all responsive, discoverable documents in their possession.

15.     Denied as stated. Admitted only that the document was marked Weiss-20 at Defendant Weiss' second deposition.

16.     Denied as stated. The referenced "spreadsheet" is a document which speaks for itself. By way of further response, Sternberg Defendants produced all responsive documents thus far which were not subject to attorney-client and/or attorney work product doctrines.

17.     Denied as stated. The referenced deposition testimony by Defendant Weiss speaks for itself and any characterization thereof is denied. It is further denied that Defendant Weiss testified truthfully to anything that Mr. Sternberg said to Defendant Weiss about such collateral, or anything at all, for that matter. Finally, neither Plaintiff nor Defendant Weiss have yet produced any evidence demonstrating the so-called "collateral" was worth anything at all.

18.     Denied.  It is expressly denied that Sternberg Defendants participated in any fraud whatsoever, whether upon Plaintiff or any other unrelated non-party. Plaintiff's failure to demonstrate any wrongdoing by Sternberg Defendants in this proceeding cannot be remedied by reference to unrelated, unproven, and false allegations by a completely different entity in a completely different proceeding. Finally, neither Plaintiff nor Defendant Weiss have yet produced any evidence

demonstrating the so-called "collateral" was worth anything at all. It is further denied that Sternberg Defendants reaped any excess, or any profit at all for that matter, from Plaintiff.

19.     Denied as stated. This Court granted Sternberg Defendants' motion to briefly extend fact discovery to July 23, 2024 by way of Order dated July 26, 2024 [ECF 185].

20.     This averment requires no response. To the extent that one is deemed required, Sternberg Defendants agree that fact discovery should not be further extended, whether due to Plaintiff's failure to timely seek fact discovery or for any other reason.

21.     Denied. Plaintiff's latest vexatious motion fails to demonstrate any basis to deem any of Sternberg Defendants' answers to Plaintiff's *one hundred and seventy-two (172)* Requests for Admission admitted, and Plaintiff has once again failed to demonstrate they are entitled to any award of fees or costs.

22.     Denied as stated. The Federal Rules of Civil Procedure speak for themselves and any characterization thereof is denied.

23.     Denied as stated. The Federal Rules of Civil Procedure speak for themselves and any characterization thereof is denied.

24.     Admitted.

25.     Admitted.

26.     Denied. The purpose of Plaintiff's *one hundred and seventy-two (172)* Requests for Admission was the same as the purpose of this motion, and every motion Plaintiff has filed regarding Sternberg Defendants: harassment, delay, and a desperate search for evidence of misfeasance or malfeasance, none of which Plaintiff has found, because it does not exist.

27.     Denied as stated. The referenced Responses are a document which speaks for itself and any characterization thereof is denied.

28.     Denied as stated. The Federal Rules of Civil Procedure speak for themselves and any characterization thereof is denied.

29.     Denied as stated. The Federal Rules of Civil Procedure speak for themselves and any characterization thereof is denied. Furthermore, as Plaintiff's counsel is well aware, "the use of only the word "denied." is often sufficient under the rule. *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). This is by design, given that "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." *Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (E.D. Pa. 1960). Moreover, it is proper for responses to "include denials supported by the position that the writings referenced in the Requests "speak for themselves." *McCarthy v. Darman*, No. 07-cv-3958, 2008 U.S. Dist. LEXIS 47549, at *14 (E.D. Pa. June 16, 2008). The impermissible response is one that contains only a statement that the referenced documents speak for themselves, and otherwise contains no admission or denial. That circumstance does not appear once in Sternberg Defendants' responses to Plaintiff's RFAs.

30.     Denied as stated. The referenced Responses are a document which speaks for itself and any characterization thereof is denied.

31.     Denied as stated. The Notes of the Advisory Committee to the 1970 Amendments speak for themselves and any characterization thereof is denied.

32.     Denied. Sternberg Defendants responded fully to Plaintiff's undeniably vexatious number of Requests for Admission. Plaintiff is entitled to responses sufficient under the Rules, not to the responses Plaintiff needs in order to conjure a case against the Sternberg Defendants that simply does not exist. It is Plaintiff's instant motion that borders on bad faith.

33.     Denied. Plaintiff cites to no authority for this proposition, and it is therefore denied.

34.  Denied. *McCarthy v. Darman* held that an assertion that certain writings "speak for themselves" is a sufficient answer where it includes a denial. *McCarthy v. Darman*, No. 07-cv-3958, 2008 U.S. Dist. LEXIS 47549, at *14-15 (E.D. Pa. June 16, 2008).

35.  (a) through (c). Denied. Sternberg Defendants' response to RFA 7 states, in full: "Denied as stated. This document speaks for itself and any characterization thereof is denied." The first and last words of the response are both "denied." There is no legitimate argument that the response is insufficient. Plaintiff's failure to include in its moving papers the two denials in the response is highly suspect at best.

36.  (a) through (c). Denied. Sternberg Defendants' response to RFA 26 states, in full: "Denied. This document speaks for itself. Any characterization thereof is denied." The first and last words of the response are both "denied." There is no legitimate argument that the response is insufficient. Plaintiff's failure to include in its moving papers the two denials in the response is highly suspect at best.

37.  (a) through (c). Denied. Sternberg Defendants' response to RFA 30 states, in full: "Denied. This document speaks for itself. Any characterization thereof is denied." The first and last words of the response are both "denied." There is no legitimate argument that the response is insufficient. Plaintiff's failure to include in its moving papers the two denials in the response is highly suspect at best.

38.  Denied. The responses to which Plaintiff refers in this paragraph are sufficient.

a.  Denied. Sternberg Defendants' response to RFA 20 states, in full: "Denied. This document speaks for itself." The first word of the response is "denied." There is no legitimate argument that the response is insufficient. Plaintiff's failure to include in its moving papers the entirety of the response is highly suspect at best.

b.  Denied. Sternberg Defendants' responses to RFA 25 and 26 state, in full: "Denied. This document speaks for itself. Any characterization thereof is denied." The first and last words of the response are both "denied." There is no legitimate argument that the response is insufficient. Plaintiff's failure to include in its moving papers the entirety of the response is highly suspect at best.

c.  Denied. Sternberg Defendants' response to RFA 29 states, in full: "Denied. This document speaks for itself. Any characterization thereof is denied." The first and last words of the response are both "denied." There is no legitimate argument that the response is insufficient. Plaintiff's failure to include in its moving papers the entirety of the response is highly suspect at best.

d.  Denied. Sternberg Defendants' response to RFA 41 states, in full: "Denied. These wires transfers are reflected in documents that speak for themselves. Any characterization thereof is denied." The first and last words of the response are both "denied." There is no legitimate argument that the response is insufficient. Plaintiff's failure to include in its moving papers the entirety of the response is highly suspect at best.

e.  Denied. Sternberg Defendants' response to RFA 42 states, in full: "Denied. These wires transfers are reflected in documents that speak for themselves. Any characterization thereof is denied." The first and last words of the response are both "denied." There is no legitimate argument that the response is insufficient. Plaintiff's failure to include in its moving papers the entirety of the response is highly suspect at best.

f.  Denied. Sternberg Defendants' response to RFA 43 states, in full: "Denied. This document speaks for itself. Any characterization thereof is denied." The first and last

words of the response are both "denied." There is no legitimate argument that the response is insufficient. Plaintiff's failure to include in its moving papers the entirety of the response is highly suspect at best.

g.  Denied as stated. Sternberg Defendants responded that they are unable to admit or deny the requests referenced in this paragraph of Plaintiff's instant motion. The responses thereto are sufficient given Sternberg Defendants, throughout their consistent and active participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply. Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case, Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

h.  Denied as stated. Sternberg Defendants responded that they are unable to admit or deny the requests referenced in this paragraph of Plaintiff's instant motion. The responses thereto are sufficient given Sternberg Defendants, throughout their consistent and active participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply. Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case,

Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

i. Denied as stated. Sternberg Defendants responded that they are unable to admit or deny the requests referenced in this paragraph of Plaintiff's instant motion. The responses thereto are sufficient given Sternberg Defendants, throughout their consistent and active participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply. Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case, Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

j. Denied as stated. Sternberg Defendants responded that they are unable to admit or deny the requests referenced in this paragraph of Plaintiff's instant motion. The responses thereto are sufficient given Sternberg Defendants, throughout their consistent and active participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply. Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case, Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

k.  Denied as stated. Sternberg Defendants responded that they are unable to admit or deny the requests referenced in this paragraph of Plaintiff's instant motion. The responses thereto are sufficient given Sternberg Defendants, throughout their consistent and active participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply. Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case, Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

l.  Denied. Sternberg Defendants' response to RFA 67 explicitly denies the Request to the extent it characterizes the referenced document, and even adds that Sternberg Defendants have no reason to believe it is not a true and correct copy thereof. Plaintiff's claim that this response is insufficient is not appropriate, and Plaintiff's presentation of it to the Court as insufficient is inappropriate at best.

m.  Denied. Sternberg Defendants' response to RFA 72 states, in full: "This request refers to a document that speaks for itself. Any characterization thereof is denied." This is a sufficient denial. There is no legitimate argument that the response is insufficient. Plaintiff's failure to include in its moving papers the entirety of the response is highly suspect at best.

n.  Denied as stated. Sternberg Defendants responded that they are unable to admit or deny the requests referenced in this paragraph of Plaintiff's instant motion. The responses thereto are sufficient given Sternberg Defendants, throughout their

consistent and active participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply. Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case, Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

o.  Denied as stated. Sternberg Defendants responded that they are unable to admit or deny the requests referenced in this paragraph of Plaintiff's instant motion. The responses thereto are sufficient given Sternberg Defendants, throughout their consistent and active participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply. Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case, Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

p.  Denied as stated. Sternberg Defendants responded that they are unable to admit or deny the requests referenced in this paragraph of Plaintiff's instant motion. The responses thereto are sufficient given Sternberg Defendants, throughout their consistent and active participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows

or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply. Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case, Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

q.  Denied as stated. Sternberg Defendants responded that they are unable to admit or deny the requests referenced in this paragraph of Plaintiff's instant motion. The responses thereto are sufficient given Sternberg Defendants, throughout their consistent and active participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply. Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case, Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

r.  Denied. There was nothing improper about this response. And Plaintiff's claim that it is improper is particularly egregious, given that Sternberg Defendants denied only *characterization* of the referenced document, but *otherwise admitted the request*: "This document speaks for itself. Any characterization thereof is denied. Otherwise, admitted." Why did Plaintiff leave that fact out of the motion?

s.  Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

t.  Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

u.  Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

v.  Denied. Sternberg Defendants properly denied the RFAs referenced in this paragraph of Plaintiff's instant motion. Specifically, it was proper to deny Plaintiff's characterization of RFA 87, and it was proper to respond to RFA 88 with the single word "denied."

w.  Denied. Sternberg Defendants properly denied RFA 89. In fact, they did so twice in the response thereto. We are far beyond the point where Plaintiff can credibly claim this motion is anything but frivolous and vexatious.

x.  Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

y.  Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

z.  Denied. Sternberg Defendants properly denied the RFAs referenced in this paragraph of Plaintiff's instant motion.

aa.  Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

bb.  Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

cc.  Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion. The response even notes that there is no reason to suspect

the exhibit containing the referenced document is not a true and correct copy, but Plaintiff still chose to include it in the motion, without argument or justification.

dd. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

ee. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

ff. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

gg. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

hh. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

ii. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

jj. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

kk. Denied. Sternberg Defendants properly denied the RFAs referenced in this paragraph of Plaintiff's instant motion.

ll. Denied. Sternberg Defendants properly denied the RFAs referenced in this paragraph of Plaintiff's instant motion.

mm. Denied. Sternberg Defendants properly denied the RFAs referenced in this paragraph of Plaintiff's instant motion.

nn. Denied. Sternberg Defendants properly denied the RFAs referenced in this paragraph of Plaintiff's instant motion.

oo. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

pp. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

qq. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

rr. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

ss. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

tt. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

uu. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

vv. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

ww. Denied. Sternberg Defendants properly denied the RFAs referenced in this paragraph of Plaintiff's instant motion.

xx. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

yy. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

zz. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

aaa. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

bbb.        Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

ccc. Denied. Sternberg Defendants properly denied the RFA referenced in this paragraph of Plaintiff's instant motion.

39.        Denied. Plaintiff either misunderstands or intentionally misapplies the Rule and applicable case law, and asks this Court to do the same. Specifically, it is proper to deny a request for admission "by stating that the correspondence is a writing which speaks for itself and denying any characterization of that writing." *McCarthy v. Darman*, No. 07-cv-3958, 2008 U.S. Dist. LEXIS 47549, at *16 (E.D. Pa. June 16, 2008). *McCarthy* says unambiguously that "those denials in themselves were sufficient." *Ibid.*

40.        Denied as stated. The Federal Rules of Civil Procedure speak for themselves and any characterization thereof is denied. Furthermore, as Plaintiff's counsel is well aware, "the use of only the word "denied." is often sufficient under the rule. *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). This is by design, given that "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." *Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (E.D. Pa. 1960). Moreover, it is proper for responses to "include denials supported by the position that the writings referenced in the Requests "speak for themselves." *McCarthy v. Darman*, No. 07-cv-3958, 2008 U.S. Dist. LEXIS 47549, at *14 (E.D. Pa. June 16, 2008). The impermissible response is one that contains only a statement that the referenced documents speak for themselves, and otherwise contains no admission or denial. That circumstance does not appear once in Sternberg Defendants' responses to Plaintiff's RFAs.

41.     Denied. Once again, Plaintiff is not entitled to its preferred responses, only those responses which are sufficient under the Rules. Sternberg Defendants' responses to RFAs 35-40, 45-59, 64-66, 68-71, 73, 74, 77-80, 112-113, and 120-121 are sufficient under the Rules. Notwithstanding that sufficiency, in an abundance of good faith, Sternberg Defendants include amended responses to RFAs 48, 49, 54, 55, 56, 64, 65, 66, 70, 71, 73, 74, 78, 79, and 80 with this response in opposition to Plaintiff's instant motion.

42.     Denied.

a.     Denied. RFA 35 states, in full: "On January 19, 2022, VRC wired $2,268,000.00 to Sternberg's attorney escrow trust account, and on January 20, 2022, VRC wired $181,440.00 to Sternberg's attorney escrow trust account, for a total of $2,449,440.00, for their purchase of a total of 204,120 Test Kits from Gross and Sternberg."

b.     Denied as stated. RFA 35 is as disingenuous as most of the other RFAs in question. Sternberg Defendants properly admitted only that VRC and Defendant Gross' company CHG entered an agreement. As Plaintiff is well aware, neither Plaintiff nor VRC ever bought any test kits at all from Sternberg Defendants.

c.     Denied as stated. RFA 35 is as disingenuous as most of the other RFAs in question. Sternberg Defendants properly admitted only that VRC and Defendant Gross' company CHG entered an agreement. As Plaintiff is well aware, neither Plaintiff nor VRC ever bought any test kits at all from Sternberg Defendants.

d.     Denied as stated. RFA 35 is as disingenuous as most of the other RFAs in question. Sternberg Defendants properly admitted only that VRC and Defendant Gross' company CHG entered an agreement. As Plaintiff is well aware, neither Plaintiff nor VRC ever bought any test kits at all from Sternberg Defendants, and Sternberg Defendants maintain an attorney trust account, not an escrow account.

43.     Denied as stated. RFA 36 is as disingenuous as most of the other RFAs in question. Sternberg Defendants properly admitted only that VRC and Defendant Gross' company CHG entered an agreement. As Plaintiff is well aware, neither Plaintiff nor VRC ever bought any test kits at all from Sternberg Defendants, and Sternberg Defendants maintain an attorney trust account, not an escrow account.

44.     Denied.

    a.   Denied as stated. RFA 45 states, in full: "When Sternberg released the sum of $219,240.00 from his attorney escrow account to Weiss on February 1, 2022, neither Gross nor Sternberg owned or had possession of the 151,200 Test Kits purchased by Plaintiff." Sternberg Defendants' response thereto states, in full: "Denied. By way of further answer, the Sternberg Defendants never had possession of any test kits purchased by Plaintiff, and never suggested otherwise to anyone."

    b.   Denied. RFA 45 is, as so many others are, riddled with improper misrepresentations, and implications. For example, there is no escrow account, only a trust account. For another example, as set forth *in the response itself*, Sternberg never possessed test kits, was never expected to possess test kits, and was never obligated to possess test kits. Plaintiff takes the ridiculous position that the Sternberg Defendants are not entitled to deny such a facially egregious Request, but that position is wrong, Plaintiff is left to its proofs.

    c.   Denied. As Plaintiff's counsel is well aware, "the use of only the word "denied." is often sufficient under the rule." *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). This is by design, given that "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." *Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (E.D. Pa. 1960).

    d.  Denied.

45.    Denied.

    a.  Denied. RFA 112 states, in full: "VRC never received the 204,120 Test Kits that were purchased from Gross and/or Sternberg." Sternberg Defendants' response thereto states, in full: "Denied. The Sternberg Defendants had no obligation to provide VRC with test kits."

    b.  Denied. Sternberg Defendants denial is proper. It is disputed whether VRC ever received test kits that were purchased from Sternberg. Sternberg Defendants deny selling or possessing any test kits at any time to any entity involved in this litigation or Plaintiff's broader conspiracy theories. Plaintiff is left to its proofs as to what any entity received.

    c.  Denied. The word "denied" is a sufficient response.

    d.  Denied.

46. Denied.

47. Denied. Plaintiff's motion should be denied. In the alternative, to the extent the Court finds any responses insufficient, it should order Sternberg Defendants to serve amended responses.

48.    Denied as stated. The Federal Rules of Civil Procedure speak for themselves and any characterization thereof is denied.

49.    Denied as stated. The opinions referred to are documents which speak for themselves and any characterization thereof is denied.

50.    Denied. Responses to RFAs 2, 4, 5, 11, 12, 16, 17, and 44 state that, "to the extent that a substantive response is required, denied." This response is sufficient, and Plaintiff presents no authority on which to base any argument to the contrary. Responses to RFAs 147, 148, 150, 165, and 166 are also sufficient given Sternberg Defendants, throughout their consistent and active

participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply.

51.     Denied. Responses to RFAs 2, 4, 5, 11, 12, 16, 17, and 44 are sufficient. Responses to RFAs 147, 148, 150, 165, and 166 are also sufficient given Sternberg Defendants, throughout their consistent and active participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply. Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case, Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

52. Denied. As Plaintiff's counsel is well aware, "the use of only the word "denied." is often sufficient under the rule. *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). This is by design, given that "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." *Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (E.D. Pa. 1960).

53. Denied as stated. Plaintiff's Supplemental Interrogatory does not alter the obligations imposed on Sternberg Defendants by the Rules and applicable case law.

54. Denied. As Plaintiff's counsel is well aware, "the use of only the word "denied." is often sufficient under the rule. *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). This is by design, given that "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." *Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (E.D. Pa. 1960).

55. Denied. As Plaintiff's counsel is well aware, "the use of only the word "denied." is often sufficient under the rule. *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). This is by design, given that "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." *Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (E.D. Pa. 1960). Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case, Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

56. Denied as stated. Plaintiff expressed dissatisfaction with certain responses, but, as is the case in the instant motion, could not articulate a basis for why they find those responses insufficient.

57. Denied as stated. The Federal Rules of Civil Procedure speak for themselves and any characterization thereof is denied.

58. Plaintiff has filed multiple frivolous discovery motions throughout this litigation, despite the consistent good faith cooperation of Sternberg Defendants. The Court should deny the motion and award Sternberg Defendants attorney fees incurred in opposing Plaintiff's instant motion, pursuant to Rule 37(a)(5)(B).

59. Denied. Plaintiff deserves no fees or costs award for its own frivolous motion.

60. Denied. The Court should deny Plaintiff's motion and enter sanctions in favor of Sternberg Defendants in the total amount of $5,000.00 pursuant to Rule 37(a)(5)(B).

**RELIEF REQUESTED**

**WHEREFORE**, the Sternberg Defendants respectfully request that the Court enter an Order in the form accompanying this motion (i) denying Plaintiff's Motion; and (ii) awarding Sternberg Defendants reasonable fees and costs of opposing the motion. In the alternative, to the extent the Court determines certain of Sternberg Defendants' responses insufficient, Sternberg Defendants

respectfully request the Court enter an Order requiring Sternberg Defendants amend those responses

within whatever time period the Court deems appropriate.


**GOLDBERG SEGALLA LLP**


Dated: August 9, 2024            By:    /s/ Seth L. Laver
SETH L. LAVER, ESQUIRE
Attorney ID No. 94518
JOSEPH ROSS, ESQUIRE
Attorney ID No. 318039
1700 Market Street, Suite 1418
Philadelphia, PA 19103
(P): (267) 519-6800; (F): 267-519-6801
slaver@goldbergsegalla.com
jross@goldbergsegalla.com
*Attorneys for Defendants Manfred Sternberg, Esquire
and Manfred Sternberg & Associates*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| American Environmental Enterprises, Inc. | : | |
| d/b/a THESAFETYHOUSE.COM | : | |
| *Plaintiff,* | : | |
| v. | : | CIVIL ACTION |
| Manfred Sternberg, Esquire; Manfred | : | No. 2022-CV-00688(JMY) |
| Sternberg & Associates, PC; Charlton | : | |
| Holdings Group, LLC; Samuel Gross; Gary | : | |
| Weiss; A. Solar, LLC; Daphna Zekaria, Esq.; | : | |
| and, Sokolski & Zekaria, PC, | : | |
| *Defendants,* | : | |
| | : | |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S RULE 36(A)(6)
MOTION TO DETERMINE PLAINTIFF'S REQUESTS FOR ADMISSION SERVED
ON STERNBERG DEFENDANTS AS DEEMED ADMITTED, AND RULE 37(A)(5)
AWARD OF ATTORNEY FEES AND COSTS**

Defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC (collectively hereinafter, the "Sternberg Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, file this Memorandum of Law in Support of their Response in Opposition to Plaintiff's Rule 36(a)(6) Motion to Determine Plaintiff's Requests for Admission Served on Sternberg Defendants as Deemed Admitted, and Rule 37(a)(5) Award of Attorney Fees and Costs.

### I.   PRELIMINARY STATEMENT

The Sternberg Defendants are cognizant of the reality that, yet again, we are before the Court to address a fictional discovery dispute. From the onset of this litigation, their efforts for transparency and decency despite heated and contentious litigation have not been reciprocated. There are often opportunities to engage in discovery motion practice in *all* litigation. Generally, however, counsel are routinely able to work through those differences for purposes of efficiency and congeniality if not to avoid unnecessarily burdening the courts. Plaintiff does not operate under those principles.

To be clear: the Sternberg Defendants have made every reasonable effort to timely respond to all discovery served upon them whether it be in the form of Interrogatories, Document Requests,

and Requests for Admission. The Sternberg Defendants have responded to dozens of Interrogatories and recently responded to an unprecedented *one hundred and seventy-two* (172) Requests for Admission. For its part, Plaintiff has not produced its entire file, has withheld materials it obtained from third-parties, and has refused to respond to Interrogatories. Yet it continues to cast stones.

Plaintiff's pending motion to deem its Requests for Admission admitted is the latest expression of its growing sense of dread given the wholesale lack of evidence against the only defendants that have consistently cooperated throughout this litigation, the Sternberg Defendants. Plaintiff cannot be awarded for its gamesmanship. The Court should deny the motion in its entirety.

## II.   **LEGAL ARGUMENT**

### a.   **Sternberg Defendants' responses are sufficient under Rule 36 and applicable case law.**

As Plaintiff's counsel is well aware, "the use of only the word "denied." is often sufficient under the rule." *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988). This is by design, given that "Rule 36 should not be used unless the statement of fact sought to be admitted is phrased so that it can be admitted or denied without explanation." *Johnstone v. Cronlund*, 25 F.R.D. 42, 45 (E.D. Pa. 1960). Moreover, it is proper for responses to "include denials supported by the position that the writings referenced in the Requests "speak for themselves." *McCarthy v. Darman*, No. 07-cv-3958, 2008 U.S. Dist. LEXIS 47549, at *14 (E.D. Pa. June 16, 2008).

With regard to those responses asserting a lack of sufficient knowledge or information sufficient to admit or deny the request, Sternberg Defendants, throughout their consistent and active participation in discovery, have repeatedly made "reasonable inquiry" such that in each and every one of those responses "the information it knows or can readily obtain is insufficient to enable it to admit or deny" the request. Rule 36(a)(4). Still, should the Court think necessary the amendment of those responses to add a statement of reasonable inquiry, Sternberg Defendants will certainly comply.

Moreover, if Plaintiff is truly interested in getting to the truth and the facts in this case, Plaintiff should prefer amendment, also permitted by Rule 36, over deeming responses admitted.

      **b. Plaintiff should pay Sternberg Defendants' fees and costs associated with opposing this motion.**

Plaintiff's Requests for Admission, like so much of Plaintiff's burdensome, duplicative discovery demands and woefully inadequate responses, productions, and disclosures, are meant to shortcut the real work required to prosecute a case like this one. Nonetheless, Sternberg Defendants responded to each and every one of the *one hundred and seventy-two* (172) requests. Plaintiff is entitled to responses, but not to the responses it would draft on the Sternberg Defendants' behalf, if only given the chance. Indeed, this motion, together with Plaintiff's pending effort to undo the Court's Amended Scheduling Order with depositions of unrelated non-parties it should have sought months or years ago and to "compel" discovery it already has and additional deposition testimony the parties already agreed to, is meant to compensate for the total lack of evidence with regard to Sternberg Defendants. Far from being entitled to attorney fees and costs, Plaintiff should pay reasonable fees and costs incurred in opposing its latest frivolous motion, as provided for by Rule 37(a)(5)(B). Enough is enough.

      **a. Amendment, rather than deemed admission, is the appropriate remedy if the Court deems any responses insufficient, as amendment allows the case to be determined on its merits.**

Plaintiff opens its own argument with one of its standard half-quotes, this time of Rule 36, leaving out the fact that "the court may order either that the matter is admitted *or that an amended answer be served*." Rule 36(a)(6) (emphasis added). Plaintiff's self-serving ellipses in place of the option to order amendment of insufficient responses demonstrate Plaintiff's reluctance to try this case on its merits, which is not at all surprising. The general preference to ensure matters are determined on the merits

is reflected explicitly in Rule 36(b), which states that "the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Certainly, there is no prejudice in preferring amendment to deemed admission, especially given the Sternberg Defendants' clear commitment to good faith discovery throughout this litigation.

## **CONCLUSION**

Accordingly, Sternberg Defendants submit that their responses to the Plaintiff's *one hundred and seventy-two* Requests for Admission were sufficient, and therefore deemed admission and sanctions are completely unwarranted. Sternberg Defendants respectfully request that this Court enter an Order denying the Plaintiff's Motion, and awarding Sternberg Defendants reasonable attorney fees and costs incurred in opposing the Motion. Should the Court determine that certain of the subject responses are not sufficient, Sternberg Defendants ask the Court to specify those responses which require amendment, and they will comply within whatever time period the Court imposes for such amendment.

**GOLDBERG SEGALLA LLP**

Dated: <u>August 9, 2024</u>          By:     ***/s/ Seth L. Laver***
                                         SETH L. LAVER, ESQUIRE
                                         Attorney ID No. 94518
                                         JOSEPH ROSS, ESQUIRE
                                         Attorney ID No. 318039
                                         1700 Market Street, Suite 1418
                                         Philadelphia, PA 19103
                                         (P): (267) 519-6800; (F): 267-519-6801
                                         slaver@goldbergsegalla.com
                                         jross@goldbergsegalla.com
                                         *Attorneys for Defendants Manfred Sternberg, Esquire*
                                         *and Manfred Sternberg & Associates*

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of the foregoing via ECF upon all counsel of record, and/or email upon the following:

Gary P. Lightman, Esquire
Glenn A. Manochi, Esquire
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com
*Attorneys for Plaintiff*

Samuel Gross
a/k/a Shlomo Gross
78 Buckminster Road
Rockville Centre, NY 11570
charltonholdinggroupllc@aol.com
publicdiamonds@gmail.com
Scg1212@gmail.com
Samrosinc@icloud.com
*Defendant Pro Se*

Gary Weiss
437 1ˢᵗ Avenue
Elizabeth, NJ 07206
wgary4109@gmail.com
monipair@aol.com
*Defendant Pro Se*

Daphna Zekaria
8 Westminster Road
Syosset, NY 11791
Dzandpeanut@aol.com
*Defendant Pro Se*

                                             **GOLDBERG SEGALLA LLP**

Dated:  August 9, 2024          By:    **/s/ Joseph Ross**
                                      JOSEPH ROSS, ESQUIRE
                                      Attorney ID No. 318039
                                      1700 Market Street, Suite 1418
                                      Philadelphia, PA 19103
                                      (P): (267) 519-6800; (F): 267-519-6801
                                      jross@goldbergsegalla.com