IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM : : : : : **Plaintiff,** : : v. : : **MANFRED STERNBERG, ESQUIRE,** : and **MANFRED STERNBERG &** : **ASSOCIATES, PC,** and **CHARLTON** : **HOLDINGS GROUP, LLC,** and : **SAMUEL GROSS a/k/a SHLOMO** : **GROSS,** and **GARY WEISS,** : and **ASOLARDIAMOND, LLC a/k/a,** : **ASOLAR. LLC,** and **DAPHNA** : **ZEKARIA, ESQUIRE,** and **SOKOLSKI** : **& ZEKARIA, P.C.** : : **Defendants.** : | **CIVIL ACTION** No. 2022-cv-00688 (JMY) |

**PLAINTIFF'S REPLY BRIEF IN RESPONSE TO STERNBERG DEFENDANTS' SUBMISSION, AND IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION TO COMPEL DISCOVERY
FROM AND AWARDING SANCTIONS AGAINST STERNBERG DEFENDANTS, AND PERMITTING PLAINTIFF TO CONDUCT DE BENE ESSE DEPOSITIONS OF OTHER VICTIMS**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Reply Brief in response to the submission made by the Sternberg Defendants [ECF 187] and in further support of Plaintiff's Motion to Compel Discovery from defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC (the "Sternberg Defendants"), after the July 19, 2024, discovery deadline (or in the alternative, to extend that discovery deadline solely for the purpose of obtaining the discovery and depositions that are the subject of this Motion), and for Sanctions [ECF 183].

**THE STERNBERG DEFENDANTS SHOULD BE REQUIRED
TO PROVIDE PLAINTIFF WITH THEIR WRITTEN RESPONSES
TO THE 3/7/24 DOCUMENT REQUESTS
AND ALL OF THE RESPONSIVE DOCUMENTS**

The Sternberg Defendants clam that they have in fact responded to the plaintiff's 3/7/24 Document Requests which are the subject of the Motion (a copy of which Document Requests was attached as Exhibit "A" to plaintiff's Motion [ECF 183-2]), by making a ShareFile link available to plaintiff.[1]

In the first instance, the Sternberg Defendants completely ignore that they failed to serve written responses to each of the 3/7/24 Document Requests, as required by Rule 34 of the Federal Rules. Nowhere in their Response in Opposition do they claim that they served written responses to the 3/7/24, identifying, for each of those Document Requests, the number(s) of the documents that they claim were produced in response to the 3/7/24 Document Requests, as required by the 3/7/24 Document Requests and Rule 34(b)(2)(B). Significantly, the Sternberg Defendants do not attach such required written response to their Response in Opposition (because they failed to serve any such written response, as required).

But even more fundamental, making documents available in a ShareFile link *which is not assessable by plaintiff, or plaintiff's counsel, or plaintiff's IT person*, does NOT satisfy the

---

[1] Many of the arguments set forth by the Sternberg Defendants in their Response in Opposition have nothing to do with any of the issues currently before this Court in plaintiff's Motion. They spend a lot of time arguing that plaintiff failed to properly respond to their Interrogatories (denied by plaintiff), and that plaintiff failed to properly respond to their Document Requests (also denied by plaintiff), and they raise other extraneous matters. If they had any issue with what they perceived were deficiencies in plaintiff's responses to their discovery requests, then their recourse was to file a Motion to Compel Discovery – just like the plaintiff has done against them, in the instant Motion. But they did NOT file such a Motion, and all of those arguments they make, attacking plaintiff's discovery responses, are superfluous and irrelevant to the issues in plaintiff's Motion to Compel Discovery from them.

requirements of Federal Rule 34, which requires that the requesting party actually get the responsive documents.

The Sternberg Defendants claim that they made the responsive documents available through a ShareFile link, and blame plaintiff's failure to be able to access the responsive documents on the lack of technological abilities of plaintiff's counsel in being able to access the ShareFile link.  **But the undisputed fact remains – by their own admission -- that the Sternberg Defendants failed and refused, and continue to fail and refuse, to supply the plaintiff with the documents responsive to plaintiff's 3/7/24 Document Requests to plaintiff.**

Plaintiff does NOT seek "to restart fact discovery," contrary to the assertion of the Sternberg Defendants (*see*, their Memo of Law, ECF 187, at p. 14 of 18].  Also contrary to the assertion of the Sternberg Defendants (*id*), the responsive documents were NOT produced to plaintiff in April 2024.  Defense counsel was made aware several times in April of 2024, and thereafter, that neither plaintiff, nor plaintiff's counsel, not plaintiff's IT person, could access the ShareFile link.

On April 29, 2024, plaintiff's counsel wrote an email to defense counsel, in which undersigned counsel stated:

> "Seth,
> We cannot open any of the docs you sent us for the Sternberg Defendants in your below email — when we try to open them, we get the following error message:
>
> **Adobe Acrobat could not open 'BOL sh3 3_21_22.pdf' because it is either not a supported file type or because the file has been damaged (for example, it was sent as an email attachment and wasn't correctly decoded).**
>
> **To create an Adobe PDF document, go to the source application. Then choose Save as Adobe PDF from the PDF dropdown in the Print dialog.**
>
> Please resend us the docs so we can open and review them, asap
>
> thx
> Gary Lightman
> cell 215-760-3000"

*See* Exhibit "C" to plaintiff's Motion [ECF 183-5], the 4/29/24 email to defense counsel.

On April 29, 2024, plaintiff's counsel wrote another email to defense counsel, in which undersigned counsel stated:

> "Seth (and Joseph).
>
> Please don't just send us a bunch of unnumbered pdf files.
>
> Please send us a formal written response, as well as all of the responsive documents with document numbers on them
>
> thx
> Gary Lightman
> cell 215-760-3000"

*See* Exhibit "C" to plaintiff's Motion [ECF 183-5], the 4/29/24 email to defense counsel.

On May 5, 2025, plaintiff's counsel sent another email to defense counsel informing them that the documents in the ShareFile link could not be accessed – plaintiff's counsel wrote to defense counsel and told them that "*you sent us two emails with ShareFiles on April 29, 2024 (copies of those emails are included in your below email), but we could not access any of the files in your ShareFile system from either email.*"   *See* Exhibit "D" to plaintiff's Motion [ECF 183-4], the May 5, 2024 email to defense counsel.

Plaintiff's counsel also expressly requested that all of the responsive documents be delivered to plaintiff's counsel.  On June 24, 2024, plaintiff's counsel sent an email to counsel for the Sternberg Defendants in which plaintiff's counsel informed defense counsel, in relevant part, as follows:

> "The Sternberg Defendants are the ones who are stonewalling us in discovery. We served a Document Request on said defendants on March 7, 2024. For your convenience, another copy of plaintiffs' 3/7/24 RFPOD addressed to the Sternberg Defendants is attached to this email. To date, you clients have failed and refused, and continue to fail and refuse, to produce the responsive documents (many of

4

which Sternberg and you previously agreed to produce at Sternberg's 2/7/24 deposition).You purportedly sent us a "ShareFile" link on April 29, 2024, with the alleged responsive documents. ***But to date, neither I, nor Glenn Manochi, nor Kim DiTomaso, nor our IT tech guy, has been able to access those documents***. We called you, and you initially said the problem was on our end. NOT TRUE. We called your IT department, but no response. Last week, you promised to solve the problem and provide us with access to those ShareFile documents. WHERE IS THE LINK TO THOSE DOCUMENTS? Or simply overnight hard copies of those documents to us." (italics in original; boldface added)

However, to date, plaintiff has not received wither the required written responses from the Sternberg Defendants to the 3/7/24 Document Requests, or any of the responsive documents.

It is the Sternberg Defendants and their counsel, and not plaintiff, that is practicing gamesmanship, which should not be rewarded. It is the utmost of gamesmanship for the Sternberg Defendants and their counsel to first state that the responsive documents are available in a ShareFile link, but then refusing to address the problem when they were notified that we could not access the documents in their link. Making documents available in a ShareFile link is NOT the same as actually producing those documents to the requesting party (plaintiff), especially when the requesting party notified the responding party (counsel for the Sternberg Defendants) that the purported documents in the link could not be accessed. Making documents available in a ShareFile link does NOT satisfy the requirements of Federal Rule 34, which requires that the responding party actually receive the responsive documents.

The Sternberg Defendants should be required to deliver to plaintiff, copies of all of the responsive documents as well as written responses to the 3/7/24 Document Requests, and they also should be sanctioned for failing to comply with their discovery obligations under the Rules of Court.

5

## THE STERNBERG DEFENDANTS SHOULD BE REQUIRED TO APPEAR FOR ANOTHER DEPOSITION FOR 4 HOURS

In their Response in Opposition, the Sternberg defendants admit that they agreed to be deposed again, but they claim that their deposition should be limited to 90 minutes. However, Plaintiff needs at least 4 hours, especially to cover information which the Sternberg Defendants were required but failed to produce in discovery.

The spreadsheet created by Sternberg, purporting to show money in and money out of his trust account, as respects the Covid Test Kits and other PPE, is a perfect example. The Sternberg Spreadsheet created by Sternberg was never produced by Sternberg in discovery, either by the 7/19/24 discovery deadline, or to date. Instead, the Sternberg Spreadsheet created by Sternberg was first produced – by defendant Gary Weiss and not by the Sternberg Defendants -- at the Weiss deposition conducted on July 16, 2024 (i.e., just 3 days prior to the 7/19/24 discovery deadline).

The Sternberg Spreadsheet was marked as Gary Weiss Deposition Exhibit Weiss-20 at the 7/16/24 Weiss deposition, and a copy of the Sternberg Spreadsheet also was attached as Exhibit "B" to plaintiff's Motion [ECF 183-3]. The Sternberg Spreadsheet purports to show *in excess of $5.5 million* of money into and out of the Sternberg trust account as respects the Covid Test Kits and other PPE. Throughout this case, the Sternberg Defendants have consistently refused to produce any information other than pertaining to the $1,965,600.00 that Plaintiff transferred to the Sternberg trust account on January 21, 2022. But contrary to their attempt to limit this case to just the one transaction between plaintiff and Defendants, through discovery plaintiff has learned that the fraud scheme, which is the subject of plaintiff's Complaint, was a massive fraud that involved many other victims, not just the plaintiff. VRC Medical Supplies, another victim, wire-transferred funds totaling $2,449,440.00 to the Sternberg trust account, on January 19-20, 2022 (i.e., one day prior to Plaintiff's transfer of $1,965,600.00 to Sternberg), for VRC's purchase of 204,120 Covid

Test Kits. VRC never received their Test Kits, and did not get their money back, and VRC also has a fraud lawsuit filed and pending against Sternberg and Gross. The Sternberg Spreadsheet identifies several other victims, unknown to Plaintiff prior to July 16, 2024, which Plaintiff suspects also may be victims of the Defendants' fraud scheme.

That is just one of the documents that Sternberg should have – but has failed and refused – to produce in response to Plaintiff's discovery requests.

The Sternberg Defendants should be required to be deposed for an additional 4 hours.

### **PLAINTIFF SHOULD BE ALLOWED TO CONDUCT DE BENNE ESSE DEPOSITIONS OF THE OTHER VICTIMS OF DEFENDANTS' FRAUD SCHEME**

The Sternberg Defendants oppose Plaintiff's request to conduct the *de bene esse* trial depositions of the other victims, claiming those persons "have **absolutely no bearing on these proceedings**" and that "the time to conduct any discovery of these individuals…has already expired." *See*, Response in opposition, ECF 187, at p. 15 of 18 (emphasis in original).

That argument has no merit and does not legally justify preventing Plaintiff from conducting the trial depositions of the other victims. As previously noted, the Sternberg Defendants consistently have refused to divulge information pertaining to any other victims, and they refused to identify other victims, and they failed to disclose documents identifying many of the other victims. Maybe their argument would have some merit, had they produced the Sternberg Spreadsheet, instead of failing and refusing to produce it at all – it was not until Gary Weiss produced the Sternberg Spreadsheet, for the first time, on July 26, 2024, that the full nature and extent of the Defendants' fraud scheme was revealed. Many of the victims reside in Texas or Florida or otherwise outside of the jurisdiction of this Honorable Court.

Plaintiff should be permitted to take the *de bene esse* trial depositions of the other potential victims who reside outside of the Jurisdiction of the Court.

### **RELIEF REQUESTED**

Plaintiff respectfully submits that the Court should enter the proposed Order accompanying their Motion: (a) compelling the Sternberg Defendants to deliver to Plaintiff written responses to the 3/7/24 Document Requests served by Plaintiff upon them; and Compelling the Sternberg Defendants to produce to plaintiff all of the documents responsive to the 3/7/24 Document Requests; and (b) compelling the Stenberg Defendants to appear for their sworn oral depositions in for four hours in the offices of plaintiff's counsel (or such other location as mutually agreed upon by plaintiff); and (c) permitting plaintiff to conduct the *de bene esse* depositions of the victims identified by plaintiff in their Supplemental Rule 26 Disclosures, as well as any additional persons disclosed by the Sternberg Defendants in the documents to be produced pursuant to paragraph (b) above, that are beyond the Court's jurisdiction and/or that otherwise cannot be compelled to testify at trial, who made wire transfers to the Sternberg Defendants to purchase iCovid Test Kits or other personal protective equipment and (d) entering sanctions in favor of plaintiff against the Sternberg Defendants, in the total amount of $2,500.00; and (e) granting plaintiff such other and further relief

as the Court shall deem just.

            Respectfully submitted,

            LIGHTMAN & MANOCHI

            BY: /s/ Gary P. Lightman
            GARY P. LIGHTMAN, ESQUIRE
            GLENN A. MANOCHI, ESQUIRE
            Identification Nos. 28529 & 64223
            600 W. Germantown Pike, Suite 400
            Plymouth Meeting, PA 19462
            215-760-3000
            garylightman@lightmanlaw.com
            gmanochi@lightmanlaw.com

Date:  August 12, 2024       Attorneys for plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of plaintiff's Reply Brief via ECF, U.S. and/or email upon the following:

Seth Laver, Esquire
Joseph Ross, Esquire
Goldberg Segalla
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
slaver@goldbergsegalla.com
Jross@goldbergsegalla.com

Gary Weiss
ASOLARDIAMOND, LLC
437 1st Avenue
Elizabeth, NJ 07206
wgary4109@gmail.com
monipair@aol.com

Samuel Gross
a/k/a Shlomo Gross
78 Buckminster Road
Rockville Centre, NY 11570
charltonholdinggroupllc@aol.com
publicdiamonds@gmail.com
Scg1212@gmail.com
Samrosinc@icloud.com

Daphna Zekaria, Esquire
SOKOLSKI & ZEKARIA, PC
8 Westminster Road
Syosset, NY 11791
Dzandpeanut@aol.com

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE

Date : August 12, 2024           Attorneys for Plaintiff