**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM : : : : **Plaintiff,** : : v. : : MANFRED STERNBERG, ESQUIRE, : and MANFRED STERNBERG & : ASSOCIATES, PC, and CHARLTON : HOLDINGS GROUP, LLC, and : SAMUEL GROSS a/k/a SHLOMO : GROSS, and GARY WEISS, : and ASOLARDIAMOND, LLC a/k/a, : ASOLAR. LLC, and DAPHNA : ZEKARIA, ESQUIRE, and SOKOLSKI : & ZEKARIA, P.C. : : **Defendants.** : | CIVIL ACTION<br><br>No. 2022-cv-00688 (JMY) |

**NOTICE OF PLAINTIFF'S MOTION FOR ENTRY OF**
**DEFAULT AND FINAL JUDGMENT AGAINST DEFENDANTS**
<u>**DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI & ZEKARIA, P.C.**</u>

**TO:** (1) Daphna Zekaria, Esquire and
(2) SOKOLSKI & ZEKARIA, P.C.
(VIA EMAIL: Dzandpeanut@aol.com)
(cc: FedEx to Zekaria at 8 Westminster Rd., Syosset, NY 11791)

cc: all other counsel and parties

**PLEASE TAKE NOTICE** that plaintiff American Environmental Enterprises, Inc. d/b/a THESAFETY HOUSE.COM, hereby files this Motion for entry of default and final judgment in favor of plaintiff against defendants Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C. (collectively the "Zekaria Defendants"), by reason of the failure of the Zekaria Defendants to retain counsel to represent them in this action (the "Motion"). Plaintiff seeks the entry of an Order in the

proposed form of Order accompanying this Motion against the Zekaria Defendants.  In support of its Motion, plaintiff will rely upon the accompanying Motion and Certification (with exhibits).

**TAKE FURTHER NOTICE** that if you desire to oppose the relief sought in this Motion, you must file your written response with the Court and serve a copy of same upon undersigned counsel.  In the absence of such timely filed and served response, the Court may, upon consideration of the Motion, grant the relief requested by plaintiff in the Motion.

ORAL ARGUMENT IS REQUESTED BY PLAINTIFF, IF THIS MOTION IS OPPOSED.

                          Respectfully submitted,

                          LIGHTMAN & MANOCHI

                          BY:  /s/ Gary P. Lightman
                          GARY P. LIGHTMAN, ESQUIRE
                          GLENN A. MANOCHI, ESQUIRE
                          ID Nos. 28529 & 64223
                          600 W. Germantown Pike, Suite 400
                          Plymouth Meeting, PA  19462
                          Tel. No.: (215) 760-3000
                          garylightman@lightmanlaw.com
                          gmanochi@lightmanlaw.com

Date:  August 13, 2024              Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM : : : : **Plaintiff,** : : v. : : MANFRED STERNBERG, ESQUIRE, : and MANFRED STERNBERG & : ASSOCIATES, PC, and CHARLTON : HOLDINGS GROUP, LLC, and : SHLOMO GROSS a/k/a SAMUEL : GROSS, and GARY WEISS, : and ASOLARDIAMOND, LLC a/k/a, : ASOLAR. LLC, and DAPHNA : ZEKARIA, ESQUIRE, and SOKOLSKI : & ZEKARIA, P.C. : : **Defendants** : | CIVIL ACTION  No. 2022-cv-00688 (JMY) |

**PLAINTIFF'S MOTION FOR ENTRY OF
DEFAULT AND FINAL JUDGMENT AGAINST DEFENDANTS
DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI & ZEKARIA, P.C.**

Plaintiff American Environmental Enterprises, Inc., d/b/a THESAFETYHOUSE.COM ("Plaintiff") hereby files its Motion for entry of default and final judgment in Plaintiff's favor against Defendants Daphna Zekaria, Esquire ("Zekaria"), and Sokolski & Zekaria, P.C. ("S&K") (Zekaria and S&K collectively are referred to as the "Zekaria Defendants"), and for all claims set forth in Plaintiff's First Amended Complaint ("FAC") (the "Motion").

In support of the Motion, Plaintiff states as follows:

1. On or about February 24, 2022, Plaintiff filed a Complaint against Defendants Manfred Sternberg, Esquire, Manfred Sternberg & Associates (collectively the "Sternberg Defendants") and Charlton Holdings Group, LLC and Sam Gross (the "Gross Defendants").

3

2.	In the Complaint, Plaintiff alleged that on or about January 21, 2022, Plaintiff wire-transferred $1,965,600.00 ("Plaintiff's Purchase Funds") to the attorney trust account of Defendant Manfred Sternberg, Esquire to purchase 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "Covid Test Kits").

3.	Plaintiff's invoice submitted to Attorney Sternberg required the delivery of the Covid Test Kits to Plaintiff on or before January 25, 2022.  *See* First Amended Complaint [ECF 80] ("FAC"), Exhibits 1 & 2.

4.	Plaintiff alleged Plaintiff wire transferred to the attorney escrow account of the Sternberg Defendants the sum of $1,965,600.00 to purchase from the Gross Defendants 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "Covid Test Kits").

5.	To date, Defendants failed to deliver the Covid Test Kits to Plaintiff or return to Plaintiff the $1,965,600.00 purchase price.

6.	Through the course of discovery in this action to date, Plaintiff has learned that (a) VRC Medical Supplies also wire-transferred to Attorney Sternberg funds in the total amount of $2,449,440.00 ("VRC's Purchase Funds") on January 19-20, 2022 (i.e., one day prior to Plaintiff's wire transfer of $1,965,600.00 ), for VRC's purchase of 204,120 Covid Test Kits, and (b) Sternberg then transferred to the Zekaria Defendants the total amount of $2,351,960.00 from Plaintiff's Purchase Funds and VRC's Purchase Funds, purportedly for the purchase of the Covid Test Kits.

7.	On July 31, 2023, Plaintiff, after obtaining leave of Court, filed its First Amended Complaint ("FAC") in which, among other things, Plaintiff asserted direct claims against the Zekaria Defendants [ECF 80].

8. On October 20, 2023, the Zekaria Defendants, through the Rebar Kelly law firm as their attorneys, filed the Zekaria Defendants' Answer to Plaintiff's FAC, with Cross-Claims [ECF 119].

9. Despite numerous requests for the return of Plaintiff's Purchase Funds from the Defendants, including the Zekaria Defendants, to date not one of Plaintiff's Purchase Funds have been returned to Plaintiff.

10. On April 12, 2024, the law firm of Rebar Kelly filed its motion to withdraw as counsel for Zekaria and S&K ("Motion to Withdraw") [ECF 163].

11. On July 10, 2024, at the Court hearing scheduled on the Rebar Kelly Motion to Withdraw, the Court entered its Order [ECF 179], which granted the Rebar Kelly Motion to Withdraw, and also expressly stated that the Zekaria Defendants had thirty (30) days to obtain replacement counsel, and that if no entry of appearance was filed for the Zekaria Defendants within said time, said defendants "will risk the Entry of Default." *See* 7/10/24 Court Order [ECF 179], at ¶¶ 3-4.

12. The Zekaria Defendants have failed and refused, and continue to fail and refuse, to comply with the Court's 7/10/24 Order.

13. To date, no attorney has entered an appearance on behalf of either Zekaria or S&K.

14. A corporation may appear in court only through an attorney at law admitted to practice before the court. *See* Simbraw, Inc. v. United States, 367 F. 2d 373 (3rd Cir. 1966); MOVE Organization v. Department of Justice, 555 F. Supp. 684 (E.D. Pa. 1983). The Court, during the July 10 Hearing, made this point abundantly clear.

15. Further, the Court has given the Zekaria Defendants more than sufficient time – over four months since their counsel, Rebar Kelly, first filed the Motion to Withdraw as their counsel -- to obtain replacement counsel.

16. The Zekaria Defendants also each have been in contempt of the other Orders of the Court, as respects discovery; Plaintiff has filed a Motion for Contempt against the Zekaria Defendants [ECF nos. 167 and 176], which Contempt Motion has been continued pending the entry of appearance of new counsel for the Zekaria Defendants.

17. Plaintiff has been and continues to be unfairly prejudiced in that it has been unable to obtain requested discovery from Zekaria or S&K in order to pursue its claims against these and other Defendants in the instant action. For example, despite repeated requests, (a) the Zekaria Defendants have failed and refused to produce all of their bank records showing their subsequent disposition of all of the $2,351,960.00, that the Zekaria Defendants received from the Sternberg Defendants; and (b) the Zekaria Defendants have failed and refused to produce the February 2022 retainer/escrow agreement that both Zekaria and Gary Weiss have admitted under oath in their depositions was created by Zekaria in February 2022.

18. Plaintiff therefore submits the only way to cure Zekaria's and S&K's continuing contempt of Court and to prevent further prejudice to Plaintiff, is to strike their responsive pleadings to Plaintiff's FAC and to enter default against them. *See* Eveready Battery Co. v. Clements Export & Import, Inc., C.A. No. 91-5156, 1991 U.S. Dist. LEXIS 14197, at *1 (E.D. Pa. Oct. 2, 1991) (striking answer filed by corporate defendant without counsel). *See also* Walacavage v. Excell 2000, 331 Pa. Super. 137, 144, 480 A.2d 281, 285 (1984) (dismissing matter where corporation failed to obtain replacement counsel because "it is likewise the law of Pennsylvania that a corporation may appear and be represented in our courts only by an attorney duly admitted

to practice. We further hold that this requirement does not deny corporations due process or the equal protection of the laws. Neither does it deprive corporations or their officers and shareholders of any other constitutional or statutory rights they enjoy as corporate and natural persons, respectively.").

19. Plaintiff further submits that the Court should enter judgment against Zekaria and S&K for a sum certain. The damages Plaintiff has incurred as of the date hereof is as follows:

| **CATEGORY** | **AMOUNT** |
|---|---|
| Money wired to Defendants and not refunded (FAC, ¶¶ 50-53 & Exhibit 1, Purchase Order) | $1,965,600.00 |
| **Total** | **$1,965,600.00** |

See Certification of Daniel Scully accompanying this Motion, ¶¶ 9-10.

20. Plaintiff additionally submits that it is entitled to the reasonable attorney's fees and costs it has incurred in prosecuting the instant action.

21. In the alternative, if the Court does not enter default against the Zekaria Defendants, then Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Contempt against the Zekaria Defendants [ECF nos. 167 and 176], and grant Plaintiff all of the relief requested by Plaintiff in that Contempt Motion.

WHEREFORE, Plaintiff American Environmental Enterprises, Inc. d/b/a THESAFETYHOUSE.COM respectfully requests that the Court enter default judgment in Plaintiff's favor against defendants Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C., individually, jointly and severally, in the amount of $1,965,600.00, plus Plaintiff's legal fees and costs and interest on all amounts, until such time the judgment is paid in full (reserving Plaintiff's right to seek an additional Judgment against the Zekaria Defendants for punitive damages), and

that the Court grant Plaintiff such other and further relief as the Court shall deem just.

                Respectfully submitted,

                LIGHTMAN & MANOCHI

                BY: /s/ Gary P. Lightman  
                GARY P. LIGHTMAN, ESQUIRE  
                GLENN A. MANOCHI, ESQUIRE  
                ID Nos. 28529 & 64223  
                600 W. Germantown Pike, Suite 400  
                Plymouth Meeting, PA 19462  
                215-760-3000  
                garylightman@lightmanlaw.com  
                gmanochi@lightmanlaw.com

Date:  August 13, 2024              Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM** : : : : **Plaintiff,** : : v. : : **MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.** : : : : : : : : : : : **Defendants.** : | **CIVIL ACTION** **No. 2022-cv-00688 (JMY)** |

**PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF
DEFAULT AND FINAL JUDGMENT AGAINST DEFENDANTS
<u>DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI & ZEKARIA, P.C.</u>**

Plaintiff American Environmental Enterprises, Inc., d/b/a THESAFETYHOUSE.COM ("Plaintiff") hereby files its Memorandum of Law in Support of Plaintiff's Motion for entry of default and final judgment in Plaintiff's favor against Defendants Daphna Zekaria, Esquire ("Zekaria"), and Sokolski & Zekaria, P.C. ("S&K") (Zekaria and S&K collectively are referred to as the "Zekaria Defendants"), and for all claims set forth in Plaintiff's First Amended Complaint ("FAC") (the "Motion").

9

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff incorporates by reference herein, the facts and procedural history set forth in its accompanying Motion, as if fully set forth herein.

In general, on April 12, 2024, the law firm of Rebar Kelly filed its motion to withdraw as counsel for Zekaria and S&K ("Motion to Withdraw") [ECF 163].

On July 10, 2024, at the Court hearing scheduled on the Rebar Kelly Motion to Withdraw, the Court entered its Order [ECF 179], which granted the Rebar Kelly Motion to Withdraw, and also expressly stated that the Zekaria Defendants had thirty (30) days to obtain replacement counsel, and that if no entry of appearance was filed for the Zekaria Defendants within said time, said defendants "will risk the Entry of Default." *See* 7/10/24 Court Order [ECF 179], at ¶¶ 3-4.

The Zekaria Defendants have failed and refused, and continue to fail and refuse, to comply with the Court's 7/10/24 Order. To date, no attorney has entered an appearance on behalf of either Zekaria or S&K.

## LEGAL ARGUMENT

### PLAINTIFF IS ENTITLED TO A DEFAULT AND FINAL JUDGMENT AGAINST EACH OF THE ZEKARIA DEFENDANTS

A corporation may appear in court only through an attorney at law admitted to practice before the court. *See* Simbraw, Inc. v. United States, 367 F. 2d 373 (3rd Cir. 1966); MOVE Organization v. Department of Justice, 555 F. Supp. 684 (E.D. Pa. 1983). The Court, during the July 10 Hearing, made this point abundantly clear.

Further, the Court has given the Zekaria Defendants more than sufficient time – over four months since their counsel, Rebar Kelly, first filed the Motion to Withdraw as their counsel -- to obtain replacement counsel.

The Zekaria Defendants also each have been in contempt of the other Orders of the Court, as respects discovery; Plaintiff has filed a Motion for Contempt against the Zekaria Defendants [ECF nos. 167 and 176], which Contempt Motion has been continued pending the entry of appearance of new counsel for the Zekaria Defendants.

Plaintiff has been and continues to be unfairly prejudiced in that it has been unable to obtain requested discovery from Zekaria or S&K in order to pursue its claims against these and other Defendants in the instant action. For example, despite repeated requests, (a) the Zekaria Defendants have failed and refused to produce all of their bank records showing their subsequent disposition of all of the $2,351,960.00, that the Zekaria Defendants received from the Sternberg Defendants; and (b) the Zekaria Defendants have failed and refused to produce the February 2022 retainer/escrow agreement that both Zekaria and Gary Weiss have admitted under oath in their depositions was created by Zekaria in February 2022.

Plaintiff therefore submits the only way to cure Zekaria's and S&K's continuing contempt of Court and to prevent further prejudice to Plaintiff, is to strike their responsive pleadings to Plaintiff's FAC and to enter default against them. *See* Eveready Battery Co. v. Clements Export & Import, Inc., C.A. No. 91-5156, 1991 U.S. Dist. LEXIS 14197, at *1 (E.D. Pa. Oct. 2, 1991) (striking answer filed by corporate defendant without counsel). *See also* Walacavage v. Excell 2000, 331 Pa. Super. 137, 144, 480 A.2d 281, 285 (1984) (dismissing matter where corporation failed to obtain replacement counsel because "it is likewise the law of Pennsylvania that a corporation may appear and be represented in our courts only by an attorney duly admitted to practice. We further hold that this requirement does not deny corporations due process or the equal protection of the laws. Neither does it deprive corporations or their officers and shareholders of

11

any other constitutional or statutory rights they enjoy as corporate and natural persons, respectively.").

Plaintiff further submits that the Court should enter judgment against Zekaria and S&K for a sum certain. The damages Plaintiff has incurred as of the date hereof is as follows:

| CATEGORY | AMOUNT |
|---|---|
| Money wired to Defendants and not refunded (FAC, ¶¶ 50-53 & Exhibit 1, Purchase Order) | $1,965,600.00 |
| **Total** | **$1,965,600.00** |

*See* Certification of Daniel Scully accompanying this Motion, ¶¶ 9-10.

Plaintiff additionally submits that it is entitled to the reasonable attorney's fees and costs it has incurred in prosecuting the instant action.

In the alternative, if the Court does not enter default against the Zekaria Defendants, then Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Contempt against the Zekaria Defendants [ECF nos. 167 and 176], and grant Plaintiff all of the relief requested by Plaintiff in that Contempt Motion.

WHEREFORE, Plaintiff American Environmental Enterprises, Inc. d/b/a THESAFETYHOUSE.COM respectfully requests that the Court enter default judgment in Plaintiff's favor against defendants Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C., individually, jointly and severally, in the amount of $1,965,600.00, plus Plaintiff's legal fees and costs and interest on all amounts, until such time the judgment is paid in full (reserving Plaintiff's right to seek an additional Judgment against the Zekaria Defendants for punitive damages), and

that the Court grant Plaintiff such other and further relief as the Court.

              Respectfully submitted,

              LIGHTMAN & MANOCHI

              BY: /s/ Gary P. Lightman
              GARY P. LIGHTMAN, ESQUIRE
              GLENN A. MANOCHI, ESQUIRE
              600 W. Germantown Pike, Suite 400
              Plymouth Meeting, PA  19462
              Tel. No.: (215) 760-3000
              garylightman@lightmanlaw.com
              gmanochi@lightmanlaw.com

Date:  August 13, 2024        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM : : : : Plaintiff, : : v. : : MANFRED STERNBERG, ESQUIRE, : and MANFRED STERNBERG & : ASSOCIATES, PC, and CHARLTON : HOLDINGS GROUP, LLC, and : SHLOMO GROSS a/k/a SAMUEL : GROSS, and GARY WEISS, : and ASOLARDIAMOND, LLC a/k/a, : ASOLAR, LLC, and DAPHNA : ZEKARIA, ESQUIRE, and SOKOLSKI : & ZEKARIA, P.C. : : Defendants : | CIVIL ACTION<br><br>No. 2022-cv-00688 (JMY) |

## CERTIFICATION OF DANIEL J. SCULLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT AND FINAL JUDGMENT AGAINST DEFENDANTS DAPHNA ZEKARIA, ESQUIRE AND SOKOLSKI & ZEKARIA, P.C.

Daniel J. Scully, of full age, hereby certifies as follows:

1. I am the President of Plaintiff American Environmental Enterprises, Inc. d/b/a THESAFETYHOUSE.COM ("Plaintiff") in the above-referenced action. I have firsthand knowledge of the facts set forth herein and, if called to testify, could do so competently.

2. I submit this Certification in support of Plaintiff's Motion for Entry of Default and Final Judgment (the "Motion") against Defendants default and final judgment in favor of Plaintiff against Defendants Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C. (collectively the "Zekaria Defendants"),

3. On or about January 21, 2022, Plaintiff wire transferred $1,965,600.00 ("Plaintiff's Purchase Funds") to the attorney trust account of Defendant Manfred Sternberg, Esquire to purchase 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "Covid Test Kits").

Plaintiff's invoice submitted to Attorney Sternberg required the delivery of the Covid Test Kits to Plaintiff on or before January 25, 2022. See First Amended Complaint [ECF 80] ("FAC"), Exhibits 1 & 2.

4. Through the course of discovery in this action to date, Plaintiff has learned that (a) VRC Medical Supplies also wire-transferred to Attorney Sternberg funds in the total amount of $2,449,440.00 ("VRC's Purchase Funds") on January 19-20, 2022, for VRC's purchase of 204,120 Covid Test Kits, and (b) Sternberg then transferred to the Zekaria Defendants the total amount of $2,351,960.00 from Plaintiff's Purchase Funds and VRC's Purchase Funds, for the purchase the Covid Test Kits.

5. To date, Plaintiff has not received any of the Covid Test Kits that it purchased.

6. To date, VRC has not received any of the Covid Test Kits that it purchased.

7. On February 15, 2022, Sam Gross agreed that Plaintiff could cancel the purchase transaction and receive a full refund. *See* Sternberg Deposition Exhibit 9, marked at the 2/7/24 Sternberg deposition attached to my Certification, which was identified as an accurate transcription of the texts that Gross wrote to Plaintiff, on or about February 15, 2022, in which Gross stated that Plaintiff could cancel the purchase and obtain a refund of the Purchase Price

> On February 16, 2022, Plaintiff canceled the purchase transaction and requested a full refund of the $1,965,600.00 Plaintiff's Purchase Funds that Plaintiff wired for the purchase of the Covid Test Kits.

8. Despite numerous requests for the return of Plaintiff's Purchase Funds from the Defendants, including the Zekaria Defendants, Plaintiff's Purchase Funds have not been returned to it.

9. Plaintiff's claims against the Zekaria Defendants are for a sum certain, as alleged in the FAC. *See* FAC, ¶¶ 50-53.

10. The principal amount due from the Weiss Defendants, as of the date hereof, is as follows:

| **CATEGORY** | **AMOUNT** |
|---|---|
| Money wired to Defendants and not refunded (FAC, ¶ 53 & Exhibit 2) | $1,965,600.00 |
| **Total:** | **$1,965,600.00** |

The statements made herein are true and correct to the best of my knowledge, information and belief. I am aware that if the statements made by me are willfully false, I am subject to punishment.

Date: August 13, 2024

_____
DANIEL J. SCULLY - President
American Environmental Enterprises, Inc.
d/b/a THESAFETYHOUSE.COM

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM** : : : : **Plaintiff,** : : v. : : **MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.** : : : : : : : : : : **Defendants.** : | **CIVIL ACTION** **No. 2022-cv-00688 (JMY)** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of Plaintiff's Motion for entry of default and final judgment in favor of plaintiff against defendants Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C., and all supporting papers, upon all defendants, via ECF, and/or email, upon the following:

Seth Laver, Esquire
Joseph Ross, Esquire
Goldberg Segalla
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
slaver@goldbergsegalla.com
Jross@goldbergsegalla.com

Gary Weiss
ASOLARDIAMOND, LLC
437 1st Avenue
Elizabeth, NJ 07206
wgary4109@gmail.com
monipair@aol.com

14

| | |
|---|---|
| Samuel Gross | Daphna Zekaria, Esquire |
| a/k/a Shlomo Gross | SOKOLSKI & ZEKARIA, PC |
| 78 Buckminster Road | 8 Westminster Road |
| Rockville Centre, NY 11570 | Syosset, NY 11791 |
| charltonholdinggroupllc@aol.com | Dzandpeanut@aol.com |
| publicdiamonds@gmail.com | (via email and via Federal Express) |
| Scg1212@gmail.com | |
| Samrosinc@icloud.com | |

 

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE

Date :  August 13, 2024            Attorneys for Plaintiff