IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION

No.2022-cv-00688 (JMY)

AMERICAN ENVIRONMENTAL ENT
D/b/a The safetyhouse.com
Plaintiff
vs.
Manfred Sternberg, Esquire
Sam Gross, CHG
GARY WEISS. Pro-Se
DAFNA ZEKARIA
Defendants

REC'D AUG 1 6 2024

Re:
PLAINTIFF'S THE SAFETY HOUSE OBJECTIONS TO THE FIRST REQUEST FOR ADMISSION AND SUPPLEMENTAL INTERROGATORY

## REQUEST FOR ORDER OF RESPONSES BY PLAINTIFFF'S OBJECTIONS TO ADMISSIONS BY PLAINTIFFS AS ADMITTED

## REQUEST FOR ORDER by JUDGE YOUNGE

Regarding the objections and responses to the Sternberg Defendant's request for Admissions, RFA from the Plaintitiff, The Safety House, Daniel J. Scully. The objections are not relevant to the request for admissions:

1. By Definition, requests for Admissions are not discovery, because they were not designed to seek discovery of unknown information; rather, they were designed to confirm the accuracy of information already available, since the documents, SPA, SOP, & Bill of Sale are already entered into evidence and recognized by Plaintiff, and Plaintiff's use of those evidence in their pleading and Amended pleading, were conceded as Genuine.

2. RFA s are not bound by discovery date, the actual last date of discovery happened on July 23 2024, that date was ordered by Judge Younge, to depose Plaintiff.

3. In Plaintiff's deposition, on July 23, 2024, Plaintiff Daniel Scully, claimed on 10 different occasions that Defendant Sternberg was his Lawyer, and represented him, Daniel Scully of The Safety House, which is an outright &

Blatant Lie, contrasted by the evidence, nor could Plaintiff present such contract between Plaintiff & Defendant Sternberg.

4. Just objecting, or refusing to give answers in the RFA, is in itself an admission, which will be addressed with the court.

5. The RFA is not a request to seek unknown additional information, but to settle questions relating to undisputed relevant facts. Thus, requests for admissions permit parties to focus their attention upon matters genuine controversy, and especially in light of the answers Plaintiff gave in his deposition, Lying by stating that Attorney Sternberg was representing him in the agreements which Plaintiff signed prior to plaintiff's sending 1.96 million, for purchase of Covid-19 Test Kits, not admitting that he did not practice Due Diligence for such a 'Deal"
6. In the GENERAL OBJECTION section of Plaintiff's general objection, objections 1 to 10, are all contrary to Plaintiff's reasoning for Plaintiff's Objections.
7. 7. In the SPECIFIC RESPONSES TO REQUESTS FOR ADMISSIONS, all of Plaintiff's answers, from number 1 to number 43, are in contrast to actual facts, A. There is no Deadline which Defendant Manfred served the RFA, which is being violated, as the RFA is not a Discovery. B. Nor is the limit of 25 admissions is in any violation of procedure or law by the Court. C. A response of " Objection", is as good as No Answer.
8. The Court should consider plaintiff's responses as ADMITTED, based on the rules for RFA, that refusal to answer, weather Admitted or Denied is an Admission, and answer "OBJECTION" is a None answer, and should count as an Admission, and given that the 30 days given to Plaintiff, Respondent, The Safety House to answer has passed, and is an Admission by Plaintiff to All 34 Requests for admissions.
9. Responses of OBJECTION to each of the questions, is in Effect an Admission, and is in Defiance of the Rule Of Law.
10. Defendant Gary Weiss is asking to be compensated for time spent in preparing this motion, in time spent in traveling from New Jersey to the Courthouse in PA, back and forth, 2 hours Each way, in a total of $5,000 Judgement award for Defendant Gary Weiss.

Defendant Gary Weiss is asking the Court, The Honorable Judge Younge to rule on Plaintiff's RFA responses as Admission of the facts outlined by the RFA, being that it is not Discovery, and merely is meant to save all parties to this lawsuit time and Money, and facts already submitted in Discovery.

Exhibits,

Original RFA by Defendant Sternberg from Plaintiff attached, Exhibit A

Case 2:22-cv-00688-JMY   Document 192   Filed 08/19/24   Page 3 of 20

Objections And responses to the Sternberg Defendants' request For Admissions & Response By Plaintiff of The Safety House attached, Exhibit B

BY
Gary Weiss, Pro-Se
Wgary4109.gmail.com
908-546 2649

Date : 08-19-2024

*[signature: Gary Weiss]*

GOLDBERG SEGALLA LLP      *Attorneys for Defendants*
BY: SETH L. LAVER      *Manfred Sternberg, Esquire and*
ATTORNEY ID NO: 94518      *Manfred Sternberg & Associates*
1700 MARKET STREET, SUITE 1418
PHILADELPHIA, PA 19103-3907
T: 267-519-6800
F: 267-519-6801
Email: slaver@goldbergsegalla.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMERICAN ENVIRONMENTAL, ENTERPRISES, INC. d/b/a THESAFETY HOUSE.COM, | : |
| Plaintiff, | : CIVIL ACTION |
| | : No. 2022-CV-00688(JMY) |
| v. | : |
| MANFRED STERNBERG, ESQ.; MANFRED STERNBERG & ASSOCIATES, PC; CHARLTON HOLDINGS GROUP, LLC; SHLOMO GROSS; GARY WEISS; ASOLAR-DIAMOND, LLC d/b/a ASOLAR, LLC; DAPHNA ZEKARIA, ESQUIRE; and SOKOLSKI & ZEKARIA, P.C. Defendants. | : |

**FIRST SET OF REQUESTS FOR ADMISSIONS
OF DEFENDANTS MANFRED STERNBERG, ESQ. AND
<u>MANFRED STERNBERG & ASSOCIATES, PC. DIRECTED TO PLAINTIFF</u>**

Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC (collectively, the "Sternberg Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, hereby propound these Requests for Admissions on Plaintiff American Environmental Enterprises, Inc. (hereinafter, "Plaintiff" or "Safety House") and Defendant Gary Weiss ("Weiss") pursuant to Pennsylvania Rules of Civil Procedure 4014.

1

As used herein, the term "Gross Defendants" refers collectively to Defendant Charlton Holdings Group, LLC ("CHG") and Shlomo Gross ("Gross").

As used herein, the term "Weiss" refers to Defendant Gary Weiss.

As used in these requests, the term "communication" includes letters, postcards, emails, faxes, notices, voicemails, messages, recordings, and any other manner through which transmitted information is retained, whether written or electronic.

If you withhold information responsive to a request by claiming that is privileged or subject to protection as trial preparation materials, you shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced in a manner that, without revealing information itself privileged or protected, will enable the Sternberg Defendants to assess the applicability of the privilege or protection. Provide a log stating, for each document, communication, or thing withheld: (a) the basis for the privilege; (b) a description of the document, communication, or item; (c) the author of any document or communication; (d) the addressees or recipients of all documents or communications; and (e) the date of the document or communication.

As used herein, the terms "and" and "or" shall be construed conjunctively, or disjunctively, as necessary to make the request inclusive rather than exclusive.

As used herein, the terms "relating to," "referring to," or "regarding" means, without limitation, documents containing, showing, analyzing, mentioning, or pertaining in any way, directly or indirectly, and includes, without limitation, all documents supporting, underlying, explaining, or now or at any time attached, annexed, or appended to or used in the preparation of any document called for by each request.

4.      **Request for Admission #4:** Prior to executing the controlling documents describing Plaintiff's rights and obligations regarding its purchase of the Test Kits from the Gross Defendants, Plaintiff did not engage legal counsel to review, negotiate, modify or otherwise evaluate the contractual documents.

   a.      **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

5.      **Request for Admission #5:** Prior to executing the controlling documents describing Plaintiff's rights and obligations regarding its purchase of the Test Kits from the Gross Defendants, Plaintiff did not complete due diligence into the Gross Defendants' credibility and/or their ability to deliver the Test Kits.

   a.      **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

6.      **Request for Admission #6:** Prior to executing the controlling documents describing Plaintiff's rights and obligations regarding its purchase of the Test Kits from the Gross Defendants, Plaintiff had no prior business dealings with the Gross Defendants.

   a.      **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

7.      **Request for Admission #7:** Prior to executing the controlling documents describing Plaintiff's rights and obligations regarding its purchase of the Test Kits from the Gross Defendants, Plaintiff had the opportunity to suggest edits or otherwise revise those contracts and elected not to do so.

   a.      **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

8.      **Request for Admission #8:** Pursuant to the controlling documents describing Plaintiff's rights and obligations regarding its purchase of the Test Kits from the Gross Defendants, the contracting parties agreed that risk of loss shall transfer to Buyer (Safety House) at the point the product is paid for by Buyer and the Seller (CHG) is released of all loss guarantees.

13. **Request for Admission #13:** The Sternberg Defendants did not breach any term set forth in the controlling documents that describe Plaintiff's rights and obligations regarding its purchase of the Test Kits.

   a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

14. **Request for Admission #14:** Plaintiff is an experienced and successful business with the knowledge and resources to effectively and competently effectuate business transactions involving the purchase and/or sale of PPE equipment.

   a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

15. **Request for Admission #15:** In prior transactions, Plaintiff has retained counsel on its own behalf to assist in the negotiation and execution of contracts controlling the purchase and/or sale of PPE equipment.

   a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

16. **Request for Admission #16:** Plaintiff elected not to retain independent counsel with respect to its purchase of the Test Kits from the Gross Defendants.

   a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

17. **Request for Admission #17:** Plaintiff elected not to retain independent counsel to assist in negotiating and documenting its purchase of the Test Kits from the Gross Defendants.

   a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

23. **Request for Admission #23:** Prior to effectuating a wire into the Sternberg Defendants' attorney trust account intended for the purchase of the Test Kits, Plaintiff understood that CHG would supply the Test Kits.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

24. **Request for Admission #24:** Prior to effectuating a wire into the Sternberg Defendants' attorney trust account intended for the purchase of the Test Kits, Plaintiff understood that CHG was responsible for obtaining and delivering the Test Kits.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

25. **Request for Admission #25:** Prior to effectuating a wire into the Sternberg Defendants' attorney trust account intended for the purchase of the Test Kits, Plaintiff understood that the Sternberg Defendants had no role in obtaining or supplying the Test Kits.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

26. **Request for Admission #26:** The Sternberg Defendants never had control or possession of the Test Kits.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

27. **Request for Admission #27:** The Sternberg Defendants never represented to anyone that they had possession of the Test Kits.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

28. **Request for Admission #28:** Gross personally inspected the Test Kits and believed that the Test Kits would satisfy Plaintiff's order of Test Kits.

9

      a.     **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

34.     **Request for Admission #34:** After Plaintiff effectuated a wire into the Sternberg Defendants' attorney trust account, the Sternberg Defendants reasonably relied upon representations made to them by Weiss concerning the delivery of the Test Kits.

      a.     **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

35.     **Request for Admission #35:** Attorneys may reasonably rely upon the representations of their client.

      a.     **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

36.     **Request for Admission #36:** Plaintiff understands and accepts responsibility for its own failures associated with the Test Kits' transaction.

      a.     **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

37.     **Request for Admission #37:** Plaintiff refused delivery of all/some of the Test Kits.

      a.     **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

38.     **Request for Admission #38:** Plaintiff and/or its representatives impersonated a governmental investigator in connection with its efforts to locate the Test Kits.

      a.     **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of Plaintiff's Objections and Responses to the Sternberg Defendants' Requests for Admission upon all defendants, via ECF, and/or email, upon the following:

| | |
|---|---|
| Seth Laver, Esquire<br>Joseph Ross, Esquire<br>Goldberg Segalla<br>1700 Market Street, Suite 1418<br>Philadelphia, PA 19103-3907<br>slaver@goldbergsegalla.com<br>Jross@goldbergsegalla.com | Gary Weiss<br>ASOLARDIAMOND, LLC<br>437 1st Avenue<br>Elizabeth, NJ 07206<br>wgary4109@gmail.com<br>monipair@aol.com |
| Samuel Gross<br>a/k/a Shlomo Gross<br><br>78 Buckminster Road<br>Rockville Centre, NY 11570<br>charltonholdinggroupllc@aol.com<br>publicdiamonds@gmail.com<br>Scg1212@gmail.com<br>Samrosinc@icloud.com | Daphna Zekaria, Esquire<br>SOKOLSKI & ZEKARIA, PC<br><br>8 Westminster Road<br>Syosset, NY 11791<br>Dzandpeanut@aol.com |

                                                LIGHTMAN & MANOCHI

                                                BY: /s/ Gary P. Lightman
                                                GARY P. LIGHTMAN, ESQUIRE

Date : August 15, 2024                Attorneys for Plaintiff

EXHIBIT B.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM<br><br>Plaintiff,<br><br>v.<br><br>MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.<br><br>Defendants. | CIVIL ACTION<br><br>No. 2022-cv-00688 (JMY) |

**OBJECTIONS AND RESPONSES OF THE STERNBERG
DEFENDANTS' REQUESTS FOR ADMISSION**

American Environmental Enterprises, Inc., d/b/a TheSafetyHouse.com, plaintiff herein, trough undersigned counsel, hereby submits its Objections and Responses to the Sternberg Defendants' Requests for Admission (the "Requests"), and states as follows:

**GENERAL OBJECTIONS**

Plaintiff makes the following general objections to Defendants' Requests:

1. Plaintiff objects to the Requests to the extent that they are overly broad and unduly burdensome.

2. Plaintiff objects to the Requests to the extent that they seek information that is irrelevant and immaterial and not reasonably calculated to lead to the discovery of admissible evidence.

1

EXHIBIT B.

action proceeds and otherwise as provided in the Federal Rules of Civil Procedure.

Renee Plaintiff incorporates each of the foregoing general objections set forth above, into each of the specific responses set forth below, as if fully set forth at length therein.

### SPECIFIC RESPONSES TO REQUESTS FOR ADMISSION

Without waiving any of the aforesaid objections, Plaintiff responds to the Requests as follows:

1. **Request for Admission #1:** Prior to effectuating a wire into the Sternberg Defendants' attorney trust account intended for the purchase of iHealth Covid-19 Antigen Rapid two-pack test kits (the "Test Kits"), Plaintiff did not speak with the Sternberg Defendants either by telephone or in-person.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

2. **Request for Admission #2:** Prior to effectuating a wire into the Sternberg Defendants' attorney trust account intended for the purchase of the Test Kits, Plaintiff did not send or receive any email correspondence from the Sternberg Defendants.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said

3

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

    6. **Request for Admission #6:** Prior to executing the controlling documents describing Plaintiff's rights and obligations regarding its purchase of the Test Kits from the Gross Defendants, Plaintiff had no prior business dealings with the Gross Defendants.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

    7. **Request for Admission #7:** Prior to executing the controlling documents describing Plaintiff's rights and obligations regarding its purchase of the Test Kits from the Gross Defendants, Plaintiff had the opportunity to suggest edits or otherwise revise those contracts and elected not to do so.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served

10. **Request for Admission #10:** Pursuant to the controlling documents describing Plaintiff's rights and obligations regarding its purchase of the Test Kits from the Gross Defendants, the contracting parties agreed to utilize the Attorney at Law IOLTA Trust Account of the Sternberg Defendants for purposes of obtaining the purchase price from Plaintiff.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

11. **Request for Admission #11:** Pursuant to the controlling documents describing Plaintiff's rights and obligations regarding its purchase of the Test Kits from the Gross Defendants, the contracting parties agreed that that the Sternberg Defendants, as counsel to CHG, would draft and provide Plaintiff with CHG's "form of Sale and Purchase Agreement."

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

12. **Request for Admission #12:** The Sternberg Defendants' limited role in the Test Kits' transaction is set forth in the controlling documents that describe Plaintiff's rights and obligations regarding its purchase of the Test Kits.

15. **Request for Admission #15:** In prior transactions, Plaintiff has retained counsel on its own behalf to assist in the negotiation and execution of contracts controlling the purchase and/or sale of PPE equipment.

   a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

16. **Request for Admission #16:** Plaintiff elected not to retain independent counsel with respect to its purchase of the Test Kits from the Gross Defendants.

   a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

17. **Request for Admission #17:** Plaintiff elected not to retain independent counsel to assist in negotiating and documenting its purchase of the Test Kits from the Gross Defendants.

   a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

21. **Request for Admission #21:** Prior to effectuating a wire into the Sternberg Defendants' attorney trust account intended for the purchase of the Test Kits, Plaintiff did not direct any question to the Sternberg Defendants.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

22. **Request for Admission #22:** Prior to effectuating a wire into the Sternberg Defendants' attorney trust account intended for the purchase of the Test Kits, Plaintiff did not rely on the Sternberg Defendants for any purpose.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said

a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

26. **Request for Admission #26:** The Sternberg Defendants never had control or possession of the Test Kits.

a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

27. **Request for Admission #27:** The Sternberg Defendants never represented to anyone that they had possession of the Test Kits.

a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the

well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

31. **Request for Admission #31:** Plaintiff's correspondence with the Sternberg Defendants began after it had effectuated a wire into the Sternberg Defendants' attorney trust account intended for the purchase of the Test Kits.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

32. **Request for Admission #32:** After Plaintiff effectuated a wire into the Sternberg Defendants' attorney trust account, Plaintiff and the Sternberg Defendants corresponded by email, text and/or telephone regarding the delivery of the Test Kits.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

33. **Request for Admission #33:** After Plaintiff effectuated a wire into the Sternberg Defendants' attorney trust account, the Sternberg Defendants reasonably relied upon representations made to them by Gross concerning the delivery of the Test Kits.

Rules of Court.

36. **Request for Admission #36:** Plaintiff understands and accepts responsibility for its own failures associated with the Test Kits' transaction.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

37. **Request for Admission #37:** Plaintiff refused delivery of all/some of the Test Kits.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

38. **Request for Admission #38:** Plaintiff and/or its representatives impersonated a governmental investigator in connection with its efforts to locate the Test Kits.

    a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are

   a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

42. **Request for Admission #42:** There is no evidence that the Sternberg Defendants are liable to Plaintiff for any cause of action.

   a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court.

43. **Request for Admission #43:** There is no evidence that the Sternberg Defendants are liable to any party to these proceedings.

   a. **Interrogatory & Document request:** If this Request for Admission is denied in any way, state any and all facts which form the basis for the denial and produce any and all documents which support your denial.

**Response: OBJECTION.** Plaintiff objects to the Request because the Requests were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. Plaintiff also objects to the accompanying Interrogatory because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the