GOLDBERG SEGALLA LLP
BY: SETH L. LAVER
ATTORNEY ID NO: 94518
JOSEPH ROSS
ATTORNEY ID NO: 318039
1700 MARKET STREET, SUITE 1418
PHILADELPHIA, PA 19103-3907
T: 267-519-6800
F: 267-519-6801
Email: slaver@goldbergsegalla.com
jross@goldbergsegalla.com

*Attorneys for Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| American Environmental Enterprises, Inc. d/b/a THESAFETYHOUSE.COM<br>*Plaintiff*,<br>v.<br>Manfred Sternberg, Esquire; Manfred Sternberg & Associates, PC; Charlton Holdings Group, LLC; Samuel Gross; Gary Weiss; A. Solar, LLC; Daphna Zekaria, Esq.; and, Sokolski & Zekaria, PC,<br>*Defendants,* | : | CIVIL ACTION<br>No. 2022-CV-00688(JMY) |

**SUR-REPLY OF DEFENDANTS MANFRED STERNBERG, ESQUIRE AND MANFRED STERNBERG & ASSOCIATES, PC IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL, FOR SANCTIONS, AND PERMITTING PLAINTIFF TO CONDUCT DE BENE ESSE DEPOSITIONS**

Defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC (collectively hereinafter, the "Sternberg Defendants"), by and through their undersigned counsel, Goldberg Segalla LLP, hereby file this Sur-Reply to Plaintiff's Reply [ECF 189] to Sternberg Defendants' Response in Opposition [ECF 187] to the Motion to Compel Discovery from the Sternberg Defendants, and for Sanctions, and Permitting Plaintiff to Conduct De Bene Esse Depositions [ECF 183], filed by Plaintiff American Environmental Enterprises, Inc. d/b/a TheSafetyHouse.com ("Plaintiff").

**STERNBERG DEFENDANTS HAVE PRODUCED THE SUBJECT DOCUMENTS TO PLAINTIFF ONCE AGAIN**

Plaintiff does not deny the ability to access the documents Sternberg Defendants produced. Instead, Plaintiff claims the inability to open them, and blames that inability on Sternberg Defendants. Moreover, Plaintiff's weak attempt to wave away its own glaring discovery deficiencies in a footnote does not remedy those deficiencies. In fact, as recently as August 15, 2024, Plaintiff added to those many deficiencies with its responses to Sternberg Defendants' July 17, 2024 requests for admission. Plaintiff's identical objection to all forty-three (43) requests claimed Plaintiff does not have to provide substantive responses because Sternberg Defendants served the requests two (2) days before the conclusion of fact discovery. As the Third Circuit has recognized, requests for admission "typically come late in discovery, or even after discovery has been completed and trial is imminent." *Langer v. Monarch Life Ins. Co.*, 966 F.2d 786, 803 (3d Cir. 1992). Plaintiff had the opportunity to demonstrate good faith with regard to its own pending motions by responding to the *substance* of the requests, notwithstanding its objection, especially given that it cannot show it will suffer any prejudice whatsoever by so doing. Instead, Plaintiff chose more gamesmanship, possibly necessitating still further motion practice regarding whether the objections are justified pursuant to Rule 36(a)(6).

In contrast, Sternberg Defendants continue to have nothing to hide and remain fully compliant with their discovery obligations, including having provided Plaintiff with written responses to its March 2024 document requests the first time they produce responsive documents, contrary to Plaintiff's claim that Sternberg Defendants admitted failing and refusing to supply responsive documents. Sternberg Defendants, via their undersigned counsel, now produce those documents *once again*, this time, shortly before filing the instant sur-reply, 1) uploading a new copy; 2) providing a download link to all responsive native-format emails, which are of too large a file-size to attach by email; and 3) attaching the remainder of the responsive documents, including written responses,

directly to the same email. The undersigned also requested the mailing address of any party who is unable to open the files to allow for production by disk.

**PLAINTIFF'S REPLY FAILS TO ESTABLISH WHY COUNSEL SHOULD NOT BE HELD TO HIS EXPLICIT AGREEMENT TO LIMIT ANY ADDITIONAL DEPOSIOTION TESTIMONY BY MR. STERNBERG TO 90 MINUTES**

*Of course* Sternberg Defendants' opposition admits they agreed to be deposed again, because they take agreements on the record very seriously. They do not, as Plaintiff's Reply put its, "claim that their deposition should be limited to 90 minutes." Instead, they remind counsel that he agreed on the record, as an officer of the court, to limit any additional deposition testimony by Mr. Sternberg to an hour and a half. Plaintiff's argument for *more than twice* the agreed-upon duration does not come close to justifying such an absurd demand. The fact is that if Plaintiff's counsel endeavored to be less argumentative, badgering, and self-testifying when deposing witnesses in this matter, he would *easily* be able to address whatever subjects he wished in the remaining ninety minutes available to him. Mr. Sternberg remains willing to submit, remotely as agreed, to that ninety additional minutes, at whatever mutually agreeable date and time can be arranged.

**PLAINTIFF'S REPLY ONLY UNDERSCORES THAT THE "DE BENE ESSE" DEPOSITIONS ARE REALLY FACT DISCOVERY PLAINTIFF FAILED TO TAKE BEFORE THE APPLICABLE DEADLINE**

As Plaintiff continues its campaign to conflate depositions of witnesses possibly unavailable for trial with discovery depositions, Sternberg Defendants expand on the issue here. We are happy to fully brief it to the extent the Court would find it helpful to do so, but Plaintiff's consistent refusal to name the witnesses sought or proffer any support for the claim that they are unavailable for trial says it all: these are fact discovery depositions Plaintiff failed, for no excusable reason, to take in the time allotted. Plaintiff should not be permitted this additional fact discovery of witnesses about whom it

has produced little if anything, which it refuses even to name. And, to the extent that Plaintiff intends to depose *all* witnesses it named in its Supplemental Rule 26 Disclosures, Plaintiff's proposition that ten (10) or more such depositions will not do violence to the Court's Amended Scheduling Order is simply not credible.

Depositions *de bene esse* are "taken when the witness will likely be unable to attend a scheduled court hearing. Unlike most depositions, a *deposition de bene esse* is not a so-called 'discovery deposition' but a deposition to preserve testimony." Bryan A. Garner, *A Dictionary of Modern Legal Usage* 250 (2d ed. 1995) (italics in original). The Middle District has found that "parties have no right to take a deposition after the close of discovery and that permitting an untimely deposition rests within the discretion of the district courts. As such, "parties who decide not to take a deposition during the discovery period take the risk that they will be unable to present the testimony if the witness becomes unavailable at trial." *Sikkelee v. Precision Airmotive Corp.*, 522 F. Supp. 3d 120, 163 (M.D. Pa. 2021). The District of New Jersey has said that Rule 32 "addresses when a deposition of an unavailable witness may be used at trial. The Rule does not authorize a party to take the deposition of an "unavailable witness" at any stage of a case. More to the point, Rule 32(a)(4)(B) does not trump the Court's Scheduling Orders to permit a party to take a discovery deposition at any stage of a case." *Indian Brand Farms v. Novartis Crop Prot., Inc.*, No. 99-2118 (NLH/JS), 2011 U.S. Dist. LEXIS 167212, at *7-8 (D.N.J. Aug. 22, 2011).

Indeed, Plaintiff's refusal to identify for the Court even a *single witness* it intends to depose *de bene esse* ***prevents the court from making the necessary findings under Rule 32 that the witnesses are, in fact, unavailable*** for any of the reasons set forth in Rule 32(a)(4)((A) through (E). At best, Plaintiff implies to the Court that it will depose all of the witnesses listed in its Supplemental Rule 26 Disclosures, and at worst, Plaintiff requires the Court simply to guess. This approach lays bare Plaintiff's clear attempt to remedy its fact discovery oversight by characterizing the requested

depositions as *de bene esse*. There was more than enough time to depose the witnesses in Plaintiff's Supplemental Rule 26 Disclosure before the conclusion of discovery, and Plaintiff cannot show otherwise. Regardless, Plaintiff did not do so before the end of fact discovery.

Finally, Plaintiff does not deny that an unknown number of depositions of unknown parties will require additional discovery. Indeed, Plaintiff has presented no evidence that it has contacted any of the witnesses to affirmatively determine whether they will be willing or able to attend trial. The mere fact that a witness is out of state is not dispositive of whether that witness is willing to appear at trial and, depending on *how far* out of state they are, they may still be compelled to appear under certain circumstances. *See* Rule 45(c). Plaintiff is once again seeking to remedy its own discovery oversights and should not be allowed to do so.

**RELIEF REQUESTED**

Plaintiff's request for relief should be denied in its entirety. Sternberg Defendants address that requested relief as set forth in Plaintiff's Reply:

(a) Sternberg Defendants have once again produced written responses and all documents responsive to Plaintiff's March 2024 requests, mooting the motion to compel;

(b) Plaintiff made no showing why ninety more minutes of deposition testimony from Mr. Sternberg, *as explicitly agreed by Plaintiff's counsel*, will not be sufficient, or, even if it would not be sufficient, why that insufficiency amounts to good cause to *more than double* what counsel agreed to;

(c) Plaintiff's Reply only underscored the fact that its request for *de bene esse* depositions is anything but, and is instead an attempt to remedy its failure to depose certain witnesses during fact discovery;

(d) Plaintiff failed to supports its request for sanctions under Rules 30, 34, and 37, and in fact has itself submitted filings "not well grounded in fact nor warranted by existing caselaw or a good

faith argument for the extension, modification, or reversal of existing case law. *Hightower v. Ingerman Mgmt. Co.*, No. 22-2589, 2024 U.S. App. LEXIS 13079, at *4-5 (3d Cir. May 31, 2024);

(e) Therefore, there is no relief at all to which Plaintiff is entitled, given that all the relief Plaintiff seeks is moot, unsupported by Plaintiff's arguments, or unavailable under the Rules on which Plaintiff relies.

**WHEREFORE**, the Sternberg Defendants respectfully request that the Court enter an Order (i) denying in its entirety Plaintiff's Motion to Compel Discovery From the Sternberg Defendants, and for Sanctions, and Permitting Plaintiff to Conduct De Bene Esse Depositions [ECF 183], and (ii) awarding no Plaintiff no sanctions against Sternberg Defendants.

**GOLDBERG SEGALLA LLP**

Dated: August 19, 2024

By: /s/ Joseph Ross

SETH L. LAVER, ESQUIRE
Attorney ID No. 94518
JOSEPH ROSS, ESQUIRE
Attorney ID No. 318039
1700 Market Street, Suite 1418
Philadelphia, PA 19103
(P): (267) 519-6800; (F): 267-519-6801
slaver@goldbergsegalla.com
jross@goldbergsegalla.com
*Attorneys for Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of the foregoing via ECF upon all counsel of record, and/or email upon the following:

Gary P. Lightman, Esquire
Glenn A. Manochi, Esquire
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com
*Attorneys for Plaintiff*

Samuel Gross
a/k/a Shlomo Gross
78 Buckminster Road
Rockville Centre, NY 11570
charltonholdinggroupllc@aol.com
publicdiamonds@gmail.com
Scg1212@gmail.com
Samrosinc@icloud.com
*Defendant Pro Se*

Gary Weiss
437 1st Avenue
Elizabeth, NJ 07206
wgary4109@gmail.com
monipair@aol.com
*Defendant Pro Se*

Daphna Zekaria
8 Westminster Road
Syosset, NY 11791
Dzandpeanut@aol.com
*Defendant Pro Se*

**GOLDBERG SEGALLA LLP**

Dated: August 19, 2024

By: ***/s/ Joseph Ross***

JOSEPH ROSS, ESQUIRE
Attorney ID No. 318039
1700 Market Street, Suite 1418
Philadelphia, PA 19103
(P): (267) 519-6800; (F): 267-519-6801
jross@goldbergsegalla.com