IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM : : : : **Plaintiff,** : : v. : : MANFRED STERNBERG, ESQUIRE, : and MANFRED STERNBERG & : ASSOCIATES, PC, and CHARLTON : HOLDINGS GROUP, LLC, and : SAMUEL GROSS a/k/a SHLOMO : GROSS, and GARY WEISS, : and ASOLARDIAMOND, LLC a/k/a, : ASOLAR. LLC, and DAPHNA : ZEKARIA, ESQUIRE, and SOKOLSKI : & ZEKARIA, P.C. : : **Defendants.** : | CIVIL ACTION  No. 2022-cv-00688 (JMY) |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO GARY WEISS "REQUEST FOR ORDER OF RESPONSES BY PLAINTIFF'S OBJECTIONS TO ADMISSIONS BY PLAINTIFF AS ADMITTED"**

Plaintiff American Environmental Enterprises, Inc. d/b/a TheSafetyHouse.Com ("Plaintiff" or "TSH"), through its counsel, LIGHTMAN & MANOCHI, respectfully submits this Response in Opposition to the Gary Weiss "Request for order of responses by plaintiff's objections to admissions by plaintiff as admitted" (the "GW Request") [ECF 192], and states as follows:

**GENERAL COMMENTS**

1.  The discovery deadline in this case was July 19, 2024. *See*, ECF 154, the Court's March 20, 2024, Amended Scheduling Order, at ¶ 1(a).

2.  On July 17, 2024, just two days prior to the discovery deadline, the Sternberg

1

Defendants served Requests for Admission (the "Sternberg RFAs") upon plaintiff.

3. A true and correct copy of the Stenberg RFAs are attached to the GW Request as Exhibit A.

4. The Sternberg RFAS also included 43 additional Interrogatories propounded by them upon Plaintiff, in addition to the previous Interrogatories served by the Sternberg Defendants upon Plaintiff (which previous Interrogatories already were in excess of the 25 Interrogatory limit imposed by the Rule 33(a) of the Court.

5. Under Rule 36 of the Federal Rules, a party responding to RFAs has thirty (30) days from service of the RFAs to respond to them. F.R.Civ.P. Rule 36 (a)(3).

6. The return date for Plaintiff to respond to the Sternberg RFAs was well beyond the 7/19/24 discovery deadline established in this case.

7. Neither the Sternberg Defendants nor any other party even requested, let alone obtained, approval from the Court, to compel Plaintiff to respond to the Sternberg RFAs, beyond the 7/19/24 discovery deadline.

8. On August 15, 2024, Plaintiff served its Objections and Responses to the 43 Sternberg RFAs.

9. A copy of the Plaintiff's Objections and Responses to the Stenberg RFAs are attached to the GW Request as Exhibit B (although the pages in the Weiss Exhibit B are not in their proper order).

10. Plaintiff responded to the Sternberg RFAs by objecting to them, because they were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. *See* Exhibit B to the GW Request.

11. Plaintiff also objected to the 43 Interrogatories accompanying the Sternberg RFAs, because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by Rule 33(a) of the Rules of Court. *See* Exhibit B to the GW Request.

12. Rule 36 provides that a party responding to RFAs may assert an objection to an RFA and state the ground of the objection. F.R.Civ.P. Rule 36 (a)(5).

13. Plaintiff complied with Rule 36 in its Responses to the Sternberg RFAs.

14. Gary Weiss wrote an email to counsel for Plaintiff on August 15, 2024, and claimed that the 7/19/23 discovery deadline did not apply to the Sternberg RFAs, (falsely) claiming that "by definition, requests for admission are not discovery…."

15. A true and correct copy of the 8/15/24 Weiss email to Plaintiff's counsel is attached to this Response as Exhibit "A."

16. On August 16, 2024, counsel for Plaintiff responded to Weiss as follows:

> "Gary Weiss,
>
> Google "Are request for admission considered discovery?" and you will get:
>
> In a civil action, a request for admission is a discovery tool that allows one party to request that another party admit or deny the truth of a statement under oath
>
> "Requests for admission are part of the discovery process in a civil case. In the U.S. federal court system, they are governed by Rule 36 of the Federal Rules of Civil Procedure."

17. A true and correct copy of the 8/16/24 email from Plaintiff's counsel to Gary Weiss is included in Exhibit "A" attached to this Response and is made a part hereof.

18. Even after being made expressly aware that RFAs are a discovery tool, Weiss

nevertheless then filed his instant GW Request, in which he (falsely) claimed to this Honorable Court that "by definition, requests for admission are not discovery…."  (*see*, GW Request [ECF 192, at ¶ 1]), despite Weiss having actual knowledge that such representation was not true.

19.     Weiss proffers no valid legal reason or excuse why any of the relief sought in his GW Request should be granted.

20.     This is especially so where the Court already has entered a default against Weiss and his LLC [ECF145], establishing his liability, so that the only remaining question is the amount of his liability to Plaintiff in this case.

21.     The Sternberg Defendants did not move to extend the discovery deadline, and neither they nor Gary Weiss has proffered any explanation, let alone a legally sufficient explanation, why they could not have obtained the requested discovery within the 7/19/24 discovery deadline set by the Court in this case.

22.     The GW Request also should be denied because it fails to comply with Rule 26.1(f) of the Local Rules of this Court.

23.     The GW Request asks the Court to deem all of the Sternberg RFAs as admitted, but Rule 36 requires that the Court must first determine that the response does not comply with the Rule. F.R.Civ.P. Rule 36(a)(6).

24.     At a minimum, if the Court finds any merit to that GW Request (which Plaintiff disputes), then Rule 36 requires that the Court order that the responding party answer the RFAs.

25.     Plaintiff submits that there is no legal basis or justification whatsoever to grant any relief requested by GW in his "Request for Order":

(a)     Gary Weiss failed to meet and confer with Plaintiff's counsel regarding the discovery dispute prior to filing his "Request" or to comply with Rule 26.1(f) of the Local Rules of

this Court;

    (b)  Weiss falsely claims that the RFAs are not discovery (when in fact RFAs are in fact a discovery tool, and he was expressly made aware of that);

    (c)  Weiss offers no explanation whatsoever why Plaintiff should be compelled to provide discovery well beyond the 7/19/24 discovery deadline in this case;

    (d)  Neither the Sternberg Defendants nor Gary Weiss Sternberg Defendants moved to extend the discovery deadline to compel Plaintiff's responses to the Sternberg RFAs, and neither the Sternberg Defendants nor Gary Weiss has proffered any explanation, let alone a legally sufficient explanation, why they could not have obtained the requested discovery within the 7/19/24 discovery deadline set by the Court in this case;

    (e)  Weiss offers no explanation why Plaintiff should be required to answer 43 additional Interrogatories that the Sternberg Defendants propounded upon Plaintiff in the Sternberg RFAs, when Plaintiff already responded to well in excess of 25 Interrogatories previously propounded upon Plaintiff by the Sternberg Defendants, in excess of the 25 Interrogatory limit imposed by Rule 33(a) of the Rules of Court; and

    (f)  Weiss fails to proffer any prejudice, especially where the Court already has entered a default against Weiss and his LLC [ECF145], establishing his liability so that the only remaining question is the amount of his liability to Plaintiff in this case.

  26.  Weiss failed to comply with The claim of Weiss, that he should be awarded $5,000 as compensation for his three page GW Request, also is without any merit.

  27.  For all of the aforesaid reasons, Plaintiff respectfully request that the Court deny the Gary Weiss "Request for order of responses by plaintiff's objections to admissions by plaintiff as admitted" and grant plaintiff such other and further relief as the Court shall deem just.

## SPECIFIC RESPONSES TO GW REQUEST

By way of specific responses to the GW Requests, Plaintiff states as follows:

1– 10. Denied as stated.  Plaintiff denies each of the averments set forth by Weiss in paragraphs 1 through 10 of the GW Request, to the extent inconsistent with the General Comments set forth above, all of which General Comments are incorporated herein by reference as if set forth at length

WHEREFORE, Plaintiff respectfully request that the Court deny the Gary Weiss "Request for order of responses by plaintiff's objections to admissions by plaintiff as admitted"  and grant plaintiff such other and further relief as the Court shall deem just.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Tel. No. 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  August 23, 2024                           Attorneys for plaintiff

## EXHIBITS TO TSH REPONSE

**EXHIBIT**          **DESCRIPTION**

"A"                  8/15-16/24 email exchange between Plaintiff's counsel and Gary Weiss

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM : : : : **Plaintiff,** : : v. : : MANFRED STERNBERG, ESQUIRE, : and MANFRED STERNBERG & : ASSOCIATES, PC, and CHARLTON : HOLDINGS GROUP, LLC, and : SAMUEL GROSS a/k/a SHLOMO : GROSS, and GARY WEISS, : and ASOLARDIAMOND, LLC a/k/a, : ASOLAR. LLC, and DAPHNA : ZEKARIA, ESQUIRE, and SOKOLSKI : & ZEKARIA, P.C. : : **Defendants.** : | CIVIL ACTION<br><br>No. 2022-cv-00688 (JMY) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION TO THE GW "REQUEST"**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Memorandum of Law in support of its Response in Opposition to the Gary Weiss "Request for order of responses by plaintiff's objections to admissions by plaintiff as admitted" (the "GW Request") [ECF 192]

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The discovery deadline in this case was July 19, 2024. *See*, ECF 154, the Court's March 20, 2024, Amended Scheduling Order, at ¶ 1(a).

On July 17, 2024, just two days prior to the discovery deadline, the Sternberg Defendants served Requests for Admission (the "Sternberg RFAs") upon plaintiff. A true and correct copy of the

7

Stenberg RFAs are attached to the GW Request as Exhibit A.  The Sternberg RFAS also included 43 additional Interrogatories propounded by them upon Plaintiff,  in addition to the previous Interrogatories served by the Sternberg Defendants upon Plaintiff (which previous Interrogatories already were in excess of the 25 Interrogatory limit imposed by the Rule 33(a) of the Rules of Court.

The return date for Plaintiff to respond to the Sternberg RFAs was well beyond the 7/19/24 discovery deadline established in this case.  Neither the Sternberg Defendants nor any other party even requested, let alone obtained, approval from the Court, to compel Plaintiff to respond to the Sternberg RFAs, beyond the 7/19/24 discovery deadline.  Neither the Sternberg Defendants nor Weiss have proffered any reason why they could not have obtained the requested discovery within the 7/19/24 discovery deadline set by the Court.

On August 15, 2024, Plaintiff served its Objections and Responses to the 43 Sternberg RFAs. Plaintiff responded to the Sternberg RFAs by objecting to them, because they were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case, and th4e Sternberg Defendants failed even to request, let alone obtain, an Order from the Court compelling Plaintiff to provide responses to the Sternberg RFAs beyond the 7/19/24 discovery deadline.  *See* Exhibit B to the GW Request.

Plaintiff also objected to the 43 Interrogatories accompanying the Sternberg RFAs, because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court. *See* Exhibit B to the GW Request.

## **LEGAL ARGUMENT IN SUPPORT OF RESPONSE**

Federal Rule 36 states that "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Federal Rule 36(a)(1), Fed.R.Civ. P. Under Rule 36 of the Federal Rules, a party responding to RFAs has thirty (30) days from service of the RFAs to respond to them. F.R.Civ.P. Rule 36 (a)(3).

Rule 36 provides that a party responding to RFAs may assert an objection to an RFA and state the ground of the objection. F.R.Civ.P. Rule 36 (a)(5). On August 15, 2024, Plaintiff served its Objections and Responses to the 43 Sternberg RFAs. Plaintiff complied with Rule 36 in its Responses to the Sternberg RFAs.

The return date for Plaintiff to respond to the Sternberg RFAs was well beyond the 7/19/24 discovery deadline established in this case. Neither the Sternberg Defendants nor any other party even requested, let alone obtained, approval from the Court, to compel Plaintiff to respond to the Sternberg RFAs, beyond the 7/19/24 discovery deadline. Neither the Sternberg Defendants nor Weiss have proffered any reason why they could not have obtained the requested discovery within the 7/19/24 discovery deadline set by the Court.

Courts routinely deny discovery requested after the discovery deadline in a case has passed. *See* DelPalazzo v. Horizon Grp. Holding, LLC, 2021 U.S. Dist. LEXIS 75467 (3d Cir. 2021); Courtney v. Ivanov, 2016 U.S. Dist. LEXIS 46519 (WD Pa. 2016); Muniz v. Price, 2010 U.S. Dist. LEXIS 117108 (M.D. Pa. 2010); Nesselrotte v. Allegheny Energy, 2008 U.S. Dist. LEXIS 36100 (W.D. Pa. 2008); Heizman v. Cuffaro, 2024 U.S. Dist. LEXIS 28944 (M.D. Pa. 2024); Quarles v. Palakovich, 2010 U.S. Dist. LEXIS 97013 (M.D. Pa. 2010); Puritan Inv. Corp. v. ASLL Corp., 1997 U.S. Dist. LEXIS 19559 (E.D. Pa. 1997).

There is no merit whatsoever to any of the relief requested by Weiss in his GW Request. In fact, Plaintiff respectfully submits that the GW Request was made by Weiss in bad faith – he specifically was made that Requests for Admission are a discovery tool, but Weiss still proceeded to file his GW Request based upon his (false) claim that RFAs "are not a discovery tool."

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully request that the Court deny the Gary Weiss "Request for order of responses by plaintiff's objections to admissions by plaintiff as admitted" and grant plaintiff such other and further relief as the Court shall deem just.

                                                Respectfully submitted,

                                                LIGHTMAN & MANOCHI

                                                BY: /s/ Gary P. Lightman
                                                GARY P. LIGHTMAN, ESQUIRE
                                                GLENN A. MANOCHI, ESQUIRE
                                                PA Identification Nos. 28529 & 64223
                                                600 W. Germantown Pike, Suite 400
                                                Plymouth Meeting, PA 19462
                                                215-760-3000
                                                garylightman@lightmanlaw.com
                                                gmanochi@lightmanlaw.com

Date: August 23, 2024                     Attorneys for plaintiff

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on the date shown below he caused to be served upon defendants and/or their counsel, a true and correct copy of the foregoing Plaintiff's Response in Opposition to the GW Request to Defendants via email and/or regular mail, upon the following:

Seth Laver, Esquire  
Joseph Ross, Esquire  
Goldberg Segalla  
1700 Market Street, Suite 1418  
Philadelphia, PA 19103-3907  
slaver@goldbergsegalla.com  
Jross@goldbergsegalla.com  

Gary Weiss  
437 1st Avenue  
Elizabeth, NJ 07206  
wgary4109@gmail.com  
monipair@aol.com  

Samuel Gross  
a/k/a Shlomo Gross  
78 Buckminster Road  
Rockville Centre, NY 11570  
charltonholdinggroupllc@aol.com  
publicdiamonds@gmail.com  
Scg1212@gmail.com  
Samrosinc@icloud.com  

Daphna Zekaria  
8 Westminster Road  
Syosset, NY 11791  
Dzandpeanut@aol.com  

             LIGHTMAN & MANOCHI

             BY: /s/ Gary P. Lightman  
             GARY P. LIGHTMAN, ESQUIRE

Date:  August 23, 2024      Attorneys for Plaintiff