REC'D AUG 2 7 2024

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA
CIVIL ACTION

No.2022-cv-00688 (JMY)

AMERICAN ENVIRONMENTAL ENT
D/b/a The safetyhouse.com
Plaintiff
vs.
Manfred Sternberg, Esquire
Sam Gross, CHG
GARY WEISS. Pro-Se
DAFNA ZEKARIA
Defendants

Re:
**PLAINTIFF'S THE SAFETY HOUSE  RESPONSE IN OPPOSITION TO GARY
WEISS "REQUEST  FOR ORDER OF RESPONSE BY PLAINTIFF'S
OBJECTIONS  TO ADMISSIONS BY PLAINTIFF AS ADMITTED"**

## REQUEST FOR ORDER
## OF RESPONSES BY PLAINTIFFF'S OBJECTIONS TO
## ADMISSIONS BY PLAINTIFFS AS ADMITTED

## AGAIN REQUEST FOR ORDER by JUDGE YOUNGE

Regarding the  objections and responses to the Sternberg Defendant's request
for Admissions, RFA from the Plaintiiff, The Safety House, Daniel J. Scully.

1. Requests for Admissions are a Discovery Tool, because they were not
designed to seek NEW discovery of unknown information; rather, they were
designed to confirm the accuracy of information already available, since the
documents that were already presented and used by ALL parties, the Plaintiff &
Defendants. The SPA, SOP, & Bill of Sale are already entered into evidence and
recognized by Plaintiff & Defendants, and Plaintiff's use of those evidence in
their pleading and Amended pleading, were conceded as Genuine. Further,
Requests for admission are a list of questions which are similar in some
respects to interrogatories, but different in form and purpose. Each "question"
is in the form of a declarative statement which the answering party must then
either admit, deny, or state in detail why they can neither admit nor deny the
truthfulness of the statement (e.g. for lack of knowledge, etc.). This effectively
puts the admissions in the form of true-false questions.

2. RFAs are not bound by discovery date, the actual last date of discovery happened on July 23, 2024, that date was ordered by Judge Younge, the date to depose Plaintiff. Nor are the rules for RFA forbidding to Submit RFA 0nly if the Discovery date is about to expire in 28 days or more, as is inferred by Plaintiff, that RFA has to be answered in 30 days, it can be answered also in 48 hours. If time to perform, answer the RFAs, needed, the Plaintiff could ask for MoRE time. ( Plaintiff asked for more time for Discovery from Sternberg Defendant, and got 90 minutes more...)

GENERAL COMMENTS

1. The deadline for discovery was July 19, 2024, but was extended to JULY 23, 2024 by Judge Younge, of the deposition of Plaintiff by Defendant Sternberg.
2. Plaintiff admits that RFA was submitted to Plaintiff several days before that date. The RFA by Defendant Sternberg to the Plaintiff THE SAFETY HOUSE was submitted on July 17, 2024.
3. Correct.
4. False, they were not INTERROGATORIES, they were RFA, facts already established in prior Discovery, and allowed additionally and independently of discovery, and allowed up to 43 RFAs. Just as Plaintiff submitted it's RFAs to Defendant Sternberg in addition to discovery questions from Defendant Sternberg.
5. Correct.
6. Plaintiff wants to establish that RFA cannot be submitted even 28 days prior to Discovery deadline. The Attorney for plaintiff is a practicing lawyer for 30 years, and could have answered the RFAs in 48 hours, and if needed more time, could have asked for MORE TIMe.
7. The party that needed time was Plaintiff, if Plaintiff was Genuinely interested in answering the RFAs, it could ask for extension of time if time was needed.
8. Plaintiff " RAN OUT THE CLOCK" by answering after 28 days, and answering " Objection " to each RFA, which is not a "Denial". But still answering the RFAs, Defendant Gary Weiss asked the Court to rule the answer " Objection " as Admitted, or TRUE.
9. Correct.
10. Plaintiff's answer to each RFA was " Objection " in the singular, in essence answering to each RFA, not a denial to each RFA. Also Defendant answered inside the window of 30 days, agreeing to give answers, and admission to each RFA as Agreed.
11. Up 44 RFAs are allowed, independently of the Discovery questions, and not 0 number of RFAs as plaintiff suggesting, because the questions in the discovery, exhausted the RFA..Rule 36(a)(1) limits the types of requests to be limited to (A) facts, the application of law to

fact, or opinions about either; and (B) the genuineness of any described documents. However, the rule places no limits on the number of requests which may be made of either litigant. State court rules, however, may be stricter than this.

12. "Objection" as an answer is still not a Denial, Plaintiff evaded the other options as answer, because plaintiff knows that all RFAs, were factually true, and admission to each answer may result in Dismissal of it's case. Under Rule 36(a)(5) of the Federal Rules of Civil Procedure, the answering party may also object to the request, and state the reason for their objection, so long as the objection is not solely because the request would present a genuine issue of fact for trial. The Plaintiff already admitted as Having the SPA ( Sales And Purchase Agreement ), SOP more than 1 week prior to making the payment of $1,965,600.00, and reading those documents over 10 times in it's deposition by Defendant Sternberg on July 23- 2024.

13. Plaintiff did not outright denied any Paragraph in the RFA.

14. Correct.

15. Correct.

16. Correct, I still believe that RFA is not Discovery by itself, and is a "Discovery Tool". Usually RFA is used at the End of Discovery and not 30 days before the End of Discovery.

17. Correct.

18. My interpretation of the RFAs are different from that of Counsel for the Plaintiff, nor is Attorney Lightman seeking the Well being of Gary Weiss by giving Gary Weiss advise to go to Google, in order for Plaintiff of advising me not file my Request to the Court to decide all answers of " Objection " by Plaintiff in answering the RFAs, to be considered as admitted TRUE.

19. Plaintiff's lawyer Gary Lightman, by avoiding answering truthfully the RFAs will cause additional expenses in this legal proceedings, and to the  Weiss defendant particularly in an amount greater than $5,000.00.

20. The Court did Enter a Default on Gary Weiss and Asolardiamond, but did not "Forbid Me " , Gary Weiss from "Being Heard" as Pro Se, nor is a default on Gary Weiss an admission of Guilt. Plaintiff could not bring any wrongful action by Weiss against Plaintiff The Safety House, or any Violation of any Agreement between Plaintiff and  Gary Weiss, nor did Gary Weiss take, receive, EVEN $1 from TSH. NADA, 0, Zilch. Gary Weiss never transacted with The Safety House, nor signed any agreement with any of Defendants or the Plaintiff. Further, Gary Weiss already gave a FULL REFUND to Gross & Manfred, acknowledged and Established over 2.5 years ago, Undisputed, Plaintiff is aware that FULL REFUND was given to SAM GROSS & MANFRED, and they still filed on December 29, 2022 , a complaint naming Gary Weiss as Defendant without disclosing to the Court that FULL REFUND to

CHARLATON HOLDING GROUP, Sam Gross, was given already, and Gross is Fully Satisfied with the transaction, and received the full refund .

21. The Sternberg Defendant did not need an extension of time, on the Timely served RFA on Plaintiff TSH, Defendant Sternberg served the RFA before the expiration of Discovery DEADLINE. The 30 day allowed period for answers, admission to the RFAs, is not a suggestion in the law, that simple answer of Deny or Agree, cannot be answered in 48 hours, or if Plaintiff would ask for a little extension, it would not be given, the 30 day is not a time limit instructing the party that has to answer the RFAs, to answer in 30 days, it is a window of time to answer, but not suggesting that an answer cannot be given in 48 hours. Further if Plaintiff could answer only 2 paragraph per day, than it could have submitted that much of the answers, and ask for more time.

22. Plaintiff did send an Email and made a phone call to Gary Weiss, never asked for additional time, only called to intimidate defendant Gary Weiss, telling him that " The Judge will laugh at you ", and send an argumentative Email, sending Defendant Gary Weiss to Google...

23. Correct. Plaintiff admits that  Defendant GARY WEISS is bringing this motion, asking the Court to deem Plaintiff's answers to the RFAs as ADMITTED, a valid request, ( F.R.Civ.p. Rule 36 (a )(6), Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served..

24. Correct.

25. Disagree. ( a ) False, Plaintiff submitted the Email that I wrote him on August 15- 2024, and his phone call to me before Filing my request of the court, Judge Younge, to rule and make a decision, order. ( b ) Plaintiff is using now the correct term, " A Discovery Tool " regarding the RFA. ( c ) On the contrary, Weiss is not asking for Extension of time for Discovery. ( d ) The time for performance should be on the Plaintiff to ask for, if Plaintiff needed more Time to answer on the Timely Served RFA. ( e ) The are not additional 43 Interrogatories, the 43 RFAs are within the rule of # of RFAs allowed. ( f ) The court did not determined any Liability by defendant Gary Weiss till Today, Nor can the Plaintiff cite any Violation by Gary Weiss  of any Agreement that was Violated against The Safety House by Gary Weiss or any company " Affiliated " with Gary Weiss, as Defendant Gary Weiss does not have any Liability to TSH, and gave a full REFUND to Gross and Manfred in the transaction between Gross / Manfred on their Purchase from Gary Weiss. The purchaser Charlton Holding Group, confirmed full Refund given by Gary Weiss, and satisfaction with the refund, and it's lawyer,

Counsel, Manfred Sternberg at time of transaction in 2022, acknowledged that Collateral-refund was given, and advised Gary Weiss, that it will sell Collateral in March of 2022. The Collateral / Refund of over 4 Million Dollars is not disputed till Today, 2 1/2 years after it was given.

26. Let the Court decide.
27. Let the Court decide about the " Objection " of each RFA, if indeed it is an Admission, " Objection " as an answer is not an Escape Route from the truth in each Paragraph of the RFA.  " Objection " is a subtitle for TRUE.

### SPECIFIC RESPONSES TO GW RESPONSES

It is Evident that Plaintiff is fighting against admitting the Truth about ALL 43 RFAs, facts that cannot be denied, but Plaintiff hopes that it's a Magic Bullet answer that  " Objection " as an answer  to each RFA, will Blind the Court from the Truth of ALL the RFAs. The only Relief for the Plaintiff regards the RFAs, is admitting to it being the TRUTH.

Exhibits,
EXHIBIT A
ECF 194 , Plaintiff's response to Defendant's gary Weiss request of the court to rule on plaintiff's answers " Objection " to each RFA as TRUE, and admitted.

BY
Gary Weiss, Pro-Se
Wgary4109.gmail.com
908-546 2649

Date : 08-27-2024

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM | : : : : | EXHIBIT A |
| Plaintiff, | : | **CIVIL ACTION** |
| v. | : : | **No. 2022-cv-00688 (JMY)** |
| MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C. | : : : : : : : : : : | |
| Defendants. | : | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO GARY WEISS "REQUEST FOR ORDER OF RESPONSES BY PLAINTIFF'S OBJECTIONS TO ADMISSIONS BY PLAINTIFF AS ADMITTED"**

Plaintiff American Environmental Enterprises, Inc. d/b/a TheSafetyHouse.Com ("Plaintiff" or "TSH"), through its counsel, LIGHTMAN & MANOCHI, respectfully submits this Response in Opposition to the Gary Weiss "Request for order of responses by plaintiff's objections to admissions by plaintiff as admitted" (the "GW Request") [ECF 192], and states as follows:

**GENERAL COMMENTS**

1. The discovery deadline in this case was July 19, 2024. *See*, ECF 154, the Court's March 20, 2024, Amended Scheduling Order, at ¶ 1(a).

2. On July 17, 2024, just two days prior to the discovery deadline, the Sternberg

1

EXHIBIT A

Defendants served Requests for Admission (the "Sternberg RFAs") upon plaintiff.

3.      A true and correct copy of the Stenberg RFAs are attached to the GW Request as Exhibit A.

4.      The Sternberg RFAS also included 43 additional Interrogatories propounded by them upon Plaintiff,  in addition to the previous Interrogatories served by the Sternberg Defendants upon Plaintiff (which previous Interrogatories already were in excess of the 25 Interrogatory limit imposed by the Rule 33(a) of the Court.

5.      Under Rule 36 of the Federal Rules, a party responding to RFAs has thirty (30) days from service of the RFAs to respond to them.  F.R.Civ.P. Rule 36 (a)(3).

6.      The return date for Plaintiff to respond to the Sternberg RFAs was well beyond the 7/19/24 discovery deadline established in this case.

7.      Neither the Sternberg Defendants nor any other party even requested, let alone obtained, approval from the Court, to compel Plaintiff to respond to the Sternberg RFAs, beyond the 7/19/24 discovery deadline.

8.      On August 15, 2024, Plaintiff served its Objections and Responses to the 43 Sternberg RFAs.

9.      A copy of the Plaintiff's Objections and Responses to the Stenberg RFAs are attached to the GW Request as Exhibit B (although the pages in the Weiss Exhibit B are not in their proper order).

10.     Plaintiff responded to the Sternberg RFAs by objecting to them, because they were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case. *See* Exhibit B to the GW Request.

11.     Plaintiff also objected to the 43 Interrogatories accompanying the Sternberg RFAs, because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by Rule 33(a) of the Rules of Court. *See* Exhibit B to the GW Request.

12.     Rule 36 provides that a party responding to RFAs may assert an objection to an RFA and state the ground of the objection.  F.R.Civ.P. Rule 36 (a)(5).

13.     Plaintiff complied with Rule 36 in its Responses to the Sternberg RFAs.

14.     Gary Weiss wrote an email to counsel for Plaintiff on August 15, 2024, and claimed that the 7/19/23 discovery deadline did not apply to the Sternberg RFAs, (falsely) claiming that "by definition, requests for admission are not discovery...."

15.     A true and correct copy of the 8/15/24 Weiss email to Plaintiff's counsel is attached to this Response as Exhibit "A."

16.     On August 16, 2024, counsel for Plaintiff responded to Weiss as follows:

> "Gary Weiss,
>
> Google "Are request for admission considered discovery?" and you will get:
>
> In a civil action, a request for admission is a discovery tool that allows one party to request that another party admit or deny the truth of a statement under oath
>
> "Requests for admission are part of the discovery process in a civil case. In the U.S. federal court system, they are governed by Rule 36 of the Federal Rules of Civil Procedure."

17.     A true and correct copy of the 8/16/24 email from Plaintiff's counsel to Gary Weiss is included in Exhibit "A" attached to this Response and is made a part hereof.

18.     Even after being made expressly aware that RFAs are a discovery tool, Weiss

nevertheless then filed his instant GW Request, in which he (falsely) claimed to this Honorable Court that "by definition, requests for admission are not discovery...." (*see*, GW Request [ECF 192, at ¶ 1]), despite Weiss having actual knowledge that such representation was not true.

19.    Weiss proffers no valid legal reason or excuse why any of the relief sought in his GW Request should be granted.

20.    This is especially so where the Court already has entered a default against Weiss and his LLC [ECF145], establishing his liability, so that the only remaining question is the amount of his liability to Plaintiff in this case.

21.    The Sternberg Defendants did not move to extend the discovery deadline, and neither they nor Gary Weiss has proffered any explanation, let alone a legally sufficient explanation, why they could not have obtained the requested discovery within the 7/19/24 discovery deadline set by the Court in this case.

22.    The GW Request also should be denied because it fails to comply with Rule 26.1(f) of the Local Rules of this Court.

23.    The GW Request asks the Court to deem all of the Sternberg RFAs as admitted, but Rule 36 requires that the Court must first determine that the response does not comply with the Rule. F.R.Civ.P. Rule 36(a)(6).

24.    At a minimum, if the Court finds any merit to that GW Request (which Plaintiff disputes), then Rule 36 requires that the Court order that the responding party answer the RFAs.

25.    Plaintiff submits that there is no legal basis or justification whatsoever to grant any relief requested by GW in his "Request for Order":

(a)    Gary Weiss failed to meet and confer with Plaintiff's counsel regarding the discovery dispute prior to filing his "Request" or to comply with Rule 26.1(f) of the Local Rules of

this Court;

      (b)    Weiss falsely claims that the RFAs are not discovery (when in fact RFAs are in fact a discovery tool, and he was expressly made aware of that);

      (c)    Weiss offers no explanation whatsoever why Plaintiff should be compelled to provide discovery well beyond the 7/19/24 discovery deadline in this case;

      (d)    Neither the Sternberg Defendants nor Gary Weiss Sternberg Defendants moved to extend the discovery deadline to compel Plaintiff's responses to the Sternberg RFAs, and neither the Sternberg Defendants nor Gary Weiss has proffered any explanation, let alone a legally sufficient explanation, why they could not have obtained the requested discovery within the 7/19/24 discovery deadline set by the Court in this case;

      (e)    Weiss offers no explanation why Plaintiff should be required to answer 43 additional Interrogatories that the Sternberg Defendants propounded upon Plaintiff in the Sternberg RFAs, when Plaintiff already responded to well in excess of 25 Interrogatories previously propounded upon Plaintiff by the Sternberg Defendants, in excess of the 25 Interrogatory limit imposed by Rule 33(a) of the Rules of Court; and

      (f)    Weiss fails to proffer any prejudice, especially where the Court already has entered a default against Weiss and his LLC [ECF145], establishing his liability so that the only remaining question is the amount of his liability to Plaintiff in this case.

26.    Weiss failed to comply with The claim of Weiss, that he should be awarded $5,000 as compensation for his three page GW Request, also is without any merit.

27.    For all of the aforesaid reasons, Plaintiff respectfully request that the Court deny the Gary Weiss "Request for order of responses by plaintiff's objections to admissions by plaintiff as admitted"  and grant plaintiff such other and further relief as the Court shall deem just.

5

## SPECIFIC RESPONSES TO GW REQUEST

By way of specific responses to the GW Requests, Plaintiff states as follows:

1– 10.  Denied as stated.   Plaintiff denies each of the averments set forth by Weiss in paragraphs 1 through 10 of the GW Request, to the extent inconsistent with the General Comments set forth above, all of which General Comments are incorporated herein by reference as if set forth at length

WHEREFORE, Plaintiff respectfully request that the Court deny the Gary Weiss "Request for order of responses by plaintiff's objections to admissions by plaintiff as admitted" and grant plaintiff such other and further relief as the Court shall deem just.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Tel. No. 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  August 23, 2024                 Attorneys for plaintiff


## EXHIBITS TO TSH REPONSE

| EXHIBIT | DESCRIPTION |
|---------|-------------|
| "A" | 8/15-16/24 email exchange between Plaintiff's counsel and Gary Weiss |

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMERICAN ENVIRONMENTAL** | : | |
| **ENTERPRISES, INC., d/b/a** | : | |
| **THESAFETYHOUSE.COM** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 2022-cv-00688 (JMY)** |
| **v.** | : | |
| | : | |
| **MANFRED STERNBERG, ESQUIRE,** | : | |
| **and MANFRED STERNBERG &** | : | |
| **ASSOCIATES, PC, and CHARLTON** | : | |
| **HOLDINGS GROUP, LLC, and** | : | |
| **SAMUEL GROSS a/k/a SHLOMO** | : | |
| **GROSS, and GARY WEISS,** | : | |
| **and ASOLARDIAMOND, LLC a/k/a,** | : | |
| **ASOLAR. LLC, and DAPHNA** | : | |
| **ZEKARIA, ESQUIRE, and SOKOLSKI** | : | |
| **& ZEKARIA, P.C.** | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S RESPONSE IN OPPOSITION TO THE GW "REQUEST"**

Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM, hereby files this Memorandum of Law in support of its Response in Opposition to the Gary Weiss "Request for order of responses by plaintiff's objections to admissions by plaintiff as admitted" (the "GW Request") [ECF 192]

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The discovery deadline in this case was July 19, 2024. *See*, ECF 154, the Court's March 20, 2024, Amended Scheduling Order, at ¶ 1(a).

On July 17, 2024, just two days prior to the discovery deadline, the Sternberg Defendants served Requests for Admission (the "Sternberg RFAs") upon plaintiff. A true and correct copy of the

Stenberg RFAs are attached to the GW Request as Exhibit A. The Sternberg RFAS also included 43 additional Interrogatories propounded by them upon Plaintiff, in addition to the previous Interrogatories served by the Sternberg Defendants upon Plaintiff (which previous Interrogatories already were in excess of the 25 Interrogatory limit imposed by the Rule 33(a) of the Rules of Court.

The return date for Plaintiff to respond to the Sternberg RFAs was well beyond the 7/19/24 discovery deadline established in this case. Neither the Sternberg Defendants nor any other party even requested, let alone obtained, approval from the Court, to compel Plaintiff to respond to the Sternberg RFAs, beyond the 7/19/24 discovery deadline. Neither the Sternberg Defendants nor Weiss have proffered any reason why they could not have obtained the requested discovery within the 7/19/24 discovery deadline set by the Court.

On August 15, 2024, Plaintiff served its Objections and Responses to the 43 Sternberg RFAs. Plaintiff responded to the Sternberg RFAs by objecting to them, because they were served upon Plaintiff on July 17, 2024, just two days prior to the July 19, 2024 discovery deadline set by Order of the Court [Seq. 154], and the response date for the Requests are well beyond the 7/19/24 discovery deadline established in this case, and th4e Sternberg Defendants failed even to request, let alone obtain, an Order from the Court compelling Plaintiff to provide responses to the Sternberg RFAs beyond the 7/19/24 discovery deadline. *See* Exhibit B to the GW Request.

Plaintiff also objected to the 43 Interrogatories accompanying the Sternberg RFAs, because the Sternberg Defendants previously served in excess of 25 Interrogatories upon Plaintiff, and the Interrogatories accompanying said defendants' Requests for Admission greatly exceed the 25 interrogatory limit set by the Rules of Court. *See* Exhibit B to the GW Request.

## **LEGAL ARGUMENT IN SUPPORT OF RESPONSE**

Federal Rule 36 states that "A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Federal Rule 36(a)(1), Fed.R.Civ. P. Under Rule 36 of the Federal Rules, a party responding to RFAs has thirty (30) days from service of the RFAs to respond to them. F.R.Civ.P. Rule 36 (a)(3).

Rule 36 provides that a party responding to RFAs may assert an objection to an RFA and state the ground of the objection. F.R.Civ.P. Rule 36 (a)(5). On August 15, 2024, Plaintiff served its Objections and Responses to the 43 Sternberg RFAs. Plaintiff complied with Rule 36 in its Responses to the Sternberg RFAs.

The return date for Plaintiff to respond to the Sternberg RFAs was well beyond the 7/19/24 discovery deadline established in this case. Neither the Sternberg Defendants nor any other party even requested, let alone obtained, approval from the Court, to compel Plaintiff to respond to the Sternberg RFAs, beyond the 7/19/24 discovery deadline. Neither the Sternberg Defendants nor Weiss have proffered any reason why they could not have obtained the requested discovery within the 7/19/24 discovery deadline set by the Court.

Courts routinely deny discovery requested after the discovery deadline in a case has passed. *See* DelPalazzo v. Horizon Grp. Holding, LLC, 2021 U.S. Dist. LEXIS 75467 (3d Cir. 2021); Courtney v. Ivanov, 2016 U.S. Dist. LEXIS 46519 (WD Pa. 2016); Muniz v. Price, 2010 U.S. Dist. LEXIS 117108 (M.D. Pa. 2010); Nesselrotte v. Allegheny Energy, 2008 U.S. Dist. LEXIS 36100 (W.D. Pa. 2008); Heizman v. Cuffaro, 2024 U.S. Dist. LEXIS 28944 (M.D. Pa. 2024); Quarles v. Palakovich, 2010 U.S. Dist. LEXIS 97013 (M.D. Pa. 2010); Puritan Inv. Corp. v. ASLL Corp., 1997 U.S. Dist. LEXIS 19559 (E.D. Pa. 1997).

There is no merit whatsoever to any of the relief requested by Weiss in his GW Request.  In fact, Plaintiff respectfully submits that the GW Request was made by Weiss in bad faith – he specifically was made that Requests for Admission are a discovery tool, but Weiss still proceeded to file his GW Request based upon his (false) claim that RFAs "are not a discovery tool."

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully request that the Court deny the Gary Weiss "Request for order of responses by plaintiff's objections to admissions by plaintiff as admitted" and grant plaintiff such other and further relief as the Court shall deem just.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
PA Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  August 23, 2024                    Attorneys for plaintiff

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below he caused to be served upon defendants and/or their counsel, a true and correct copy of the foregoing Plaintiff's Response in Opposition to the GW Request to Defendants via email and/or regular mail, upon the following:

Seth Laver, Esquire
Joseph Ross, Esquire
Goldberg Segalla
1700 Market Street, Suite 1418
Philadelphia, PA 19103-3907
slaver@goldbergsegalla.com
Jross@goldbergsegalla.com

Gary Weiss
437 1st Avenue
Elizabeth, NJ 07206
wgary4109@gmail.com
monipair@aol.com

Samuel Gross
a/k/a Shlomo Gross
78 Buckminster Road
Rockville Centre, NY 11570
charltonholdinggroupllc@aol.com
publicdiamonds@gmail.com
Scg1212@gmail.com
Samrosinc@icloud.com

Daphna Zekaria
8 Westminster Road
Syosset, NY 11791
Dzandpeanut@aol.com

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE

Date:  August 23, 2024

Attorneys for Plaintiff

11

# EXHIBIT "A"

**From:** **GARY LIGHTMAN** ltag8r@me.com
**Subject:** Re: AEE/Sternberg et al (Docket No. 22-0688)
**Date:** August 16, 2024 at 7:39 AM
**To:** Gary Weiss  wgary4109@gmail.com
**Cc:** Laver, Seth L. slaver@goldbergsegalla.com, Ross, Joseph jross@goldbergsegalla.com, monipair@aol.com, Sam Gross (charltonholdinggroupllc@aol.com) charltonholdinggroupllc@aol.com, Samrosinc@icloud.com, publicdiamonds@gmail.com, Scg1212@gmail.com, Daphna Zekaria dzandpeanut@aol.com, Glenn Manochi gmanochi@lightmanlaw.com, Kim DiTomaso kditomaso@lightmanlaw.com

Gary Weiss,

Google "Are request for admission considered discovery?" and you will get:

In a civil action, a request for admission is a discovery tool that allows one party to request that another party admit or deny the truth of a statement under oath.

"Requests for admission are part of the discovery process in a civil case. In the U.S. federal court system, they are governed by Rule 36 of the Federal Rules of Civil Procedure."

On Aug 15, 2024, at 1:22 PM, Gary Weiss <wgary4109@gmail.com> wrote:

Dear Counsel Gary Lightman,
Regarding your objections and responses to the Sternberg Defendant's request for Admissions.
Your objections are not relevant to the request for admissions:
1. By Definition, requests for Admissions are not discovery because they were not designed to seek discovery of unknown information; rather, they were designed to confirm the accuracy of information already available, since the documents, SPA, SOP, & Bill of sale are already entered into evidence and recognized by Plaintiff, and Plaintiff's use of those evidence in their pleading and Amended pleading, were conceded as Genuine.
2. RFA s are not bound by discovery date.
3. In Plaintiff's deposition, on July 23, 2024, Plaintiff Daniel Scully, claimed on 10 different occasions that Defendant Sternberg was his Lawyer, and represented him, Daniel Scully of THe Safety House, which is an outright & Blatant Lie, contrasted by the evidence, nor could Plaintiff present such contract between Plaintiff & Defendant Sternberg.
4. Just objecting, refusing to give answers in the RFA, is itself an admission, which will be addressed with the court.

Gary Weiss

On Thu, Aug 15, 2024 at 11:26 AM K. DiTomaso <kditomaso@lightmanlaw.com> wrote:

Dear Counsel:

Attached please find Plaintiff's Objections and Responses to the Sternberg Defendants' Requests for Admission.  If you should have any questions, please do not hesitate to call.  Thank you.

Sincerely,

Kim DiTomaso

Legal Assistant

Lightman & Manochi

Telephone: 215-545-3000 x 107

kditomaso@lightmanlaw.com

Gary Lightman Cell: 215-760-3000


*******************************************************************

ATTENTION: This e-mail and any attachments to it may contain PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee.  If you are not the intended recipient or an agent or employee responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination or copying of this document or the information contained therein is strictly prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (215) 545-3000 (or in NJ: 856-795-9669) and delete this e-mail from your computer.


DISCLAIMER - The transmission or receipt of this e-mail and any attachments, in and of itself, does not, and is not intended to, create an attorney-client relationship with Lightman & Manochi or any of its attorneys. The sending of e-mail to Lightman & Manochi or one of its attorneys does not create an attorney-client relationship.  In the event and to the extent that an addressee named herein is not an existing client of

Lightman & Manochi, please note that the contents of this e-mail and any attachments are not legal advice and should not be used as such.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

—
Gary Lightman, Esquire
LIGHTMAN & MANOCHI
cell: 215-760-3000
email: garylightman@lightmanlaw.com and Ltag8r@me.com


LIGHTMAN & MANOCHI
600 West Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Phone:  (215) 545-3000

New Jersey:
Phone: (856) 795-9669 (ext. 107); fax (856) 795-9339

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ATTENTION: This e-mail and any attachments to it may contain PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the addressee.  If you are not the intended recipient or an agent or employee responsible for delivering this e-mail to the intended recipient, you are hereby notified that any dissemination or copying of this document or the information contained therein is strictly prohibited. If you have received this e-mail in error, please notify us immediately by telephone at (215) 545-3000 (or in NJ: 856-795-9669) and delete this e-mail from your computer.

DISCLAIMER - The transmission or receipt of this e-mail and any attachments, in and of itself, does not, and is not intended to, create an attorney-client relationship with Lightman & Manochi or any of its attorneys. The sending of e-mail to Lightman & Manochi or one of its attorneys does not create an attorney-client relationship.  In the event and to the extent that an

create an attorney-client relationship." In the event and to the extent that an addressee named herein is not an existing client of Lightman & Manochi, please note that the contents of this e-mail and any attachments are not legal advice and should not be used as such.
*********************************************************************