IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM | :<br>:<br>:<br>: **CIVIL ACTION**<br>**Plaintiff,** :<br>: **No. 2022-cv-00688 (JMY)**<br>v. :<br>:<br>MANFRED STERNBERG, ESQUIRE, :<br>and MANFRED STERNBERG & :<br>ASSOCIATES, PC, and CHARLTON :<br>HOLDINGS GROUP, LLC, and :<br>SAMUEL GROSS a/k/a SHLOMO :<br>GROSS, and GARY WEISS, :<br>and ASOLARDIAMOND, LLC a/k/a, :<br>ASOLAR. LLC, and DAPHNA :<br>ZEKARIA, ESQUIRE, and SOKOLSKI :<br>& ZEKARIA, P.C. :<br>:<br>**Defendants.** : |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AGAINST ALL DEFENDANTS**

AND NOW, this _____ day of _____ 2024, upon consideration of the Rule 56 Motion for Summary Judgment (the "Motion"), filed by plaintiff American Environmental Enterprises, Inc., d/b/a THE SAFEEYHOUSE.COM ("Plaintiff"), against each of the defendants, Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC (collectively the "Sternberg Defendants"), and Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C. (collectively the "Zekaria Defendants"), and Gary Weiss and ASOLARDIAMOND, LLC, a/k/a ASOLAR, LLC (collectively the "Weiss Defendants"), and Sam Gross and Charlton Holdings Group, LLC (collectively the "Gross Defendants"), pursuant to Rule 56 of the Federal Rules of Civil Procedure; and upon further consideration of the response(s) in opposition to the Motion filed by one or more

1

of the defendants; and the Court being satisfied that there is no genuine issue of material fact that would preclude the entry of Summary Judgment in favor of plaintiff against each of the defendants; and the Court also noting that defaults were filed against the Weiss Defendants [ECF 141], and the Zekaria Defendants [ECF 190], and the Gross Defendants [ECF 100]; and the Court also finding that the Requests for Admission dated June 17, 2024, (the "RFAs") are deemed admitted against the Gross Defendants and the Zekaria Defendants, by reason of said defendants' failure to respond at all to said RFAs; and this Court also finding that the RFAs are deemed admitted against the Sternberg Defendants by reason of said defendants' failure to respond to said RFAs; and this Court finding that there is no material issue of fact, that would preclude the entry of Summary Judgment in favor of plaintiff TSH against all defendants for the claims set forth in plaintiff's Amended Complaint [ECF 80]; and for good cause shown therefor; it is **ORDERED** as follows:

1. Plaintiff's Rule 56 Motion is **GRANTED**.

2. **JUDGMENT** is entered in favor of plaintiff, against each of the Defendants -- Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C., and Gary Weiss, and ASOLARDIAMOND, LLC, a/k/a ASOLAR, LLC, and Sam Gross, and Charlton Holdings Group, LLC -- individually, jointly and severally, for compensatory damages in the amount of $1,965,600.00, which is the amount sought by plaintiff in the Amended Complaint [ECF 80], plus costs, plus additional post-judgment interest at the legal rate from the date of this Order.

3. **JUDGMENT** also is entered establishing liability for punitive damages in favor of plaintiff, against each of the Defendants -- Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C., and Gary Weiss, and

ASOLARDIAMOND, LLC, a/k/a ASOLAR, LLC, and Sam Gross, and Charlton Holdings Group, LLC -- individually, jointly and severally.

      4.      Plaintiff shall have ninety (90) days from the date of this Order, to conduct asset discovery of each of the defendants.

      5.      A hearing to determine the amount of punitive damages to be entered against each of the defendants shall be held in this Court on _____, 2025, commencing at _____ o'clock in the \_\_\_.m.

      BY THE COURT:

_____
John M. Younge,    U.S.D.J.