# EXHIBIT "P-18"

Norris McLaughlin, P.A.
Rebecca J. Price
Attorney I.D. 206182
515 W. Hamilton St, Ste 502
Allentown, PA 18101
P: 610-391-1800; F: 610-391-1805
rprice@norris-law.com
Attorneys for Third Party Defendants
Gary Weiss and A. Solar, LLC

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

| | | |
|---|---|---|
| AMERICAN ENVIRONMENTAL | : | NO. 2:22-cv-00688-JMY |
| ENTERPRISES INC. doing business as | : | |
| THESAFETYHOUSE.COM | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MANFRED STERNBERG, ESQUIRE, | : | |
| MANFRED STERNBERG & | : | |
| ASSOCIATES, PC, | : | |
| CHARLTON HOLDINGS GROUP, LLC, | : | |
| SAMUEL GROSS, | : | |
| Defendants. | : | |
| v. | : | |
| | : | |
| GARY WEISS, | : | |
| A.SOLAR LLC, | : | ANSWER TO PLAINTIFF'S FIRST |
| Third Party Defendants | : | AMENDED COMPLAINT WITH NEW |
| | : | MATTER AND CROSS-CLAIMS |

EXHIBIT
GW 7
KAB    2.16.24

## ANSWER TO FIRST AMENDED COMPLAINT

Answering Defendants, Gary Weiss and A. Solar, LLC[1] (hereinafter "Answering

Defendants" or Weiss Defendants"), through their attorneys, Norris McLaughlin, P.A., hereby file

---

[1] Plaintiff has filed a Motion to Amend Caption alleging that A Solar LLC is not a legal entity and requesting to amend the caption to include ADiamondSolar, LLC d/b/a A Solar LLC. The Court granted the aforesaid Motion before Weiss Defendant's responded to the same. Weiss Defendants filed a Motion for Reconsideration alleging that A Solar, LLC is not a fictitious name of ADiamondSolar, LLC, which is pending with this Court. Norris

this Answer to Plaintiff's, American Environmental Enterprises, Inc., d/b/a TheSafetyHouse.com, First Amended Complaint, as follows:

1. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

2. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

3. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

4. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial. By way of further response, the allegations in the within Paragraph contain conclusions of law to which no response is required. Strict proof thereof is demanded at the trial. The Weiss Defendants specifically deny any fraudulent activity as alleged.

5. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny

---

McLaughlin has not been retained by and it does not represent ADiamondSolar, LLC and does not file a response on behalf of the same.

the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial. By way of further response, the Weiss Defendants never entered into any agreement with Plaintiff, nor did it receive any funds directly from Plaintiff. To the extent that the Weiss Received funds related to the allegations in the within Paragraph, a full refund, in the form of collateral, was provided by the Weiss Defendants to the Gross Defendants and the Sternberg Defendants, the only parties with whom the Weiss Defendants had a contractual agreement. Strict proof to the contrary is demanded at the time of trial.

6. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial. By way of further response, see the Weiss Defendants' response to Paragraph 5.

## PARTIES, JURISDICTION AND VENUE

7. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

8. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

9. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

10. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

11. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

12. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

13. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

14. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

15. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

16. Admitted.

17. Denied.

18. Denied. The averments in this paragraph constitute conclusions of law to which no response is required. Said allegations are denied and strict proof thereof are demanded at the time of trial.

19. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

20. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

21. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

22. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required. Said allegations are denied and strict proof thereof is demanded at the time of trial.

## FACTUAL BACKGROUND

23. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

24. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

25. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny

the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

26. Denied.   The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

27. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

28. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

29. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

30. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

31. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

32. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

33. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

34. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

35. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

36. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny

the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

37. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

38. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

39. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

40. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

41. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial. By way of further response, none of the "aforesaid fraudulent conduct" refer or relate to conduct of the Weiss Defendants.

42. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

43. Denied. The Weiss Defendants specifically deny that they have made any "lies or representations" to Plaintiff. As set forth in Paragraph 5, the Weiss Defendants never entered into any agreement with Plaintiff, nor did it receive any funds directly from Plaintiff. Strict proof to the contrary is demanded at the time of trial.

44. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

45. Denied. The Weiss Defendants specifically deny that Plaintiff made any requests of them prior to their joinder to this lawsuit. As set forth in Paragraph 5, the Weiss Defendants never entered into any agreement with Plaintiff, nor did it receive any funds directly from Plaintiff. Strict proof to the contrary is demanded at the time of trial.

46. Denied. The Weiss Defendants never entered into any agreement with Plaintiff, nor did it receive any funds directly from Plaintiff related to COVID Test Kits. Strict proof to the contrary is demanded at the time of trial.

47. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

48. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial.

49. Denied. The Weiss Defendants deny that Gary Weiss contacted the Plaintiff using the name "Shagra". Strict proof is demanded at the time of trial.

50. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial. By way of further response, upon information and belief, Covid Test Kits were delivered to Safety House and Safety House refused delivery of same.

51. Denied. Strict proof thereof is demanded at the time of trial. By way of further response, upon information and belief, Covid Test Kits were delivered to Safety House and Safety House refused delivery of same.

52. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial. As set forth in Paragraph 5, the Weiss Defendants never entered into any agreement with Plaintiff, nor did it receive any funds directly from Plaintiff. Strict proof to the contrary is demanded at the time of trial.

53. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial. As set forth in Paragraph 5, the Weiss Defendants never entered into any agreement with Plaintiff, nor did it receive any funds directly from Plaintiff. Strict proof to the contrary is demanded at the time of trial. To the extent that the Weiss Defendants received funds from the Gross Defendants or the Sternberg Defendants for delivery of Covid Test Kits, all such funds were fully refunded to the same and receipt of said refund was acknowledged. (A true and correct copy of email

correspondence between the Weiss Defendants and Gross Defendants dated March 7, 2023, is attached hereto as Exhibit 1).

54. Denied. The Weiss Defendants are without information or knowledge to admit or deny what Plaintiff has "learned", whereby said allegations are denied and strict proof thereof are demanded at the time of trial. By way of further response, the allegations in the within Paragraph contains conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. The Weiss Defendants specifically deny that it participated in a fraudulent scheme to deprive Plaintiff of its property.

55. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof are demanded at the time of trial. As set forth in Paragraph 5, the Weiss Defendants never entered into any agreement with Plaintiff, nor did it receive any funds directly from Plaintiff. Strict proof to the contrary is demanded at the time of trial.

56. Denied. The allegations in the within Paragraph refer to Defendants other than the Weiss Defendants. Moreover, the allegations refer to a document, which speaks for itself, any characterization of the same is denied.

57. Denied. The allegations in the within Paragraph refer to a document which speaks for itself, and any characterization thereof is expressly denied. By way of further response, the document referenced in the within Paragraph appears to be an invoice. There is no "agreement" as alleged by Plaintiff. Strict proof thereof is demanded at the time of trial.

58. Denied. It is expressly denied that the Sternberg Defendants have asserted any claims against the Weiss Defendants. A Third-Party Complaint was filed solely on behalf of the

Gross Defendants. Strict proof to the contrary is demanded at the time of trial. By way of further response, since filing the Third-Party Complaint, the Gross Defendants have advised that they are no longer pursuing said claims as a result of the full refund that the Gross Defendants received from the Weiss Defendants. (A true and correct copy of text message correspondence between the Weiss Defendants and Gross Defendants dated March 7 is attached hereto as Exhibit 2).

59. Denied. The allegations in the within Paragraph refer to a document which speaks for itself, and any characterization thereof is expressly denied. By way of further response, the Weiss Defendants filed an Answer to the Third-Party Complaint in which the Weiss Defendants allege that a full refund, in the form of collateral, was provided to remaining Defendants, and receipt of said refund has been acknowledged by Defendant Gross. (*See* Exhibit 1). Strict proof to the contrary is demanded at the time of trial.

60. Denied. The allegations in the within Paragraph refer to a document which speaks for itself, and any characterization thereof is expressly denied. By way of further response, the Weiss Defendants filed an Answer to the Third-Party Complaint in which the Weiss Defendants allege that a full refund, in the form of collateral, was provided to remaining Defendants, and receipt of said refund has been acknowledged by Defendant Gross. Strict proof to the contrary is demanded at the time of trial. (*See* Exhibit 1).

61. Denied. The allegations in the within Paragraph refer to a document which speaks for itself, and any characterization thereof is expressly denied. By way of further response, the Weiss Defendants filed an Answer to the Third-Party Complaint in which the Weiss Defendants allege that a full refund, in the form of collateral, was provided to remaining

Defendants, and receipt of said refund has been acknowledged by Defendant Gross. Strict proof to the contrary is demanded at the time of trial. (*See* Exhibit 1).

62. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required. Whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants specifically deny any involvement in a "shell game" to wrongfully retain Plaintiff's funds. The Weiss Defendants have never had any agreement with Plaintiff and did not receive any funds directly from Plaintiff. To the extent that the Weiss Defendants received funds from the remaining Defendants, said funds were refunded in the form of collateral. Strict proof to the contrary is demanded at the time of trial.

63. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the allegations in the within Paragraph contain conclusions of law to which no response is required. Said allegations are denied and strict proof thereof is demanded at the time of trial.

64. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the allegations in the within Paragraph contain conclusions of law to which no response is required. Said allegations are denied and strict proof thereof is demanded at the time of trial. Additionally, the Weiss Defendants specifically deny any "intentional", "knowing", "deliberate", "outrageous", and/or "extreme" conduct which would entitle Plaintiff to "punitive" damages in this matter.

## COUNT I
### Fraud in the Inducement
#### Plaintiff v. Gross Defendants & Sternberg Defendants

65. – 76.   Denied. The allegations in the within Paragraph refer to a party other than the Weiss Defendants. As a result, no response by the Weiss Defendants is required. To the extent a response is required, the allegations are denied, and strict proof is requested at the time of hearing.

## COUNT II
### Fraud
#### Plaintiff v. Gross Defendants & Sternberg Defendants

77. – 87.   Denied. The allegations in the within Paragraph refer to a party other than the Weiss Defendants. As a result, no response by the Weiss Defendants is required. To the extent a response is required, the allegations are denied, and strict proof is requested at the time of hearing.

## COUNT III
### Fraud
#### Plaintiff v. Weiss Defendants and Zakaria Defendants

88. The Weiss Defendants incorporate paragraphs one (1) through eighty-seven (87) from above as if the same as set forth at length herein.

89. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied, and strict proof is requested at the time of hearing.

90. Denied. The Weiss Defendants are without information or knowledge to admit or deny representations made by the remaining defendants. Said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, to the extent that the Weiss Defendants received funds from the remaining Defendants for Covid Test

Kits, all such funds were refunded in the form of collateral. Strict proof to the contrary is demanded at the time of trial.

91. Denied. The allegations in the within Paragraph refer to a document which speaks for itself, and any characterization thereof is expressly denied. Strict proof thereof is demanded at the time of trial.

92. Denied. The Weiss Defendants are without information or knowledge to admit or deny what any other defendant may or may not have done. Whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants never entered into any agreement related to the delivery of Covid Test Kits with Plaintiff, did not receive any funds directly from Plaintiff and did not deliver any "Gemstones" to Plaintiff, nor was it responsible for doing so. Strict proof to the contrary is demanded at the time of trial.

93. Denied. It is specifically denied that any representations were made by the Weiss Defendants to the Plaintiff before the Weiss Defendants' joinder to this lawsuit. Strict proof thereof is demanded at the time of trial.

94. Denied. The Weiss Defendants are without information or knowledge to admit or deny what Plaintiff relied upon and/or any statements allegedly made by other Defendants, whereby said allegations are denied and strict proof thereof is demanded at the time of trial.

95. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants specifically deny any "intentional and willful" conduct as alleged by Plaintiff.

WHEREFORE, Answering Defendants, Gary Weiss and A. Solar, LLC, respectfully request that this Court Dismiss Count Three (III) of Plaintiff's First Amended Complaint, with prejudice.

### COUNT IV
### Wrongful Civil Conspiracy
### Plaintiff v. All Defendants

96. The Weiss Defendants incorporate paragraphs one (1) through ninety-five (95) from above as if the same were set forth at length herein.

97. Denied The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants never received any funds directly from Plaintiff. Strict proof to the contrary is demanded at the time of trial.

98. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants made no promises or representations to Plaintiff, entered into no Agreements and received no funds from Plaintiffs as set forth in the within Paragraph. Strict proof to the contrary is demanded at the time of trial.

99. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants never received any funds directly from Plaintiff. Strict proof to the contrary is demanded at the time of trial.

100. Denied. Strict proof is requested at the time of hearing.

101. Denied. Strict proof is requested at the time of hearing.

102. Denied. Strict proof is requested at the time of hearing.

103. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required whereby said allegations are denied and strict proof is requested at the time of hearing. The Weiss Defendants specifically deny any involvement in an alleged conspiracy.

104. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required whereby said allegations are denied and strict proof is requested at the time of hearing. The Weiss Defendants specifically deny any involvement in an alleged conspiracy.

105. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required whereby said allegations are denied and strict proof is requested at the time of hearing. The Weiss Defendants specifically deny any involvement in an alleged conspiracy.

106. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph whereby said allegations are denied and strict proof thereof is demanded at the time of trial.

107. Denied. The Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph whereby said allegations are denied and strict proof thereof is demanded at the time of trial.

108. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is

demanded at the time of trial. By way of further response, the Weiss Defendants specifically deny any "intentional and willful" conduct as alleged by Plaintiff.

**WHEREFORE**, Answering Defendants, Gary Weiss and A. Solar, LLC, respectfully request that this Court Dismiss Count Four (IV) of Plaintiff's First Amended Complaint, with prejudice.

## COUNT V
### Piercing the Corporate Veil
### Plaintiff v. Gross Defendants and CHG Defendants

109. The Weiss Defendants incorporate paragraphs one (1) through one-hundred-eight (108) from above as if the same were set forth at length herein.

110. – 112. Denied. The allegations in the within Paragraph refer to a party other than the Weiss Defendants. As a result, no response by the Weiss Defendants is required. To the extent a response is required, the allegations are denied, and strict proof is requested at the time of hearing.

## COUNT VI
### Piercing the Corporate Veil
### Plaintiff v. Gross Defendants and CHG Defendants

113. The Weiss Defendants incorporate paragraphs one (1) through one-hundred-twelve (112) from above as if the same were set forth at length herein.

114. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, since filing the Amended Complaint, Plaintiff has alleged that A Solar LLC does not exist and has filed documents identifying another individual as the managing member.

115. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, since filing the Amended Complaint, Plaintiff has alleged that A Solar LLC does not exist and has filed documents identifying another individual as the managing member.

116. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, since filing the Amended Complaint, Plaintiff has alleged that A Solar LLC does not exist and has filed documents identifying another individual as the managing member.

**WHEREFORE**, Answering Defendants, Gary Weiss and A. Solar, LLC, respectfully request that this Court Dismiss Count Six (VI) of Plaintiff's First Amended Complaint, with prejudice.

## COUNT VII
### Participation Theory
### Plaintiff v. Gross Defendants and CHG Defendants

117. The Weiss Defendants incorporate paragraphs one (1) through one-hundred-sixteen (116) from above as if the same were set forth at length herein.

118. – 134. Denied. The allegations in the within Paragraph refer to a party other than the Weiss Defendants. As a result, no response by the Weiss Defendants is required. To the extent a response is required, the allegations are denied, and strict proof is requested at the time of hearing.

## COUNT VIII
## Unjust Enrichment/Quantum Meruit
## Plaintiff v. Gross Defendants and Sternberg Defendants

135. The Weiss Defendants incorporate paragraphs one (1) through one-hundred-thirty-four

(134) from above as if the same were set forth at length herein.

136. – 145. Denied. The allegations in the within Paragraph refer to a party other than the

Weiss Defendants. As a result, no response by the Weiss Defendants is required. To the

extent a response is required, the allegations are denied, and strict proof is requested at the

time of hearing.

## COUNT IX
## Intentional Interference with Existing Contractual Relations
## Plaintiff v. All Defendants

146. The Weiss Defendants incorporate paragraphs one (1) through one-hundred-forty-five

(145) from above as if the same were set forth at length herein.

147. Denied. The allegations in the within Paragraph contain conclusions of law to which no

response is required, whereby said allegations are denied and strict proof thereof is

demanded at the time of trial. By way of further response, the Weiss Defendants are

without information or knowledge to admit or deny the allegations in the within Paragraph.

Whereby said allegations are denied and strict proof thereof is demanded at the time of

trial.

148. Denied. The allegations in the within Paragraph contain conclusions of law to which no

response is required, whereby said allegations are denied and strict proof thereof is

demanded at the time of trial. By way of further response, the Weiss Defendants are

without information or knowledge to admit or deny the allegations in the within Paragraph.

Whereby said allegations are denied and strict proof thereof is demanded at the time of trial.

149. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph. Whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants specifically deny any "specific intent to harm" Plaintiff.

150. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph. Whereby said allegations are denied and strict proof thereof is demanded at the time of trial.

151. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph. Whereby said allegations are denied and strict proof thereof is demanded at the time of trial.

152. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is

demanded at the time of trial. By way of further response, the Weiss Defendants are
without information or knowledge to admit or deny the allegations in the within Paragraph.
Whereby said allegations are denied and strict proof thereof is demanded at the time of
trial.

**WHEREFORE,** Answering Defendants, Gary Weiss and A. Solar, LLC, respectfully
request that this Court Dismiss Count Nine (IX) of Plaintiff's First Amended Complaint, with
prejudice.

## COUNT X
### Intentional Interference with Prospective Economic Advantage
### Plaintiff v. All Defendants

153. The Weiss Defendants incorporate paragraphs one (1) through one-hundred-fifty-two
(152) from above as if the same were set forth at length herein.

154. Denied. The allegations in the within Paragraph contain conclusions of law to which no
response is required, whereby said allegations are denied and strict proof thereof is
demanded at the time of trial. By way of further response, the Weiss Defendants are
without information or knowledge to admit or deny the allegations in the within Paragraph.
Whereby said allegations are denied and strict proof thereof is demanded at the time of
trial.

155. Denied. The allegations in the within Paragraph contain conclusions of law to which no
response is required, whereby said allegations are denied and strict proof thereof is
demanded at the time of trial. By way of further response, the Weiss Defendants are
without information or knowledge to admit or deny the allegations in the within Paragraph.
Whereby said allegations are denied and strict proof thereof is demanded at the time of
trial.

156. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph. Whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants specifically deny any "specific intent to harm" Plaintiff.

157. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph. Whereby said allegations are denied and strict proof thereof is demanded at the time of trial.

158. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph. Whereby said allegations are denied and strict proof thereof is demanded at the time of trial.

159. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial. By way of further response, the Weiss Defendants are without information or knowledge to admit or deny the allegations in the within Paragraph.

Whereby said allegations are denied and strict proof thereof is demanded at the time of trial.

**WHEREFORE,** Answering Defendants, Gary Weiss and A. Solar, LLC, respectfully request that this Court Dismiss Count Ten (X) of Plaintiff's First Amended Complaint, with prejudice.

## COUNT XI
### Unjust Enrichment/Quantum Meruit
### Plaintiff v. Weiss Defendants

160. The Weiss Defendants incorporate paragraphs one (1) through one-hundred-fifty-nine (159) from above as if the same were set forth at length herein.

161. Denied. The allegations in the within Paragraph contain conclusions of law to which no response is required, whereby said allegations are denied and strict proof thereof is demanded at the time of trial.

162. Denied. Strict proof is requested at the time of hearing. By way of further response, to the extent the Weiss Defendants received any funds from the remaining Defendants, said funds were refunded in the form of collateral. Strict proof to the contrary is demanded at the time of trial.

163. Denied. Strict proof is requested at the time of hearing.

164. Denied. Strict proof is requested at the time of hearing. By way of further response, Plaintiff did not confer anything, have any agreement with, or make any payment to the Weiss Defendants. Strict proof to the contrary is demanded at the time of trial.

165. Denied. Strict proof is requested at the time of hearing.

166. Denied. Strict proof is requested at the time of hearing.

167. Denied. Strict proof is requested at the time of hearing.

**WHEREFORE**, Answering Defendants, Gary Weiss and A. Solar, LLC, respectfully request that this Court Dismiss Count Eleven (XI) of Plaintiff's First Amended Complaint, with prejudice.

## FACTS SUPPORTING AFFIRMATIVE DEFENSES AND CROSS-CLAIMS

168. The Weiss Defendants incorporate each of the foregoing paragraphs as if the same were set forth at length herein.

169. In or around January 2022, The Weiss Defendants agreed to provide Covid-19 test kits to the Gross/Sternberg Defendants, which the Weiss Defendants understood would then be sold to a third party.

170. Thereafter, the Weiss Defendants made necessary arrangements to procure the aforesaid test kits.

171. At the direction of the Gross and Sternberg Defendants, the Weiss Defendants were to make arrangements for the test kits to be transported directly to the end-user.

172. On February 7, 2022, the Weiss Defendants provided photographic evidence of the test kits on the transport vehicle to the Sternberg and Gross Defendants.

173. Thereafter, upon information and belief, the Gross and Sternberg Defendants provided a partial payment for the test kits to the Weiss Defendants via electronic wire.

174. Thereafter, the transport vehicle left its location around 11:00 AM, and the Weiss Defendants were under the impression that the test kits would arrive at their designated locations by Monday February 14, 2022.

175. Shortly after the transport vehicle left its location, the transport company advised that it required a Bill of Lading in order to complete the transport.

176. The transport company requested, from The Weiss Defendants, a Bill of Lading for each destination.

177. The Weiss Defendants did not have the requested Bill of Lading, nor did they have the requisite information to complete a Bill of Lading.

178. The Weiss Defendants, accordingly, requested a bill of sale and Bill of Lading from Third-Party Plaintiffs and the Sternberg Defendants.

179. As neither The Gross nor Sternberg Defendants provided a Bill of Lading, the transport company, Available Movers, transported the test kits to its own storage facility to hold them there until such time as the Bill of Lading could be procured.

180. Over the course of the next few weeks, the Weiss Defendants repeatedly requested the Bill of Lading, and requisite details, from the Gross and Sternberg Defendants.

181. After approximately 2 weeks, the transport company notified the Weiss Defendants that the test kits needed to be retrieved as it would no longer store them at its facility.

182. Still having not received the Bill of Lading, the Weiss Defendants made arrangements to retrieve the test kits from the transport facility.

183. Upon arrival at the transport facility, the Weiss Defendants learned that the test kits were no longer on the truck and that they could not be located.

184. Upon learning the foregoing, the Weiss Defendants offered to provide a full refund to the Gross Defendants. (A true and correct copy of email correspondence dated March 1, 2022, offering a refund, is attached hereto and marked as Exhibit "3").

185. The Weiss Defendants were notified by the Gross Defendants Plaintiffs that they would not accept a refund. (*Please see*: Exhibit "3").

186. The Gross Defendants requested collateral from the Weiss Defendants as security for the future delivery of the test kits. (A true and correct copy of the February 2, 2022, Letter from the Gross Defendants to the Weiss Defendants is attached hereto as Exhibit "4").

187. On February 26, 2022, the Weiss Defendants did provide collateral to the Gross Defendants in excess of the payment received from the Gross Defendants.

188. The Gross Defendants provided correspondence to the Weiss Defendants confirming receipt of the aforesaid collateral and confirming that the Weiss Defendants offer to refund the monies paid to them was rejected. (*Please see*: Exhibit "4").

189. Upon information and belief, the Gross Defendants were directed to accept the aforesaid collateral by the Sternberg Defendants. (*Please see*: Exhibit "4").

190. The Gross Defendants acknowledged and accepted the aforesaid collateral. (*Please see*: Exhibits "1" & "4).

191. On or around March 1, 2022, when it appeared that the test kits were irretrievably lost, the Weiss Defendants provided additional collateral to the Gross Defendants.

192. Thereafter, the Gross Defendants advised the Weiss Defendants that, having received a full refund in the form of the collateral, their business was concluded. (*Please see*: Exhibits "1", "2", and "4").

193. To date, the collateral has not been returned to the Weiss Defendants.

194. After instituting this litigation, the Gross Defendants notified the Weiss Defendants of their intention to abandon their claim against the Weiss Defendants (and notably did not oppose the Motion to Dismiss filed by Third-Party Defendants). (*Please See*: Exhibits "1", "2", and "4").

195. The Weiss Defendants satisfied all obligations to the Gross Defendants.

196. The Gross Defendants have retained the collateral.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations

and/or the doctrines of estoppel, release and waiver.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff suffered no damages or

injuries for which the Weiss Defendants are liable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has suffered no legal damages.

## FIFTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or loss, such damages or losses were caused in whole or

in part by individuals or entities over which the Weiss Defendants had not control or right of

control.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

The Weiss Defendants at all times acted lawfully, in good faith and for legitimate

purposes.

### EIGHTH AFFIRMATIVE DEFENSE

The Weiss Defendants have no contractual relationship with Plaintiff, received no funds from Plaintiff and made no representations to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

The Weiss Defendants are not legally or factually liable for damages allegedly suffered by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

At all times, the Weiss Defendants were ready, willing and able to perform under the terms of the agreement with The Gross Defendants and/or the Sternberg Defendants but were prevented from doing so by the same in this proceeding.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of justification.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of impossibility of performance, impracticability, illegality and frustration of purpose.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Weiss Defendants fully refunded any monies received by the remaining Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims.

### FIFTEENTH AFFIRMATIVE DEFENSE

Venue is not appropriate in this Court.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of accord and satisfaction.

## SEVENTEENTH AFFIRMATIVE DEFENSE

There is no privity of contract between Plaintiff and the Weiss Defendants

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not confer any benefit upon the Weiss Defendants.

**WHEREFORE,** the Third-Party Defendants, Gary Weiss and A Solar, LLC respectfully

requests that this Honorable Court enter an Order dismissing it from these proceedings and

granting whatever additional relief this Court deems necessary and just.

## AS AND FOR A FIRST COUNTERCLAIM
### Indemnification v. All Defendants

197. The Weiss Defendants incorporate paragraphs one (1) through one-hundred-ninety-six

(196) from above as if the same were set forth at length herein.

198. The Weiss Defendants, while denying all liability, aver that they are entitled to be

indemnified and held harmless by the other named Defendants.

199. The Weiss Defendants met their contractual obligations and went as far as to offer the

Gross Defendant's a full refund.

200. After this point, the Weiss Defendants had no further involvement in this matter after

providing the requested collateral.

201. The Weiss Defendants aver that they fulfilled their obligations, and the remaining

Defendants are solely liable to Plaintiff.

202. If the Weiss Defendants are found liable to any extent, Defendants Manfred Sternberg,

Esquire, Manfred Sternberg & Associates, PC, Charlton Holdings Group, LLC, Shlomo

Gross a/k/a Samuel Gross, Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C,

should indemnify the Weiss Defendants.

## AS AND FOR A FIRST CROSSCLAIM

### Contribution v. All Defendants

203. The Weiss Defendants incorporate paragraphs one (1) through two-hundred two (202) from above as if the same were set forth at length herein.

204. If the Weiss Defendants are found liable to any extent, Defendants NAME, are jointly and severally liable as joint tortfeasors.

205. If the Weiss Defendants are found liable to any extent, Defendants Manfred Sternberg, Esquire, Manfred Sternberg & Associates, PC, Charlton Holdings Group, LLC, Shlomo Gross a/k/a Samuel Gross, Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C, are jointly and severally liable for the breaches alleged by Plaintiff.

206. The Weiss Defendants demand contribution from all named Defendants for any judgment that may be entered against them.

**WHEREFORE**, Answering Defendants, Gary Weiss and A. Solar, LLC, respectfully request that this Court Dismiss all claims against them and Grant their Affirmative Defenses and Cross-Claims, and any further relief that this Court deems just and proper.

Date: 9/12/2023

Respectfully submitted,

/s/ *Rebecca J. Price*

Rebecca J. Price, Esq.
Attorney I.D. #206182
515 W. Hamilton St, Ste 502
Allentown, PA 18101
P: 610-391-1800; F: 610-391-1805
Attorneys for Third Party Defendants
Gary Weiss and A. Solar, LLC

## VERIFICATION

I, Gary Weiss, on behalf of myself and A.Solar, LLC, hereby verify that the statements made in the foregoing Answer to Plaintiff's First Amended Complaint, Affirmative Defenses, and Cross-Claims, are true to the best of my personal knowledge, information and belief. I understand that this verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to un-sworn falsification to authorities.

Date: 9-12-2023

GARY WEISS

# EXHIBIT "1"

Case 2:22-cv-00688-JMY   Document 196-26   Filed 09/30/24   Page 35 of 43

(1,895 unread) - monipalr@aol.com - AOL Mail     Case 2:22-cv-00688-JMY   Document 101   Filed 09/01/23   Page 2 of 13     3/7/23, 11:04 AM



Advanced ∨                                        JIR.JA      Is

← Back   ⤆  ⤇  ➡   📁 Move   🗑 Delete   😊 Spam   ••• More

Today on AOL

| Inbox | 1.9K |
| Unread | |
| Starred | |
| Drafts | *7 |
| Sent | |
| Spam | |
| Trash | |
| ⌃ Less | |

BLUERIVER4747/GARY <monipalr@aol.com> ∨

§ sam gross

Re: Release from Liability, order satisfied

AA  B  *I*  U̲  ⎯  ∞  ☺  ☰  ☰  ⯮  ↕

| Views | Hide |
| Contacts | |
| Photos | |
| Documents | |
| Subscriptions | |
| Travel | |

On Tuesday, March 7, 2023, 10:35:04 AM EST, sam gross
<charltonholdinggroupllc@aol.com> wrote:

Yes. That is correct. And what we had agreed upon.

Thanks.
Sam Gross.

Sent from the cluster AOL app for iOS

| Folders | Hide |
| + New Folder | |
| Saved Mail | |
| Archive | |
| gary | |
| Notebook | |
| Notes | |
| SavedIMs | |

On Tuesday, March 7, 2023, 6:59 AM,
BLUERIVER4747/GARY <monipalr@aol.com> wrote:

Hi Sam, Regarding the Covid-19 kits to be shipped on
Feb-March of 2022,
You agreed that I gave you Merchandise of Diamonds
and Gems instead of the 151,000 covid-19 kits, as a
full refund which was on the advice of your counsel
Manfred Sternberg, which is over $3,000,000 worth,
and you consider it as full refund on the kits
transaction, and have no further demands from me,
and my obligations in that matter are satisfied in full,
and no further action or legal demand from me will take
place, which started as Collateral on advice of your
lawyer, and then considered as full refund.

# EXHIBIT "2"

 · XM Wi-Fi 🛜 **12:00 PM** ⑭ **63%** 



## SamGrosss







# EXHIBIT "3"

Gmail - (no subject)

![Gmail]

Gary Weiss <wgary4109@gmail.com>

## (no subject)
1 message

Gary Weiss <wgary4109@gmail.com>                                                                    Tue, Mar 1, 2022 at 8:19 AM
To: Manfred Sternberg ESQ <manfred@manfredlaw.com>, sam gross <Charltonholdinggroupllc@aol.com>

Good Morning guys. We will deliver and I will address all your questions this morning. Sam, I forgive your antics as I know how hard it is to wait for this to co
conclude, I believe all the things I stated and regardless of whatever issues I have, or had ? it will not affect you and your buyers. Of course as I said many times
before ? If you like a refund you have no questions asked. And please keep your commitment to return my gems once this is concluded.

Thanks
Gary



# EXHIBIT "4"



# C HOLDING LLC

78 Buckminster rd , rvc , NY , 11570.
2/28/22

From the desk of : Sam Gross , president , Charlton Holding Group Llc

## Dear Gary weiss ,

This letter is to attest; that due to my Attorny , Mr Manfred Sternberg ESQ , request , I will accept collateral in the form of gems due to the fact you are having issues with supplying the Covid tests my organization had paid for, and you were supposed to send my customers in Philadelphia, New York and New Jersey. Due to my attorneys request I will not request a refund , but will obtain the commentary in the hope you may supply said Covid test. And of course should you not ? The collateral will be suffice.

My attorney and his team has requested said collateral. There for I have to accept it. I do respect your efforts. And I understand you have no goods to supply at the moment due to certain global supply chain issues. So due to Mr Sternberg request and so forth directive ? We will accept your collateral. Thank you so much.

Should you decide to provide the Covid test ? I will then return the collateral. If not per Me Manfred Sternberg I will have to keep it.

This letter was created and approved by Charlton Holding Group LLC , on February 24th in the year of 2022.



Sam Gross

Charlton holding group llc.



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA (Philadelphia)

AMERICAN ENVIRONMENTAL          :
ENTERPRISES INC. doing business as  :
THESAFETYHOUSE.COM              :        NO. 2:22-cv-00688-JMY
            Plaintiff,          :
      v.                        :
                                :
MANFRED STERNBERG, ESQUIRE,     :
MANFRED STERNBERG &             :
ASSOCIATES, PC,                 :
CHARLTON HOLDINGS GROUP, LLC,   :
SAMUEL GROSS,                   :                                    :
            Defendants.         :
      v.                        :
                                :
GARY WEISS,                     :
A.SOLAR LLC,                    :
      Third Party Defendants    :
And                             :
AMERICAN ENVIRONMENTAL          :
ENTERPRISES INC.                :
            Counter Defendant   :

## **CERTIFICATION OF SERVICE**

I hereby certify that I have served upon all persons listed below a true and correct copy of

the Weiss Defendant's Answer to Amended Third-Party Complaint in the above-captioned

matter this date by regular mail and/or electronic service.

Glenn A. Manochi, Esquire
Gary P. Lightman, Esquire
William Lyle Stamps, Esquire
Lightman & Manochi
600 W. Germanton Pike, Suite 400
Plymouth Meeting, PA 19462
Emails: gmanochi@lightmanlaw.com; garylightman@lightmanlaw.com;
wlstamps@lightmanlaw.com
Attorneys for Plaintiff/Counter Defendant, American Environmental Enterprises Inc. d/b/a
TheSafetyhouse.com

Seth L. Laver, Esquire
Jason S. Kaner, Esquire
GOLDBERG SEGALLA LLP
1700 Market Street, Ste, 1418
Philadelphia, PA 18103
Email: slaver@goldbergsegalla.com; Jkaner@goldbergsegalla.com
Attorneys for Defendants/Third Party Plaintiffs/Counter Claimants Manfred Sternberg, Esq.
and Manfred Sternberg & Associates, PC

Samuel Gross
Charlton Holdings Group, LLC
78Buckminster Road
Rockville Center, NY 11570
Email: charltonholdinggroupllc@aol.com
Pro se

NORRIS MCLAUGHLIN, P.A.

Dated: 9/12/2023

By: /s/ *Rebecca J. Price*

Rebecca J. Price, Esq.
Attorney I.D. No. 206182
515 Hamilton Street, Suite 502
Allentown, PA 18101
(610) 391-1800/(f) (610) 391-1805
rprice@norris-law.com
Attorney for Third Party Defendants