# EXHIBIT "P-39"

| | |
|---|---|
| GOLDBERG SEGALLA LLP<br>BY:  SETH L. LAVER<br>ATTORNEY ID NO:  94518<br>1700 MARKET STREET, SUITE 1418<br>PHILADELPHIA, PA 19103-3907<br>T:  267-519-6800<br>F:  267-519-6801<br>Email:  slaver@goldbergsegalla.com | *Attorneys for Defendants*<br>*Manfred Sternberg, Esquire and*<br>*Manfred Sternberg & Associates* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| American Environmental Enterprises, Inc. d/b/a THESAFETYHOUSE.COM | : | |
| *Plaintiff,* | : | |
| v. | : | CIVIL ACTION |
| Manfred Sternberg, Esquire; Manfred Sternberg & Associates, PC; Charlton Holdings Group, LLC; and Samuel Gross, | : | No. 2022-CV-00688(JMY) |
| *Defendants,* | : | |
| v. | : | |
| Gary Weiss | : | |
| *Third Party Defendant.* | : | |

**ANSWERS AND OBJECTIONS OF DEFENDANTS MANFRED STERNBERG, ESQ AND MANFRED STERNBERG & ASSOCIATES, PC TO <u>PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>**

Defendants Manfred Sternberg, Esquire and Manfred Sternberg & Associates, PC (collectively, the "Sternberg Defendants" or "Answering Defendants"), by and through their undersigned counsel Goldberg Segalla LLP, hereby respond to the First Set of Interrogatories of Plaintiff American Environmental, Enterprises, Inc. D/B/A THESAFETYHOUSE.com ("Plaintiff"), as follows:

<u>**GENERAL OBJECTIONS**</u>

Answering Defendants assert the following objections to Plaintiff's Interrogatories. Each such objection is incorporated by reference into each of Answering Defendants' responses to the Interrogatories.

1. Answering Defendants object to the instructions, definitions and interrogatories (collectively, the "Interrogatories") to the extent they seek to impose upon Answering Defendants obligations greater than those imposed by the applicable Rules of Civil Procedure, the rules of this Court, or other applicable law.

2. Answering Defendants object to the Interrogatories to the extent they require them to provide the same information more than once on the ground that such duplicative disclosure is unduly burdensome.

3. Answering Defendants object to the Interrogatories to the extent they seek privileged or otherwise protected communications, including without limitation, information protected by the attorney-client privilege, the work-product doctrine, or to the extent they seek proprietary, confidential, or sensitive commercial information.

4. Answering Defendants object to the Interrogatories to the extent that any Interrogatory is vague, ambiguous, unclear, or otherwise unintelligible.

5. Answering Defendants object to the Interrogatories to the extent that they seek information not relevant to issues raised in this action and not reasonably calculated to lead to the discovery of admissible evidence. Nothing herein shall be construed (a) as an admission by Answering Defendants respecting the admissibility or relevance of any fact or document, or (b) as an admission of the truth or accuracy of any characterization, document, or information or any kind sought by the Interrogatories.

6. Answering Defendants object to the Interrogatories to the extent that they are overly broad, unduly burdensome, or oppressive.

7. Answering Defendants object to the Interrogatories to the extent that any Interrogatory seeks information that is protected from discovery under the Rules of Civil Procedure, the rules of this Court, or other applicable law.

8. Answering Defendants object to the Interrogatories to the extent that any Interrogatory assumes facts not admitted and is argumentative.

9. Answering Defendants' responses to the Interrogatories are made without in any way waiving or intending to waive but, rather, to the contrary, preserving, and intending to preserve the following:

   a. all questions as to the confidentiality, relevance, materiality, privilege, and admissibility of evidence for any purpose of the responses or documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;
   b. the right to objects on any ground to the use of the response or documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding or investigation;
   c. the right to object at any time to any other Interrogatories; and
   d. the right at any time to revise, supplement, correct, add to or clarify this response.

10. Answering Defendants object to the Interrogatories to the extent that any Interrogatory does not set forth any specific timeframe and thus is overly broad, burdensome, and oppressive.

11. Answering Defendants object to the Interrogatories to the extent that any Interrogatory calls for information not in the answering party's possession, custody or control.

12. Answering Defendants object to the Interrogatories to the extent that any Interrogatory calls for information that is in the possession of the requesting party or that is no less available to the requesting party than to Answering Defendants.

## INTERROGATORIES

1. Identify the date and amount and payee of each disbursement of the Escrow Funds made from the Escrow Account for the Order and, for each disbursement, set forth in detail to whom the disbursement was made, the date of the disbursement, the amount of the disbursement, the type of disbursement (wire transfer, check, EFT, etc.) and the bank and bank account number to which each disbursement was made; and identify and produce all documents evidencing each disbursement.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing:

| Date | Amount | From | To |
|---|---|---|---|
| Jan. 21, 2022 | $1,965,600.00 | TSH Bank of America | Sternberg IOLTA |
| Feb. 1, 2022 | $219,240.00 | Sternberg IOLTA | Weiss Wells Fargo Bank |
| Feb. 4, 2022 | $1,911,960.00 | Sternberg IOLTA | Sokolski JP Morgan Chase |
| Feb. 15, 2022 | $250,000.00 | Sternberg IOLTA | Sokolski JP Morgan Chase |
| Feb. 25, 2022 | $190,000.00 | Sternberg IOLTA | Sokolski JP Morgan Chase |

2. Set forth, by Defendant, the total amount of funds each Defendant currently holds of the $1,965,600.00 amount TSH wire transferred to the Escrow Account in January 2022.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, none.

3. Identify the contact information (company name, complete street address, email address, name of contact person(s), and cell phone and other telephone numbers for each contact person) for each manufacturer or supplier whom any Defendant contacted to fill the Order.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, unknown. This request suggests that Plaintiff misunderstands Answering Defendants' role in the subject transaction. Answering Defendants were not responsible for communicating with any manufacturer and/or supplier regarding the Order. This request may be more appropriately directed to other defendants.

4. Identify the contact information (company name, complete street address, email address, name of contact person(s), and cell phone and other telephone numbers for each contact person) for each manufacturer or supplier from whom any Defendant (a) ordered, and (b) actually obtained, the Test Kits for the Order and, by manufacturer or supplier, set forth the number of Test Kits obtained, the amount paid for each Test Kit, and the date(s) on which each of the Test Kits were ordered, the date(s) on which each of the Test Kits were supplied to any Defendant, and the identity of each common carrier to whom the Test Kits were delivered for transit to Plaintiff; and identify and produce all documents evidencing each such common carrier and/or delivery of Test Kits to each shipper.

3

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, unknown. This request suggests that Plaintiff misunderstands Answering Defendants' role in the subject transaction. Answering Defendants did not order or obtain any Test Kits. This request may be more appropriately directed to other defendants.

5. Set forth the exact number of Test Kits for the Order in each Defendant's physical possession on January 21, 2022, and from whom those Test Kits were obtained, and the expiration date(s) of each of those Test Kits; and identify and produce all documents evidencing the possession of such Test Kits.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, unknown. This request suggests that Plaintiff misunderstands Answering Defendants' role in the subject transaction. Answering Defendants did not possess any Test Kits on January 21, 2022. This request may be more appropriately directed to other defendants.

6. Set forth the contact information (company name, complete street address, email address, name of contact person(s), and cell phone and other telephone numbers for each contact person) for each common carrier any Defendant contacted to ship the Test Kits which were the subject of the Order, and for each common carrier set forth the date(s) that each common carrier was contacted, and the number of Test Kits involved, and identify and produce all documents evidencing each such common carrier and/ contact to each shipper.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, unknown. This request suggests that Plaintiff misunderstands Answering Defendants' role in the subject transaction. Answering Defendants were not responsible for communicating with any common carrier. This request may be more appropriately directed to other defendants.

7. Set forth the contact information (company name, complete street address, email address, name of contact person(s), and cell phone and other telephone numbers for each contact person) for each common carrier which actually in fact took possession of Test Kits for delivery to Plaintiff and, for each such common carrier, set forth the date(s) that each common carrier took possession of Test Kits for delivery to Plaintiff, the manufacturer or supplier from whom the Test Kits were obtained, and the number of Test Kits involved, and identify and produce all documents evidencing each such common carrier and/or delivery of Test Kits to each shipper.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, unknown. This request suggests that Plaintiff misunderstands Answering Defendants' role in the subject transaction. Answering Defendants were not responsible for communicating with any common carrier. This request may be more appropriately directed to other defendants.

8. Set forth the number of Test Kits actually delivered to each common carrier identified in your answer to the above Interrogatory and identify the expiration date for each such Test Kit.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, unknown. This request suggests that Plaintiff misunderstands Answering Defendants' role in the subject transaction. Answering Defendants were not responsible for the delivery of Test Kits and/or of considering expiration dates, if any. This request may be more appropriately directed to other defendants.

9. Set forth the contact information (full name, complete street address, email address, and cell phone and other telephone numbers) for "Shraga," whom, on or about February 16, 2022, advised TSH that the Test Kits for the Order would be delivered to TSH by 4:00 p.m. on February 16, 2022.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, unknown. Answering Defendants are not aware of any individual known as "Shraga."

10. Set forth each and every fact to support Sternberg's claim in his February 8, 2022 email to Dick Gray (attached as Exhibit "3" to the Complaint) that the Test Kits were "in route for delivery as previously directed," and identify and produce each such document which supports such claim.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, Mr. Gross and Mr. Weiss told Mr. Sternberg that the Test Kits were in route for delivery and that Charlton Holdings Group had fully paid for the product out of Answering Defendants' IOLTA trust account.

11. Set forth each and every fact to support Gross' claim in his February 15, 2022 text to Dan Scully that TSH should expect delivery of the Test Kits for the Order on February 15, 2022, and identify and produce each and every document which supports such claim.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, unknown. Answering Defendants lack knowledge or information concerning this alleged February 15, 2022 text from Mr. Gross to Mr. Scully.

12. Set forth the contact information (company name, complete street address, email address, name of contact person(s), and cell phone and other telephone numbers for each contact person) for each broker or sales agent to whom a commission or other fee was paid in connection with the Order and for each such person set forth the amount and date paid; and identify and produce all documents evidencing each broker and commission involved and/or paid.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, none. Answering Defendants are not aware of any broker or sales agent paid in connection with the Order.

13. Identify all persons who participated in preparing answers to these Interrogatories, and for each such person, state the nature and extent of their involvement as to each question.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Without waiver of the foregoing, Mr. Sternberg along with his counsel.

5

**ANSWERS AND OBJECTIONS OF DEFENDANTS MANFRED STERNBERG, ESQ AND MANFRED STERNBERG & ASSOCIATES, PC TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

13. [SIC]. *Plaintiff's numbering is inaccurate and potentially intended to evade the rules governing discovery. For ease of reference however, Answering Defendants will utilize Plaintiff's improper number system despite the fact that each Interrogatory in its Second Set of Interrogatories is off by one.* Set forth each of the facts to support your Third Party Complaint, and identify all documents in support of such facts.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Moreover, Answering Defendants object to the extent that Plaintiff has propounded upon them more Interrogatories than permitted. Answering Defendants object to the extent that this request seeks information protected from disclosure pursuant to the attorney-client privilege and/or that which constitutes attorney work-product. It is counsel who authored the third-party complaint based upon the facts set forth therein.

14. [SIC 15] Set forth each of the facts to support your Counterclaims, and identify all documents in support of such facts.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were forth herein. Moreover, Answering Defendants object to the extent that Plaintiff has propounded upon them more Interrogatories than permitted. Answering Defendants object to the extent that this request seeks information protected from disclosure pursuant to the attorney-client privilege and/or that which constitutes attorney work-product. It is counsel who authored the counterclaims based upon the facts set forth therein.

15. [SIC 16] Identify each wire transfer (including date, amount, account from which transfer was made, source of funds in that account, and account into which the wire transfer was made, and purpose of the wire transfer, and underlying sales order to which each wire transfer relates), that any Defendant made to Daphnia Zekaria, Esquire, or her law firm (Sokolski & Zekaria), including without limitation: (a) as respects the iCovid test kits involved in this lawsuit; and (b) as respects the goods involved in any transaction with Hand Safety LLC; and (c) as respects the goods involved in any transaction with VRC Medical Supplies; and (d) as respects the goods involved in any transaction with Nail & Beauty, LLC; and (e) as respects the goods involved in any transaction with DKW Consulting, LLC.

**RESPONSE:** Objection. Answering Defendants incorporate the foregoing objections as if the same were set forth herein. Moreover, Answering Defendants object to the extent that this request seeks information that does not pertain to Plaintiff and/or is irrelevant to these proceedings. Without waiver of the foregoing, see response to Interrogatory 1. Moreover, Answering Defendants are unaware of any transfers involving Hand Safety LLC, Nail & Beauty, LLC, or DKW Consulting, LLC. Answering Defendants executed the transfers set forth in Interrogatory 1 at Gross' direction to fill Charlton's order from Plaintiff as well as to fill Charlton's order from VRC Medical Supplies.

16. [SIC 17] Identify each wire transfer (including date, amount, account from which transfer was made, source of funds in that account, and account into which the wire transfer was made, and purpose of the wire transfer, and underlying sales order to which each wire transfer relates), that any

Defendant made to Gary Weiss and/or ASOLAR, including without limitation: (a) as respects the iCovid test kits involved in this lawsuit; and (b) as respects the goods involved in any transaction with Hand Safety LLC; and (c) as respects the goods involved in any transaction with VRC Medical Supplies; and (d) as respects the goods involved in any transaction with Nail & Beauty, LLC; and (e) as respects the goods involved in any transaction with DKW Consulting, LLC.

**RESPONSE:** See response to the previous Interrogatory.

**GOLDBERG SEGALLA LLP**

BY: */s/Seth L. Laver*
SETH L. LAVER, ESQ.
Attorneys for Defendants
Manfred Sternberg, Esquire and
Manfred Sternberg & Associates

Dated: September 21, 2022