REC'D OCT 1 6 2024

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CIVIL ACTION

No.2022-cv-00688 (JMY)

**AMERICAN ENVIRONMENTAL ENT**
**D/b/a The safetyhouse.com**
  **Plaintiff**
**vs.**
**Manfred Sternberg, Esquire**
**Sam Gross, CHG**
**GARY WEISS. Pro-Se**
**DAFNA ZEKARIA,Esq.**
  **Defendants**

Re,
 **REQUEST OF PLAINTIFF FOR JUDGEMENT  AND DEFAULT JUDGEMENT AGAINST ALL DEFENDANTS.**

 Weiss Defendant ask the Court to dismiss Plaintiff's request for Default Judgement and Summery Judgement against Weiss, because Plaintiff  The Safety House (TSH) has not proven any viable cause of action against Defendant Weiss and, or affiliated ( Alleged ) company.
   The evidence is clear, Weiss did not have any agreement with Defendant The Safety House, Weiss did not " induce " Plaintiff to enter an Agreement to buy the 151,200 Covid Test Kits, nor sign any Agreement with Plaintiff, or any of the defendants, nor with any Third party Plaintiffs.
   Plaintiff, The Safety House and the other Defendants, Charlton Holding Group, ( CHG ), the Sternberg Defendants, Dafna Zekaria Esq., could NOT bring forward any viable cause of action against Weiss Defendant, nor are any of them, Defendants and Third Party Plaintiffs had any contract with Weiss, which Weiss

violated, nor are they claiming any proven damages Weiss caused them. Defendant Weiss gave a FULL REFUND of all monies it received regarding this transaction. Therefore Plaintiff's request that the court, Judge Younge enter a Summery Judgement or Default Judgement against Weiss defendant is FAULTY and should be not ordered by the Honorable Judge Younge.

Weiss gave a FULL Refund of all the monies it received in connection with this transaction of Covid Test Kits, Undisputed, the refund was confirmed by Defendants Charlton Holding Group and it's lawyer Manfred Sternberg Defendants back in 2022.  The Weiss Defendant Respectfully request the Court to enter an order dismissing Plaintiff's Request for Summery Judgement and Default Judgement. There was no Financial benefit to Weiss from this transaction between Plaintiff the " Buyer" and "Seller" , Defendant Charlton Holding Group, Sam Gross.

## SUMMERY OF LAWSUIT

Weiss Defendant, nor any Defendant " Induced " the Plaintiff, The Safety House, Daniel J. Scully to purchase 151,200 I Health Test Kits, as Daniel J. Scully testified in his deposition by Attorney Joseph Ross, counsel for Sternberg Defendant, Daniel J. Scully the owner of The Safety House, testified, that he never spoke to any of the Defendants prior to making a payment via Wire Transfer of $1,965,600.00 to " Seller's Attorney " IOLTA trust account, see Scully's testimony, deposition, at 65:15-19, or at Scully's deposition in Document 201-1 ( ECF, ) Exhibit " L", pages 338,402, 413, 508. In each of those pages, Daniel J. Scully repeats that his Contract Agreement, Sales and Purchase Agreement, ( SPA) and Standard Operating Agreement ( SOP ), Between " Seller", Charlton Holding Group and "Buyer" The Safety House, was solicited and done only with and through brokers John Mann & Dick Gray, none of them was deposed by Plaintiff !!?, not affiliated or employed by Defendant Weiss, Plaintiff Signed an agreement and made a Payment to Defendant, "Seller", Charlton

Holding Group, on Feb 21-2022, without ever contacting Weiss Defendant, and in fact did not know about Weiss Defendant till 6 months later, when weiss was named as Third Party Defendant, see testimony of Scully, Document 201-1 (ECF), pages, 435, 749.


## FULL REFUND GIVEN BY DEFENDANT WEISS, UNDISPUTED

Plaintiff and All Defendants have acknowledged that "Defendant" Weiss gave Full Refund of the monies it received, in the course of the Discovery, All parties never denied that FULL REFUND was given by Weiss, by way that Defendant Sam Gross, Charlton Holding Group and His Lawyer Manfred Sternberg asked for collateral which was given and acknowledged, and they kept the Collateral and sold it and accepted it as a Full Refund.

## DEFENDANT WEISS NEVER SPOKE TO PLAINTIFF


Plaintiff THE SAFETY HOUSE,  Daniel J. Scully owner of TSH, testified in his deposition, " I did not know Mr. Weiss existed until they filed Third Party Complaint Against him", see Document 201-1, Exhibit " L " , page 435. ( Oral deposition of Daniel Scully, on July 23 2024). Weiss did not speak, solicit, Email, Text, send brokers or any representative, or anybody that may have influenced Daniel J. Scully to consider a purchase of Covid Test Kits from Defendant CHG, Sam Gross, or sign an agreement, or make a payment of $1,965,600.00. Weiss did not " induce" Plaintiff to do anything, Never, Ever. Plaintiff never spoke to Weiss even 6 months after the " incident ", not even 7 months, and not even 8 months..

Defendants, Sternberg, Gross ( CHG ), Zekaria, did not present any Agreement that was Violated by Weiss, nor did they

demonstrate any valid, documented damages that were caused to them by Weiss.

## NO LOSS OR DAMAGES TO PLAINTIFF

PlaintifF's, The Safety House, Daniel J. Scully, claims of Loss or Damages are not supported by any documents, Plaintiff refused ( actually could not ) to name even 1 customer with a Valid order of Covid Test Kits in the year 2022, 2023, which Plaintiff had a valid order, ( Purchase Order), an order that Plaintiff could not Fulfill due to actions by Weiss, nor had a request for supply of Covid Test Kits by Any customer, as evidenced in Plaintiff's testimony which was made in the Oral deposition of Daniel J. Scully on July 23 - 2024.

## PLAINTIFF COMITTED PERJURY IN TESTIMONY

Plaintiff, The Safety House, used Perjury to Initiate the original Complaint, Documents 1 ( ECF), which was filed with the assistance of his lawyer Gary Lightman, Esq., filed on Feb 23-2022, claimed that it did not have a Signed SPA, Sale and purchase Agreement, alluding that he did not sign the SPA, evidence  in contrast with Daniel J. Scully Filing Grievance with the Bar of Texas, and presenting a Signed agreement, SPA to the Bar of Texas in March of 2022.
  Plaintiff " Altered" the language of the Purchase Order # 18315, which Plaintiff submitted in document 80 ( ECF) Exhibit 1, page 2, First Amended Complaint, presented to the court that the purchase order was given by Plaintiff, claiming that the Purchase Order states" Delivered By " , that merchandise should be delivered by January 25 - 2022, when in fact the Purchase order states unambiguously " Received By" in reference to purchase order to be received and validated by January 25- 2022, and not a reference to the date that the merchandise should be
" Delivered",  not giving a deadline which merchandise should be

delivered, and in fact a delivery was made into the warehouse of Plaintiff, but after it was unloaded, the driver was ordered the Plaintiff to reload it back on the truck, threatening the driver to do so or the Police will be called. See document 201-1 (ECF), exhibit L, page 486, Scully's testimony.
And again Plaintiff's lawyer "altered" the Purchase Order language in filing Document 196 (ECF), in page 5 under SUMMERY OF LAWSUIT, paragraph 2., changing the quote from " Received By" to "Delivered By", ( Exhibit 1, document 80 (ECF), page 2, Purchase Order ) trying to deceive the Court, and the Honorable Judge Younge.

## REFUND WAS OFFERED TO PLAINTIFF SEVERAL TIMES

   Defendant CHG offered a FULL REFUND on more than 1 occasion, and as recently as April of 2024, evidenced in document 180 ( ECF ) Exhibit ConExhibit 9F, in the RFA #38, filed with the court on July 12- 2024. Also referenced in Defendant's Weiss answer RFA, Request For Admissions by Plaintiff from Weiss Defendant, in paragraph 38, evidenced in Exhibit 7 of Document 180 (ECF).
 In Docu 196 (ECF) page 6, paragraph 7,8, Plaintiff claims that "defendants kept all of TSH's purchase price", Money Weiss received was refunded in full. To lump Defendant Weiss with all the other Defendants in a request for Summery Judgement and Default Judgement is wrong, and meant to deceive the court in this claim.
 In Paragraph 7 of document 196, page 6, all Plaintiff's Claims are not relevant to Weiss Defendant, Weiss was not known to Plaintiff till 6 months after the events took place. See page. 435, in document 201-1, Exhibit L (ECF).
 In paragraph 8 of Document 196 (ECF), page 6, Plaintiff's claims Weiss Induced fraud on TSH, when in fact Weiss Defendant did not take part in preparation of agreements and or contracts between "Buyer",TSH and "Seller", CHG, Charlton Holding Group ( Sam Gross) . Plaintiff never spoke to Weiss, nor knew of Mr.

Weiss, until Third party Complaint was filed against Weiss, See Scully's testimony ( deposition) in document 201-1 (ECF), page 435, which is Exhibit 'L". Transcript of Scully's deposition on July 13- 2024.
Including  Weiss "Defendants" in this paragraph is meant to deceive the Court, Judge Younge.

## SUMMERY OF MOTIONS

In Paragraph 9, the records submitted by Plaintiff, TSH are submitted with "Alterations", in order to DECEIVE the Court, like paragraph 2 in this motion, regarding Purchase Order #18315, Plaintiff  Altered the evidence from "Received By" to "Delivered By".

In Paragraph 10, Default against Weiss entered by the court order, in document 145 (ECF), signed by Judge Younge, a default was ordered because ASOLARDIAMOND LLC, could not maintain legal representation with an Attorney due to Lack of funds  , and not any Viable Evidence of Wrongful action by Weiss or ASOLARDIAMOND, or Weiss not appearing in Court, and the Order Unambiguously states " Plaintiffs request for damages will be determined at damages hearing, to be determined at a damages hearing, to be scheduled at a later date AFTER liability of other Defendants has been determined". See Exhibit 1A. Weiss participated in all hearings and supplied all his documents in the discovery process, and was deposed twice. However, Plaintiff Failed to establish damages, and it's deposition failed to name any customers with orders at the time of occurrence, and in fact Plaintiff never had any orders for Covid Test kits in the year 2022, and 2023, nor was it offered on it's website till 2024.

In order for a Summery Judgement to be ordered on Weiss Defendant, specific, valid, and relevant charges have to be presented against Weiss defendant, including the exact date and time and place where Weiss Defendant acted unlawfully against Plaintiff, TSH, none of the above was brought forward by Plaintiffs.

In paragraph 11, the Default order by judge Younge, was a Default on Weiss ( ASOLARDIAMOND,LLC) for the reason that Weiss could not obtain a Lawyer to represent AOLARDIAMOND,LLC, however Weiss is representing himself Pro-Se. Again Plaintiff is altering and misrepresenting order 145 (ECF), which does not establish any Liability, or wrongful action on the part of Weiss Defendant.

In Paragraph 12, Plaintiff is Claiming Damages, and claims "Defendants" Kept the entire purchase price, however it is undisputed that Weiss Defendant gave a FULL REFUND, and Judge's Younge's order, Document 145 (ECF), Unambiguously the order suggest that a Damages Hearing to be Scheduled at a later date AFTER Liability of Other Defendant has been Established.

Again Plaintiff is Lying to the court by Ignoring and Altering the language of the original order, Docu 145 (ECF), Plaintiff presents the order by Judge Younge, which orders for Plaintiff to wait for the Damages Hearing which will be Scheduled After Liability of OTHER Defendants has been ESTABLISHED. A clear violation of the Order, Document 145 (ECF), of Judge Younge, and is consistent with Wrongful Behavior of Counsel for Plaintiff, Attorney Gary Lightman.

Damages that were inflicted on Plaintiff by Weiss were not established by the Court, nor demonstrated by Plaintiff, Daniel J. Scully testified in his deposition on July 23 - 2024 and filed as evidence in Document 201-1 (ECF), pages 433, and 434, ( Exhibit L ) that the money  that Plaintiff used to pay his purchase from CHG (of 151,200 Covid Test Kits), Charlton Holding Group, came from an EDIL loan from the Government for $2,000,000.00 Dollars, which Scully does not have to pay back till present date ( July 23 -2024), nor did Plaintiff make any payments towards that loan.

Plaintiff's claims that " suffered financial hardship, including having to cover the re-sales of the Covid Test kits that TSH had lined up", is in contrast to Plaintiff's testimony in Plaintiff's deposition on July 23 - 2024, Document 201-1 (ECF), page 383, The Safety House never sold a Covid Test Kit, or had an order for

Covid Test Kits in 2021-2022, the year that Plaintiff made a payment to CHG to buy 151,200 Test Kits !! For 2 million Dollars ! Actually asking for a refund of the Money paid soon after placing the order ( See document 201-1 (ECF), Exhibit L , page 493 ), not intending to purchase and keep the Test Kits, which is the 2nd time Plaintiff Used a loan from the government to buy Test Kits and ask for refund, giving the impression of Plaintiff Fraudulently intending to use the Government loan.

Till to date, Plaintiff cannot demonstrate " Damages", Plaintiff never had an order from any customer prior to February of 2022, and actually was offered a refund several times, but refused each time disputing it's Liability for cancelling the purchase, refusing the actual amount to be refunded.

In Paragraph 13, Defendant Weiss is not named.

In Paragraph 14, Defendant Weiss is not Specifically charged with any Violation, nor is Plaintiff acknowledging the fact that Weiss gave a FULL REFUND, a refund already given by Weiss Defendant by the month of March 2022. Weiss did not benefit financially in the disputed transaction between Plaintiff and the Buyer and CHG, Gross the "Seller".

As for paragraph 15, most of Plaintiff's "Altered" facts, does not merit a Summery Judgement, for each Defendant, Plaintiff should be able to demonstrate in Specific the Violation or Fraud by each Defendant acted upon Plaintiff The Safety House, including the specific dates and amounts, accurately against each Defendant, and Weiss Defendant in particular, however, Plaintiff could not meet that burden of bringing viable proof to it's allegations against Weiss.

In paragraph 14, (A) Plaintiff does not enter a date, knowing full well that the requirement for a Summery Judgement against each Defendant is Necessary fact for Summery judgement to be warranted.

(B) False. Defendant Weiss delivered the merchandise it's customer Charlton Holding Group, it's buyer of Covid Test kits), and placed the Covid Test Kits on the truck of the "Common

carrier" as requested and agreed ( Exhibit 1, document 80 (ECF), page 3, Paragraph 6 ) with Defendant CHG, verified by Charlton's Lawyer Manfred Sternberg, nor did CHG require delivery before it paid for the merchandise in full, which did not happen even before February 7-2022, therefore Plaintiff's request that the court, Judge Younge enter a Summery Judgement or Default Judgement is FAULTY

( C) Defendant Weiss is not a party to that Purchase Order #18315 agreement, Which Plaintiff is "Altering" the language from "Received By" to "Deliver By", again trying to deceive the court. Weiss already gave a full refund in the Monies it received in regard to it's transaction. Also ignoring all the paragraphs in the Sale and Purchase Agreement, which is The Signed agreement between Buyer and Seller, Agreeing not hold any Agent, Contractors, or Affiliates or Servants responsible for any damages to Buyer or Seller ( Exhibit 1, document 80 (ECF), page 4, Paragraph 15, and 9 )

( D) Weiss is not a party, or signatory to those agreements. Therefore Plaintiff's request that the court, Judge Younge enter a Summery Judgement or Default Judgement against Weiss defendant is FAULTY and should not be granted.

(E), Weiss is not a party, or a signatory to those agreements. Therefore Plaintiff's request that the court, Judge Younge enter a Summery Judgement or Default Judgement against Weiss defendant is FAULTY.

(F) Weiss is not a party, or a signatory to those agreements. Therefore Plaintiff's request that the court, Judge Younge enter a Summery Judgement or Default Judgement against Weiss defendant is FAULTY.

(G) Weiss is not a party, or a signatory to those agreements. Therefore Plaintiff's request that the court, Judge Younge enter a Summery Judgement or Default Judgement against Weiss defendant is FAULTY.

(H) Weiss is not a party, or a signatory to those agreements. Therefore Plaintiff's request that the court, Judge Younge enter a

Summery Judgement or Default Judgement against Weiss
defendant is FAULTY.

(I) Weiss is not a party, or a signatory to those agreements.
Therefore Plaintiff's request that the court, Judge Younge enter a
Summery Judgement or Default Judgement against Weiss
defendant is FAULTY.

(J) Weiss is not a party, or a signatory to those agreements.
Therefore Plaintiff's request that the court, Judge Younge enter a
Summery Judgement or Default Judgement against Weiss
defendant is FAULTY.

(K) Weiss is not a party, or a signatory to those agreements.
Therefore Plaintiff's request that the court, Judge Younge enter a
Summery Judgement or Default Judgement against Weiss
defendant is FAULTY.

(L) Not Relevant to defendant Weiss.

(M) False. Weiss gave a full refund.

(L) Not relevant to Weiss, Weiss is not a party, or a signatory to
those agreements. Therefore Plaintiff's request that the court,
Judge Younge enter a Summery Judgement or Default
Judgement against Weiss defendant is FAULTY.

In Paragraph 17, Weiss is not a party, or a signatory to those
agreements. Therefore Plaintiff's request that the court, Judge
Younge enter a Summery Judgement or Default Judgement
against Weiss defendant is FAULTY.

18. PLaintiff's Request of Summery Judgement and Default
Judgement against Weiss defendant is FAULTY for all the
reasons above, and should not be granted.

## RELIEF REQUESTED

Weiss defendant already gave a full refund of all monies it
received regarding this disputed transaction agreed upon
between Seller Charlton Holding Group and Buyer The Safety
House.

The lengthy discovery of over 2 1/2 years, Non of the Defendants
or Plaintiff in this lawsuit has proven any VIABLE CAUSE of

action against the Weiss Defendant or any company affiliated ( alleged ) with Defendant Weiss. A Summery Judgement in favor of Plaintiff is not warranted, as Weiss did not fraud the Plaintiff, nor acted in an Unlawful manner against Plaintiff, and on it's part in this transaction returned all the money associated with this transaction, non of the parties in this transaction disputed the full refund given by defendant Weiss.

All Allegations against Weiss are speculative, and Plaintiffs cannot present competent evidence against Defendant Weiss. Nor is there a genuine issue for trial of Defendant Weiss.

Plaintiff failed to demonstrate that Defendant Weiss failed to comply with any ( non ) Agreement between Defendant Weiss and Plaintiffs.

Plaintiff The Safety House did not  rely on Weiss to enter an agreement with "Buyer" TSH and Seller CHG, Sam Gross.

Weiss in fact acted in away that would lead to a successful transaction, upon failure, not at Weiss's fault, Weiss agreed to give a FULL REFUND. And Full Refund was given.

Defendant owed no duty to Plaintiff THE SAFETY HOUSE, Weiss did not cause a damage to Plaintiffs.

Plaintiff's claim that Defendant weiss Engaged in a Grand Scheme to Defraud Plaintiff is false, Weiss refunded all proceeds it received.

There was no profit or Enrichment to Weiss, as Weiss Gave a FULL REFUND of all the Monies it received in connection with this transaction, claim.

DEFENDANTS STERNBERG AND GROSS "FORGOT" ( Exhibit 1, document 80, page 4, Paragraph 15, and 9 ) TO TELL THE COURT, REFUND GIVEN...

The Honorable Judge Younge's Order document 33 (ECF) on 11-29-2022, gave Defendants a leave to Amend their Third Party complaint against Weiss, to name a Third Party Defendant on Weiss by Defendants Manfred & Charlton Holding Group, which they did in Document 34 (ECF), on 11-29-2022, Defendants "Forgot" to tell the Honorable Judge Younge, that Weiss already

gave them a FULL REFUND 6 months earlier..., Nor did they enter in that Filing, Complaint, any Wrongful act against them by Weiss, most likely intended to delay a Summery Judgement against them at that point, and causing a lengthy Discovery and confusion as to who are the parties that hold the money proceeds of that sale, the subject of the original lawsuit of Plaintiff.

**GARY WEISS, Pro-Se**
wgary4109@gmail.com
908-5462649

10-16-2024

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

AMERICAN ENVIRONMENTAL,
ENTERPRISES, INC. D/B/A THESAFETY
HOUSE.COM,                                              Case No. 22-cv-00688 (JMY)

v.

MANFRED STERNBERG et. al

## ORDER

**AND NOW**, this 8th day of January, 2024, upon consideration of Plaintiffs' Request for Entry of Default against Defendants ASOLARDIAMOND, LLC a/k/a ASOLAR, LLC and Gary Weiss (ECF No. 141), and Defendant's failure to comply with the Order on November 13th, 2023 (ECF No. 133), it is **ORDERED** that the Motion is **GRANTED**, and the Clerk of Court is **DIRECTED** to enter default against Defendants ASOLARDIAMOND, LLC a/k/a ASOLAR, LLC and Gary Weiss. Plaintiff's request for damages will be determined at a damages hearing, to be scheduled at a later date after liability of other defendants has been determined.

   **IT IS SO ORDERED.**

BY THE COURT:

/s/ Judge John Milton Younge
**Judge John Milton Younge**

EXHIBIT 1A