**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMERICAN ENVIRONMENTAL** | : | |
| **ENTERPRISES, INC., d/b/a** | : | |
| **THESAFETYHOUSE.COM** | : | |
| | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | **No. 2022-cv-00688 (JMY)** |
| **v.** | : | |
| | : | |
| **MANFRED STERNBERG, ESQUIRE,** | : | |
| **and MANFRED STERNBERG &** | : | |
| **ASSOCIATES, PC, and CHARLTON** | : | |
| **HOLDINGS GROUP, LLC, and** | : | |
| **SAMUEL GROSS a/k/a SHLOMO** | : | |
| **GROSS, and GARY WEISS,** | : | |
| **and ASOLARDIAMOND, LLC a/k/a,** | : | |
| **ASOLAR. LLC, and DAPHNA** | : | |
| **ZEKARIA, ESQUIRE, and SOKOLSKI** | : | |
| **& ZEKARIA, P.C.** | : | |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S PRE-TRIAL MEMORANDUM**

American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM ("TSH" or "SAFETY HOUSE"), plaintiff herein, respectfully files its Pre-Trial Memorandum, pursuant to the Court's Order dated March 20, 2024 [ECF 154] and Local Rule of Civil Procedure 16.1 and Judge Younge's Policies and Procedures.

**A.  FACTUAL SUMMARY OF THE CASE**

1.    Plaintiff American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM ("TSH" or "SAFETY HOUSE" or "Plaintiff") was fraudulently induced by defendants Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC (collectively the "Sternberg Defendants"), and defendants Sam Gross and Charlton Holdings Group, LLC

(collectively the "Gross Defendants"), and defendants Gary Weiss and ASOLARDIAMOND, LLC, a/k/a ASOLAR, LLC (collectively the "Weiss Defendants"), and defendants Daphna Zekaria, Esquire, and Sokolski & Zekaria, P.C. (collectively the "Zekaria Defendants"), to purchase 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "COVID Test Kits"), for the total amount of $1,965,600.00.

2.      On January 21, 2022, SAFETY HOUSE wired the $1,965,600.00 Purchase Price into escrow to Sternberg's attorney trust account, and submitted TSH's Purchase Order #18315 for the purchase of the 151,200 COVID Test Kits, which Purchase Order clearly and unambiguously had a "Receive By" date of January 25, 2022.

3.      Sternberg was not supposed to release the $1,965,600.00 from his attorney trust account until SAFETY HOUSE received assurances that TSH had purchased the COVID Test Kits (by TSH's receipt of a Bill of Sale for the COVID Test Kits), *and* that they were en route to TSH (by TSH's receipt of a Bill of Lading from a recognized common carrier that they were being delivered to TSH).

4.      Defendants provided TSH with a fraudulent Bill of Sale, and also failed to provide TSH with a Bill of Lading, for the COVID Test Kits.

5.      Defendants failed to deliver any of the 151,200 COVID Test Kits to SAFETY HOUSE, and they also failed to return TSH's $1,965,600.00 Purchase Price to TSH.

6.      Instead, defendants kept all of TSH's $1,965,600.00 Purchase Price and divided TSH's money up amongst themselves.

7.      Not only did TSH receive a fraudulent Bill of Sale, for COVID Test Kits (that the defendants in fact did not own at the time), but throughout the relevant time, defendants made numerous misrepresentations to TSH, including about the purported delivery of the COVID Test

Kits to TSH (despite repeated representations that the COVID Test Kits were en route for delivery to TSH, no COVID Test Kits were delivered to TSH); and including misrepresentations that TSH could cancel the transaction and get a full refund (when TSH then canceled the transaction after being told by the Gross Defendants that TSH could do so, and after TSH requested a full refund of the $1,965,600.00 Purchase Price, the Sternberg Defendants simply ignored what their client (the Gross Defendants), had told TSH, and instead the Sternberg Defendants continued to disburse the funds amongst the defendants).

8.    There is no dispute that:

(a)    Plaintiff TSH wired the $1,965,500 purchase price in escrow to the Sternberg attorney trust account.

(b)    Defendants failed to deliver the 151,200 iHealth Covid-19 test kits purchased by TSH, either by the 1/25/22 "Receive By" date set forth in TSH's 1/21/22 Purchase Order, or at any time prior to TSH canceling the Order and filing this lawsuit, or to date.

(c)    The terms of the Sale and Purchase Agreement (the "SPA") do not allow defendants to keep the $1,965,500 Purchase Price and also not deliver the test kits.

(d)    TSH was supposed to receive (but never in fact received) both a bona fide Bill of Sale, as well as any Bill of Lading from a recognized common carrier evidencing that the goods were in transit to TSH, as required by the Sale and Purchase Agreement (the "SPA").

(e)    TSH was supposed to, but did not, receive a bona fide Bill of Sale, as well as a bona fide Bill of Lading, for the 151,200 COVID Test Kits that TSH purchased, before Sternberg could release the $1,965,600 funds wired by SAFETY HOUSE into escrow to Sternberg's trust account for the purchase of the goods.

(f)     Sternberg released the funds from his attorney trust account before a bona fide Bill of Sale, as well as a bona fide Bill of Lading, for the 151,200 COVID Test Kits were supplied to TSH.

(g)     TSH did not receive any Bill of Lading for 151,200 COVID Test Kits purchased by TSH.

(h)     The 1/21/22 Bill of Sale that was emailed to TSH was fraudulent -- one of the Defendants owned 151,200 COVID Test Kits on January 21, 2022, the date of that Bill of Sale.

(i)     Defendants made repeated misrepresentations that the COVID Test Kits were en route and would be delivered to TSH, which representations were false --  no delivery of the 151,200 COVID Test Kits was made to TSH.

(j)     Paragraph 6 of the SPA clearly states that "Title transfer shall happen contemporaneously with funds being released to Seller," but Sternberg wrongfully released funds from his attorney trust account before any of the Defendants owned any COVID Test Kits, and before SAFETY HOUSE had any 151,200 COVID Test Kits, and before TSH received a bona fide Bill of Sale, and before TSH received a Bill of Lading from a recognized common carrier evidencing that the good were in transit to SAFETY HOUSE.

(k)     The Gross Defendants (the Seller, who also were Sternberg's client) told SAFETY HOUSE on 2/15/22 that the purchase could be canceled and Sternberg would return the full purchase price to TSH, but Sternberg refused to return TSH's money after his client agreed that TSH canceled the transaction and demanded a full refund.

(l)     Sternberg continued to make distributions from his attorney trust escrow account after he expressly was put on notice not to make any further disbursements.

       (m)     Defendants kept the entire $1,965,600.00 Purchase Price paid by SAFETY HOUSE for the 151,200 COVID Test Kits, and divided TSH's funds up amongst themselves, and also failed to deliver any COVID Test Kits to TSH.

       (a)  Even the terms of the SPA between the Gross Defendants (as Seller) and TSH (as Buyer) did not allow Defendants both to kept all of TSH's funds and not deliver any COVID Test Kits.[1]

9.     There are other purchasers of Test Kits and other PPE equipment, that have claimed that they were defrauded by one or more of the Defendants, including:

      (a)  Nail & Beauty, LLC ("N&B"); and

      (b)  BELCO Distributors ("BELCO"); and

      (c)  Hand Safety LLC; and

      (d)  George Gianfacaro/ Indutex USA ("Indutex"); and

      (e)  George Carcia-Menocal, Esquire; and

      (f)  Daniel Rodin; and

      (g)  David Wright/DKW Consulting, Inc.; and

      (h)  Nationwide Medical Services ("NMS": and

      (i)  Yuba County Schools. ("Yuba"); and

      (j)  El Monte Unified School District (El Monte"); and

      (k)  Linda Coughlin or her client.

---

[1] *After* TSH canceled the transaction, and *after* TSH filed this lawsuit, defendants attempted to deliver one skid of Test Kits in late March, 2022. However, the skid of Test Kits had expiration dates in two weeks, and had serial numbers that were not authorized by iHealth. TSH rejected the late, non-conforming attempted delivery of a fraction of the total 151,200 Test Kits that were ordered on January 21, 2022, all of which 1511,200 Test Kits were supposed to be delivered to TSH by January 25, 2022.

B. **PARTIES' RESPECTIVE CLAIMS AND DEFENSES**

10.    Plaintiff's Amended Complaint [ECF 80], asserts causes of action for Fraud in the Inducement (Count I), and for Fraud (Counts II and III), and for Wrongful Civil Conspiracy (Count IV), and for Piercing the Corporate Veil (Counts V and VI), and for Participation Theory (Count VII), and for Unjust Enrichment/Quantum Meruit (Counts VIII and XI), and for Intentional Interference With Contractual Relations (Count IX), and for Intentional Interference With Prospective Economic Advantage (Count X),

11.    The Sternberg Defendants have asserted as a defense, that they did not commit fraud, and that they were not acting as an escrow agent under the SPA.

## ADMISSIONS OF DEFENDANTS

12.    The Gross Defendants and the Zekaria Defendants each have made the following admissions (as a result of their failure to respond at all to Plaintiff's Rule 36 Requests for Admission).[2]

(1)    At all times relevant to the Complaint, Sternberg was an attorney in good standing and duly licensed to practice law in Texas.  RFA #1.

(2)    At all times relevant to the Complaint, Zekaria was an attorney in good standing and duly licensed to practice law in New York.[2]    RFA #2.

(3)    On or about January 21, 2022, Plaintiff agreed to purchase 151,200 iHealth Covid-19 Antigen Rapid two-pack test kits (the "Covid Test Kits") for a total payment of $1,965,600.00 (the "Purchase Price").  RFA #3

---

[2] On July 24, 2024, plaintiff also filed its Rule 36(a)(6) Motion to Determine Plaintiff's Requests for Admission Served on the Sternberg Defendants as Deemed Admitted [ECF 184] (the "Rule 36 RFA Motion"), and seeks to have the RFAs deemed admitted as to the Sternberg Defendants as well, because of the failure of the Sternberg Defendants to properly respond to plaintiff's Requests for Admission served on them. Plaintiff's Rule 36 RFA Motion was opposed by the Sternberg Defendants, is fully briefed, and needs to be ruled on by the Court.

[2] Subsequent to the filing of this lawsuit, several criminal charges have been brought against Zekaria, *inter alia* for stealing funds from her clients, which criminal charges currently are pending in New York, and Zekaria's law license has been suspended, and a Receiver has been appointed over her firm's files. *See* In re Matter of Zekaria, 2024 NY Sup. Ct., App. Div., Case No. 2024-00376.

(4)     A true and correct copy of Plaintiff's Purchase Order for the Test Kits is attached as the first page of Exhibit 1 to Plaintiff's Complaint [ECF 80, at page 35 of the 56 page pdf][3]
[4]RFA #4

(5)     A true and correct copy of Plaintiff's Purchase Order for the Test Kits was marked as Sternberg Deposition Exhibit 14 at the Sternberg Deposition.  RFA #5

(6)     The TSH Purchase Order is dated January 21, 2022.  RFA #6

(7)     The Purchase Order clearly and unambiguously states a "Receive By" date of January 25, 2022.  RFA #7

(8)     The "Vendor" stated in the Plaintiff's Purchase Order is as follows:

> "(713) 824-9170
> C/O Manfred Sternberg, ESQ.
> Charlton Holding Group, LLC
> 78 Buckminster Road
> Rockville Centre NY 11570"

RFA #8

(9)     The "(713) 824-9170" phone number set forth in the "Vendor" section of the Purchase Order is the phone number for defendant Manfred Sternberg.  RFA #9

(10)     The "78 Buckminster Road, Rockville Centre NY 11570" address set forth in the "Vendor" section of Plaintiff's Purchase Order is the address for defendant Samuel Gross.  RFA #10

(11)     CHG is an entity with no assets, that was undercapitalized, and that is owned and controlled by defendant Samuel Gross. RFA #11

(12)     Samuel Gross served at least 18 months in a New York State prison, starting in 2014,  based upon convictions for Grand Larceny and Scheme to Defraud.  RFA #12

(13)     Gross and Sternberg represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid Test Kits because they had access to the Covid Test Kits on the ground, ready to sell, in the United States, and that Plaintiff had to wire the money to them asap in order to secure Plaintiff's position in the queue for purposes of shipping the Test Kits.  RFA #13

(14)     To induce Plaintiff to make the purchase of the Test Kits Gross and Sternberg represented and promised to SAFETY HOUSE that they could sell and quickly deliver the Covid

---

[3]Plaintiff's 1/21/22 Purchase Order also accompanies plaintiff's Motion for Summary Judgment, and also is identified in Plaintiff's List of Trial Exhibits, as Exhibit P-2.

Test Kits because they had access to the Covid Test Kits on the ground, ready to sell, in the United States, and that Plaintiff had to wire the money to them asap in order to secure Plaintiff's position in the queue for purposes of shipping the Test Kits.  RFA #14

(15)    The Sale and Purchase Agreement ("SPA") used for the Plaintiff's Purchase Order was drafted by Sternberg.  RFA #15

(16)    A true and correct copy of the SPA is attached as Exhibit 1 to the Complaint, right after the Purchase Order. [ECF 80, at pages 36-43 of the 56 page pdf].[5]  RFA #16

(17)    A true and correct copy of the SPA was marked as Sternberg Deposition Exhibit 4 at the Sternberg Deposition.  RFA #17

(18)    As late as March 24, 2022, Sternberg did not have a copy of the fully executed SPA, as he admitted in his 3/24/22 email Sternberg sent to Gross, a copy of which Sternberg 3/24/22 email was marked as Sternberg Deposition Exhibit 5 at the Sternberg Deposition.[6]  RFA #18

(19)    Sternberg was requested by Plaintiff to produce, but failed to produce, the documents and metadata showing when the SPA was signed, and when and how the SPA was delivered by Gross to Sternberg.  RFA #19

(20)    Instead of making the Purchase Price payment directly to Seller, the SPA provides for SAFETY HOUSE as Purchaser to pay the $1,965,600.00 Purchase Price into the Sternberg attorney escrow account, to be disbursed pursuant to the terms and conditions of the SPA.  RFA #20

(21)    Plaintiff wired the $1,965,600.00 Purchase Price into the Sternberg attorney escrow account on January 21, 2022. RFA #21

(22)    When Plaintiff wired the $1,965,600.00 Purchase Price into the Sternberg attorney escrow account on January 21, 2022, neither Gross nor Sternberg owned or actually had possession of the 151,200 Test Kits purchased by Plaintiff. RFA #22

(23)    At no time, from January 21, 2022, through February 23, 2022, When Plaintiff filed the initial Complaint in this lawsuit, did Gross or Sternberg own or actually have possession of the 151,200 Test Kits purchased by Plaintiff.  RFA #23

(24)    At no time, from January 21, 2022, through the present, did Gross or Sternberg own or actually have possession of the 151,200 Test Kits purchased by Plaintiff.  RFA #24

---

[5] The Sale and Purchase Agreement ("SPA") drafted by Sternberg that was used for the Plaintiff's Purchase Order also is marked as Plaintiff's Trial Exhibit P-3.

[6] A copy of the 3/24/22 email that Sternberg sent to Gross, which was marked as Sternberg Deposition Exhibit 5 at the Sternberg Deposition, also is marked as Plaintiff's Trial Exhibit P-4.

(25)    The first Bill of Sale delivered by Gross and/or Sternberg to Plaintiff stated that the transfer of the Test Kits to Plaintiff "is effective as of January 21, 2022" (the "1/21/22 Bill of Sale").  RFA #25

(26)    A true and correct copy of the 1/21/22 Bill of Sale was used by Sternberg and Gross in this case, and was attached as Exhibit D to the Motion to Dismiss made by Sternberg and Gross in this case on April 1, 2022 [ECF 13-4, page 9 of 10].[7]  RFA #26

(27)    A true and correct copy of the 1/21/22 Bill of Sale that was attached as Exhibit D to the Motion to Dismiss made by Sternberg and Gross in this case on April 1, 2022 [ECF 13]. RFA #27

(28)    When the 1/21/22 Bill of Sale was delivered to Plaintiff, neither Gross nor Sternberg owned or actually had possession of the 151,200 Test Kits purchased by Plaintiff.  RFA #28

(29)    The SPA states that CHG is the Seller and Plaintiff is the Buyer, but the SPA also states that Sternberg was the Escrow Agent for the Plaintiff's $1,965,600.00 Purchase Price for the test kits that were the subject of Plaintiff's Purchase Order.  RFA #29

(30)    Paragraph 6 of the SPA clearly states as follows (emphasis added):

> "Once the transferred funds [the Purchase Price] have cleared in the Seller's account, BILL OF SALE (EXHIBIT D) shall be provided, and Seller will deliver the Goods to a common carrier with instructions to deliver the Goods to the location(s) as directed by Buyer.  **Title transfer shall happen contemporaneously with the funds being released to Seller**."

RFA #30

(31)    Sternberg's role as the Escrow Agent under the SPA was to make sure that the funds were not released to Seller unless and until TSH as Buyer was assured of getting delivery of the purchased Test Kits, i.e., by making sure that a Bill of Sale for the Test Kits and a Bill of Lading for the Test Kits from a common carrier first were delivered to Plaintiff as Buyer "contemporaneously with the funds being released to Seller."  RFA #31

(32)    Sternberg and Gross failed to deliver or cause to be delivered to Plaintiff, a Bill of Lading from a common carrier for the 151,200 Test Kits purchased by Plaintiff, before Sternberg released most of Plaintiff's funds from the Sternberg attorney escrow account.  RFA #32

---

[7] A copy of the 1/21/22 Bill of Sale that was used by Sternberg and Gross in this case, and that was attached as Exhibit D to the Motion to Dismiss made by Sternberg and Gross in this case on April 1, 2022 [ECF 13-4, page 9 of 10], also is marked as Plaintiff's Trial Exhibit P-5a.

(33)    Sternberg and Gross failed to deliver or cause to be delivered to Plaintiff, a Bill of Lading from a common carrier for the 151,200 Test Kits purchased by Plaintiff, at any time.  RFA #33

(34)    Title transfer to the Test Kits [to Plaintiff] did not happen contemporaneously with Sternberg's release of the funds from the Sternberg attorney escrow account that Plaintiff wire-transferred to Sternberg.  RFA #34

(35)    On January 19, 2022, VRC wired $2,268,000.00 to Sternberg's attorney escrow trust account, and on January 20, 2022, VRC wired $181,440.00 to Sternberg's attorney escrow trust account, for a total of $2,449,440.00, for their purchase of a total of 204,120 Test Kits from Gross and Sternberg.[8]  RFA #35

(36)    Between January 19 and January 21, 2022, Sternberg received wire-transfers from Plaintiff and VRC totaling $4,415,040.00 for purchases of Test Kits, that were made into Sternberg's attorney escrow account. RFA #36

(37)    Gross and Sternberg failed to deliver the 151,200 Test Kits purchased by Plaintiff. RFA #37

(38)    Gross and Sternberg failed to refund to Plaintiff the $1,965,600.00 paid by plaintiff and wired to Sternberg for Plaintiff's purchase of the 151,200 Test Kits.  RFA #38

(39)    Gross and Sternberg failed to deliver the 204,120 Test Kits purchased by VRC. RFA #39

(40)    Gross and Sternberg failed to refund to VRC the $2,449,440.00 paid by plaintiff and wired to Sternberg for Plaintiff's purchase of the 204,120 Test Kits.  RFA #40

(41)    Sternberg made the following wire-transfers totaling $2,571,200.00 from the Sternberg attorney escrow account into which Plaintiff wired the $1,976,600.00 Purchase Price and into which VRC wire-transferred a total of $2,449,440.00:

> (a) The sum of $219,240.00, wire-transferred by Sternberg directly to Weiss on 2/1/22; and

> (b) The sum of $1,911,960.00, wire-transferred by Sternberg to the Zekaria attorney escrow account on 2/4/22; and

> (c) The sum of $250,000.00, wire-transferred by Sternberg to the Zekaria attorney

---

[8] A copy of the document evidencing VRC's wire transfers totaling $2,449,440.00 into the Sternberg trust account on January 19-20, 2022, is marked as Plaintiff's Trial Exhibit P-6. *See also*, Plaintiff's Trial Exhibit P-35, a copy of the lawsuit filed by VRC against the Sternberg Defendants and the Gross Defendants, at ¶¶ 4-5.

escrow account on 2/15/22; and

 (d) The sum of $190,000.00, wire-transferred by Sternberg to the Zekaria attorney escrow account on 2/25/22.[9]

RFA #41

 (42) Sternberg made the wire transfers set forth in the preceding request, totaling $2,571,200.00, out of the Sternberg attorney escrow account, into which Plaintiff and VRC made their wire transfers that totaled $4,415,440.00 (leaving a balance of $1,842,840.00 paid by Plaintiff and VRC into the Sternberg trust account, but not disbursed by Sternberg to Weiss and Zekaria). RFA #42

 (43) Sternberg Deposition Exhibit 21 is a true and correct copy of a text authored by Gross on September 20, 2023, in which he states an "end balance [of] $1,876,003.89 (one million eight hundred seventy six)".[10]  RFA #43

 (44) The "end balance [of] $1,876,003.89" to which Gross referred in Sternberg Deposition Exhibit 21 is the ending balance that Gross stated that he and Sternberg still had in their possession or control as of 9/20/23. RFA #44

 (45) When Sternberg released the sum of $219,240.00 from his attorney escrow account to Weiss on February 1, 2022, neither Gross nor Sternberg owned or had possession of the 151,200 Test Kits purchased by Plaintiff.  RFA #45

 (46) When Sternberg released the sum of $1,911,960.00 from his attorney escrow account to Zekaria on February 4, 2022, neither Gross nor Sternberg owned or had possession of the 151,200 Test Kits purchased by Plaintiff.  RFA #46

 (47) Weiss claims that he purchased 365,700 Test Kits from "Mask & Eldiven."  RFA #47

 (48) The only document that Weiss produced that Weiss claims evidences his purchase of 365,700 Test Kits from "Mask & Eldiven" was a single page document dated February 6, 2022, purporting to be from "Mask & Eldiven" (the "2/6/22 M&E document").  RFA #48

 (49) A true and correct copy of the 2/6/22 M&E document was marked as Sternberg Deposition Exhibit 28 at the Sternberg Deposition, and also marked as Weiss Deposition Exhibit

---

[9] The page from Sternberg's Answer to Plaintiff's Interrogatory No. 23, setting forth these wire transfers, also marked as Sternberg-19 at the Sternberg deposition, is marked as Plaintiff's Trial Exhibit P-7.

[10] A copy of Sternberg Deposition Exhibit 21, the text authored by Gross on September 20, 2023, in which he states an "end balance [of] $1,876,003.89 (one million eight hundred seventy six)" also is marked as Plaintiff's Trial Exhibit P-8.

5 at the Weiss Deposition.[11]  RFA #49

(50)    The address set forth for Mask & Eldiven in the 2/6/22 document -- 2 W 47st, Room 1005, New York, New York 10036 – was at the time a vacant building.  RFA #50

(51)    The address set forth for Mask & Eldiven in the 2/6/22 document -- 2 W 47st, Room 1005, New York, New York 10036 – was for a building that was closed prior to 2020, and a demolition permit was filed for the building in October of 2019 (source: https://newyorkyimby.com/2019/10/demo-permits-filed-for-2-10-west-47th-street-in-midtown-manhattan.html).  RFA #51

(52)    Before the 2 W 47st building was closed, Room 1005 was occupied for several years by Louis Cicero Jewelers and was not occupied or used at all by Mask & Eldiven.  RFA #52

(53)    Weiss admitted that he does not have the full names of any of the principals of Mask & Eldiven to whom he claims he paid $1,810,660.00 for the Test Kits, and also that he has no contact information for Mask & Eldiven other than what was set forth in the 2/6/22 M&E document.  RFA #53

(54)    Weiss has no documents evidencing his claim that he paid $1,810,660.00 to Mask & Elviden for the Test Kits, other than the 2/6/22 M&E document, and no documents to evidence his source of the $1,810,660.00 he claims he paid them.  RFA #54[12]

(55)    Sternberg's release of the sum of $219,240.00 from his attorney escrow account to Weiss on February 1, 2022, was prior to the date of Weiss's purported 2/6/22 purchase of Test Kits, that was evidenced by the 2/6/22 M&E document.  RFA #55

(56)    Sternberg's release of the sum of $1,911,960.00 from his attorney escrow account to Zekaria on February 4, 2022, was prior to the date of Weiss's purported 2/6/22 purchase of Test Kits, that was evidenced by the 2/6/22 M&E document.  RFA #56

(57)    Neither Gross nor Sternberg owned or had possession of the 151,200 Test Kits purchased by Plaintiff, either on 1/21/22, or on 2/1/22, or on 2/4/22, or on 2/15/22, or on 2/25/22, or to date.  RFA #57

(58)    When Sternberg released the sum of $250,000.00 from his attorney escrow account to Zekaria on February 15, 2022, neither Gross nor Sternberg owned or had possession of the 151,200 Test Kits purchased by Plaintiff.  RFA #58

(59)    When Sternberg released the sum of $190,000.00 from his attorney escrow account

---

[11] A copy of the 2/6/22 Mask & Eldiven ("M&E") document, that was marked as Weiss Deposition Exhibit 5 at the Weiss Deposition, also is marked as Plaintiff's Trial Exhibit P-9.

[12] Weiss claimed, in his 2/16/24 deposition, that he paid $400,000 in cash and paid the $1.4 million balance of the $1.8 million purchase in diamonds and gemstones.  *See* Plaintiff's Trial Exhibit P-19, the Weiss 2/16/24 deposition transcript, at Tr. 82:9-21.

to Zekaria on February 25, 2022, neither Gross nor Sternberg owned or had possession of the 151,200 Test Kits purchased by Plaintiff.  RFA #59

(60)     Sternberg as an Escrow Agent under the SPA owed a fiduciary duty to both Plaintiff as Buyer and Gross as Seller.  RFA #60

(61)     Sternberg as an Escrow Agent under the SPA owed a fiduciary duty to both Plaintiff as Buyer and Gross as Seller, to make disbursement of the escrow funds pursuant to the terms of the SPA.  RFA #61

(62)     Sternberg as an Escrow Agent under the SPA owed a fiduciary duty to both Plaintiff as Buyer and Gross as Seller, to make sure that "title transfer" to the Goods purchased by Plaintiff happened "contemporaneously with the funds [paid by Plaintiff] being released to Seller."  RFA #62

(63)     Sternberg failed to undertake any independent investigation to confirm that  "title transfer to the Goods purchased by Plaintiff happened "contemporaneously with the funds [paid by Plaintiff] being released to Seller" (other than relying upon what Gross and/or Weiss told him).  RFA #63

(64)     Weiss sent an invoice dated January 26, 2022, purporting to sell to CHG a total of 355,200 Test Kits (the 1/26/22 invoice").  RFA #64

(65)     A true and correct copy of 1/26/22 invoice sent by Weiss to Gross was marked as Weiss Deposition Exhibit 6, at the Weiss Deposition.[13]  RFA #65

(66)     A true and correct copy of 1/26/22 invoice sent by Weiss to Gross was attached as Exhibit "B" to the April 24, 2022 letter authored by Sternberg and submitted to the Office of the Chief Disciplinary Counsel for the State Bar of Texas.  RFA #66

(67)     A true and correct copy of the April 24, 2022 letter authored by Sternberg and submitted to the Office of the Chief Disciplinary Counsel for the State Bar of Texas, was marked as Sternberg Deposition Exhibit 6 at the Sternberg Deposition.  RFA #67

(68)     Sternberg prepared an Affidavit for Weiss to sign (a copy of which draft Weiss Affidavit was marked as Weiss Deposition Exhibit 10 at the Weiss Deposition), that Sternberg wanted to submit as part of Sternberg's submission to the Office of the Chief Disciplinary Counsel for the State Bar of Texas, but Weiss refused to sign the draft Affidavit prepared by Sternberg because it contained several statements that Weiss stated were false and not correct.  RFA #68

(69)     Weiss also stated that the Affidavit that Sternberg prepared for Gross to sign (a copy

---

[13] A copy of 1/26/22 invoice sent by Weiss to Gross, which was marked as Weiss Deposition Exhibit 6 at the Weiss deposition, and that also was  attached as Exhibit "B" to the April 24, 2022 letter authored by Sternberg and submitted to the Office of the Chief Disciplinary Counsel for the State Bar of Texas, is marked as Plaintiff's Trial Exhibit P-10.

of which draft Gross Affidavit was marked as Weiss Deposition Exhibit 11 at the Weiss Deposition), which Gross Affidavit Sternberg in fact submitted as part of Sternberg's 4/24/22 submission to the Office of the Chief Disciplinary Counsel for the State Bar of Texas (Sternberg Deposition Exhibit 6), contained several statements that Weiss stated were false and not correct. RFA #69

(70)    A true and correct copy of the 1/26/22 invoice sent by Weiss to Gross, purporting to sell to CHG a total of 355,200 Test Kits, was marked as Weiss Deposition Exhibit 6 at the Weiss Deposition.  RFA #70

(71)    The 1/26/22 invoice prepared by Weiss showed 5 buyers for the Test Kits, including Plaintiff and VRC.  RFA #71

(72)    Weiss has stated that Gross and Sternberg "instructed [him] to make an invoice with Fraudulent intentions, as there are no 5 buyers as they told me, with the detail they instructed me to make the invoice" -- this was documented by Weiss in an email he sent to his attorney on July19, 2023, a true and correct copy of which 7/19/23 email was marked as Weiss Deposition Exhibit 9 at the Weiss Deposition.[14]  RFA #72

(73)    When Weiss sent his 1/26/22 invoice to Gross, Weiss did not own or have possession of any Test Kits, let alone the 151,200 Test Kits purchased by Plaintiff.  RFA #73

(74)    When Weiss sent his 1/26/22 invoice to Gross, Weiss did not own or have possession of any Test Kits, let alone the 204,120 Test Kits purchased by VRC from Gross and/or Sternberg.  RFA #74

(75)    Sternberg failed to undertake any independent investigation or otherwise perform any due diligence to confirm that Gross or Weiss had purchased or had ownership of the 151,200 Test Kits purchased by Plaintiff, let alone the 355,200 Test Kits, that were the subject of Weiss's 1/26/22 invoice, before Sternberg released from the Sternberg attorney escrow account, most of Plaintiff's Purchase Price and monies also sent to Sternberg's trust account by VRC.  RFA #75

(76)    Sternberg failed to undertake any independent investigation or otherwise perform any due diligence to confirm that  "title transfer" to the Goods purchased by Plaintiff happened "contemporaneously with the funds [paid by Plaintiff] being released to Seller."  RFA #76

(77)    ASOLARDIAMOND, LLC ("ASD") is an entity with no assets, that that was undercapitalized, and that is owned and controlled by defendant Gary Weiss.  RFA #77

(78)    Gross wrote texts to Plaintiff on or about February 15, 2022, in which Gross stated that Plaintiff could cancel the purchase and obtain a refund of the Purchase Price.  RFA #78

---

[14] A copy of the email that Weiss sent to his attorney on July19, 2023, which 7/19/23 email was marked as Weiss Deposition Exhibit 9 at the Weiss deposition, and is marked as Plaintiff's Trial Exhibit P-11.

(79)     True and correct copies of the texts that Gross wrote to Plaintiff on or about February 15, 2022, in which Gross stated that Plaintiff could cancel the purchase and obtain a refund of the Purchase Price, are marked as Plaintiff's Trial Exhibits RFA-1 through RFA-4.[15] RFA #79

(80)     The document marked as Sternberg Deposition Exhibit 9, at the Sternberg Deposition, is an accurate transcription of the texts that Gross wrote to Plaintiff, on or about February 15, 2022, in which Gross stated that Plaintiff could cancel the purchase and obtain a refund of the Purchase Price.[16]  RFA #80

(81)     In Sternberg Deposition Exhibit 10, Sternberg informed Plaintiff's attorney on February 15, 2022, as follows:

> "I am told the product will be arriving tomorrow at the location provided by your client. Let me know when your client is in possession of his product."[17]

RFA #81

(82)     On February 16, 2022, Plaintiff emailed a letter to Gross in which Plaintiff informed Gross as follows (emphasis in original):

> "Yesterday [i.e., 2/15/22] your attorney Manfred Sternberg told my attorney, Gary Lightman, that the goods for my purchase order #18315 had been shipped and should be received at my warehouse in Glen Mills, PA, today [2/16/22]. On February 16, 2022,
>
> But as of today, February 16, 2020, I have not received a Bill of Lading (BOL) or any other shipping documents pertaining to this shipment.  Please email me the BOL and any relevant shipping documents that identify the shipment and confirms the delivery of all goods I ordered.  **I NEED ALL SHIPPING DOCUMENTS TODAY**."

RFA #82

(83)     A true and correct copy of Plaintiff's 2/16/22 email that was sent to and received

---

[15] Copies of said 2/15/22 texts are marked as Plaintiff's Trial Exhibits RFA-1 through RFA-4

[16] A copy of Sternberg Deposition Exhibit 9, marked at the Sternberg Deposition, is marked as Plaintiff's Trial Exhibit P-12.

[17] A copy of Sternberg Deposition Exhibit 10, marked at the Sternberg Deposition, is marked as Plaintiff's Trial Exhibit P-13.

by Gross and Sternberg was marked as Sternberg Deposition Exhibit 12 at the Sternberg Deposition.[18]  RFA #83

(84)    Neither Gross nor Sternberg sent Plaintiff the Bill of Lading or other shipping documents pertaining to the alleged shipment, in response to Plaintiff's 2/16/22 email that was sent to and received by Gross and Sternberg, and was marked as Sternberg Deposition Exhibit 12 at the Sternberg Deposition.  RFA #84

(85)    Neither Gross nor Sternberg responded to Plaintiff's 2/16/22 email (that was sent to and received by Gross and Sternberg, and was marked as Sternberg Deposition Exhibit 12 at the Sternberg Deposition), by informing Plaintiff that the goods were not shipped as represented.  RFA #85

(86)    The Test Kits that were referenced in Plaintiff's 2/16/22 email (which email was sent to and received by Gross and Sternberg, and was marked as Sternberg Deposition Exhibit 12 at the Sternberg Deposition.), in fact were not delivered to Plaintiff, either by 2/16/22, or any time in February 2022.  RFA #86

(87)    On February 16, 2022, Plaintiff sent an email to Gross and Sternberg, canceling the Plaintiff's purchase transaction and demanding the return of the $2 million Purchase Price that Plaintiff paid for the Test Kits that were never delivered.  RFA #87

(88)    A true and correct copy of Plaintiff's 2/16/22 email that was sent to and received by Gross and Sternberg canceling the purchase and demanding a full refund was marked as Sternberg Deposition Exhibit 13 at the Sternberg Deposition.[19]  RFA #88

(89)    Plaintiff through its counsel also notified Sternberg on February 15, 2022, not to make any further disbursements from Sternberg's attorney escrow account, in a phone call and then an email exchange, that was memorialized as Sternberg Deposition Exhibit 11 at the Sternberg Deposition.[20]  RFA #89

(90)    Sternberg continued to make disbursements from the Sternberg trust account on and after 2/15/22, even after being put on notice not to make any further disbursements from his trust account.  RFA #90

(91)    Section 11 of the SPA states in part as follows:

---

[18] A true and correct copy of Plaintiff's 2/16/22 email that was sent to and received by Gross and Sternberg was marked as Sternberg Deposition Exhibit 12 at the Sternberg deposition, and is marked as Plaintiff's Trial Exhibit P-14.

[19] A copy of Plaintiff's 2/16/22 email that was sent to and received by Gross and Sternberg canceling the purchase and demanding a full refund, that was marked as Sternberg Deposition Exhibit 13 at the Sternberg deposition, is marked as Plaintiff's Trial Exhibit P-15.

[20] A copy of the 2/15/22 email from Plaintiff's counsel to Sternberg is marked as Plaintiff's Trial Exhibit P-16.

> "…. if Buyer in any way attempts to circumvent Seller,
> Seller will be entitled to liquidated damages of $50,000 from
> Buyer, or if Buyer terminates this contract without cause,
> Seller will be entitled to liquidated damages of $25,000 from
> Buyer."

RFA #91

(92)    The SPA does not allow Gross and Sternberg to retain the $1,965,600.00 Purchase Price paid by Plaintiff for the Test Kits, and also not make delivery of the Test Kits to Plaintiff. RFA #92

(93)    There is no agreement between Plaintiff, on the one hand, and Gross and Sternberg, on the other hand, that would allow Gross and Sternberg to retain the $1,965,600.00 Purchase Price paid by Plaintiff for the Test Kits, and also not make delivery of the Test Kits to Plaintiff. RFA #93

(94)    The document marked as Sternberg Deposition Exhibit 32 at the Sternberg Deposition, is a true and correct copy of a text sent by Sternberg to Gross, shortly after February 25, 2022.[21]  RFA #94

(95)    In Sternberg Deposition Exhibit 32, Sternberg states: "he [referring to Weiss] is buying himself and his lawyer a bunch of bad pr and claims of fraud and wire fraud."  RFA #95

(96)    In Sternberg Deposition Exhibit 32, Sternberg states: "especially last Friday when he [referring to Weiss] said less than 45 min away and I scrambled to send him another $190k [referring to the $190,000.00 wire transfer made by Sternberg on Friday, 2/25/22 to the Zekaria attorney escrow account].  RFA #96

(97)    In Sternberg Deposition Exhibit 32, Sternberg writes (emphasis added):

> "**That** [referring to Wiess's claim that he needed another $190,000 in order
> to deliver the Test Kits] **is classic fraud in the inducement and can only
> be cured by delivery or return of all money**."

RFA #97

(98)    Weiss filed an Answer to Plaintiff's Complaint that Weiss filed under oath on September 12, 2023 [ECF 105], subject to the penalties for perjury.  RFA #98

(99)    Deposition Exhibit Weiss-7 is a true and correct copy of the Answer to Plaintiff's

---

[21] A copy of the document marked as Sternberg Deposition Exhibit 32 at the Sternberg deposition, the text sent by Sternberg to Gross, shortly after February 25, 2022, is marked as Plaintiff's Trial Exhibit P-17.

Complaint that Weiss filed under oath on September 12, 2023 [ECF 105], subject to the penalties for perjury.[22]  RFA #99

(100)   In the Answer to Plaintiff's Complaint that Weiss filed under oath on September 12, 2023 [ECF 105], subject to the penalties for perjury, Weiss claimed that: (a) he took delivery of 355,200 Test Kits on February 7, 2022, (b) but he could not deliver the Test Kits because Gross and Sternberg failed to supply him with Bills of Lading, and (c) he then had the Test Kits transported to and held in storage for about two weeks by Available Moving & Storage ("AMS"), and (d) he "repeatedly requested the Bill of Lading, and requisite details, from the Gross and Sternberg Defendants" without success, and (e) "still having not received the Bill of Lading, the Weiss Defendants made arrangements to retrieve the test kits form the transport facility" [AMS], and (f) "upon arrival at the transport facility, the Weiss Defendants learned that the test kits were no longer on the truck and that they could not be located." [ECF 105, Weiss Answer to Plaintiff's Complaint, at ¶¶ 172 – 183].  RFA #100

(101)   Weiss admitted in his Weiss Deposition, that he did not confront AMS when he learned (as he claimed) that "the test kits were no longer on the truck and that they could not be located" and Weiss also admitted that he did not contact the police or make a police report about the missing Test Kits, and that he also did not notify Gross or Sternberg about the alleged disappearance of the Test Kits.  RFA #101

(102)   In the Weiss Deposition conducted under oath on February 16, 2024, Weiss subsequently made a claim inconsistent with the claims he made in his 9/12/23 Answer filed in Court in this case [ECF 105] – in the Weiss Deposition Weiss claimed under oath that he was able to pick up the Test Kits from AMS, but when he brought the truck back to New Jersey and checked the Test Kits later that morning, Weiss claims he discovered that someone had taken all of the Test Kits and instead replaced the Test Kits with rice in the Test Kit boxes.[23]  RFA #102

(103)   Weiss admitted in his Weiss Deposition, that he did not confront AMS when he learned (as he claimed) that the Test Kits had been removed from their boxes and replaced with rice, and Weiss also admitted that he did not contact the police or make a police report about the missing Test Kits being replaced with rice, and also admits that he did not notify Gross or Sternberg about the alleged Test Kits being replaced with rice.[24]  RFA #103

(104)   Weiss admitted in his Weiss Deposition, that he did not take any pictures of the Test

[22] A copy of the Answer filed by Weiss to Plaintiff's Amended Complaint that Weiss filed under oath on September 12, 2023 [ECF 105], subject to the penalties for perjury, is marked as Plaintiff's Trial Exhibit P-18.

[23] Excerpts from the 2/16/24 Weiss Deposition transcript in which Weiss claimed that the Test Kits had turned to rice, is marked as Plaintiff's Trial Exhibit P-19.

[24] Excerpts from the 2/16/24 Weiss Deposition transcript in which Weiss admitted that he did not make a Police Report or confront AMS, is marked as Plaintiff's Trial Exhibit P-19.

18

Kit boxes being replaced with rice, or otherwise create any documents to evidence this claim.[25] RFA #104

(105)   Neither Weiss nor ASD ever provided a Manifest or Bill of Lading to Gross or CHG.  RFA #105

(106)   The picture marked as RFA-5, a copy of which accompanied the Requests for Admission (and also is marked as Plaintiff's Trial Exhibit RFA-5, is a picture that Weiss took of boxes on a truck, that Weiss claimed were the Test Kits purchased by Plaintiff.[26]  RFA #106

(107)   The picture marked as RFA-5, is a picture of less than all of the 151,200 Test Kits that Plaintiff purchased.  RFA #107

(108)   On May 31, 2022, Gross wrote an email to Sternberg in which Gross stated that Sternberg still had $400,000 or so left of the funds transferred to Sternberg.  RFA #108

(109)   A true and correct copy of the 5/31/22 email from Gross to Sternberg was marked as Sternberg Deposition Exhibit 23 at the Sternberg Deposition.[27]  RFA #109

(110)   VRC's purchase of their Test Kits was pursuant to a Sales and Purchase Agreement (the "VRC SPA") that contained terms and conditions similar to the SPA used for Plaintiff's purchase.  RFA #110

(111)   Paragraph 6 of the VRC SPA clearly states as follows (emphasis added):

> "Once the transferred funds [the Purchase Price] have cleared in the Seller's account, BILL OF SALE (EXHIBIT D) shall be provided, and Seller will deliver the Goods to a common carrier with instructions to deliver the Goods to the location(s) as directed by Buyer.  **Title transfer shall happen contemporaneously with the funds being released to Seller**."

RFA #111

(112)   VRC never received the 204,120 Test Kits that were purchased from Gross and/or Sternberg.  RFA #112

---

[25] Excerpts from the 2/16/24 Weiss Deposition transcript in which Weiss admitted that he did not take any pictures of the Test Kit boxes being replaced with rice, or otherwise create any documents to evidence this claim, is marked as Plaintiff's Trial Exhibit P-19.

[26] A copy of this picture is marked as Plaintiff's Trial RFA-5.

[27] A copy of the 5/31/22 email from Gross to Sternberg that was marked as Sternberg Deposition Exhibit 23 at the Sternberg deposition, is marked as Plaintiff's Trial Exhibit P-20.

(113)   Gross and Sternberg did not refund to VRC, any of the $2,449,440, that VRC transferred into the Sternberg attorney escrow account for VRC's purchase of 204,120 Test Kits from Gross and Sternberg.  RFA #113

(114)   On March 1, 2022, William Berman, Esquire, attorneys for VRC, sent an email to Zekaria, in which (a) Berman informed Zekaria that after VRC transferred $2,449,440 to Sternberg's trust account, "Sternberg has advised that he transferred the funds to [Zekaria's] trust account" and (b) that the funds paid by VRC and deposited with Sternberg in trust were "not to be released until a Bill of Lading was issued" and Berman also states that (c) his review of the history has "led our group to conclude that this was a fraudulent transaction" and that (d) Berman hopes that Zekaria "can explain that it was not and have the funds returned immediately" and (e) that "there has been no delivery of any product to [his] client" and (f) Berman tells Zekaria that his client has made "previous demands for the return of the funds."  RFA #114

(115)   A true and correct copy of the 3/1/22 email from Berman to Zekaria in which those statements were made is included as part of the document marked as Sternberg Deposition Exhibit 38 at the Sternberg Deposition.[28]  RFA #115

(116)   Zekaria forwarded Berman's 3/1/22 email to Sternberg and asked Sternberg to "address this."  RFA #116

(117)   A true and correct copy of the 3/1/22 email from Zekaria forwarding Berman's 3/1/22 email to Sternberg is included as part of the document marked as Sternberg Deposition Exhibit 38 at the Sternberg Deposition.  RFA #117

(118)   Sternberg then had a phone conversation with and sent an email to William Berman that same day, March 1, 2022.  RFA #118

(119)   The document marked as Sternberg Deposition Exhibit 38 at the Sternberg Deposition, is a true and correct copy of an email sent by Sternberg to William Berman, Esquire, attorneys for VRC, telling him not to further contact Zekaria and asking him to "wait a few more days and plan for delivery."[29]  RFA #119

(120)   VRC did not get the 204,120 Test Kits that VRC purchased from Gross and/or Sternberg.  RFA #120

(121)   Gross and Sternberg did not refund the $2,449,440 that VRC wired to Sternberg to hold in trust, for VRC's purchase of their Test Kits.  RFA #121

---

[28] A copy of the 3/1/22 email from Berman to Zekaria in which those statements were made, that was part of the document marked as Sternberg Deposition Exhibit 38 at the Sternberg deposition, is marked as Plaintiff's Trial Exhibit P-21.

[29] This document is marked as Plaintiff's Trial Exhibit P-21.

(122)   The document marked as Sternberg Deposition Exhibit 29 at the Sternberg Deposition is a true and correct copy of an email dated March 1, 2022, from Weiss to Sternberg and Gross, in which Weiss states as follows:

> "Of course as I said many times before If you would like a refund you have no questions asked."[30]

RFA #122

(123)   Weiss claims he delivered diamonds and other gemstones worth $3 million to $4 million to Gross and Sternberg after he could not deliver the Test Kits.  RFA #123

(124)   Both Weiss and Gross contend that Sternberg did not want the money back from Weiss and Zekaria (that Sternberg had wired to Weiss/Zekaria) because Sternberg did not want to "lose the profit" (as set forth in Sternberg Deposition Exhibit 30) and that it was Sternberg who wanted Weiss to give Gross and Sternberg the collateral (diamonds and gemstones worth $3 to $4 million) instead.  RFA #124

(125)   The documents marked as Sternberg Deposition Exhibits 29, 30, 31, 33, 34, and 35 at the Sternberg Deposition are true and correct copies of texts from Weiss and Gross and other documents from them, that memorialize that it was Sternberg who wanted Weiss to give collateral (diamonds and gemstones) instead of returning the money that Sternberg wired to Weiss and Zekaria.[31]  RFA #125

(126)   A list of the collateral that Weiss claims he delivered diamonds and other gemstones worth $4 million to Gross and Sternberg after he could not deliver the Test Kits, was marked as Sternberg Deposition Exhibit 28 at the Sternberg Deposition.  RFA #126

(127)   None of the diamonds and gemstones that Weiss gave as collateral to Gross and/or Sternberg was then delivered to Plaintiff, and Plaintiff has not received any proceeds from the sale of any of that collateral.  RFA #127

(128)   Sternberg had control over the disposition of the diamonds and gemstones that Weiss gave as collateral to Gross and/or Sternberg.  RFA #128

(129)   Sternberg offered to Randolph ("Randy") Adler, Esquire (counsel for VRC) to liquidate the collateral that Weiss gave to Gross and/or Sternberg, and pay the proceeds to VRC,

---

[30] A copy of the document marked as Sternberg Deposition Exhibit 29 at the Sternberg Deposition the email dated March 1, 2022, from Weiss to Sternberg and Gross, is marked as Plaintiff's Trial Exhibit P-22.

[31] Copies of the documents marked as Sternberg Deposition Exhibits 28, 29, 30, 31, 33, 34, and 35 at the Sternberg deposition are true and correct copies of texts from Weiss and Gross and other documents from them, are marked as Plaintiff's Trial Exhibits P-23a through P-23g.

in the event that Gross and Sternberg failed to deliver to VRC the Test Kits that VRC purchased from Gross and/or Sternberg – Mr. Adler memorialized Sternberg's offer in Adler's email to Sternberg dated March 13, 2022, a copy of which was marked as Weiss Deposition Exhibit 12 at the Weiss Deposition.[32]  RFA #129

(130)    Sternberg did not write back to Adler disputing what Adler wrote to him on 3/13/22 in Weiss Deposition Exhibit 12;  instead, Sternberg forwarded the email to Gross.  RFA #130

(131)    The document marked as Sternberg Deposition Exhibit 37 at the Sternberg Deposition, is a true and correct copy of a letter dated February 23, 2022, sent by Randolph ("Randy") Adler, Esquire, attorneys for VRC, to Sternberg, in which they accused Gross of failing to deliver the 204,120 Test Kits that VRC purchased.[33]  RFA #131

(132)    In his 2/23/22 letter to Sternberg, Mr. Adler also instructed Sternberg not to disburse any portion of the $2,449,440 that VRC wired to Sternberg to hold in trust, that Sternberg was required to hold in trust "until the transaction is complete…"  RFA #132

(133)    [no RFA #133 mistakenly was set forth in plaintiff's RFAs]

(134)    VRC has sued Gross and Sternberg alleging they defrauded VRC –VRC claims they paid over $2.4 million to Gross and Sternberg for their purchase of Test Kits, and that they never received the Test Kits or the return of their money they wired to Sternberg's trust account. RFA #134

(135)    The document marked as Sternberg Deposition Exhibit 39 is a true and correct copy of the Complaint that VRC filed against Gross and Sternberg.[34]  RFA #135

(136)    There are other purchasers of Test Kits and other PPE equipment, that have claimed that they were defrauded by one or more of the Defendants, including:

(a) Nail & Beauty, LLC ("N&B"); and

(b) BELCO Distributors ("BELCO"); and

---

[32] A copy of Randy Adler's email to Sternberg dated March 13, 2022 which was marked as Weiss Deposition Exhibit 12 at the Weiss deposition, is marked as Plaintiff's Trial Exhibit P-24.

[33] A copy of Randy Adler's letter to Sternberg dated February 23, 2022, which was marked as Sternberg Deposition Exhibit 37 at the Sternberg deposition, is marked as Plaintiff's Trial Exhibit P-25.

[34] A copy of the Complaint that VRC filed against Gross and Sternberg, which also was marked as Sternberg Deposition Exhibit 39 at the Sternberg deposition, is marked as Plaintiff's Trial Exhibit P-26.  VRC also sued the Sternberg Defendants and Gross Defendants in federal court, and a copy of that Complaint is marked as Plaintiff's Trial Exhibit P-35.

(c) Hand Safety LLC; and

(d) George Gianfacaro/ Indutex USA ("Indutex"); and

(e) George Carcia-Menocal, Esquire; and

(f) Daniel Rodin; and

(g) David Wright/DKW Consulting, Inc.; and

(h) Nationwide Medical Services ("NMS": and

(i) Yuba County Schools. ("Yuba"); and

(j) El Monte Unified School District (El Monte"); and

(k) Linda Coughlin or her client.

RFA #136

(137) Gross and Sternberg had no intention to perform under the SPA. RFA #137

(138) Gross and Sternberg lacked the ability to perform under the SPA. RFA #138

(139) Contrary to the representations that Gross and Sternberg made to Plaintiff -- that they had the Test Kits available for purchase and shipment to Plaintiff – to induce Plaintiff to transfer the $1,965,600.00 Purchase Price to the Sternberg trust account, the Test Kits were not owned or available to Gross and Sternberg as they represented. RFA #139

(140) The Gross and Sternberg Attorney Defendants never provided Plaintiff with a Bill of Lading, from a recognized common carrier, and also failed to provide other shipping information to Plaintiff, as required under the SPA and as a prerequisite to the release of the $1,965,600.00 Purchase Price from Sternberg's the attorney escrow account. RFA #140

(141) To induce Plaintiff to make the wire transfer to them, Gross and Sternberg Defendants represented to Plaintiff that Plaintiff's $1,965,600.00 Purchase Price would remain in Sternberg's attorney escrow account, and that the $1,965,600.00 Purchase Price would not be released from the Sternberg attorney escrow account, unless and until the Covid Test Kits had been delivered to a common carrier for delivery to Plaintiff, and Plaintiff was supplied with the required Bill of Lading from a recognized common carrier evidencing that the Covid Test Kits were in transit to Plaintiff. RFA #141

(142) Prior to filing the lawsuit, Plaintiff and its counsel gave Defendants multiple opportunities to confirm that they did not fraudulently take Plaintiff's $1,965,600.00 Purchase Price, and that Defendants in fact shipped the Covid Test Kits to Plaintiff. RFA #142

(143)  However, Defendants continued to make lies and misrepresentations to Plaintiff concerning the status of the delivery of the Covid Test Kits.  RFA #143

(144)  For example, on or about February 8, 2022, Sternberg misrepresented to Plaintiff that the Covid Test Kits were en route and would be delivered to Plaintiff by no later than February 17, 2022, when in fact they were not with a common carrier or otherwise being shipped to Plaintiff; as of February 17, 2022, and as of the filing of Plaintiff's Complaint), no delivery had been made. *See* Exhibit 3 to the Complaint.[35]  RFA #144

(145)  Plaintiff on numerous occasions prior to filing suit, requested that Defendants provide Plaintiff with a Bill of Lading and other shipping documents to show Seller had delivered the Covid Test Kits to a common carrier for delivery to Plaintiff.  *See* Exhibit 4 to the Complaint.[36] RFA #145

(146)  However, Defendants failed and refused to deliver this shipping documentation to Plaintiff.  RFA #146

(147)  On or about February 16, 2022, a man named "Shraga" contacted Plaintiff and advised Plaintiff the Covid Test Kits were on a truck and that delivery would be made to Plaintiff by 4:00 pm on February 16, 2022.  RFA #147

(148)  When the alleged shipment did not arrive at 4:00 p.m. on 2/16/22, Plaintiff contacted Shraga who advised Plaintiff the truck had "broken down" and that the Kits would be delivered in the morning of February 17, 2022.  RFA #148

(149)  The Test Kits in fact were not delivered to Plaintiff, either on February 16, 2022, or on February 17, 2022, or at any time before the lawsuit was filed, or thereafter.  RFA #149

(150)  Defendant Gary Weiss admitted that he was the person who contacted Plaintiff using the name "Shraga."  RFA #160

(151)  The document marked as Weiss Deposition Exhibit 13 is a true and correct copy of

---

[35] A copy of the February 8, 2022, email from Sternberg, in which Sternberg misrepresented to Plaintiff that the Covid Test Kits were en route and would be delivered to Plaintiff by no later than February 17, 2022 (when in fact they were not with a common carrier or otherwise being shipped to Plaintiff; as of February 17, 2022), which email also was attached as Exhibit 3 to Plaintiff's Amended Complaint, also is marked as Plaintiff's Trial Exhibit P-27.

[36] Copies of the requests made by Plaintiff on numerous occasions prior to filing suit, for Defendants to provide Plaintiff with a Bill of Lading and other shipping documents to show Seller had delivered the Covid Test Kits to a common carrier for delivery to Plaintiff, which requests also were attached as Exhibit 4 to Plaintiff's Amended Complaint, also is marked as Plaintiff's Trial Exhibit P-28.

a text from Zekaria to Gross.[37]  RFA #151

(152)   The document marked as Weiss Deposition Exhibit 14 is a true and correct copy of a text from Zekaria to Gross.[38]  RFA #152

(153)   The document marked as DZ 00036 (and also marked as Zekaria-00001) is a true and correct copy of a WhatsApp text chat between Zekaria and Weiss and Gross on February 4, 2022, in which Gross writes to Weiss as follows, as respects the $1.9 million wire transfer made by Sternberg to Zekaria on February 4, 2022:[39]

> "Gary, please confirm to Daphna here.
> From the 1.9 m 65% is yours. The rest is mine.
> Thanks."

RFA #153

(154)   In that same document marked as DZ 00036 (and also marked as Zekaria-00001), Weiss responds to the text from Gross as follows:

> "Hi, Daphna, I confirm 35% of 1.9m going
> To Sam, and 65% of 1.9 m to me Gary Weiss."

RFA #154

(155)   The document marked as Zekaria-00002 is a true and correct copy of a WhatsApp text chat between Zekaria and Weiss and Gross on February 15, 2022, in which Daphna writes as follows, as respects the $250,000.00 wire transfer made by Sternberg to Zekaria on February 15, 2022:[40]

---

[37] A copy of the document marked as Weiss Deposition Exhibit 13, which is a text from Zekaria to Gross, is marked as Plaintiff's Trial Exhibit P-29.

[38] A copy of the document marked as Weiss Deposition Exhibit 14, which is a text from Zekaria to Gross, is marked as Plaintiff's Trial Exhibit P-30.

[39] A copy of the document marked as DZ 00036 (and also marked as Zekaria-00002), which is a WhatsApp text chat between Zekaria and Weiss and Gross on February 4, 2022, is marked as Plaintiff's Trial Exhibit P-31.

[40] A copy of the document marked as DZ 00036 (and also marked as Zekaria-00001), which is a WhatsApp text chat between Zekaria and Weiss and Gross on February 15, 2022, is marked as Plaintiff's Trial Exhibit P-31.

"Daphna [at 3:37 pm]: It's my understanding that I am about
to receive an additional wire of 250,000 which is 130,000 to
Gary Weiss and the rest for my additional fees?

RFA #155

(156)   In that same document marked as Zekaria-00002, Gross then writes as follows:

"Shlomi [Weiss]" Gary please confirm to her
250K is coming in (and she is waiting for it)"
And 130 is yours."[41]

RFA #156

(157)   In that same document marked as Zekaria-00002, Weiss then writes as follows:

"Gary Weiss: Hi Daphna, that is correct you are sending me 130K, thanks."[42]

RFA #157

(158)   In that same document marked as Zekaria-00002, Zekaria then writes as follows:

"Daphna: Awesome.   Thanks for the confirmation and opportunity to represent
you."[43]

RFA#158

(159)   Defendants worked in concert with each other to deprive Plaintiff of the
$1,965,600.00 Purchase Price that Plaintiff paid to purchase 151,200 Test Kits.  RFA#159

(160)   Each of the Defendants received and retained portions of the Purchase Price funds
that Plaintiff wired into Sternberg's trust account.  RFA#160

(161)   Each of the Defendants received and retained portions of the funds that VRC  wired
into Sternberg's trust account to purchase their Test Kits.  RFA#161

(162)   As Sternberg aptly stated to Gross in Sternberg Deposition Exhibit 32, the conduct
of Defendants:[44]

"is classic fraud in the inducement and can only be cured by delivery
or return of all money."

RFA#162

---

[41] This is part of Plaintiff's Trial Exhibit P-31.

[42] This is part of Plaintiff's Trial Exhibit P-31.

[43] This is part of Plaintiff's Trial Exhibit P-31.

[44] *See* items (94) through (97), and Plaintiff's Trial Exhibit P-17.

(163)   Plaintiff was defrauded by the conduct of the Defendants.  RFA#163

(164)   Defendants engaged in a wrongful civil conspiracy that caused damages to Plaintiff, including defrauding Plaintiff out of the $1,965,600.00 Purchase Price that Plaintiff paid to purchase 151,200 Test Kits that Defendants failed to deliver to Plaintiff.  RFA#164

(165)   Gross is personally liable for the damages caused to the Plaintiff and the corporate veil of CHG should be pierced.  RFA#165

(166)   Weiss is personally liable for the damages caused to the Plaintiff and the corporate veil of ASD should be pierced.  RFA#166

(167)   Sternberg is personally liable for the damages caused to the Plaintiff and the corporate veil of MSA should be pierced.  RFA#167

(168)   Zekaria is personally liable for the damages caused to the Plaintiff and the corporate veil of S&K should be pierced.  RFA#168

(169)   Each of Gross and Sternberg and Weiss and Zekaria are liable to Plaintiff for their individual participation in their fraudulent scheme, pursuant to the Participation Theory.  RFA#169

(170)   Each of Gross and Sternberg and Weiss and Zekaria have been unjustly enriched and thus are liable to Plaintiff.  RFA#170

(171)   Each of Gross and Sternberg and Weiss and Zekaria have tortiously interfered with the contractual relations of Plaintiff and its customers, and thus are liable to Plaintiff.  RFA#171

(172)   Each of Gross and Sternberg and Weiss and Zekaria have tortiously interfered with the prospective economic advantage of Plaintiff and its customers, and thus are liable to Plaintiff. RFA#172

[NOTE—as previously mentioned, Plaintiff's Rule 36 RFA Motion seeks to have the RFAs deemed admitted as to the Sternberg Defendants as well]

## C.  **RELIEF SOUGHT BY PLAINTIFF**

13.     Plaintiff SAFETY HOUSE filed a Motion for Summary Judgment and/or Final

Default Judgment against all defendants on September 30, 2024 [ECF 196][45] and has requested

---

[45] Plaintiff's summary judgment motion was opposed by the Sternberg Defendants, and has been fully briefed, and needs to be ruled on by the Court.

Summary Judgment under Rule 56, against all Defendants, individually, jointly and severally, for compensatory damages in the amount of $1,965,600.00, plus post-Judgment interest at the legal rate, plus costs, based upon the undisputed facts of record, as more fully set forth in plaintiff's Motion for Summary Judgment

14.     Plaintiff also has requested a Default and Final Judgment against the Gross Defendants, and the Zekaria Defendants, and the Weiss Defendants, individually, jointly and severally, for compensatory damages in the amount of $1,965,600.00, plus post-Judgment interest at the legal rate, plus costs;   SAFETY HOUSE wired $1,965,600.00 on January 21, 2022, in escrow, to the attorney trust account of the Sternberg Defendants, but Defendants kept the entire purchase price and also failed to deliver the 151,200 iHealth Covid-19 test kits purchased by plaintiff, and they also failed to return the $1,965,600.00 purchase price to plaintiff.  .

15.     Plaintiff SAFETY HOUSE is entitled to a Default Judgment under Rule 55, against the Weiss Defendants, and the Gross Defendants, and the Zekaria Defendants, individually, jointly and severally, because defaults previously have been entered or requested of record against each of said defendants (which defaults establish their liability, leaving only the amount of the Judgment to be determined).

16.     Plaintiff seeks a Judgment against the Sternberg Defendants, individually jointly and severally, for compensatory damages in the amount of $1,965,600.00, plus post-Judgment interest at the legal rate, plus costs.

17.     Plaintiff seeks a Judgment against all defendants, individually jointly and severally, for punitive damages in the amount of $19,656,000.00 (ten times the compensatory damages), plus post-Judgment interest at the legal rate, plus costs.

18.     Plaintiff seeks such other and further relief as the Court deems just and proper.

D.  **LIST OF TRIAL WITNESSES**

19.    Plaintiff also call as a witness at trial, one or more of each of the witnesses identified on the accompanying List of Plaintiff's Trial Witnesses.

20.    Plaintiff also reserves the right to call as a witness, any person identified as a witness by any of the other defendants, and any person identified in any discovery in this case.

E.  **LIST OF TRIAL EXHIBITS**

21.    Plaintiff intends to use as exhibits at trial, one or more of the documents submitted set forth in Plaintiff's List of Trial Exhibits that accompanies this submission.

22.    Plaintiff also reserves the right to use as an exhibit, any exhibit or document identified by any of the other defendants, and any document identified or produced in any deposition or otherwise in discovery in this case.

F.  **MISCELLANEOUS OPEN MATTERS**

23.    Currently pending before the Court is plaintiff's Motion for Summary Judgment and/or Final Default Judgment against all defendants on September 30, 2024 [ECF 196], which Motion was opposed by the Sternberg Defendants.  Plaintiff's Summary Judgment Motion has been fully briefed, and needs to be ruled on by the Court.[46]  If the Court grants plaintiff's Motion for Summary Judgment, there would be no need for a jury trial in this case.

24.    For the reasons more fully set forth in plaintiff's Motion for Summary Judgment, plaintiff respectfully submits that it is entitled to Summary Judgment and/or Default Judgment

---

[46] The Sternberg Defendants also filed a Motion for Summary Judgment on September 30, 2024 [ECF 186], which Motion was opposed by plaintiff by filings on October 30, 2024 [ECF 210-211], and on November 6, 2024 [ECF 212], which Motion has been fully briefed, and also is ripe for determination by the Court.

against all defendants, for compensatory damages in the amount of $1,965,600.00, plus post-Judgment interest at the legal rate, plus costs, plus punitive damages in the amount of $19,656,000.00 (ten times the compensatory damages), as more fully set forth in detail in plaintiff's Motion for Summary Judgment.  The allegations of plaintiff's Motion for Summary Judgment, including all supporting documents, are incorporated herein by reference as if fully set forth at length.

25.    Plaintiff also filed a Motion to Bar Expert Reports of the Sternberg Defendants and Preclude Expert Trial Testimony on Behalf of the Sternberg Defendants on September 30, 2024 [ECF 199] (the "Bar Expert Motion"), seeking to bar the expert testimony of the experts designated by the Sternberg Defendants after the deadline established by the Court, and because the purported "expert" opinions are not proper expert opinions, as more fully set forth in detail in plaintiff's Bar Expert Motion.  The allegations of plaintiff's Bar Expert Motion, including all supporting documents, are incorporated herein by reference as if fully set forth at length..  The Bar Expert Motion was opposed by the Sternberg Defendants, and has been fully briefed, and needs to be ruled on by the Court.

26.    For the reasons more fully set forth in plaintiff's Bar Expert Motion, the Sternberg Defendants should be precluded from using any expert reports and from having any experts testify at trial.

27.    However, if the Court does not bar the expert reports of the Sternberg Defendants, then plaintiff needs to retain and submit its own expert(s) and expert report(s) in rebuttal to the out-of-time expert reports submitted by the Sternberg Defendants.

28.    On July 24, 2024, plaintiff also filed a Rule 36(a)(6) Motion to Determine Plaintiff's Requests for Admission Served on the Sternberg Defendants as Deemed Admitted [ECF

184] (the "Rule 36 RFA Motion"), because of the failure of the Sternberg Defendants to properly respond to plaintiff's Requests for Admission served on them. Plaintiff's Rule 36 RFA Motion was opposed by the Sternberg Defendants, is fully briefed, and is waiting to be determined by the Court.

29.     Plaintiff also desires to conduct *de bene esse* trial depositions of the witnesses identified in the accompanying Plaintiff's List of Trial Witnesses, that are beyond the Court's jurisdiction; or in the alternative, plaintiff requests the Court's permission to have those witnesses give virtual testimony from the nearest U.S. Court House to which each witness resides.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date:  March 25, 2025          Attorneys for plaintiff The Safety House

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM | : <br> : <br> : |
| | :     CIVIL ACTION |
| Plaintiff, | : |
| | :     No. 2022-cv-00688 (JMY) |
| v. | : |
| | : |
| MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| | : |
| Defendants. | : |

**PLAINTIFF'S LIST OF TRIAL WITNESSES**

Plaintiff intends to call one or more of the following witnesses at trial:[47]

1.  DANIEL SCULLY, the principal of plaintiff.

    Mr. Scully will testify as to all aspects of plaintiff's claims in this case, including liability and damages

2.  MANFRED STERNBERG (as of cross-examination)

    Mr. Sternberg will testify as to all aspects of plaintiff's claims in this case, including defendants' fraud perpetrated upon plaintiff and the other victims, and Sternberg's failure to hold the money wired by plaintiff (and other victims) into his attorney escrow account, and not release said funds from his escrow, unless and until plaintiff (and other purchasers) received assurances that the goods they purchased through use of Sternberg

---

[47] Plaintiff also reserves the right to call as a witness, any person identified as a witness by any of the other defendants, and any person identified in any discovery in this case.

as escrow agent were in fact en route for delivery (e.g., a bona fide Bill of Sale, and a bond fide Bill of Lading from a recognized common carrier)

3.  GARY WEISS (as of cross-examination), and/or via his deposition testimony

    Mr. Weiss will testify as to his participation in the fraud scheme practiced by defendants upon plaintiff, including his inconsistent versions under oath regarding the disappearance of the goods he claims he purchased, and the various sums that Sternberg wired to him or to Zekaria, that were then disbursed among him and Gross and Zekaria, all before the goods were in transit to plaintiff, and the diamonds and gemstones he valued at $4.5 million that he gave to the Gross and Sternberg Defendants as collateral, and that Sternberg insisted upon collateral instead of the return of the funds

4.  DAPHNE ZEKARIA, ESQUIRE (as of cross-examination), and/or via her deposition testimony

    Ms. Zekaria will testify as to her participation in the fraud scheme practiced by defendants upon plaintiff, including the various sums that Sternberg wired to her or to Weiss, that were then disbursed among her and Gross and Weiss, all before the goods were in transit to plaintiff

5.  SAMUEL GROSS (as of cross-examination)

    Mr. Gross will testify as to his participation in the fraud scheme practiced by defendants upon plaintiff (and other victims), including the various sums that Sternberg wired to Zekaria or to Weiss, that were then disbursed among him and Zekaria and Weiss, all before the goods were in transit to plaintiff, and to the full refund that he offered to plaintiff

6.  One or more representatives of VRC MEDICAL SUPPLIES ("VRC"), including WILLIAM BERMAN, ESQUIRE and/or RANDY ADLER, ESQUIRE, and/or JERRY SABELLA – either virtually, or via de bene esse deposition

    The VRC representative will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon VRC – VRC wired $2,449,440.00 into escrow to the Sternberg attorney trust account of the Sternberg Defendants for VRC's purchase of 204,120 COVID Test Kits, which VRC never received, and about Sternberg offering them the gemstones or the proceeds of the gemstones (that Weiss gave to Weiss/Sternberg as collateral), and also testimony about Trial Exhibit P-35, the federal court Complaint filed by VRC against the Sternberg Defendants and the Gross Defendants in federal court in New Jersey

7. One or more representatives of BELCO DISTRIBUTORS ("BELCO"), including JERRY SABELLA – either virtually, or via de bene esse deposition

The BELCO representative will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon BELCO

8. One or more representatives of NAIL & BEAUTY LLC ("N&B") , including Dennis Schnur, and/or BRADLEY SCHNUR, ESQUIRE – either virtually, or via de bene esse deposition

The N&B representative will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon N&B

9. One or more representatives of HAND SAFETY LLC ("Hand Safety"), including RALPH VELEZ – either virtually, or via de bene esse deposition

The Hand Safety representative will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon Hand Safety

10. GEORGE GIANFACARO, from Indutex USA ("Indutex") – either virtually, or via de bene esse deposition

George Gianforcaro, of Inductex USA, will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon his company – Inductex who wired $50,000.00 to Sternberg, who refused to return George's money until after George got the local, Houston police involved

11. GEORGE CARCIA-MENOCAL, ESQUIRE – either virtually, or via de bene esse deposition

George Carcia-Menocal, Esquire, will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon him – he wired $50,000.00 to Sternberg, who refused to return George's money

12. DANIEL RODIN – either virtually, or via de bene esse deposition

Daniel Rodin will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon him – he wired $200,000.00 to Sternberg who refused to return his money, forcing Rodin to sue

13. DAVID WRIGHT, from DKW Consulting, Inc. – either virtually, or via de bene esse deposition

David Wright will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon him – he wired $25,000.00 to Sternberg who refused to return his money

14. One or more representatives of NATIONWIDE MEDICAL SERVICES ("NMS") – either virtually, or via de bene esse deposition

The NMS representative will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon NMS

15. One or more representatives of YUBA COUNTY SCHOOLS ("Yuba") – either virtually, or via de bene esse deposition

The Yuba representative will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon Yuba

16. One or more representatives of EL MONTH UNIFIED SCHIOOL DISCTRICT ("El Monte"); and– either virtually, or via de bene esse deposition

The El Monte representative will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon El Monte

17. LINDA COUGHLIN  – either virtually, or via de bene esse deposition

Linda Coughlin will give testimony about the same fraud that the Sternberg Defendants and the Gross Defendants practiced upon her client, based upon the 1/10/22 SPA that Gross entered into with her client, NYS Timberlane

18. One or more representatives of AVAILABLE MOVING & STORAGE ("AMS"), including GERARD SHEFEL  – either virtually, or via de bene esse deposition

AMS will testify as to the falsity of Weiss's explanation regarding the alleged disappearance of the Covid test kits that Weiss claims he purchased

19. JOHN MANN (as of cross examination) – either virtually, or via de bene esse deposition

Mr. Mann, one of the brokers for Sternberg, will testify as to the representations he made for Sternberg to plaintiff, to induce plaintiff to wire $1,965,600 into Sternberg's escrow account

20. DICK GRAY (as of cross examination) – either virtually, or via de bene esse deposition

Mr. Gray, one of the brokers for Sternberg, will testify as to the representations he made for Sternberg to plaintiff, to induce plaintiff to wire $1,965,600 into Sternberg's escrow account

21. CHRIS CORTESE (as of cross examination) – either virtually, or via de bene esse deposition

Mr. Cortese, one of the brokers for Sternberg, will testify as to the representations he made for Sternberg to plaintiff, to induce plaintiff to wire $1,965,600 into Sternberg's escrow account

22. EXPERT LIABILITY WITNESSS (to be determined) – in the event that the Court does not grant plaintiff's Bar Expert Motion

23. EXPERT DAMAGES WITNESSS (to be determined) – in the event that the Court does not grant plaintiff's Bar Expert Motion

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
GLENN A. MANOCHI, ESQUIRE
Identification Nos. 28529 & 64223
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Tel. No. 215-760-3000
garylightman@lightmanlaw.com
gmanochi@lightmanlaw.com

Date: March 25, 2025                    Attorneys for Plaintiff TSH

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL** : | |
| **ENTERPRISES, INC., d/b/a** : | |
| **THESAFETYHOUSE.COM** : | |
| : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| : | **No. 2022-cv-00688 (JMY)** |
| **v.** : | |
| : | |
| **MANFRED STERNBERG, ESQUIRE,** : | |
| **and MANFRED STERNBERG &** : | |
| **ASSOCIATES, PC, and CHARLTON** : | |
| **HOLDINGS GROUP, LLC, and** : | |
| **SAMUEL GROSS a/k/a SHLOMO** : | |
| **GROSS, and GARY WEISS,** : | |
| **and ASOLARDIAMOND, LLC a/k/a,** : | |
| **ASOLAR. LLC, and DAPHNA** : | |
| **ZEKARIA, ESQUIRE, and SOKOLSKI** : | |
| **& ZEKARIA, P.C.** : | |
| : | |
| **Defendants.** : | |

**PLAINTIFF'S LIST OF TRIAL EXHIBITS**[48]

Plaintiff intends to use one or more of the following exhibits at trial:[49]

**EXHIBIT**        **DESCRIPTION**

P-1            Plaintiff's 6/17/24 Requests for Admission served on each defendant

RFA-1          2/15/22 text from Gross to Plaintiff  (also accompanying Plaintiff's Requests for
               Admission)

RFA-2          2/15/22 text from Gross to Plaintiff (also accompanying Plaintiff's Requests for
               Admission)

---

[48] A binder containing hard copies of plaintiff's exhibits previously was delivered to the Court, and also emailed to all counsel and parties, on September 30, 2024, when plaintiff filed its Motion for Summary Judgment.  At the Court's request, plaintiff will deliver another set of hard copies of Plaintiff's Trial Exhibits to Chambers.

[49] Plaintiff also reserves the right to use as an exhibit, any exhibit or document identified by any of the other defendants, and any document identified or produced in discovery in this case.

RFA-3    2/15/22 text from Gross to Plaintiff (also accompanying Plaintiff's Requests for Admission)

RFA-4    2/15/22 text from Gross to Plaintiff  (also accompanying Plaintiff's Requests for Admission)

RFA-5    Picture taken by Weiss of boxes in a truck (also accompanying Plaintiff's Requests for Admission)

P-2      1/21/22 Purchase Order of Plaintiff for the 151,200 test kits with a "Deliver by " date of January 25, 2022 [exhibit 1 to Amended Complaint, ECF 80, at pages 36-43 of the 56 page pdf][also marked as Sternberg Deposition Exhibit 14 at the Sternberg deposition]

P-3      Sale and Purchase Agreement ("SPA") drafted by Sternberg that was used for the Plaintiff's Purchase Order [also Exhibit 1 to Amended Complaint, ECF 80]

P-4      The 3/24/22 email that Sternberg sent to Gross, which was marked as Sternberg Deposition Exhibit 5 at the Sternberg deposition

P-5      The 1/21/22 Bill of Sale that was sent to TSH by Gross in this case, that also was marked as Sternberg-20 at the Sternberg Deposition

P-5a     The same 1/21/22 Bill of Sale that was used by the Sternberg Defendants and the Gross Defendants in this case, and that was attached as Exhibit D to their Motion to Dismiss made by Sternberg and Gross in this case on April 1, 2022 [ECF 13-4, page 9 of 10]

P-6      Copy of the document evidencing VRC's wire transfers totaling $2,449,440.00 into the Sternberg attorney trust account on January 19-20, 2022

P-7      The page from Sternberg's Answer to Plaintiff's Interrogatory No.23, setting forth the wire transfers totaling $2,571,200.00 made from the Sternberg attorney trust account, also marked as Sternberg-19 at the Sternberg Deposition

P-8      Sternberg Deposition Exhibit 21, a copy of a text authored by Gross on September 20, 2023, in which he states an "end balance [of] $1,876,003.89 (one million eight hundred seventy six)"

P-9      A copy of the 2/6/22 Mask & Eldiven document that was marked as Weiss Deposition Exhibit 5 at the Weiss deposition

P-10     A copy of 1/26/22 invoice sent by Weiss to Gross, which was marked as Weiss Deposition Exhibit 6, at the Weiss deposition, and that also was attached as Exhibit "B" to the April 24, 2022 letter authored by Sternberg and submitted to the Office of the Chief Disciplinary Counsel for the State Bar of Texas

P-11 A copy of the email that Weiss sent to his attorney on July19, 2023, which 7/19/23 email was marked as Weiss Deposition Exhibit 9 at the Weiss deposition

P-12 A copy of Sternberg Deposition Exhibit 9, marked at the Sternberg deposition, which is an accurate transcription of the texts that Gross wrote to Plaintiff, on or about February 15, 2022, in which Gross stated that Plaintiff could cancel the purchase and obtain a refund of the Purchase Price

P-13 A copy of Sternberg Deposition Exhibit 10, marked at the Sternberg deposition, in which Sternberg informs Plaintiff's counsel on February 15, 2022, that "I [Sternberg] am told the product will be arriving tomorrow at the location provided by your client [TSH]. Let me know when your client is in possession of his product."

P-14 A copy of Plaintiff's 2/16/22 letter that was emailed to and received by Gross and Sternberg was marked as Sternberg Deposition Exhibit 12 at the Sternberg deposition

P-15 A copy of Plaintiff's 2/16/22 email that was sent to and received by Gross and Sternberg, canceling the purchase and demanding a full refund, that also was marked as Sternberg Deposition Exhibit 13 at the Sternberg deposition

P-16 A copy of the February 15, 2022, email sent by Plaintiff's counsel to Sternberg, notifying Sternberg not to make any further disbursements from Sternberg's attorney trust account, that also was marked as Sternberg Deposition Exhibit 11 at the Sternberg deposition

P-17 A copy of the document marked as Sternberg Deposition Exhibit 32 at the Sternberg deposition, which is a true and correct copy of a text sent by Sternberg to Gross, shortly after February 25, 2022, in which Sternberg tells Weiss (emphasis added), "**That** [referring to Wiess's claim that he needed another $190,000 in order to deliver the Test Kits] **is classic fraud in the inducement and can only be cured by delivery or return of all money**."

P-18 A copy of the Answer filed by Weiss to Plaintiff's First Amended Complaint that Weiss filed under oath on September 12, 2023 [ECF 105], subject to the penalties for perjury, also marked as Deposition Exhibit GW-7 at the 2/16/24 Gary Weiss Deposition

P-19 The 2/16/24 deposition transcript for the deposition of Gary Weiss conducted on 2/16/24, in which Weiss now claimed that all of the 365,790 the Test Kits all had been replaced with rice, and in which Weiss admitted that he did not contact the police or make a police report about the missing Test Kits being replaced with rice, and in which Weiss also admitted that he did not confront or sue AMS about the

alleged Test Kits being replaced with rice, and in which Weiss also admitted that he did not notify Gross or Sternberg about the alleged Test Kits being replaced with rice, and in which Weiss admitted that he did not take any pictures of the Test Kit boxes being replaced with rice, or otherwise create any documents to evidence this claim.

P-20    The May 31, 2022, email that Gross wrote to Sternberg in which Gross stated that Sternberg still had $400,000 or so left of the funds transferred to Sternberg, that also was marked as Sternberg Deposition Exhibit 23 at the Sternberg deposition

P-21    A copy of the 3/1/22 email from Berman to Zekaria, that was part of the document marked as Sternberg Deposition Exhibit 38 at the Sternberg deposition

P-22    A copy of the email dated March 1, 2022, from Weiss to Sternberg and Gross, also marked as Sternberg Deposition Exhibit 29 at the Sternberg deposition

P-23a-g    Copies of the documents marked as Sternberg Deposition Exhibits 28, 29, 30, 31, 33, 34, and 35 at the Sternberg deposition, which are copies of texts from Weiss and Gross and other documents from them, that memorialize that it was Sternberg who wanted Weiss to give collateral (diamonds and gemstones) instead of returning the money that Sternberg wired to Weiss and Zekaria

P-24    Email dated March 13, 2022, from Randolph ("Randy") Adler, Esquire (counsel for VRC) to Sternberg, a copy of which was marked as Weiss Deposition Exhibit 12 at the Weiss deposition, memorializing that Sternberg offered to liquidate the collateral that Weiss gave to Gross and/or Sternberg, and pay the proceeds to VRC, in the event that Gross and Sternberg failed to deliver to VRC the Test Kits that VRC purchased from Gross and/or Sternberg

P-25    Randy Adler's (attorneys for VRC) letter to Sternberg dated February 23, 2022, a copy of which was marked as Sternberg Deposition Exhibit 37 at the Sternberg deposition, in which they accused Gross of failing to deliver the 204,120 Test Kits that VRC purchased, and in which Mr. Adler also instructed Sternberg not to disburse any portion of the $2,449,440 that VRC wired to Sternberg to hold in trust, that Sternberg was required to hold in trust "until the transaction is complete…"

P-26    The Complaint that VRC filed against Gross and Sternberg, which also was marked as Sternberg Deposition Exhibit 39 at the Sternberg deposition

P-27    The February 8, 2022, email from Sternberg, in which Sternberg misrepresented to Plaintiff that the Covid Test Kits were en route and would be delivered to Plaintiff by no later than February 17, 2022 (when in fact they were not with a common carrier or otherwise being shipped to Plaintiff; as of February 17, 2022), which email also was attached to Plaintiff's Amended Complaint

P-28   Copies of the requests made by Plaintiff on numerous occasions prior to filing suit, for Defendants to provide Plaintiff with a Bill of Lading and other shipping documents to show Seller had delivered the Covid Test Kits to a common carrier for delivery to Plaintiff, which requests also were attached as Exhibit 4 to Plaintiff's Amended Complaint

P-29   A copy of the document marked as Weiss Deposition Exhibit 13, which is a text from Zekaria to Gross

P-30   A copy of the document marked as Weiss Deposition Exhibit 14, which is a text from Zekaria to Gross

P-31   A copy of the document marked as Zekaria-00001 through Zekaria-00004, which is a transcription of WhatsApp text chats between Zekaria and Weiss and Gross from February 4, 2022, through February 28, 2022.

P-32   A document that was identified as the email dated January 21, 2022, that Dick Gray sent to Sternberg, with the SPA signed by TSH, and a copy of the $1,965,600 wire to Sternberg.

P-33   A true and accurate transcription of the text exchanges between Dan Scully and Sam Gross on February 15, 2022 (which texts also were marked as Exhibits RFA-1 through RFA-5 that accompanied plaintiff's Rule 36 Requests for Admission dated and served on each of the defendants on June 17, 2024), and which texts also accompany this Motion as Exhibits RFA-1 through RFA-5.

P-34   A true and correct copy of a document that was identified by Gary Weiss as the Sternberg Spreadsheet that Sternberg prepared and sent to Sam Gross, that Gross in turn forwarded to Weiss, that shows in excess of $5.5 million in receipts by Sternberg from the PPE scheme, marked as Deposition Exhibit Weiss-20 at the 7/16/24 Weiss Deposition.

P-35   A true and correct copy of the lawsuit filed by VRC against the Sternberg Defendants and the Gross Defendants in federal court on 2/6/24, in the case styled VRC Consulting, Inc., d/b/a VRC Medical Services, Inc. v. Manfred Sternberg, Esquire, and Manfred Sternberg & Associates, PC, and Charlton Holdings Group, LLC, and Samuel Gross, USDC, D NJ, Civil No. 3:24-cv-00710.

P-36   Plaintiff's First Amended Complaint [ECF 80]

P-37   The 2/7/24 Deposition Transcript of Manfred Sternberg.

P-38   8/11/22 Document Requests propounded upon the Sternberg Defendants by plaintiff

P-39         Sternberg Defendants' Answers to Interrogatories propounded upon the Sternberg
            Defendants by plaintiff

P-40         [WITHDRAWN]

P-41         [WITHDRAWN]

P-42         2/8/22 email string between Sternberg and the broker wherein Sternberg corrects
            the name of TSH in the Bill of Sale

P-43         3/20/22 email from Sternberg to TSH counsel (including 3/20/22 response from
            TSH counsel)

P-44         Copies of the three (fraudulent) Bills of Lading sent by Sternberg to TSH through
            counsel

                                    LIGHTMAN & MANOCHI

                                    BY: /s/ Gary P. Lightman
                                    GARY P. LIGHTMAN, ESQUIRE
                                    GLENN A. MANOCHI, ESQUIRE
                                    Identification Nos. 28529 & 64223
                                    600 W. Germantown Pike, Suite 400
                                    Plymouth Meeting, PA 19462
                                    Tel. No. 215-760-3000
                                    garylightman@lightmanlaw.com
                                    gmanochi@lightmanlaw.com

Date:  March 25, 2025               Attorneys for Plaintiff TSH

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown below he caused to be served a true and correct copy of Plaintiff's Pre-Trial Memorandum upon all defendants, via ECF, and/or email, upon the following:

| | |
|---|---|
| Seth Laver, Esquire | Gary Weiss |
| Daniel Strick, Esquire | ASOLARDIAMOND, LLC |
| Goldberg Segalla | 437 1st Avenue |
| 1700 Market Street, Suite 1418 | Elizabeth, NJ 07206 |
| Philadelphia, PA 19103-3907 | wgary4109@gmail.com |
| slaver@goldbergsegalla.com | monipair@aol.com |
| dstrick@goldbergsegalla.com | |
| | |
| Samuel Gross | Daphna Zekaria, Esquire |
| a/k/a Shlomo Gross | SOKOLSKI & ZEKARIA, PC |
| 78 Buckminster Road | 8 Westminster Road |
| Rockville Centre, NY 11570 | Syosset, NY 11791 |
| charltonholdinggroupllc@aol.com | Dzandpeanut@aol.com |
| publicdiamonds@gmail.com | |
| Scg1212@gmail.com | |
| Samrosinc@icloud.com | |

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE

Date:  March 25, 2025          Attorneys for Plaintiff TSH