**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **AMERICAN ENVIRONMENTAL ENTERPRISES, INC., d/b/a THESAFETYHOUSE.COM** | |
| **Plaintiff,** | **CIVIL ACTION** |
| **v.** | **No. 2022-cv-00688 (JMY)** |
| **MANFRED STERNBERG, ESQUIRE, and MANFRED STERNBERG & ASSOCIATES, PC, and CHARLTON HOLDINGS GROUP, LLC, and SAMUEL GROSS a/k/a SHLOMO GROSS, and GARY WEISS, and ASOLARDIAMOND, LLC a/k/a, ASOLAR. LLC, and DAPHNA ZEKARIA, ESQUIRE, and SOKOLSKI & ZEKARIA, P.C.** | |
| **Defendants.** | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO GARY WEISS MOTION FOR STAY**

American Environmental Enterprises, Inc. d/b/a THE SAFETY HOUSE.COM ("TSH"), plaintiff herein, through its counsel, Gary Lightman, Esquire, of LIGHTMAN & MANOCHI, respectfully submits this Legal Brief in Opposition to the Motion to Stay filed by Gary Weiss on November 18, 2026 [ECF 261].

Respectfully submitted,
LIGHTMAN & MANOCHI
BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
PA Identification No. 28529
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Tel. No. 215-760-3000
garylightman@lightmanlaw.com
kditomaso@lightmanlaw.com
Attorneys for plaintiff TSH

Date: November 23, 2026

# TABLE OF CONTENTS

**Description** **Page**

**TABLE OF AUTHORITIES…………………………………………………….….3**

**PRELIMINARY STATEMENT…………………………………………….…...4**

**BACKGROUND FACTS…………………………………………………………4**

**LEGAL ARGUMENT…………………………………………………………..…5**

**The Weiss Stay Motion Should be Denied Both Procedurally**
**And Substantively…………………………………………………………………5**

**CONCLUSION AND RELIEF SOUGHT…………………………………………9**

**CERTIFICATE OF SERVICE……………………………………………………..10**

# TABLE OF AUTHORITIES

**Cases:** **Page**

In re Revel AC, Inc., 802 F.3d 558 (3d Cir. 2015)……………………………………..6

Nken v. Holder, 556 U.S. 418 (2009)…………………………………….……….6, 8

Republic of Philippines v. Westinghouse Elec. Corp.,
949 F.2d 653, 658 (3d Cir. 1991)…………………………………………………6, 8

**Rules:**

Local Civil Rule 7.1(a)…………………………………………………………….4, 5

Local Civil Rule 7.1(c) ……………………………………………………………4, 5

Local Civil Rule 7.1(d) ……………………………………………………………4, 5

Local Civil Rule 26.1(g) …………………………………………...……………5

Federal Rule 62(b) ………………………………………………………………..4, 5, 6

Federal Rule of Appellate Procedure 8…………………………………………….6

**PRELIMINARY STATEMENT**

The Weiss stay motion should be denied procedurally because it fails to comply with Local Rule 7.1(a), (c) and (d) of the Local Rules of this Court. The Weiss Motion is not accompanied by the required proposed Order, and is devoid of any legal authority, let alone the required Legal Brief , and also does not contain a Certificate of Service (because in fact, Gary Weiss never served his Motion on plaintiff or plaintiff's counsel).

The Weiss stay motion should be denied substantively because it fails to set forth any basis why a stay should be issued, much less discuss or argue the factors to be considered by the Court in determining whether to grant a stay pending appeal. In addition, Weiss has an adequate remedy under Federal Rule 62(b), namely, the posting of a bond to obtain a stay as of right of the money judgment he seeks to appeal and stay.

**BACKGROUND FACTS**

The factual background of this dispute is set forth in detail in plaintiff's Amended Complaint filed on July 31, 2023 [ECF 80], and in plaintiff's Motion for Summary Judgment and Final Default with exhibits filed against defendants including the Weiss Defendants on September 30, 2026 [ECF 196], and in plaintiff's Requests for Admission with exhibits (the "RFAs") served on all defendants (including the Weiss Defendants) on June 17, 2024 [included as Plaintiff's Exhibit P-1 in plaintiff's Motion for Judgment], which RFAs were not answered by the Weiss Defendants. Plaintiff incorporates by reference herein, each of said pleadings and exhibits, as if fully set forth at length herein. Following an assessment of damages hearing conducted on November 10, 2026, the Court entered a money Judgment of $1,965,600.00 *inter alia* against the Weiss Defendants on November 16, 2026, from which Weiss seeks to stay and appeal.

## LEGAL ARGUMENT

### The Weiss Stay Motion Should be Denied Both Procedurally And Substantively

The Weiss stay motion should be denied procedurally because it fails to comply with the Rules of Court. Local Rule 7.1(a) of the Rules of this Court unambiguously states that "every motion shall be accompanied by a form of order which, if approved by the court, would grant the relief sought by the motion." The Weiss stay motion fails to include the required proposed Order.

Local Rule 7.1(c) of the Rules of this Court further states that "every motion not certified as uncontested, or not governed by Local Civil Rule 26.1(g), shall be accompanied by a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion." The Weiss stay motion fails to include any legal brief, much less a brief containing a concise statement of the legal contentions and authorities relied upon in support of the motion" as required by Rule 7.1(c).

Local Rule 7.1(d) of the Rules of this Court further states that "every motion not certified as uncontested shall be accompanied by a written statement as to the date and manner of service of the motion and supporting brief." Weiss failed to include such a written statement with his stay motion. In fact, Weiss never served his appeal or his stay motion or any supporting brief on plaintiff or their undersigned counsel at all, either when he made his filings, or to date.

Even if the Weiss stay motion was not procedurally defective, substantively it should be denied. The handwritten one page motion simply requests a stay, without setting forth any reasons, let alone a valid reason, why the Court's 11/16/26 Oder for Judgment should be stayed.

The 11/16/26 Order which Weiss seeks to stay pending appeal is purely a money judgment. Under Federal Rule 62(b), a party (like Weiss) can obtain a stay of a money judgment as a matter of right by posting a supersedeas bond or other Court-approved security.

To the extent that Weiss is seeking to waive or reduce the bond requirement, in deciding whether to stay an order pending appeal, Courts in the Third Circuit typically consider (1) the degree to which the movant has shown that he or she is likely to succeed on the merits of the appeal; and (2) whether the movant will be irreparably injured absent a stay; and (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) whether issuance of the stay will harm the public interest. *See, e.g.*, Republic of Philippines v. Westinghouse Elec. Corp., 949 F.2d 653, 658 (3d Cir. 1991). In the U.S. District Court for the Eastern District of Pennsylvania, obtaining a discretionary stay pending appeal is governed by the Third Circuit's four-factor "sliding-scale" balancing test, as articulated in In re Revel AC, Inc., 802 F.3d 558 (3d Cir. 2015), and derived from Nken v. Holder, 556 U.S. 418 (2009).. To obtain a stay pending appeal under Rule 62 of the Federal Rules of Civil Procedure 62 (or Rule 8 of the Federal Rule of Appellate Procedure), Weiss as the moving party must address four factors:

1. **Likelihood of Success on the Merits.** Whether the movant has made a strong showing that he is likely to succeed on the merits of the appeal (defined in the Third Circuit as a "reasonable chance, or probability, of winning," which is significantly better than negligible, though not necessarily more likely than not).
2. **Irreparable Injury.** Whether the movant will be irreparably injured absent a stay (harm that is likely—not merely possible—and cannot be adequately compensated by money damages or cured later).
3. **Substantial Harm to Other Parties.** Whether issuance of the stay will substantially injure the other parties interested in the proceeding.
4. **Public Interest.** Where the public interest lies.

In the instant case, Weiss has not even mentioned, let alone addressed, any of the four factors. Plaintiff submits that Weiss cannot satisfy one, let alone all four, of the factors considered by the Courts in determining whether to grant a stay pending appeal.

1. **Likelihood of Success on the Merits.** Weiss has not made any showing, let alone the required strong showing, that he is likely to succeed on the merits of the appeal -- he has no chance, let alone a "reasonable chance, or probability, of winning." Weiss and ASolar LLC, his shell LLC, were instrumental players in the fraud scheme perpetrated by defendants on plaintiff Safety House that is the subject of this lawsuit. Weiss claims he was not a party to the 1/21/22 Sale and Purchase Agreement pursuant to which plaintiff wired $2,965,600 into the Sternberg attorney escrow account, to purchase 151,200 iCovid-19 test kits. But Weiss was Sam Gross's vendor, and Weiss was supposed to obtain and deliver the test kits to plaintiff. It is undisputed that Manfred Sternberg wired Weiss and/or his attorney, the Zekaria Defendants, the bulk of the purchase money paid by plaintiff. It is undisputed that defendants failed to deliver to plaintiff the test kits that plaintiff purchased. It is undisputed that plaintiff requested a full refund but no money was returned to plaintiff by any of the defendants. It is undisputed that Weiss and the Gross Defendants and the Zekaria Defendants divided up the money that was wired to them by Sternberg. It is not disputed that Weiss told different stories under oath about the test kits. First Weiss claimed in his sworn Answer to the Amended Complaint he filed on 9/12/23 [ECF 105] that he stored the test kits with American Moving and Storage ("AMS"), but that when he went to AMS to retrieve the test kits, they could not be located and were "irretrievably lost"; then Weiss claimed in his sworn deposition conducted five months later on 2/16/24 that he picked up the test kits from AMS but when he checked them, all 151,200 boxes of

the test kits had been replaced with rice). Weiss also made numerous misrepresentations to plaintiff about delivering the test kits (promising delivery dates that came and went without delivery).

2. **Irreparable Injury.** Weiss did not allege, let alone establish, that Weiss will be irreparably injured absent a stay, especially since he can post an appeal bond, and especially since he can be adequately compensated by money damages or cured later)

3. **Substantial Harm to Other Parties.** Weiss has not alleged, let alone established, that the issuance of the stay will not substantially injure the plaintiff. In fact, and to the contrary, giving Weiss a stay without requiring Weiss to post the required bond will substantially injure the plaintiff in this proceeding. This is especially so where plaintiff wired the $1,965,600 on January 21, 2022, and his been without the funds (or the test kits) since that time, almost 5 years, and most of the money was wired by Sternberg to Weiss or his attorneys (the Zekaria Defendants).

4. **Public Interest.** Weiss has not advanced any argument about where the public interest lies. Plaintiff submits that the public interest lies in allowing plaintiff to enforce its fraud judgment against Weiss.

Significantly, under the Third Circuit's sliding scale approach, the first two factors—likelihood of success and irreparable harm—are the most critical. The movant must satisfy both thresholds to proceed. If, as in the instant case, Weiss fails to make a sufficient showing on *either* of these first two prongs, the Court will deny the stay without needing to weigh the remaining factors. In re Revel AC, Inc., *supra*, *citing* Nken, *supra* at 434.

## CONCLUSION AND RELIEF SOUGHT

For the reasons set forth herein, plaintiff respectfully requests that the Court deny the Weiss stay motion, and grant plaintiff such other and further relief as the Court shall deem just.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
PA Identification No. 28529
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA 19462
Tel. No. 215-760-3000
garylightman@lightmanlaw.com
kditomaso@lightmanlaw.com

Date: November 23, 2026

Attorneys for plaintiff TSH

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown, below, he caused to be served on defendants plaintiff's Reply Brief in Opposition to Gary Weiss Stay Motion, including proposed Order and Legal Brief, as follows:

**TO:** (1) Gary Weiss and ASOLARDIAMOND, LLC
(VIA EMAIL: wgary4109@gmail.com and monipair@aol.com)

(2) Sam Gross and Charlton Holdings Group, LLC
(VIA EMAIL charltonholdinggroupllc@aol.com and Scg1212@gmail.com and publicdiamonds@gmail.com and Samrosinc@icloud.com)

(3) Daphna Zekaria, Esquire and SOKOLSKI & ZEKARIA, P.C.
(VIA EMAIL: Dzandpeanut@aol.com)

(4) Manfred Sternberg and Sternberg & Associates
(VIA EMAIL: manfred@Manfredlaw.com)

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE

DATED: November 23, 2026